ORIGINAL

David G. Bicknell, CSBN 087887
**BICKNELL LAW OFFICES**
2542 So. Bascom Avenue, Suite 185
Campbell, California 95008
Phone: (408) 559-5155
Fax: (408) 559-5055

Attorney for Secured Creditor,
Beacon Development, Inc.



FILED
DEC 2 2 2008
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re

CMR MORTGAGE FUND, LLC,

        Debtor

_____

Beacon Development, Inc., a corporation,

        Plaintiff,

vs.

John Le Tung, Saigon Plaza Association, LLC, CMR Mortgage Fund, LLC, et al.

        Defendants.

_____

Case No. 3:08-32220-TC

Notice of Motion and Motion for Relief From Automatic Stay; Memorandum of Points & Authorities

Adversary Proceeding No. RG 07315358

Date:      January 23, 2009
Time:     1:00 pm
Courtroom:  23
              235 Pine Street, 19th Floor
              San Francisco, CA 94104
Judge:    Honorable Thomas E. Carlson

## NOTICE OF MOTION AND MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

     Beacon Development, Inc. (hereinafter "Beacon"), a California corporation, hereby submits this Motion for Relief from the Automatic Stay (the "Motion"). Beacon seeks to complete the foreclosure of its mechanics' lien upon real property owned by non-debtor, third-party Saigon Plaza Association, LLC by a sale of the real property. CMR Mortgage Fund, LLC ("CMR" or the "Debtor") holds, at most, a subordinated interest in the loan being enforced by Beacon.

     Beacon respectfully requests that this Court grant Beacon relief from the stay to exercise any

and all of its state law rights and remedies, including without limitation, its right to complete foreclosure of the Membership Interests, and for such other relief as the Court deems just and necessary. In support hereof, Beacon submits the Memorandum of Points and Authorities in Support of Beacon's Motion for Relief from Automatic Stay, the Declarations of John Lopes and David Bicknell, and the Request for Judicial Notice, all of which are concurrently filed herewith.

In accordance with Local Rule of Bankruptcy Procedure 4001-I(a), the Debtor is hereby advised to appear personally or by counsel at the preliminary hearing scheduled at the above-captioned date and time.

Dated: December 16, 2008                    Respectfully submitted,

                                            BICKNELL LAW OFFICES


                                            By: _____
                                                David G. Bicknell

                                            Counsel for Secured Creditor,
                                            Beacon Development, Inc.


## MEMORANDUM OF POINTS & AUTHORITIES

### INTRODUCTION

Beacon Development, Inc., a secured creditor, seeks to complete the foreclosure of its mechanics' lien upon real property owned by non-debtor, third-party Saigon Plaza Association, LLC by a sale of the real property. Debtor CMR Mortgage Fund, LLC ("CMR" or "Debtor") holds a subordinate deed of trust to that real property. CMR has no equity interest in the real property, the property is not necessary to an effective reorganization and the moving party's interest in the Real Property is not adequately protected.

### JURISDICTION AND VENUE

On November 19, 2008, CMR filed a voluntary petition seeking relief under Title 11 of Chapter 11 of the United States Code ("the Bankruptcy Code"). CMR is a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been

Notice Of Motion And Motion For Relief From Automatic Stay
00034427.WPD; 1                                    2

Case: 08-32220   Doc# 36   Filed: 12/22/08   Entered: 12/23/08 10:31:50   Page 2 of 7

appointed in this case.

This court has jurisdiction to hear and determine this proceeding pursuant to 28 USC §§ 1334 and 157. Venue is proper in this court pursuant to 28 USC §1409. Relief is requested pursuant to Sections 362 and 365 of the Bankruptcy Code.

**FACTS**

In 2003, John Le Tung ("Tung") owned a fee interest in the real property in question. (See the Request for Judicial Notice filed and served herewith, Tab A, Grant Deed.) Tung engaged Reilly & Company ("Reilly") to prepare plans for a new building to be constructed at 380-388 12th Street in Oakland ("the Real Property" or "the Project"). (See Declaration of John Lopes, filed and served herewith.)

In 2004 Adamant Fabrication and Design Inc. ("Adamant") began working from those plans to construct the building designed by Reilly under a contract with Tung. A building permit was issued in June 2004 and Adamant's subcontractor, Conco, placed drain rock on the site on September 2, 2004. (See Request for Judicial Notice filed and served herewith, Tab B, Declaration of Jose Gonazles.)

One year later, on September 29, 2005, Tung transferred a fee interest in the Real Property to Saigon Plaza Associates, LLC ("Saigon"), a firm controlled by Tung. (See the Request for Judicial Notice filed and served herewith, Tab C, Deed of Trust.) At about that same time, Saigon and Adamant entered into a contract under which Adamant continued its work on the Project. (See the Request for Judicial Notice filed and served herewith, Tab B, Declaration of Jose Gonzales.)

On September 30, 2005, Saigon signed a loan agreement with CMR Mortgage Fund, LLC ("CMR" or "the Debtor"). On October 26, 2005, more than one year after Adamant began work on the Project, CMR recorded a deed of trust to secure the loan agreement. CMR's interest in the Real Property is limited to that deed of trust. (See the Request for Judicial Notice filed and served herewith, Tab D, Promissory Note.)

Adamant continued work on the Project until September 2006 when Saigon fired Adamant and hired Beacon Development, Inc. ("Beacon"), the moving party, to complete the Project. (See the Request for Judicial Notice filed and served herewith, Tab B, Declaration of Jose Gonzales.)

Bicknell Law Offices
2542 So. Bascom Ave. #185
Campbell, CA 95008
Phone: (408) 559-5155

Beacon continued work on the Project until January 2007 when CMR directed Beacon's president to stop work since CMR intended to foreclose on the Project. (See the Declaration of John Lopes filed and served herewith.)

Beacon immediately recorded a mechanics' lien claiming $445,500 from Saigon and commenced an action to foreclose on that lien, thereby becoming a secured creditor. Saigon stopped CMR from foreclosing on the Real Property by filing a Chapter 11 petition. (See the Declaration of John Lopes filed and served herewith.) Beacon obtained relief from the automatic stay to permit it to pursue a judgment against Saigon under its action in Alameda County Superior Court. Beacon is one of several mechanics' lien claimants against the Project. (See the Declaration of David Bicknell filed and served herewith.)

On December 18, 2008, the Alameda County Superior Court was scheduled to hear Beacon's motion for summary adjudication against Saigon. That motion seeks an order granting summary adjudication of Beacon's action to foreclose on its mechanics' lien against the fee interest held by Saigon. It also seeks a determination that Beacon's mechanics' lien has priority over CMR's deed of trust, recorded October 26, 2005. (See the Declaration of David Bicknell filed and served herewith.) The filing of the Debtor's petition delayed the hearing on that motion.

This motion seeks relief from the automatic stay to permit that motion to be heard, to permit Beacon to complete the foreclosure of its mechanics' lien against the fee interest held by Saigon and to determine that Beacon's mechanics' lien has priority over CMR's deed of trust.

## ARGUMENT

Secured creditors may move bankruptcy courts to lift the automatic stay with respect to real property that is the collateral for their secured obligations in order to proceed under state law to foreclose and sell the property. Bankruptcy Code §§ 362 and 365. Beacon is a secured creditor, having perfected its mechanics' lien with the filing of a state court action prior to the Chapter 11 filing by CMR.

The Debtor has no equity in the Real Property.

If a debtor lacks equity in the real property, it is proper for the court to grant this motion under Section 362(d)(2) of the Bankruptcy Code.

CMR has no equity in the Real Property since its lien is junior to every mechanics' lien claimant, including Beacon. The total, secured debt against the property in March 2007, as shown by a Lot Book Guaranty was $11,434,474,80. The as is value of the property as of March 2005 was $2,710,000. In November 2005, it was estimated that the *projected* value of the property in a completed condition, would have been $8,040,000, a sum that is more than $3 million less than the value of the liens outstanding against the property. However, the Project was never completed and CMR has no equity in the property, so, Beacon is entitled to relief from the automatic stay.

The Debtor's lien against the Real Property is junior to Beacon's mechanics' lien.

The Real Property protected by CMR's stay is its right to the Real Property presently owned by Saigon, but that right is subject to senior liens, including Beacon's mechanics' lien. Scripps GSBI, LLC v. A Partners, LLC (Bankr. E.D. Cal-2006) 344 B.R. 114.

Under California law, mechanics' liens, like the one perfected by Beacon, have statutory priority over liens attaching after the commencement of a work of improvement, including deeds of trust like the one recorded by CMR. Cal.Civ. Code §3134; Walker v. Lytton Savings & Loan Association (1970) 2 Cal.3d 152, 156-157; Superior Lumber Company v. Sutro (1979) 92 CA3d 954, 958. All mechanics' liens on a single project relate back to the date the first work was done on a work of improvement. Simons Brick Company v. Hetzel (1925) 72 Cal.App. 1. A "work of improvement" includes the construction of a building. Cal.Civ. Code §3106; Frank Pisano & Associates v. Taggart (1972) 29 CA3d 1.

Beacon's motion for summary adjudication in state court (See Request for Judicial Notice filed and served herewith) clearly establishes that its mechanics' lien has priority over the CMR deed of trust. Once Beacon and the other mechanics' lien claimants foreclose on the Real Property, the deed of trust held by CMR will be wiped out so CMR's deed of trust has no value so that interest is not necessary for an effective reorganization.

This court's determination of CMR's potential equity in the Real Property is to be measured by the realistic value of the Debtor's rights in that Real Property. See Scripps id. at 121.

Having no value, CMR's junior security interest in Saigon's Real Property is not necessary to an effective reorganization by CMR. Property is only "necessary to an effective reorganziation" if

Bicknell Law Offices
2542 So. Bascom Ave. #185
Campbell, CA 95008
Phone: (408) 559-5155

the debtor needs it in the operation of its business or to formulate a Chapter 11 plan. In re Koopmans (BCD Ut-1982) 22 BR 395, 407.

Here, the Real Property produces no income. It is a partially completed building which is exposed to the elements and is deteriorating in value. No business is being conducted on the site, and CMR cannot refinance the Real Property without resolving the claims of the mechanics' lien claimants all of whom have priority over CMR's deed of trust.

Moving Party's interest in the Real Property is not adequately protected.

In addition, the Debtor cannot show that Beacon's interest in the Real Property is adequately protected. It is CMR's burden to show that Beacon's interest in the Real Property is adequately protected. Bankruptcy Code §362(d)(1).

The property is not being maintained and Beacon's interest is not insured by CMR or by any other person. (See John Lopes' declaration filed and served herewith.) Failure to maintain or protect the collateral by failing to insure a secured creditor's interest results in a lack of adequate protection and is generally good cause to lift the automatic stay. In re Monroe Park (D DE-1982) 17 BR 934, 939; In re El Patio (BC CD CA-1980) 6 BR 518, 522. Failure to perform normal maintenance and repairs necessary to keep a secured creditor's collateral from deteriorating in value may be cause to lift the stay. In re Ashville Building Associates (BC WD NC-1988). John Lopes' declaration clearly establishes that neither CMR nor any other person has taken steps to protect the collateral and the value of that collateral is deteriorating daily.

The Real Property is not necessary to an effective reorganizatrion.

The Real Property is not necessary to an effective reorganization. When relief is sought under Bankruptcy Code §362(d)(2), the debtor has the burden of proving that the property is necessary for an effective reorganization and that there is a reasonable possibility of a successful reorganization within a reasonable time. Bankruptcy Code §362(g)(2); In re Bonner Mall Partnership (9th Cir-1993) 2 F3d 899, 902; United Savings Association v. Timbers of Inwood Forest Association, Ltd. (1988) 484 U.S. 365, 375-376.

The Real Property produces no income and no business is carried on at the Real Property. Since CMR has no equity in the Real Property and it produces no income, the Real Property is not

Bicknell Law Offices
2542 So. Bascom Ave. #185
Campbell, CA 95008
Phone: (408) 559-5155

necessary to an effective reorganization.

To ensure prompt disposition of motions for relief from the automatic stay, the Bankruptcy Code provides for termination of the stay unless the court hears the motion within 30 days of the date it is filed and either decides the motion or sets a final hearing on the matter and orders the stay continued in effect in the interim. Bankruptcy Code §362(e)(1).

WHEREFORE Beacon Development, Inc, the movant herein, prays for an order that permits it to pursue its mechanics' lien foreclosure action in state court to judgment and to enforce said judgment against the Real Property by a sale of the Real Property.

Dated: December 16, 2008

Respectfully submitted,

BICKNELL LAW OFFICES

By: _____
David G. Bicknell

Counsel for Secured Creditor,
Beacon Development, Inc.