1  Michael D. Cooper (Bar No. 042761)
   Penn Ayers Butler (Bar No. 56663)
2  Elizabeth Berke-Dreyfuss (Bar No. 114651)
   Tracy Green (Bar No. 114876)
3  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
4  Oakland, CA  94607-4036
   Telephone:  (510) 834-6600
5  Fax:  (510) 834-1928

6  Attorneys for Debtor-In-Possession
   CMR Mortgage Fund, LLC

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

| 12 | In re | Case No.  08-32220 TEC |
|----|-------|------------------------|
| 13 | CMR MORTGAGE FUND, LLC, a | Chapter 11 |
| 14 | California limited liability company, | **CMR MORTGAGE FUND LLC CHAPTER 11 PLAN (DATED MARCH 19, 2009)** |

12  In re                                Case No.  08-32220 TEC
                                         Chapter 11
13  CMR MORTGAGE FUND, LLC, a
    California limited liability company,  **CMR MORTGAGE FUND LLC**
14                                        **CHAPTER 11 PLAN**
              Debtor-in-Possession.      **(DATED MARCH 19, 2009)**
15
    Tax I.D. No. 94-3401173              Date:      April 27, 2009
16                                       Time:      9:30 a.m.
                                         Place:     235 Pine Street
17                                                   Courtroom No. 23
                                                     San Francisco, Ca
18
                                         (Honorable T.E. Carlson)
19

20

21

22

23

24

25

26

27

28

015881.0003\1151471.3

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

# TABLE OF CONTENTS

**Page**

SECTION 1    DEFINITIONS ........................................................................... 1

SECTION 2    DESIGNATION OF CLASSIFIED AND NON-CLASSIFIED CLAIMS
AND INTERESTS ................................................................... 5

2.1   Designation of Classified Claims ............................................ 5
2.2   Limitation on Inclusion in a Class .......................................... 5
2.3   Designation of Non-Classified Claims ...................................... 6

     2.3.1   Administrative Claims ................................................. 6
     2.3.2   Bar Date for Administrative Claims ................................. 6
     2.3.3   Priority Tax Claims ................................................... 6
     2.3.4   U.S. Trustee Fees ..................................................... 6

2.4   Classification of Claims and Equity Interests ............................ 6
2.5   Effect of Claims Bar Date .................................................. 7

SECTION 3    PROVISIONS FOR TREATMENT OF NON-CLASSIFIED CLAIMS ............ 7

3.1   Non-Classified Claims ...................................................... 7

SECTION 4    PROVISIONS FOR TREATMENT OF CLASSIFIED CLAIMS AND
INTERESTS ........................................................................ 8

4.1   Class 1 (General Unsecured Claims) ....................................... 8

     4.1.1   Class 1 ................................................................. 8
     4.1.2   Distributions to Allowed Class 1 Claim Holders ................... 8

4.2   Class 2 (Equity Interest Holders) ......................................... 8

SECTION 5    MEANS FOR IMPLEMENTATION OF PLAN ............................. 8

5.1   Plan Effective Date and Funding ........................................... 8
5.2   Post-Effective Date Operations and Management .......................... 9
5.3   Post Effective Date Vesting of Property ................................. 10
5.4   Discharge of the Responsible Individuals ............................... 10
5.5   Plan Account .............................................................. 10
5.6   Distributions ............................................................. 10
5.7   Disputed Claims ........................................................... 11
5.8   De Minimis Distributions and Rounding .................................. 12
5.9   Disputes Regarding Distributions ....................................... 12
5.10   Objections to Claims .................................................... 13
5.11   Retained Claims and Defenses ........................................... 13

     5.11.1   Retained Rights ...................................................... 13
     5.11.2   Investigation and Enforcement ..................................... 13
     5.11.3   Miscellaneous ....................................................... 13

5.12   Unclaimed Property ...................................................... 14
5.13   U.S. Trustee Quarterly Fees ............................................ 14
5.14   Undisbursed/Returned Funds ............................................. 14
5.15   Surplus Funds ........................................................... 14
5.16   Property ................................................................. 14

*CHAPTER 11 PLAN*
*(DATED MARCH 19, 2009)*

i

SECTION 6    PRESERVATION OF LITIGATION CLAIMS ........................................ 15

   6.1    No Waiver ......................................................................................... 15
   6.2    Preservation of Litigation Claims .................................................... 15

SECTION 7    MODIFICATION ............................................................................... 15

SECTION 8    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ........................... 16

SECTION 9    RETENTION OF JURISDICTION ...................................................... 16

SECTION 10   GENERAL PROVISIONS .................................................................. 17

   10.1   Section Headings............................................................................... 17
   10.2   Successors and Assigns ..................................................................... 17
   10.3   Plan Supplement ............................................................................... 17

SECTION 11   WINDING UP AND FINAL DECREE .................................................. 18

   11.1   Destruction and Storage of Books, Records and Papers ....................... 18
   11.2   Final Decree ..................................................................................... 18

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

015881.0003\1151471.3

*CHAPTER 11 PLAN*
*(DATED MARCH 19, 2009)*

ii

Chapter 11 Plan ("Plan") is proposed by CMR Mortgage Fund, LLC, a California limited liability company, Debtor and Debtor-in-Possession ("CMR Fund") in Case No. 08-32220 pending before the United States Bankruptcy Court, Northern District of California, San Francisco Division. The Disclosure Statement accompanying this Plan provides a description of the assets and liabilities of CMR Fund, of how the Plan treats the Allowed Claims of Creditors and alternatives to this Plan.

**SECTION 1**

**DEFINITIONS**

**1.1**      The following terms used in the Plan shall have the meanings specified below or elsewhere in this Plan. Terms defined in the Disclosure Statement shall have the same meanings as in the Plan:

**1.1.1**    "**Administrative Claim**" means an Allowed Claim for any cost or expense of administration of the Estate allowed under Section 503(b) of the Bankruptcy Code that is entitled to priority under Section 507(a)(1) of the Bankruptcy Code, including, but not limited to, any actual and necessary costs and expenses of preserving the Estate and all allowed fees and expenses of professionals entitled to compensation from the Estate pursuant to the Bankruptcy Code.

**1.1.2**    "**Allowed**" means, with respect to Claims, (a) any Claim, proof of which is timely filed by the applicable claims bar date (or which by the Bankruptcy Code or Final Order is not or shall not be required to be filed); (b) any Claim that is listed in the Schedules as of the Effective Date as not contingent, not unliquidated, and not disputed, and for which no Proof of Claim has been timely filed; or (c) any Claim allowed pursuant to the Plan; provided, however, that with respect to any Claim described in clause (a) above, such Claim shall be considered Allowed only if and to the extent that no objection to the allowance has been filed within the period of time fixed by the Plan, the Bankruptcy Code, the Rules, or the Bankruptcy Court, or such an objection is so filed and the Claim shall have been Allowed for distribution purposes only by a Final Order. Any Claim that has been listed in the Schedules as contingent, unliquidated, or disputed, and for which no Proof of Claim has been timely Filed, is not an Allowed Claim and

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Case: 08-32220    Doc# 123    Filed: 03/20/09    Entered: 03/20/09 12:00:23    Page 4 of
21

shall be expunged without further action by the Debtor or the Reorganized Debtor and without any further notice to or action, order, or approval of the Bankruptcy Court.

1.1.3   "**Ballot Date**" means _____, 2009 or as otherwise set by the Court.

1.1.4   "**Bankruptcy Code**" or "**Code**" means the Bankruptcy Code, codified in Title 11 of the United States Code, 11 U.S.C. 101, et seq., including all amendments thereto.

1.1.5   "**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Northern District of California, or the United States District Court for the Northern District of California, as the context requires.

1.1.6   "**Case**" means the Chapter 11 case of the Debtor, Case Nos. 08-32220 TEC.

1.1.7   "**Claim**" means any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or any rights or equitable remedies for breach of performance, if such breach gives rise to a right to payment, whether or not reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

1.1.8   "**Claims Bar Date**" means March 23, 2009.

1.1.9   "**Class**" means a category of holders of Claims or Equity Interests as set forth Section 2 of the Plan pursuant to Section 1122(a) of the Bankruptcy Code.

1.1.10   "**Confirmation**" means the entry of the Confirmation Order by the Bankruptcy Court.

1.1.11   "**Confirmation Date**" means the date on which the Confirmation Order is entered in the Bankruptcy Court docket.

1.1.12   "**Confirmation Order**" means the order, entered by the Bankruptcy Court approving and confirming the Plan pursuant to Section 1129 of the Code.

1.1.13   "**Creditor**" means any person or entity that has a Claim against the Debtor.

1.1.14   "**Debtor**" means CMR Fund.

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Case: 08-32220   Doc# 123   Filed: 03/20/09   Entered: 03/20/09 12:00:23   Page 5 of 21

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1    **1.1.15** "**Disbursing Agent**" means the Debtor and any successor designated as

2    Disbursing Agent for purposes of making Distributions under the Plan.

3    **1.1.16** "**Disclosure Statement**" means the Disclosure Statement for the Chapter

4    11 Plan dated March 19, 2009 and any amendments, together with all supplements and exhibits

5    that relate to the Plan and that are approved by the Bankruptcy Court pursuant to 11 U.S.C. §

6    1125.

7    **1.1.17** "**Distribution**" means the payment of cash to be distributed under this Plan

8    to holders of Allowed Claims.

9    **1.1.18** "**Effective Date**" means the date that the Plan becomes effective as

10   determined by the Debtor and shall be within thirty (30) days of the date that the Confirmation

11   Order is entered by the Court.

12   **1.1.19** "**Estate**" means the estate created by Section 541 of the Bankruptcy Code

13   on the commencement of the Case, which includes, among other things, all legal or equitable

14   interests of the Debtor in property.

15   **1.1.20** "**Equity Interest**" means membership interests in the Debtor.

16   **1.1.21** "**Executory Contract**" means a contract to which the Debtor is a party that

17   is subject to assumption or rejection under Sections 365 or 1123 of the Bankruptcy Code.

18   **1.1.22** "**Final Decree**" means an order so entitled, which shall be entered as

19   promptly as possible after the Plan has been substantially consummated.

20   **1.1.23** "**Final Order**" means an order or judgment of the Bankruptcy Court or

21   court of competent jurisdiction that is not subject to a stay.

22   **1.1.24** "**Initial Distribution Date**" means the first business day which occurs

23   thirty (30) days after the Effective Date, or sooner, in the discretion of the Debtor.

24   **1.1.25** "**Late-Filed Claim**" means a Claim filed after March 23, 2009, unless such

25   late filing is authorized by the Bankruptcy Code, subject to any other deadline set by the Plan or

26   Bankruptcy Court order.

27   **1.1.26** "**Local Rules**" means the Bankruptcy Local Rules for the Northern District

28   of California.

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1.1.27 "**Person**" means an individual, partnership, corporation, trust, unincorporated association, or other entity or association.

1.1.28 "**Petition Date**" means November 19, 2008.

1.1.29 "**Plan**" means this Chapter 11 Plan, including any modification or amendment.

1.1.30 "**Plan Account**" means an account, which shall be interest-bearing if possible, to be established and held in trust by the Reorganized Debtor on or after the Effective Date for the purpose of holding Cash to be distributed under this Plan. The Plan Account shall be invested consistent with Section 345 of the Bankruptcy Code.

1.1.31 "**Plan Assets**" means all property of the Estate as of the Effective Date.

1.1.32 "**Plan Supplement**" means any document filed and served that is an addition or supplement to the Plan.

1.1.33 "**Priority Tax Claim**" means any Allowed Claim of a governmental unit in respect to any demand for payment of a tax, including any allowable interest, to the extent entitled to priority under Section 507(a)(8) of the Code.

1.1.34 "**Pro Rata Share**" means the proportion that an Allowed Claim in a particular Class bears to the aggregate amount of Allowed Claims in that Class.

1.1.35 "**Proof of Claim**" means any written statement timely filed with the Bankruptcy Court by the Claims Bar Date under penalty of perjury in which the holder of the Claim sets forth, in a manner sufficient to comply with applicable law, the amount owed and a description of the Claim in sufficient detail to identify the basis for a Claim.

1.1.36 "**Reorganized Debtor**" means the Debtor on or after the Effective Date.

1.1.37 "**Responsible Individual**" means James Gala in his former capacity as the responsible individual for the Debtor and Graham Seel, his duly designated successor, for their respective periods from the Petition Date through and including the Effective Date.

1.1.38 "**Rules**" means the Federal Rules of Bankruptcy Procedure.

1.1.39 "**Schedules**" mean, collectively, the schedules of assets and liabilities, schedules of Executory Contracts and Unexpired Leases, and statements of financial affairs filed,

Case: 08-32220   Doc# 123   Filed: 03/20/09   Entered: 03/20/09 12:00:23   Page 7 of
21

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1   pursuant to Section 521 of the Bankruptcy Code, by the Debtor, as may have been amended,

2   modified, or supplemented from time to time.

3       **1.1.40** "**Secured Claims**" means a Claim that is secured by a valid, unavoidable

4   lien on property of the Debtor but only to the extent of the value of the claimant's interest in such

5   property, as determined by the Bankruptcy Court pursuant to Bankruptcy Code Section 506(a).

6       **1.1.41** "**Unexpired Lease**" means a lease to the Debtor is a party that is subject to

7   assumption or rejection under Sections 365 or 1123 of the Bankruptcy Code.

8       **1.1.42** "**Unsecured Claim**" means any Claim against the Debtor that is not an

9   Administrative Claim, a Priority Tax Claim, or a Secured Claim.

10      **1.2**    The singular of any of the definitions includes the plural and vice versa where the

11  context requires.

12      **1.3**    A term used in the Plan, whether or not capitalized, that is not defined in the Plan

13  but that is used in the Bankruptcy Code has the meaning assigned to the term in the Bankruptcy

14  Code.

15                          **SECTION 2**

16  **DESIGNATION OF CLASSIFIED AND NON-CLASSIFIED CLAIMS AND INTERESTS**

17      **2.1**    <u>**Designation of Classified Claims**</u>.  A Claim or Equity Interest is classified in a

18  particular Class only to the extent that the Claim or Equity Interest falls within the Class

19  description.  This Plan deals with all Claims against the Debtor or property of the Debtor or the

20  Estate of whatever character, whether or not with recourse, whether or not contingent, disputed,

21  or unliquidated, and whether or not previously allowed by the Bankruptcy Court pursuant to

22  .Section 502 of the Bankruptcy Code.  However, only Allowed Claims will receive Distributions

23  under the Plan.

24      **2.2**    <u>**Limitation on Inclusion in a Class**</u>.  A Claim or Equity Interest shall be deemed

25  classified in a particular class only to the extent that the Claim or Equity Interest qualifies within

26  the description of that class, and shall be deemed classified in a different class to the extent that

27  any remainder of the Claim or Equity Interest qualifies within the description of such different

28

class. For purposes of voting and distribution, a Claim is in a particular class only to the extent that the Claim is an Allowed Claim in that class.

**2.3** **Designation of Non-Classified Claims**.  The following Claims shall not be classified:

**2.3.1** **Administrative Claims**.  All Administrative Claims, if any, allowed pursuant to Section 503(b) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code.

**2.3.2** **Bar Date for Administrative Claims**.  Except as otherwise provided in this Plan, requests for payment of Administrative Claims including, of professionals or other entities requesting compensation or reimbursement of expenses as an Administrative Claim for services rendered prior to the Effective Date (except statutory fees) must be filed and served on all parties entitled to notice, no later than forty-five (45) days after the Effective Date.  All such requests for payment of Administrative Claims and applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court. Holders of Administrative Claims requesting compensation or reimbursement of expenses that do not file such requests by the administrative bar dates noted above will be forever barred from asserting such Claims against the Debtor and/or the Estate, or any of its property, successors or assigns, unless the Court, upon a duly filed motion, extends the time for filing any such request. No further notice of these bar dates is required to be given.

**2.3.3** **Priority Tax Claims.**  All Allowed Claims of governmental units in respect to any demand for payment of a tax entitled to priority pursuant to Section 507(a)(8) of the Code, including any allowable interest or charges.

**2.3.4** **U.S. Trustee Fees.**  The Allowed Claim of the Office of the U.S. Trustee in respect of any demand for fees entitled to treatment pursuant to Section 1129(a)(12) of the Code.

**2.4** **Classification of Claims and Equity Interests.**  Allowed Claims that are not included in Section 2.3 are divided into the following classes:

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**Class 1: General Unsecured Claims**: Class 1 consists of Allowed Claims which are unsecured and not included in any other class designated in this Plan.

**Class 2: Equity Interest Holders**. Class 2 consists of the Equity Interests of the members of CMR Fund.

**2.5** **Effect of Claims Bar Date.** The general deadline for filing a Proof of Claim or Equity Interest was March 23, 2009. In the event that any claim is filed after the Claims Bar Date, unless otherwise ordered by the Bankruptcy Court at the request of a Creditor, such Late-Filed Claim shall be barred and not entitled to receive any distribution under the Plan.

## SECTION 3

## PROVISIONS FOR TREATMENT OF NON-CLASSIFIED CLAIMS

**3.1** **Non-Classified Claims**

**3.1.1** The non-classified Claims (the "Non-Classified Claims") described in Section 2.3 of the Plan shall be treated as follows:

**3.1.2** With respect to those Claims described in Section 2.3.1 (Administrative Claims) and 2.3.3 (Priority Tax Claims), to the extent, if any, that the holder of such a Claim has not heretofore been paid, then, within forty-five (45) days after the Effective Date or upon Bankruptcy Court approval, each holder of such a Claim shall receive cash equal to the allowed amount of such Claim, unless the holder of such Claim agrees to other treatment.

**3.1.3** With respect to those Claims described in Section 2.3.4 (U.S. Trustee Fees), to the extent, if any, that such a Claim has become due prior to the Confirmation Date and has not heretofore been paid, then, within fifteen (15) days after the Effective Date, each holder of such a Claim shall receive from the Debtor cash equal to the allowed amount of such Claim.

**3.1.4** Holders of Non-Classified Claims shall not be entitled to receive any payment on account of any post-Petition Date interest on, or penalties with respect to or arising in connection with such Claims, except as allowed by the Bankruptcy Court at the hearing on Confirmation of the Plan.

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

# SECTION 4

## PROVISIONS FOR TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

### 4.1 **Class 1 (General Unsecured Claims)**

**4.1.1** **Class 1.** Class 1 Claims are impaired under this Plan.

**4.1.2** **Distributions to Allowed Class 1 Claim Holders**. Allowed Class 1 Claim holders shall be entitled to receive a Pro Rata Share of the portion of the proceeds available for distribution to holders of Allowed unsecured Claims and any proceeds remaining after paying Allowed Claims of higher priority and reserving for Claims that are not Allowed Claims, as of the Initial Distribution Date, and future administrative fees, costs and expenses. After the payment of all Non-Classified Claims on or before the Initial Disbursement Date (or as soon as practicable thereafter), the Debtor shall make an initial distribution of Pro Rata Shares to holders of Allowed Claims in Class 1 from the proceeds available for distribution to holders of Allowed unsecured Claims, provided there are adequate reserves for Claims that are subject to dispute and adequate reserves for future administrative fees, costs and other expenses. The Disbursing Agent shall be authorized to make additional distributions to holders of Allowed Class 1 Claims of the Creditor's Pro Rata Share thereafter from time to time, in its discretion, as distributable proceeds become available until all Allowed Claims are paid in full with accrued interest on the allowed amount of the Claim from the Effective Date at the legal rate per annum as established in the Confirmation Order. Interest shall accrue only on the unpaid portion of the Allowed Claims.

### 4.2 **Class 2 (Equity Interest Holders)**. The interests of Class 2 are unimpaired under the Plan. Holders of Class 2 Interests will retain their membership in the CMR Fund without modification.

# SECTION 5

## MEANS FOR IMPLEMENTATION OF PLAN

### 5.1 **Plan Effective Date and Funding**. The Debtor shall file and serve the U.S. Trustee with notice of the Plan Effective Date promptly upon the declaration of its Plan Effective Date. The Debtor will fund implementation of the Plan from cash on hand, collection of notes

receivable in the ordinary course, net proceeds of the sale of assets, including notes receivable and interests in LLCs owned by the Debtor, and net litigation recoveries.

### 5.2 <u>Post-Effective Date Operations and Management</u>.

**5.2.1** On and after the Effective Date the Debtor will conduct its business and operations and manage its assets and affairs as the ordinary course in accordance with the provisions of the CMR Fund Operating Agreement (the "Operating Agreement") with its Manager, California Mortgage and Realty, Inc. without further Order of the Court and subject to the provisions of the Plan.

**5.2.2** The Reorganized Debtor shall serve as the Disbursing Agent, to serve without bond, to make Distributions to Holders of Allowed Claims in accordance with the provisions of the Plan. In the event that the Reorganized Debtor is unable or unwilling to serve a Disbursing Agent, the Reorganized Debtor shall promptly notify the Office of the United States Trustee who shall appoint a successor Disbursing Agent on such terms and conditions as the Court shall order.

**5.2.3** The Disbursing Agent shall maintain a cash reserve in the Plan Account in an amount, determined in the discretion of the Disbursing Agent, reasonably necessary to pay the then anticipated amount of operating expenses of the Disbursing Agent and the Reorganized Debtor until such time as all Allowed Claims have been satisfied under the terms of the Plan.

**5.2.4** The Reorganized Debtor may employ any person on any terms in the ordinary course after the Effective Date. The Disbursing Agent may employ any Professional authorized to be employed by the Debtor during the Chapter 11 case for any purpose necessary to implementation of the Plan and may employ any other Professional subject to authorization by an Order of the Bankruptcy Court. Any Professional employed by the Reorganized Debtor or the Disbursing Agent may be paid for Post Effective Date services in the ordinary course. All compensation paid to Professionals post-Effective Date by the Reorganized Debtor or the Disbursing Agent shall, in connection with the implementation of the Plan or the Confirmation Order, be interim and subject to final Court approval as reasonable before entry of a Final Decree.

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**5.3** **Post Effective Date Vesting of Property**.  Subject to the provisions of this Plan and the Confirmation Order, the Estate shall remain in existence after the Effective Date until the entry of a Final Decree. On the Effective Date, all property of the Estate shall vest in the Reorganized Debtor pursuant to Section 1141(b) of the Bankruptcy Code, and shall be free and clear of all claims and interests of creditors, equity security holders, and members of the Debtor pursuant to Section 1141(c) of the Bankruptcy Code, except as otherwise provided in the Plan.

**5.4** **Discharge of the Responsible Individuals**.  As of the Effective Date, the Responsible Individuals shall be deemed to have fulfilled their duties and shall be released and discharged from all further responsibilities to the Debtor.

**5.5** **Plan Account**.  On or as soon as practical after the Effective Date, the Disbursing Agent shall open the Plan Account and fund the account with all cash constituting the Plan Assets.  Thereafter, upon receipt of any proceeds constituting Plan Assets, such funds shall be promptly deposited into the Plan Account. Any interest, dividends or other income earned from funds in the Plan Account shall be Plan Assets. All distributions and payments to creditors with Allowed Claims pursuant to this Plan shall be from the Plan Account, whether on account of Non-Classified Claims, Allowed Claims, or otherwise.

**5.6** **Distributions.**

**5.6.1**   Where this Plan provides for the distributions to any person, the source of property for such distribution shall be the Plan Assets.

**5.6.2**   Distributions to the holders of Allowed Claims shall be made in such priority and such amount as are provided by this Plan or in such lesser priority and amount as agreed to by the holder of an Allowed Claim.  No distributions may be made to the holders of Allowed Class 1 Claims until adequate reserves are established for the payment of then anticipated operating expenses, including U.S. Trustee Fees and Professional Fees of the Reorganized Debtor and the Disbursing Agent and of Disputed Claims of equal and higher priority.

**5.6.3**   Distributions to the holders of Allowed Claims shall be made at such time as is provided by this Plan or at such later time as agreed to by the holder of an Allowed Claim. If

Case: 08-32220   Doc# 123   Filed: 03/20/09   Entered: 03/20/09 12:00:23   Page 13 of
21

the time for or amount of a distribution is not fixed, the distribution shall be made as the Disbursing Agent determines in its discretion and in a reasonably prudent manner and may be made in full or on a Pro Rata basis or on an interim or final basis depending on (i) the amount of allowed Non- Classified Claims, Allowed Claims and Disputed Claims, (ii) the then available funds in the Plan Account and (iii) the then anticipated Reorganized Debtor expenses and anticipated proceeds from Plan Assets. Interim distributions may be made to holders of Allowed Claims prior to the resolution by Final Order or otherwise of all Disputed Claims. Interim distributions shall not be required if the aggregate amount of Cash to be distributed is less than the anticipated cost of such distribution.

**5.6.4** Distributions shall be in U.S. Dollars and shall be made, in the Disbursing Agent's discretion, either (a) by check, draft or warrant drawn on a domestic bank delivered by first-class mail (or by other equivalent or superior means as determined by the Disbursing Agent).

**5.6.5** Notwithstanding any other provision of the Plan, the Disbursing Agent may provide notice of rights to a distribution in place of a distribution to any holder of an Allowed Claim if (a) a prior distribution to the holder was returned as undeliverable without a proper forwarding address and (b) the holder has not subsequently provided a new address to the Disbursing Agent. Such a notice shall be treated as a cash distribution for purposes of determining whether it becomes unclaimed property.

**5.7** **Disputed Claims.**

**5.7.1** No distributions shall be made on account of Disputed Claims unless such Claims become Allowed Claims and then only to the extent of such allowance. Notwithstanding any contrary provision of the Plan, no portion of any Disputed Claims shall become allowed and eligible for treatment under this Plan until the full and final conclusion of all judicial proceedings that may, at any time on or after the Effective Date, be pending or timely commenced with respect to such Claims (regardless of whether such proceedings are pending as of the Effective Date), including, any applicable appellate or similar proceedings.

**5.7.2** Upon each distribution to holders of Allowed Claims of equal or junior priority, the Disbursing Agent also shall compute the amount of the distribution that would have

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

been made to holders of Disputed Claims had the Disputed Claims been Allowed Claims by using the Disputed Claims Amount. The amount computed shall be retained in the Plan Account for the Disputed Claims as a "Disputed Claims Reserve." No holder of a Disputed Claim shall have any right to Cash reserved with respect to such Claim unless such Disputed Claim shall become an Allowed Claim. No holder of a Disputed Claim shall be entitled to receive (a) any distribution greater than the amount reserved for such Claim as part of the Disputed Claims Reserve or (b) any interest or other compensation for delays in making a distribution except, and only to the extent that, this Plan expressly authorizes payment of interest on an Allowed Claim.

**5.7.3**    Promptly after a Disputed Claim is finally resolved, a distribution shall be made to said Creditor based on the amount of its Allowed Claim from the Plan Account in an amount equal to distributions to date on account of Allowed Claims in the same class. The amount of the Disputed Claims Reserve retained in the Plan Account for the resolved Disputed Claim shall be used to make such distribution and any remaining amount of such reserve shall then be available for distributions to holders of Allowed Claims pursuant to this Plan.

**5.7.4**    For the purposes of effectuating the provisions of this Plan, the Court may estimate the amount of any Disputed Claim pursuant to section 502(c) and the amount fixed or liquidated by a Final Order shall be deemed to be an Allowed Claim pursuant to section 502(c) for purposes of making distributions.

**5.7.5**    Under no circumstances will any distributions be made on account of Claims that are not Allowed.

**5.8**    **De Minimis Distributions and Rounding**.  Notwithstanding any other provision of this Plan, the Disbursing Agent shall not make a distribution to a holder of an Allowed Claim if the amount of cash otherwise due is less than $10.  All Cash not so distributed shall be added to Plan Assets and distributed in accordance with this Plan. The Disbursing Agent may round the amount of all distributions that otherwise call for a fraction of a dollar down to the nearest dollar.

**5.9**    **Disputes Regarding Distributions**.  In the event of a dispute as to the right to receive any payment or distribution to be made under this Plan, the Disbursing Agent may either defer such payment or distribution until the dispute is resolved or interplead the amount of the

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Case: 08-32220    Doc# 123    Filed: 03/20/09    Entered: 03/20/09 12:00:23    Page 15 of 21

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

payment or distribution for resolution of the dispute by the Court. In either event no interest or compensation shall be due as a result of any delay in the making or receipt of the payment or distribution.

**5.10** **Objections to Claims**. Except as to Claims allowed, disallowed, or settled under this Plan or pursuant to Final Orders entered before the Effective Date, the Disbursing Agent (acting for the Reorganized Debtor), and only the Disbursing Agent, may object to Claims. The Disbursing Agent shall be authorized to settle, or withdraw any objections to, any Disputed Claim.

**5.11** **Retained Claims and Defenses**.

**5.11.1 Retained Rights**. All claims, rights, interests, causes of action, defenses, counterclaims, cross-claims, third-party claims, or rights of setoff, recoupment, subrogation or subordination held by the Debtor or the Estate as of Confirmation, shall be preserved and retained unless released or settled pursuant to a Final Order entered before the Effective Date (collectively, the "Retained Claims and Defenses"). None of the Retained Claims or Defenses shall be barred or be subject to estoppel because this Plan or the Disclosure Statement does not specifically identify a Retained Claim or Defense or the person against or by whom a Retained Claim or Defense may be asserted. The Court shall retain jurisdiction to determine any Retained Claims or Defenses that remain property of the Reorganized Debtor.

**5.11.2 Investigation and Enforcement**. Pursuant to Section 1123(b), the Reorganized Debtor shall have and may enforce all powers and authority of a debtor in possession or trustee under the Bankruptcy Code to the extent of and consistent with its authority under this Plan. The Reorganized Debtor may investigate Retained Claims and Defenses and may assert, settle or enforce any such claims or defenses in its discretion to the extent of and consistent with its authority under this Plan. Any proceeds received from or on account of the Retained Claims and Defenses shall be Plan Assets.

**5.11.3 Miscellaneous**. Without limiting the generality of the foregoing, (a) the Reorganized Debtor shall have all the powers of a trustee to request determinations of tax liability

015881.0003\1151471.3

under Section 505, and (b) all rights and benefits available to the Debtor under Section 108 are preserved.

**5.12** **Unclaimed Property**. For a period of ninety (90) days following the date on which the related distribution was first attempted, unclaimed property shall be held solely for the benefit of the holders of Allowed Claims who have failed to claim such property. During such period, Unclaimed Property due the holder of an Allowed Claim shall be released from the Plan Account, without any interest, and disbursed to such holder upon presentation of proper proof of entitlement. At the end of such period, the holders of Allowed Claims theretofore entitled to Unclaimed Property shall cease to be entitled thereto, and such Unclaimed Property shall be added to the Plan Assets and distributed in accordance with this Plan. The Reorganized Debtor, shall have no liability to any person for any unclaimed property that reverts to being a Plan Asset.

**5.13** **U.S. Trustee Quarterly Fees**. At all times on and after the Effective Date until the Chapter 11 Case have been closed, converted or dismissed, the Disbursing Agent shall pay quarterly fees due to the U.S. Trustee pursuant to the provisions of section 1930(a)(6) of Title 28 of the United States Code, from the Plan Assets, *provided* that such fees owing to the U.S. Trustee shall be measured solely by distributions or payments from Plan Assets on account of Allowed Claims, as required by the provisions of the Plan.

**5.14** **Undisbursed/Returned Funds**. All funds which are not disbursed by the Disbursing Agent or are returned to the Reorganized Debtor, including unclaimed distributions, and any other undistributable cash, including de minimis distributions, shall be retained by the Reorganized Debtor.

**5.15** **Surplus Funds**. After all Allowed and Disputed Claims have been satisfied or reserved for under the terms of the Plan, all remaining Plan Assets will be retained and administered by the Reorganized Debtor for the benefit of the holders of Allowed Class 2 Interests in accordance with the provisions of the Operating Agreement.

**5.16** **Property**. Unless otherwise agreed, the Reorganized Debtor shall have sole and exclusive control over property of the Estate on or after the Effective Date. Pursuant to Section 1141(c) of the Bankruptcy Code, all Claims and Equity Interests that are not expressly

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

provided for and preserved herein shall be extinguished upon Confirmation. On the Effective Date, property dealt with by the Plan shall be free and clear of any and all liens, claims, interests, and encumbrances, except as otherwise expressly provided under the Plan.

**SECTION 6**

**PRESERVATION OF LITIGATION CLAIMS**

**6.1**     **No Waiver**.  After Confirmation, all powers granted by the Bankruptcy Code, the Rules and the Local Rules, including without limitation, those with respect to preferences, fraudulent transfers and obligations, recovery of property, and objections to, and/or subordination of, Claims and Equity Interests and those described in the Disclosure Statement shall be vested in the Reorganized Debtor.

**6.2**     **Preservation of Litigation Claims**.  The Debtor reserves for the Estate all rights to commence and pursue, as appropriate, any and all litigation claims, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Bankruptcy Court. The failure to list any potential or existing litigation claim, generally or specifically, is not intended to limit the rights of the Reorganized Debtor to pursue any such action.  Unless a litigation claim against any person is expressly waived, relinquished, released, compromised or settled as provided or identified in a prior Bankruptcy Court order, the Debtor expressly reserves litigation claims for later adjudication. Therefore, no preclusion doctrine, including, without limitation, the doctrine of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to such litigation claim upon or after Confirmation or consummation of the Plan. In addition, the Reorganized Debtor expressly reserves the right to pursue or adopt any claim alleged in any lawsuit in which the Reorganized Debtor is a defendant or an interested party.

**SECTION 7**

**MODIFICATION**

Pursuant to the provisions of Section 1127 of the Code, the Debtor reserves the right to modify or alter the provisions of the Plan at any time prior to Confirmation.

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**SECTION 8**

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**Contracts That Are Not Rejected**.  Nothing in this Plan shall be construed to cause the rejection, whether such contract is deemed executory or otherwise, of (i) any contract, settlement or agreement that was entered by the Debtor after the Petition Date with the approval, if required, of the Bankruptcy Court, (ii) any insurance policy and any documents related thereto that provided, provides or may provide any coverage to the Debtor or its affiliates or representatives, or (iii) any contract or agreement constituting an organizational document of a Debtor, such as a limited liability company operating agreement, a charter or bylaws.  Nothing contained in this Plan shall constitute or be deemed a waiver of any cause of action that the Debtor may hold against any entity, including, without limitation, an insurer under any insurance policy.

**SECTION 9**

**RETENTION OF JURISDICTION**

9.1     The Bankruptcy Court shall retain and have jurisdiction over the Case for all purposes provided by the Code, including, without limitation, for the following purposes:

9.1.1     To determine any and all objections to the allowance of Claims and to allow, disallow, estimate, subordinate, liquidate, determine, or subordinate any Claim;

9.1.2     To determine any and all motions for compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Plan, including post-Confirmation fees and expenses, if necessary;

9.1.3     To determine any and all requests for the rejection of Executory Contracts or unexpired leases to which the Debtor or the Estate is a party, and to hear and determine, and if need be to liquidate, any and all Claims arising from such rejection, pursuant to Sections 365 and 502 of the Bankruptcy Code;

9.1.4     To determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date, except as provided in the Confirmation Order, or which shall be commenced on or after the Effective Date and be properly before the Bankruptcy Court;

**9.1.5** To consider any modifications of the Plan, any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

**9.1.6** To implement the provisions of the Plan and to issue orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code;

**9.1.7** To hear and adjudicate any and all claims made by the Debtor, which the Bankruptcy Court would have jurisdiction to hear if asserted by a trustee or debtor in possession prior to the Effective Date, including, without limitation, any and all claims made pursuant to Sections 108, 501 through 553, inclusive, of the Bankruptcy Code; and

**9.1.8** To resolve any post-Confirmation objections to any request for compensation.

## SECTION 10

## GENERAL PROVISIONS

**10.1** <u>Section Headings</u>. The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

**10.2** <u>Successors and Assigns</u>. The rights, benefits, and objections of any Person referred to in this Plan will be binding on, and will inure to the benefit of, any heir, executor, administrator, successor, or assign of that Person.

**10.3** <u>Plan Supplement</u>. The Debtor may file other documents relating to the Plan, which shall be contained in the Plan Supplement, with the Bankruptcy Court at least seven (7) calendar days prior to the Ballot Date; provided however, that the Debtor may amend such documents through and including the Effective Date in a manner consistent with the Plan and Disclosure Statement. Holders of Claims or Equity Interests may obtain a copy of the Plan Supplement upon written request to the Debtor.

/ / /

/ / /

/ / /

/ / /

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

**SECTION 11**

**WINDING UP AND FINAL DECREE**

  **11.1**   **Destruction and Storage of Books, Records and Papers**.  All books, records, or papers, electronic or otherwise required to be maintained by law, including all federal and state tax returns, shall be stored and maintained by the Debtor, or its designees, at its sole discretion.

  **11.2**   **Final Decree**.  After the Plan is substantially consummated, the Debtor shall file an application for a Final Decree, and shall serve the application on the U. S. Trustee together with a proposed Final Decree.  The Estate shall remain and be preserved until the final acts required under the Plan have been performed and the Final Decree has been entered, at which time the Estate shall terminate.

Dated:  March 19, 2009       CMR Mortgage Fund, LLC, a California limited liability company, Debtor and Debtor in Possession

              By: _/s/  Graham Seel_
                Graham Seel
                Chapter 11 Responsible Individual for
                CMR Mortgage Fund, LLC

Dated:  March 19, 2009       WENDEL, ROSEN, BLACK & DEAN LLP

              By: _/s/  Penn A. Butler_
                Penn A. Butler
                Attorneys for CMR Mortgage Fund, LLC, a
                California limited liability company, Debtor
                and Debtor in Possession

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036