1  Peter Bisno, Esq. #85943
   Dennette A. Mulvaney, Esq. #133423
2  **BISNO MULVANEY, LLP**
   21700 Oxnard Street, Suite 430
3  Woodland Hills, California 91367
   dmulvaney@bisnosam.com
4
   Telephone:  (818) 657-0300
5  Facsimile:  (818) 657-0313
6  Attorneys for Imperial Capital Bank

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | In re                              ) | Bankruptcy No. 08-32220 TEC
                                        )
12 | CMR MORTGAGE FUND, LLC,            ) | R.S. No. DAM-046
                                        )
13 |        Debtor.                     ) | Chapter 11
                                        )
14                                      ) | **MOTION FOR RELIEF FROM THE**
                                        ) | **A U T O M A T I C   S T A Y ,   O R**
15                                      ) | **ALTERNATIVELY, MODIFICATION OF**
                                        ) | **A U T O M A T I C   S T A Y   A N D   F O R**
16                                      ) | **ADEQUATE PROTECTION**
                                        )
17 |_____    ) | Date:  May 26, 2009
                                        ) | Time: 1:00 p.m.
18                                        | Place: Courtroom 23

19

20        TO THE RESPONDENTS NAMED ABOVE:

21        Imperial Capital Bank, its successors and/or assigns ("Movant") moves this Court for an

22  Order terminating the automatic stay of 11 U.S.C. Section 362, or in the alternative, modification

23  of the automatic stay and for adequate protection.

24              **MEMORANDUM OF POINTS AND AUTHORITIES**

25                              **I.**

26                          **JURISDICTION**

27        The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. § 362

28  and 28 U.S.C. § 157 and it is a core proceeding within the definition of 28 U.S.C. § 157(b).

## II.

## MOTION

This memorandum of law is respectfully submitted by Imperial Capital Bank ("Movant"), in support of this Motion for Relief from Automatic Stay, or Alternatively, Modification of Automatic Stay and for Adequate Protection ("Motion") in order to permit Movant to exercise its state law foreclosure remedies on the subject real property. Movant is a secured lender on certain real property commonly known as 555 and 575 California Avenue and 655 Redwood, Sand City, California 93955 ("Property").

## III.

## FACTS

### A.  THE BANKRUPTCIES

On or about November 19, 2008, CMR Mortgage Fund, LLC (hereinafter referred to as "Mortgage Fund" or the "Debtor"), filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, San Francisco Division, Bankruptcy No. 08-32220 TEC.  On or about March 31, 2009, CMR Mortgage Fund II, LLC (hereinafter referred to as "Mortgage Fund II), filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, San Francisco Division, Bankruptcy No. 09-30788 TEC.  On or about March 31, 2009, CMR Mortgage Fund III, LLC (hereinafter referred to as "Mortgage Fund III"), filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, San Francisco Division, Bankruptcy No. 09-30802 TEC.

### B.  THE LOAN

On or about April 17, 2007, Tres Tigres Storage, LLC ("Borrower") executed a Deed of Trust (hereinafter referred to as "Deed") to secure an indebtedness in the principal amount of $2,200,000.00 evidenced by a Note in favor of Imperial Capital Bank (hereinafter referred to as "Note").  True and correct copies of said Note and Deed are attached as Exhibits "1" and "2", respectively, to the Declaration of Alfredo Eugenio which is filed concurrently herewith.

The above-mentioned Note and Deed encumber the real property described in the Deed

1  attached as Exhibit "2" to the Declaration of Alfredo Eugenio more commonly known as 555 and

2  575 California Avenue and 655 Redwood, Sand City, California 93955 and legally described as

3  follows:

4  PARCEL I:

5  LOTS 12, 14, 16, 18, 20, 22, AND 24, IN BLOCK 40, AS SHOWN ON THAT CERTAIN MAP
   ENTITLED, "MAP OF EAST MONTEREY, MONTEREY COUNTY, CALIF., SURVEYED
6  BY W.C. LITTLE", FILED FOR RECORD IN THE OFFICE OF THE COUNTY RECORDER
   OF THE COUNTY OF MONTEREY, STATE OF CALIFORNIA, IN VOLUME 1 OF MAPS,
7  "CITIES AND TOWNS", AT PAGE 22.

8  A.P.N.: 011-194-018

9  PARCEL II:

10 LOTS 14, 15, 16, 17, 18, 19, 20, AND 22 IN BLOCK 4, AS SHOWN ON THAT CERTAIN
   MAP ENTITLED, "MAP OF SEASIDE ADDITION TO THE TOWN OF EAST MONTEREY,
11 MONTEREY COUNTY, CALIFORNIA, SURVEYED BY W.C. LITTLE, JULY 1889", FILE
   FOR RECORD JULY 16, 1889 IN THE OFFICE OF THE COUNTY RECORDER OF THE
12 COUNTY OF MONTEREY, STATE OF CALIFORNIA IN VOLUME 1 OF MAPS, "CITIES
   AND TOWNS", AT PAGE 29.
13
   A.P.N.: 011-189-018
14
   PARCEL III:
15
   LOTS 24 TO 32 INCLUSIVE, IN BLOCK 4, AS SAID LOTS AND BLOCK ARE SHOWN ON
16 MAP ENTITLED, "MAP OF SEASIDE ADDITION TO THE TOWN OF EAST
   MONTEREY", FILED FOR RECORD JULY 16, 1889 IN THE OFFICE OF THE COUNTY
17 RECORDER OF THE COUNTY OF MONTEREY, STATE OF CALIFORNIA, IN VOLUME 1
   OF MAPS, "CITIES AND TOWNS", AT PAGE 29.
18
   A.P.N.: 011-189-019
19
   PARCEL IV:
20
   LOTS 21 AND 23 IN BLOCK 4 AS SAID LOTS AND BLOCK ARE SHOWN ON MAP
21 ENTITLED, "MAP OF SEASIDE ADDITION TO THE TOWN OF EAST MONTEREY,
   MONTEREY COUNTY, CALIFORNIA, SURVEYED BY W.C. LITTLE, JULY 1889", FILED
22 FOR RECORD JULY 16, 1889 IN THE OFFICE OF THE COUNTY RECORDER OF THE
   COUNTY OF MONTEREY, STATE OF CALIFORNIA, IN VOLUME 1 OF MAPS, "CITIES
23 AND TOWNS", AT PAGE 29.

24 A.P.N.: 011-189-009

25 ("Property").  The Property is improved with self storage units.

26     **C. THE JUNIOR LIENS**

27        Mortgage Fund, as to an undivided 97% interest and Mortgage Fund III, as to an

28 undivided 3% interest are the beneficiaries of a note and deed of trust in the amount of

1  $10,000,000.00 against the Property ("second deed of trust").  Mortgage Fund II is the

2  beneficiary of a note and deed of trust in the amount of $10,000,000.00 against the Property

3  ("third deed of trust").  Mortgage Fund II is also the beneficiary of a note and deed of trust in the

4  amount of $600,000.00 against the Property ("fourth deed of trust").  A true and correct copy of a

5  preliminary title report dated April 20, 2009 showing these liens is attached to the Declaration of

6  Alfredo Eugenio as Exhibit "3" and incorporated herein by this reference.

7       **D.  THE DEFAULT**

8       The Borrower is in default of the obligations pursuant to the Note.  The total amount due

9  pursuant to the Note as of May 6, 2009 is the sum of $2,315,725.50, comprised of a principal

10  balance of $2,146,152.00, interest accrued through May 6, 2009 in the amount of $71,878.26,

11  late charges in the amount of $11,710.30, NSF check fee in the amount of $40.00, pre-payment

12  penalty in the amount of $85,846.08 and fees in the amount of $99.00, exclusive of attorneys fees

13  and costs.  The Borrower failed to maintain current post-petition payments to Movant and owes

14  the December 1, 2008 payment and all payments due thereafter.  In addition, there are delinquent

15  property taxes owing in the approximate amount of $28,577.91.

16       On or about September 29, 2008, the Borrower filed a petition under Chapter 11 of the

17  Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, San

18  Francisco Division, Bankruptcy No. 08-31831 DM ("Borrower's bankruptcy").  On or about

19  March 26, 2009, Movant obtained relief from the automatic stay in the Borrower's bankruptcy.

20       **E. THE VALUE OF THE PROPERTY**

21       The Borrower obtained an appraisal of the Property dated January 10, 2009.  The

22  appraisal values the Property at $2,300,000.00.  A true and correct copy of the January 10, 2009

23  appraisal report is attached to the Declaration of Alfredo Eugenio as Exhibit "4" and incorporated

24  herein by this reference.

25

26

27

28

# IV.

## GROUNDS FOR RELIEF - THE DEBTOR LACKS EQUITY

## IN ITS JUNIOR DEED OF TRUST AND

## AND ITS JUNIOR DEED OF TRUST IS NOT NECESSARY TO

## AN EFFECTIVE REORGANIZATION

**Lack of Equity for the Junior Deed of Trust**

The Property is not property of the estate and it is not protected by the automatic stay in the Debtor's case. See, e.g., Scripps GSB I, LLC v. A Partners, LLC (In re A Partners, LLC), 344 B.R. 114, 123 (Bankr. E.D. Cal. 2006) (hereafter In re A Partners, LLC) (stating that the debtor's junior security interest "does not extend the automatic stay to the" underlying collateral owned by a third-party).

To the extent the Debtor's junior deed of trust is protected by the automatic stay, it is only protected to the extent there is equity above and beyond the amounts owing any senior lienholders. In this case, Movant is owed the amount of $2,315,725.50 as of May 6, 2009 and the Property has a value of $2,300,000.00. In addition, there are delinquent property taxes owing. After satisfaction of Movant's lien, there is no equity to satisfy even a portion of the Debtor's junior deed of trust. Further, if the Property were sold, costs of sale of approximately 8% or $184,000.00 would be owing.

Even if the Property had a value in excess of the balance due on Movant's deed of trust, the Debtor's rights in the Property have no practical value. While the Debtor might have the right to reinstate the Property prior to Movant's foreclosure sale, as a practical matter, it is unlikely that the Debtor has the resources necessary to cure the arrearage owed Movant.

As a result, there is no equity in the Property to be realized by the Debtor on its junior deed of trust or the bankruptcy estate.

**The Junior Deed of Trust is Not Necessary to an Effective Reorganization**

The Debtor's junior deed of trust is not necessary to an effective reorganization. In fact, it was not even listed in its Schedules. After Movant has established by a preponderance of the evidence that the Debtor lacks equity in its junior deed of trust, the burden of proof shifts to the

1  Debtor to establish that such interest is necessary to an effective reorganization within a

2  reasonable time.  United Savs. Assoc. of Texas v. Timbers of Inwood Forest Assocs., 484 U.S.

3  365, 375-76 (1988) ("What this requires is not merely a showing that if there is conceivably to be

4  an effective reorganization, this property will be needed for it; but that the property is essential

5  for an effective reorganization *that is in prospect*.  This means . . . that there must be 'a

6  reasonable possibility of a successful reorganization within a reasonable time'") (citations

7  omitted and emphasis in original); In re A Partners, LLC, 344 B.R. at 121 ("The Debtor has the

8  burden of proof on all other issues.").

9              "...It is not enough for a debtor to argue that the automatic stay

10             should continue because it needs the secured property in order to

11             propose a reorganization.  If this were the test, all property held by

12             debtors could be regarded as necessary for the debtor's

13             reorganization.  The key word under Code Section 362(d)(2)(B) is

14             "effective"; the property must be necessary to an effective

15             reorganization.  If all the Debtors can offer at this time is high

16             hopes without any financial prospects on the horizon to warrant the

17             conclusion that a reorganization in the near future is likely, it

18             cannot be said that the property is necessary to an :"effective"

19             reorganization."

20  In re Clark Tech. Associates, Ltd., 9 B.R. 738, 740 (Bkrtcy. D.Conn. 1981) (emphasis added).

21         The Debtor's junior deed of trust is of no value to the estate.  This property having no

22  value, it cannot add anything positive to a feasible reorganization or liquidation.  As provided in

23  Section 362(d)(2), Movant is therefore entitled to relief from the automatic stay.  United Savings

24  Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 108 S.Ct. 626,

25  632, 98 L.Ed. 2d 940, 951 (1988).

26

27

28

# V.

## GROUNDS FOR RELIEF - MOVANT IS ENTITLED

## TO RELIEF FROM STAY FOR CAUSE

Movant is also entitled to relief from the automatic stay for cause. "Cause" has no clear definition and is determined on a case by case basis. See Benedor Corp. v. Conejo Enters, Inc. (Inre Conejo Enters., Inc.), 96 F.3d 346, 352 (9th Cir. 1996) (citing Ward v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990)). "The term 'cause' as used in Section 362(d)(1) "is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." In re A Partners, 344 B.R. at 127. The court in In re A Partners identified five factors that should be considered in determining whether the stay should be lifted for cause: "(1) an interference with the bankruptcy; (2) good or bad faith of the debtor; (3) injury to the debtor and other creditors if the stay is modified; (4) injury to the movant if the stay is not modified; and (5) the relative proportionality of the harms from modifying or continuing the stay." Id. (Citations omitted).

In this case, there is no interference with the Debtor's bankruptcy because the Property has insufficient equity to satisfy Movant's first priority deed of trust, therefore there is no injury to the Debtor and other creditors if the stay is modified. In contrast, however, Movant has been harmed and continues to be harmed by the various bankruptcy cases filed, both by Movant's Borrower (against whom relief from stay has recently been granted) and seemingly related entities, Mortgage Fund (the Debtor), Mortgage Fund II and Mortgage Fund III. Movant has had no payments for months (Movant is due the December, 2008 payment and all payments due thereafter - six months at the time of the preliminary hearing on this Motion) from the Borrower or any of the junior lienholders. Proportionally, Movant will suffer far greater harm than the Debtor or any of the other junior lienholders if the stay is not lifted. As to the Debtor's good or bad faith, Movant does not have sufficient factual basis to form an opinion.

## CONCLUSION

There is no equity in the Property for the estate and the Debtor's interest in its junior deed of trust is not necessary for an effective reorganization. In addition, cause exists, as a matter of equity, to avoid further harm to Movant by continuing the automatic stay. These facts provide sufficient grounds under Bankruptcy Code 362(d)(2) to terminate the automatic stay to allow Movant to foreclose on the Property.

For the foregoing reasons, Movant respectfully requests that the Bankruptcy Court enter an order granting relief from the automatic stay as it pertains to the Movant. In the alternative, if this Honorable Court determines that the stay remain in effect for a period of time, Movant respectfully submits that it is entitled to an Order of adequate protection.

**WHEREAS,** Movant respectfully requests the following relief from the Court:

1.      Relief from the provisions of the automatic stay for all purposes as to Movant's interest in that certain property known as 555 and 575 California Avenue and 655 Redwood, Sand City, California 93955 ("Property"), including completing a non-judicial foreclosure and to obtain possession of the Property after completion of foreclosure.

2.      For an Order waiving the ten-day stay period after entry of the Order under Bankruptcy Rule 4001(a)(3).

3.      Modifying the automatic stay to provide adequate protection of Movant's interest.

2.      For reasonable attorneys fees and costs.

3.      For any such other relief as this Court deems proper.

Dated: May 6, 2009                                    BISNO MULVANEY, LLP


                                                      By /s/ Dennette A. Mulvaney
                                                      Dennette A. Mulvaney
                                                      Attorneys for Movant