MARK J. ROMEO (Bar # 112002)
LAW OFFICES OF MARK J. ROMEO
235 Montgomery Street, Suite 410
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile: (415) 395-9318
romeolaw@msn.com

Attorneys for Claimants
Dennis McCarty, William Dobbin, Reva Bailey, Spyridon John Strouzas, Irene Strouzas, Bestie J Strouzas, Trustee of the Strouzas Revocable Trust Agreement dated July 2, 1986, Barbara Strouzas, Claremont Towers Apartments, L.P., Penelope Tamm, Mendocino Manor, Ltd., L.P., George Chilianis and Maria Chilianis

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CMR MORTGAGE FUND, I, LLC,<br><br>Debtor. | Bk. No. 08-32220<br><br>Chapter 11<br><br>**MOTION FOR MODIFICATION OF AUTOMATIC STAY; SUPPORTING FACTS AND ARGUMENTS**<br><br>Date: November 2, 2009<br>Time: 1:00 p.m.<br>Court: **Hon. Thomas Carlson**<br>U. S. Bankruptcy Court<br>235 Pine Street, 23d Floor<br>San Francisco, CA 94104 |

1. Creditors Dennis McCarty, William Dobbin, Reva Bailey, Spyridon John Strouzas, Irene Strouzas, Bestie J Strouzas, Trustee of the Strouzas Revocable Trust Agreement dated July 2, 1986, Barbara Strouzas, Claremont Towers Apartments, L.P., Penelope Tamm, Mendocino Manor, Ltd., L.P., George Chilianis and Maria Chilianis ("Movants") hereby move the court for modification of the automatic stay presently in effect in this case for the purpose of proceeding with pending civil actions against Debtor and other non-debtor co-defendants in the San Francisco Superior Court, in the cases of <u>Dennis McCarty et al. v. David Choo, et al.</u> No. 09-492051, and <u>Spyridon John Strouzas, et al. v. David Choo, et al.</u> No. 09-491988, for

the purpose of liquidating their claims against the debtor and other non-debtor parties, and to obtain judgement therefor; to allow enforcement of any judgement against insurance policies covering the Debtor and others, and to otherwise limit all other enforcement to claims and other actions against the estate in this case. Movants will further request that the order of the court be effective in this case and in any conversion of this case to another chapter without necessity of another motion as to the debtor and any co-debtor; and that the order be effective immediately, notwithstanding Bankruptcy Rule 4001(a)(3). This motion is made pursuant to 11 U.S.C. sections 362(d)(1) and (2) on the grounds that cause exists for modifying the automatic stay, and on the grounds that such relief would be consistent with discretionary abstention under 28 U.S.C. 1334( c) and the interests of justice and comity with the state courts.

**FACTUAL ALLEGATIONS IN SUPPORT OF MOTION**

2. At all relevant times, Movants were individuals and entities, and members and creditors of the debtor in this action, or members and creditors of the other funds which are debtors in this court (the debtor funds being CMR Mortgage Fund I, CMR Mortgage Fund II or CMR Mortgage Fund, III, as hereafter alleged. (Declaration of Jonathan Bornstein [hereafter "Bornstein"], ¶ 1-2).

3. Debtor commenced this proceeding on November 19, 2008. Movants were not listed as creditors in this proceeding. Movants do not know if they are listed as Equity Security Holders in the petition because it does not appear that such a list has been filed. (Bornstein¶3).

4. This motion concerns Movants' claims against the debtor and other non debtor parties in two civil actions pending in the San Francisco Superior Court, entitled <u>Dennis McCarty et al v. David Choo, et al</u>. No. 09-492051 and <u>Spyridon John Strouzas, et al. v. David Choo, et al</u>. No. 09-491988 (the "State Court Actions").

5. Movants as the plaintiffs filed the State Court Actions on August 31, 2009 (McCarty, et al.) and August 28, 2009 (Strouzas et al..) The defendants in the State Court Actions are David Choo ("Choo"); California Mortgage and Realty Inc. ("CMRI"), a California corporation; CMR Mortgage Fund, II, LLC; CMR Mortgage Fund, III, LLC, and the debtor herein, CMR Mortgage Fund I. By inadvertence, the actions were filed naming all of the Fund

defendants, including debtor, when the form of complaint should have been the one filed before modification was granted, naming non debtor defendants. The plaintiffs have been advised that due to the form of the complaint, the actions could not proceed against any of the Funds pending the outcome of this motion. (Bornstein¶4 and Exh. 1 and 2).

6. As alleged in the complaint, the <u>McCarty et al</u> plaintiffs lost over $918,000 and the <u>Strouzas, et al.</u> Plaintiffs, lost over $6,234,990, based on the fraudulent misconduct of David Choo, who managed the funds. (Bornstein, ¶ 5 and Exh. 1, ¶¶ 11-15; 17-18; 36-37; 43-49; Exhibit 2, ¶¶ 9-19; 33-36; 41; 53-56). According to the complaints and Movants' counsel's investigation of this case, defendant Choo is an employee, officer and agent of CMRI, the other funds, and the Debtor, and this misconduct was committed in the course and scope of the employment by the entity defendants. Movants assert both direct and derivative liability for the fraud committed by Mr. Choo and others against all defendants. (Bornstein, ¶ 5, and Exh. 1 and 2).

7. During the pendency of a similar action, <u>Joseph Zadik v. David Choo, et al.</u> No. 09-486094, as to which this court granted modification of the stay for the same relief prayed for here, [1] Movants' counsel learned that there are or may be one or more policies of insurance potentially covering the Debtor and/or the other defendants for the acts alleged in the complaint in the State Court Actions. (Bornstein, ¶ 6).

8. Based on informal discovery and discussions between counsel in the <u>Zadik</u> action, Movants believe that documentary and other evidence pertaining to the plaintiffs' claims is or may be in the possession, custody and control of the Debtor. (Bornstein ¶ 7).

9. The liability of the Debtor based on the tortious misconduct of David Choo and and other actors differs from its liability to the plaintiffs solely as investors. Such facts of liability should be tried in the same proceeding as the non-Debtor parties. The claims against both the debtor and the non-Debtor defendants are based solely on state law, and would be best tried in the state court in the State Court Actions. In addition, due to the grievous losses

---

[1] See In re CMR Mortgage Fund II, No. 09-30708, Docket No. 107; Motion by Claimant Joseph Zadik, granted August 24, 2009. S

incurred by the plaintiffs, the costs of litigation are particularly burdensome. The prospect of pursuing the claims against the Debtor in the bankruptcy court in either a claim objection or removal action based on the State Court Actions, while pursuing a state court action against the non-Debtor parties would be duplicative and wasteful of the plaintiffs', the defendants' and the courts' resources. At the same time, whether brought in state court or removed to this court, the claims would still be litigated. It is therefore more economical to the courts' resources, the interests of justice and the preservation of plaintiffs' rights to a jury trial, to proceed in one case in state court. (Bornstein, ¶ 8).

10. The Relief From Stay Information Sheet attached is hereto and made a part hereof.

## ARGUMENTS IN SUPPORT OF MOTION

11. This motion is made pursuant to 11 U.S.C. section 362(d)(1) and (2) on the grounds that cause exists for modifying the automatic stay.

12. Movants request relief from and/or modification of the stay effective in this action, and any conversions to any other chapter of the United States Bankruptcy Code.

13. It is clear that the automatic stay in this case does not protect affiliated non-debtor parties, nor are the unusual circumstances that should favor such protection. (In re Chugach Forest Products 23 F3 241 246 (9th Cir. 1994).

14. Where there is a pending civil proceeding involving the debtor and non-debtor parties, it has been held that the litigants can request relief from or modification of the stay in order to maintain an action in the original forum, and that such circumstances can be "cause" under 11 U.S.C. 362(d)(1). As the court in In re Santa Clara County Fair Association 180 BR 564, 566 (9th Cir. BAP 1995) noted:

> Although "cause" is not defined by the Code, in circumstances where a claimant against the debtor estate has sought relief from the stay to pursue a cause of action in a non-bankruptcy forum, Congress has stated:
>
> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S.C.C.A.N. 5836. (180 BR at 566; (modifying stay to permit discrimination action to proceed in district court); <u>In re UNR Industries, Inc.</u> 54 BR 266, 269 (Bk N.D. Ill. 1985). In weighing the prejudice to bankruptcy estate, the fact that there may be litigation costs to the debtor is not necessarily determinative, especially where the claim will be litigated either in the original forum or the bankruptcy or district court forum regardless. (<u>In re Santa Clara County Fair Association</u>, <u>supra</u>, 180 BR at 566-567; <u>see</u>, also <u>In re UNR Industries, Inc.</u>, <u>supra</u>, 54 BR at 269-270). Also favoring relief is the presence of multiple non-debtor defendant parties, the claims of which do not have any independent jurisdictional basis for the bankruptcy court. (<u>In Re Pharmakinetics Laboratories, Inc.</u> 139 BR 350, 352-353 (Bk. D. Md. 1992). The presence of insurance, and the ability of the bankruptcy court to limit enforcement of any resulting judgement, also favors relief, where other factors also support it. (<u>In re UNR Industries, Inc.</u>, <u>supra</u>, 54 BR at 269).

15. In a case involving personal injury torts, the court in this district also permitted such claims to remain and be liquidated in state courts in <u>Pacific Gas & Electric Company</u> 279 BR 561 (Bk. N.D. Cal. 2002). In that case, the court discussed the function of discretionary abstention under 28 U.S.C. ¶1334 ( c)(1) and (2) as supporting such result. That section states in pertinent part:

> ( c) (1) Except with respect to a case under chapter 15 of title 11 [11 USCS §§ 1501 et seq.], nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(279 BR at 566; <u>see</u> also <u>Christensen v. Tucson Estates, Inc.</u> 912 F2 1162, 1166 (9th Cir. 1990).

16. As this court noted in <u>Pacific Gas & Electric Company</u>, <u>supra</u>, 279 BR at 569-571, the Ninth Circuit has identified several factors to be considered in determining wither to abstain from a pending litigation in state court. Without citing all of such factors, those that are particularly

relevant here are:

(1) <u>the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention:</u>

In this case, the claims will be litigated either in state court or federal court if removed. It would duplicate costs for the plaintiffs and the defendants' side to pursue non-debtors in state court and the debtor in this case. Likewise, it would be a waste of the respective courts' resources.

(2) <u>the extent to which state law issues predominate over bankruptcy issues:</u>

In this case, all of the claims arise from California law. No federal nor bankruptcy law impacts the liability or duties of the defendants.

(3) <u>the jurisdictional basis, if any, other than 28 U.S.C. § 1334.</u>

In this case, there is no jurisdictional basis, but for the filing of the present petition as to one of the defendants.

(4) <u>the degree of relatedness or remoteness of the proceeding to the main bankruptcy case:</u>

In this case, the fact that a limited group of investors pursues litigation is not going to be significant to the estate nor the plan. The debtor provided a helpful summary of the circumstances leading to its present problems in its Status Conference Statement of May 15, 2009. Litigation costs or claims were not mentioned.

(5) <u>the burden of the bankruptcy court's docket:</u>

In this case, abstention make sense for the bankruptcy court. It has no need to add to its already busy docket to hear a case which involves solely state law issues. If there were a core issue, this factor might go the other way, but the mere liquidation of the claims, especially tort claims, is not compelling of bankruptcy jurisdiction.

(6) <u>the existence of a right to a jury trial:</u>

While bankruptcy courts can conduct jury trials, this is a more usual function of the state courts, and would be unduly consumptive of the court's time needed for already numerous bankruptcy related matters. At the same time, the Movants are vitally interested in and entitled to a trial by jury, and their rights should not be burdened.

(7) <u>the presence of non-debtor parties</u>:

As noted above, the most compelling facts of liability devolve on the conduct of a non-debtor, David Choo. Since there are multiple non-debtor defendants, this factor favors abstention.

17. Based on the foregoing, there is cause under Section 362(d) to modify the stay in this case, and to further based it on abstention principles.

WHEREFORE, MOVANTS PRAY FOR RELIEF AS FOLLOWS:

1. That the stay be modified immediately and nunc pro tunc, as to debtor and all co-debtors, if any, so as to 1) allow Movants to proceed with the pending civil actions against Debtor and other non-debtor co-defendants in the San Francisco Superior Court, in the cases of <u>Dennis McCarty et al v. David Choo, et al.</u> No. 09-486094 and <u>Spyridon John Strouzas, et al. v. David Choo, et al</u>. No. 09-491988, for the purpose of liquidating their claims against the debtor and other parties, and to obtain judgement therefor; to allow enforcement of any judgement against insurance policies covering the Debtor and others, and to otherwise limit all other enforcement to claims and other actions against the estate in this case.

2. That the order be effective immediately, notwithstanding Bankruptcy Rule 4001(a)(3), in this action, and any conversions to any other chapter of the United States Bankruptcy Code;

3. For such further and other relief that the court deems proper.

DATED: September 17, 2009           LAW OFFICES OF MARK J. ROMEO

                                                       By /s/Mark J. Romeo
                                                       MARK J. ROMEO
                                                       Attorneys for Movants