MCNUTT LAW GROUP LLP
SCOTT H. MCNUTT (CSBN 104696)
MICHAEL A. SWEET (CSBN 184345)
MARIANNE M. DICKSON (CSBN 249737)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Proposed Attorneys for Official Committee
of Equity Security Holders

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

CMR Mortgage Fund, LLC,

Debtor.

Case No. 08-32220

Chapter 11

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF MCNUTT LAW GROUP LLP AS COUNSEL FOR OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

**TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** the Official Committee of Equity Security Holders in the above captioned case (the "Committee"), hereby moves the Court ("Application"), for entry of an order authorizing the retention and employment of McNutt Group LLP (the "Firm" or "MLG") as the counsel for the Committee pursuant to Sections 105, 330 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules").

The facts and circumstances supporting the Application are set forth in the Declaration of Scott H. McNutt filed concurrently herewith. In further support of this request, the Committee states as follows:

/ / /

## I. INTRODUCTION

1. On November 19, 2008 CMR Mortgage Fund, LLC ("CMR Fund I") filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The case is currently pending as Case No. 08-32220 and CMR Fund I continues to operate its business as debtor in possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

2. On March 31, 2009 CMR Mortgage Fund II, LLC ("CMR Fund II"), an affiliated sister entity of both CMR Fund I, filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The case is currently pending as Case No. 09-30788 and CMR Fund II continues to operate its business as debtor in possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

3. On March 31, 2009 CMR Mortgage Fund III, LLC ("CMR Fund III"), an affiliated sister entity of CMR Fund I and CMR Fund II, filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The case is currently pending as Case No. 09-30802 and CMR Fund III continues to operate its business as debtor in possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

4. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The subject matter of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5. The statutory predicate for the relief requested herein is Sections 105(a), 330 and 1103(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Bankruptcy Rules.

## II. RELIEF REQUESTED

By this Application, the Committee seeks authority to employ and retain the Firm as its counsel with regard to the Debtor's bankruptcy case, effective as of October 19, 2009. Accordingly, the Committee seeks the entry of an order pursuant to Sections 330 and 1103 of the Bankruptcy Code authorizing it to employ and retain the Firm as its counsel in this case to perform the legal services that will be necessary during this bankruptcy proceeding.

/ / /

/ / /

### III. BASIS FOR RELIEF REQUESTED

1. On October 2, 2009 the United States Trustee appointed the Official Committee of Equity Security Holders to serve in the CMR Fund I, CMR Fund II, and CMR Fund III bankruptcy cases pursuant to the Appointment of Official Committee of Unsecured Creditors filed with this Court on October 2, 2009.

2. The Committee is a joint equity security holders committee, comprised of equity security holders from CMR Fund I, CMR Fund II, and CMR Fund III (collectively referred herein as the "CMR Group").

3. This is a rather unusual case, as there are potential conflicts between the CMR Group estates' which will create potential conflicts among Committee members and their constituents.

4. On October 16, 2009, at a scheduled meeting of the Committee, at which a majority of the members of the Committee were present, the Committee voted to retain the Firm to serve as its counsel in the CMR Group cases.

5. Section 1103(a) of the Bankruptcy Code authorizes the Committee to employ counsel to advise and assist in carrying out its duties in a bankruptcy case. The Committee believes that it is in the best interest of the equity security holders for the Committee to retain the Firm to advise and assist it in connection with all proceedings of concern to the unsecured creditors and the Committee, including but not limited to the following activities:

   (a) advise and assist the Committee in understanding the value of the CMR Group assets, which include numerous loans and real properties;

   (b) advise and assist the Committee in connection with the sale of the CMR Group assets;

   (c) negotiate and advise the Committee as to debtor-in-possession financing, exit financing, and any other form of financing any entity of the CMR Group may require in this case or in connection with any plan or plans of reorganization;

   (d) negotiate, draft, and pursue confirmation of a plan of reorganization and approval of a disclosure statement or statements;

(e) review and analyze the propriety of liens against assets of the estate;

(f) prepare, on behalf of the Committee, any necessary applications, motions, answers, orders, reports, and other legal papers related to the foregoing duties;

(g) appear in Court and protect the interests of the Committee before the Court in connection with the foregoing duties;

(h) monitor the conduct of the case to ensure that the CMR Group actions in the case promote the best interest of its equity security holders;

(i) advise as to the conversion of the case from Chapter 11 to Chapter 7;

(j) advise as to the appropriateness of administrative and/or substantive consolidation of this case with any or all of its affiliates' currently pending bankruptcy cases;

(k) if so directed by an entity of the CMR Group or order of the Court, prosecute any cause of action held by the estate, or object to claims asserted against the estate; and

(l) perform all the legal services for the Committee that may be necessary and proper in furtherance of the foregoing duties or other matters provided for in Section 1103(c) of the Bankruptcy Code.

2. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm. The Firm's current hourly rates are as follows:

| Scott H. McNutt | $500.00 |
| --- | --- |
| Michael A. Sweet | $450.00 |
| Dale L. Bratton | $450.00 |
| Douglas C. Graham | $375.00 |
| Lindsey R. Moran | $325.00 |
| Marianne M. Dickson | $275.00 |
| Paralegals & Law Clerks | $100.00 - $160.00 |

3. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described.

4. The hourly rates set forth above are the Firm's normal hourly rates for work of this type. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. In addition, it is the Firm's policy to charge its clients in all areas of practice for certain other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, court fees, travel expenses, working meals, postage, materials for large mailings, computerized legal research facilities, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in accordance with this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("Compensation Guidelines"). The Firm will not charge for mileage or attorney travel time for going to and from the San Francisco Bankruptcy Court or any other travel.

5. Section 1103(b) of the Bankruptcy Code provides that a law firm may serve as counsel to an equity security holders committee as long as it does not represent any other entity having an adverse interest in connection with the case and that representation of one or more of the creditors of the same class as represented by the committee does not per se constitute the representation of an adverse interest. To the best of the Committee's knowledge, the Firm has no current connection with the Committee's members, any of the CMR Group debtors, their creditors, equity security holders, or any other parties-in-interest, or their respective attorneys and accountants, or the United States Trustee or any person employed in the Office of the United States Trustee. To the best of the applicant's knowledge, the Firm does not hold or represent any interest adverse to the Debtor's estate, and the Firm's employment is necessary and in the best interests of the Committee.

6. Except to the extent the Court allows payment of compensation to the Firm out of the assets of the estate, the Firm has no compensation arrangements with any of the CMR Group debtors, the Committee, or any other individual or entity associated with this bankruptcy case.

## IV. INTERNAL CONFLICT CONSIDERATIONS

The Committee is comprised of equity security holders from three separate bankruptcy estates, who are sister affiliates. This is a unique situation. One of the many things MLG must do is to educate the Committee as to issues creating conflicts among the different estates as well as to creditors within a single estate. MLG understands that some equity security holders hold equity interests in more than one of the CMR Group estates. Anticipating and addressing conflicts will be a significant part of representing the Committee.

## V. NOTICE

Notice of this Application has been given to the United States Trustee, CMR Group's respective counsels, and those creditors requesting special notice. The Committee submits that no further notice need be given.

## VI. CONCLUSION

WHEREFORE, the Committee respectfully requests entry of an order, in form of the Order submitted herewith:

1. Authorizing the Committee to employ and retain the Firm to represent it in the Debtor's case pursuant to bankruptcy Code section 1103(a) effective October 19, 2009;

2. Authorizing the Committee to compensate the Firm pursuant to the Bankruptcy Code and any additional procedures established by this Court, subject to approval by the Court pursuant to Bankruptcy Code Sections 330 and 331; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: October 20, 2009　　　　　　　　Respectfully submitted,

McNUTT LAW GROUP LLP

By: _/s/ Scott H. McNutt_
　　　Scott H. McNutt
Proposed Attorneys for Official Committee
of Equity Security Holders