1  Penn Ayers Butler (Bar No. 56663)
   Daniel Rapaport (Bar No. 67217
2  Elizabeth Berke-Dreyfuss (Bar No. 114651)
   **WENDEL, ROSEN, BLACK & DEAN LLP**
3  1111 Broadway, 24th Floor
   Oakland, CA  94607-4036
4  Telephone:  (510) 834-6600
   Fax:  (510) 834-1928
5
   Attorneys for Debtor-in-Possession
6  CMR Mortgage Fund, LLC

7

8                 UNITED STATES BANKRUPTCY COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  In Re                                    Case No.  08-32220 TEC

13  CMR MORTGAGE FUND, LLC, a                 Chapter 11
    California limited liability company,
14                                            **FIRST INTERIM APPLICATION**
                    Debtor.                   **FOR COMPENSATION AND**
15                                            **REIMBURSEMENT OF EXPENSES**
                                              **BY COUNSEL FOR DEBTOR**
16
                                             Date:      November 30, 2009
17                                           Time:      9:30 a.m.
                                             Place:     235 Pine Street, 23rd Floor
18                                                      San Francisco, CA
                                             Judge:     Hon. Thomas E. Carlson
19

20

21

22

23

24

25

26

27

28

Case: 08-32220   Doc# 283   Filed: 10/29/09   Entered: 10/29/09 12:54:41   Page 1 of
33

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................... 1

II.   BACKGROUND .............................................................................................. 1

III.  SERVICES RENDERED .................................................................................. 5

      A.    Initial Pleadings ..................................................................................... 5

      B.    General Member and Creditor Inquiries ................................................ 5

      C.    Financing/Use of Cash Collateral/Secured Claims ................................ 6

      D.    Wendel Rosen Employment & Compensation ....................................... 6

      E.    Employment & Compensation of Professionals ..................................... 7

      F.    Financial Filings .................................................................................... 8

      G.    Executory Contracts/Leases/Utilities .................................................... 8

      H.    Operations ............................................................................................. 8

            H.1   Hamilton Creek ........................................................................... 8

            H.2   Disposition of REO Properties ..................................................... 9

            H.3   Interfund Transactions ............................................................... 10

            H.4   General Operational Questions ................................................... 11

      I.    Asset Analysis & Recovery .................................................................. 12

      J.    Asset Disposition ................................................................................. 12

      K.    Case Administration ............................................................................ 12

      L.    Creditor Committees ........................................................................... 13

      M.    Litigation (Non-Bankruptcy Court) ..................................................... 13

      N.    Stay Litigation ..................................................................................... 14

            N.1   Beacon Motion for Relief from Stay ........................................... 14

            N.2   Canyon Motion for Relief from Stay ........................................... 14

            N.3   Canyon Motion to Amend Order .................................................. 15

            N.4   Imperial Capital Bank Motion for Relief from Stay .................... 16

            N.5   E&F Financial Motion for Relief from Stay ................................ 16

            N.6   Canyon Motion to Lift Restrictions ............................................. 17

      O.    Bankruptcy Litigation (Plaintiff) ......................................................... 18

            O.1   Complaint against Canyon, SCD and Carr ................................... 19

            O.2   Discovery and Research re Issues ................................................ 19

            O.3   Motions to Dismiss ..................................................................... 20

            O.4   Briefing on Abstention ............................................................... 20

            O.5   Amendment of Complaint ........................................................... 21

            O.6   Renewed Motions to Dismiss ...................................................... 21

      P.    Bankruptcy Litigation (Defendants) ..................................................... 22

Case: 08-32220   Doc# 283   Filed: 10/29/09   Entered: 10/29/09 12:54:41   Page 2 of 33

| | Q. | Claims Administration & Objections | 22 |
|---|---|---|---|
| | R. | Tax Matters | 22 |
| | S. | Disclosure Statement | 22 |
| | T. | Plan of Reorganization | 23 |
| | U. | Plan Implementation | 23 |
| | V. | Stay Litigation – Appeal | 24 |
| | | V.1 Perfection of Appeal | 24 |
| | | V.2 Preparation of Appellant's Opening Brief | 25 |
| | | V.3 Preparation of Appellant's Reply Brief | 25 |
| | W. | Summary of Fees and Costs | 26-28 |
| | X. | Resumes of Paralegals | 26 |
| | Y. | Transmittal Letter to Client | 28 |
| IV. | | SUMMARY OF FEES AND COSTS INCURRED | 26 |
| V. | | CONCLUSION | 29 |
| | | CERTIFICATION | 29 |

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

015881.0003\1250582.3

*FIRST INTERIM APPLICATION FOR COMPENSATION*
*AND REIMBURSEMENT OF EXPENSES*

ii

TO:   THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY
      JUDGE AT SAN FRANCISCO, CALIFORNIA:

Wendel, Rosen, Black & Dean LLP ("Applicant"), applies to this Court for approval of its First Interim Application for Compensation and Reimbursement of Expenses ("Application"), seeking approval and allowance of $848,427.50 in fees and $59,021.95 in costs, for a total of $907,555.92, for the period of November 19, 2008 through August 31, 2009, inclusive ("Application Period"). Applicant is voluntarily reducing its fees by $88,376.36, and therefore seeks allowance of its fees as an administrative expense pursuant to Bankruptcy Code section 503(b)(2) in the amount of $760,051.14 in fees and $59,021.95 in costs, for a total of $819,073.09.

As disclosed in the Disclosure of Compensation of Attorney for Debtor, filed herein on November 19, 2008, Applicant received a prepetition retainer of $300,000 ("Retainer").[1] After application of the Retainer, Applicant seeks the allowance and authorization for payment of $460,051.14 fees and $59,021.95 costs, for a total of $519,073.09, pursuant to Bankruptcy Code section 503(b)(2).

## I.   INTRODUCTION

CMR Mortgage Fund, LLC, the debtor herein ("Debtor" or "CMR Fund"), commenced the within case by the filing of a voluntary petition under Chapter 11 on November 19, 2008, and an order for relief was entered on that date. Since that time, the Debtor has been a debtor in possession of its assets, no trustee having been appointed. Pursuant to an order entered by this Court on December 5, 2008, as Docket No. 30, the Debtor was authorized to retain Applicant as counsel for the debtor in possession, effective as of November 19, 2008.

## II.   BACKGROUND

The Debtor is a California Limited Liability Company organized on November 17, 2000, which is managed by California Mortgage and Realty, Inc. ("Manager") a Delaware corporation,

---

[1] In its Disclosure of Compensation of Attorneys for Debtor, filed herein on November 19, 2008, Docket No. 2, Wendel received a total prepetition retainer of $350,000, of which approximately $50,000 was applied to it current services rendered to the Debtor prior to the filing, leaving the $300,000 retainer as of the date of the filing.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Case: 08-32220   Doc# 283   Filed: 10/29/09   Entered: 10/29/09 12:54:41   Page 4 of 33

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  for the purpose of making or investing in business loans secured by deeds of trust on real estate

2  properties — predominately commercial income producing structures or land held by businesses —

3  located primarily in California.  The principal assets of the CMR Fund are promissory notes

4  secured by liens on real and personal property, other receivables, and interests in limited liability

5  corporations that own real property acquired by foreclosure.

6       At the time of the commencement of the case, the most significant asset of the Debtor was

7  its interest the Halekua Development Corporation Note (the "HDC Note").

8       In March 2007, the Debtor and Canpartners Realty Holding Company IV LLC

9  ("Canyon") entered into a Credit Agreement with Halekua Development Corporation ("HDC") by

10  which the Debtor and Canyon agreed to loan HDC the total principal sum of $97,900,000 (the

11  "Loan"), of which the Debtor agreed to pay up to $42,900,000 and Canyon agreed to pay

12  $55,000,000 to HDC.  HDC used the Loan to acquire 161 acres of real property located in Hawaii

13  (the "Property"), obtain the final entitlements and approvals for the development of the Property,

14  and to prepare the Property for the construction of a residential development known as Royal

15  Kunia II (the "Project").  As part of the transaction, HDC gave to Canyon a promissory note in

16  the principal sum of $55,000,000 ("A Note"), and gave to the Debtor a promissory note in the

17  principal sum of $42,900,000 ("B Note").  The Notes were secured by the Property, all of HDC's

18  membership interests in HK LLC (HDC's successor-in-interest in the Loan), and other personal

19  property, including funds held in certain Reserve Accounts.

20       According to the Credit Agreement, a portion of the funds from the Loan were to be used

21  to set up certain reserve accounts, including, but not limited to, reserves for taxes, insurance,

22  extension fees, pre-development costs, monthly interest payments due on the Loan, and for an

23  obligation to provide soil fill material to a third party (collectively, the "Reserve Accounts").

24  Interest on the Loan was to accrue and be payable monthly during the term of the Loan, and the A

25  Note was to mature, with all principal and unpaid interest due, within one year from the closing

26  date of the Loan transaction.   The Credit Agreement included the right to extend the maturity

27  date of the A Note two times, upon payment of an extension fee and satisfaction of certain other

28  conditions.

The Debtor and Canyon also entered into a Co-Lender Agreement (the "Agreement") on or about March 12, 2007, which structured and prioritized the relationship between Canyon and the Debtor and provided that Canyon would service and administer the Loan as agent for itself and the Debtor, subject to Accepted Servicing Practices.

Also, as part of the Loan transaction, Canyon required that Stanford Carr ("Carr") and his company, SCD Kunia, LLC ("SCD"), be hired to provide management services for development of the Project, including, but not limited to, obtaining certain land use entitlements, including state and local government approvals, for the Project. Consequently, in March 2007, HDC and SCD entered into a Project Management Agreement ("Management Agreement") in which HDC agreed to pay SCD a monthly management fee of $100,000. Among other things, the Management Agreement required that SCD work collaboratively with HDC "to advance the pre-construction development process."

HDC, SCD, Canyon and the Debtor entered into an Assignment And Subordination Of Project Management Agreement dated March 12, 2007 ("Assignment"), in which HDC assigned the Management Agreement to Canyon and the Debtor as additional security for the Loan. In that Assignment, SCD agreed, among other things, to perform all of its obligations under the Management Agreement. In addition to their rights as secured parties, the Assignment gave Canyon and the Debtor the right to exercise HDC's rights under the Management Agreement against SDC, upon any default by HDC.

As the A Note approached its maturity date in March 2008, and in the months thereafter, the Debtor contends that Canyon engaged in a course of commercially unreasonable and inequitable conduct designed to frustrate and block all efforts by the Debtor to negotiate a work-out with HDC that would preserve the interests of both Canyon and the CMR Fund and assure that their respective Notes would be paid off. In March 2008 the Debtor was negotiating to acquire HDC's interest in the Property and the Project by way of a transaction intended to fully protect Canyon's rights to payment of the A Note in full. The Debtor deposited $1,375,00 with Canyon as a fee for extending the maturity date of the A Note for one year. Although Canyon

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

1  accepted the money, it later took the position that the Loan had not been extended, but it failed to

2  return the fee to the Debtor.

3      In or about May 2008, the Debtor, HDC, and Canyon negotiated to use the funds in the

4  Fill Reserve to provide a source of funds to pay the monthly interest debt service of $550,000 on

5  the Canyon Note by drawing $450,000 per month from the Fill Reserve and supplementing that

6  with $100,000 per month paid by the Debtor.  Consequently, the Debtor paid to Canyon $100,000

7  per month for the months of May through August 2008.  The Debtor had also paid $330,000 to

8  Canyon in April 2008 to cover interest due on Canyon's Note after the interest reserve for that

9  note had been exhausted.

10     The Debtor contends that notwithstanding those payments by the Debtor and its ongoing

11 efforts to achieve a work-out, Canyon unilaterally, and without prior notice to or consent from the

12 Debtor, seized all of the funds in the Fill Reserve on August 11, 2008, and paid itself

13 $6,406,529.03.  Canyon applied that sum to accrued interest, as well as over $1.0 million in

14 penalty interest and late charges, and then paid down the principal amount of the A Note by over

15 $3.4 million.  The Debtor disputed Canyon's claim that penalty interest was due and owing.

16     The Debtor contends that Canyon's conduct in seizing the Fill Reserve Account

17 unilaterally, and without the Debtor's knowledge or consent, released security that had been given

18 to secure both the A and B Notes, thereby stripping HDC of funds that could have been used to

19 keep the monthly Loan payments current until the middle of 2009.  The Debtor also asserts that

20 all of Canyon's actions were taken to prevent the Debtor and HDC from being able to pay the A

21 Note interest and to enable Canyon to seize the Debtor's security interest in the Property and

22 other collateral given for the Loan.

23     As noted above, the Loan was also secured by HDC's pledge of all of its membership

24 interest in HK LLC.  After rejecting the work-out efforts by the Debtor and HDC, Canyon

25 unilaterally issued a Notice of Default on October 16, 2008, and also gave notice that same day

26 that it was going to conduct a UCC public foreclosure sale of 100% of HK LLC's membership

27 interests and other personal property of HK LLC on November 20, 2008 ("Foreclosure Sale").

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Unable to obtain consensual relief from Canyon to continue the Foreclosure Sale, the Debtor filed its voluntary Chapter 11 petition on November 19, 2008, and the stay, effective under Section 362 of the Bankruptcy Code, prevented Canyon from proceeding with the Foreclosure Sale at that time.

## III. SERVICES RENDERED

### A. Initial Pleadings

Applicant met and conferred extensively with the Debtor, and its various professionals, regarding the necessity and desirability of filing the chapter 11 case. Applicant continually conferred with the Debtor in seeking to obtain all of the necessary information for the commencement of the case, and prepared all of the necessary documentation for the initial filing as well the petition, creditors' matrix, application to employ responsible party, Schedules of Assets and Liabilities and Statement of Financial Affairs, and in the preparation of necessary amendment to the Schedules, and Statement of Financial Affairs.

Applicant spent 60.5 hours in performing these tasks, incurring fees in the amount of $21,198.00, as more particularly described in the attached **Exhibit A.** Because of the complexity and urgency of this case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billing, Applicant has voluntarily reduced its fees in this category by $1,417.50, resulting in fees in this category in the amount of $19,780.50.

### B. General Member and Creditor Inquiries

The Debtor has 393 members. During the course of the Debtor's case, Applicant responded to inquires by various members, assisted members by providing information and documents, assisted in the filing of claims, responded to inquires for the appointment of a committee of investors. In particular, one investor and former employee of the CMR Mortgage Fund, the Debtor's Manager, Craig Raymond undertook, what the Debtor believed, efforts to disseminate erroneous information regarding the Debtor and the Debtor's operations in what the Debtor believed was in an attempt to take over the Debtor's operations, and to compete with the Debtor's business. Mr. Raymond denied the Debtor's allegations. Nonetheless, Applicant reviewed and responded to communications with CMR Funds II and III, debtors in their own

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

respective chapter 11 cases, in responding to the Mr. Raymond's allegations.

Applicant spent 15.7 hours in performing these tasks, incurring fees in the amount of $7,466.50, as more particularly described in the attached **Exhibit B.** Because of the complexity of this case, Applicant had several attorneys handling these matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $900.00, resulting in fees in this category in the amount of $6,566.50.

### C.  Financing/Use of Cash Collateral/Secured Claims

As described above, the Debtor has interests in loans to third parties secured by deeds of trust against various properties owned by third party borrowers. In certain instances, prepetition, the Debtor or one of its related funds, CMR Mortgage Fund II and CMR Mortgage Fund III, may have foreclosed on a deed of trust, in which case the Debtor, through the operation of a special purpose entity, becomes either the equity owner of the property, or if Fund II or III conducted the foreclosure, the Debtor remains as a secured creditor against the property.

In order for the single purpose entities to maintain debt service on those properties on which the Debtor was a secured creditor or equity owner, the Debtor had to make advances to those entities. Applicant prepared several motions allowing it make advances to two of its single purpose entities, Hamilton Creek and Mira Mesa. In addition, Applicant prepared a motion to authorize the Debtor to make capital calls to the other Funds in order to raise funds to pay the Debtor's operating expenses. Applicant responded to inquires from creditors regarding those motions, and communicated with the Debtor regarding continuing sources for financing.

Applicant spent 25.3 hours in performing these tasks, incurring fees in the amount of $12,270.00, as more particularly described in the attached **Exhibit C.** Because of the complexity of this case, Applicant had several attorneys handling these matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $637.50, resulting in fees in this category in the amount of $11,632.50.

### D.  Wendel Rosen Employment & Compensation

Applicant prepared its application for employment, and the supporting documentation, as well as the required disclosures, and reviewed its invoices to ensure compliance with the U.S.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  Trustee guidelines, and in preparing this Application.  Applicant commenced preparation of the

2  instant application for fees.

3      Applicant spent 11.5 hours in performing these tasks, incurring fees in the amount of

4  $4,598.50, as more particularly described in the attached **Exhibit D.**

5      **E.      Employment & Compensation of Professionals**

6      Applicant assisted the Debtor in determining whether to retain other professionals on an as

7  needed basis.  In particular, Applicant prepared the application for the Debtor to retain an

8  appraiser (Lesher Chee Stadlbauer, Inc.) to appraise the Hawaiian property at the center of the

9  dispute with Canyon and to pay the appraiser a post-petition retainer.  The Debtor sought to

10  obtain the appraisal for use in opposing Canyon's motion for relief from stay.  Canyon filed an

11  objection to the application, and Applicant sought and obtained an order shortening time for the

12  hearing on the appraiser's employment application, prepared a reply in support of that

13  application, and attended the hearing thereon.  Applicant also assisted the Debtor in retaining an

14  accountant for tax filings (Armanino McKenna LLP), and for the payment of a post-petition

15  retainer.  The Debtor also requested that Applicant pursue the engagement of several real estate

16  appraiser (Property Sciences Group), real estate broker (LCB Commercial Real Estate), special

17  corporate counsel (Stein & Lubin LLP), accountants (Perry-Smith), and special counsel (Orrick

18  Harrington).  Applicant communicated with each of the professionals and prepared the necessary

19  applications.  After preparation of the application the Debtor determined not to pursue

20  employment (Property Sciences Group, LCB Commercial Real Estate, Orrick Harrington, and

21  Perry-Smith), and those applications were withdrawn.  Applicant obtained an order retaining

22  Stein & Lubin LLP.  Applicant communicated with the Debtor regarding all issues dealing with

23  the employment of professionals, including possibility of employment of professionals in Hawaii.

24      Applicant spent 54.1 hours in performing these tasks, incurring fees in the amount of

25  $22,115.00 as more particularly described in the attached **Exhibit E.**  Because of the complexity

26  of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to

27  eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by

28  $807.50, resulting in fees in this category in the amount of $21,307.50.

015881.0003\1250582.3

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

### F. Financial Filings

Applicant reviewed and advised the Debtor regarding the preparation of its monthly operating reports. Applicant continually communicated with the Debtor to ensure that the fund is in compliance with its chapter 11 reporting obligations.

Applicant spent 25.0 hours in performing these tasks, incurring fees in the amount of $11,802.50, as more particularly described in the attached **Exhibit F.** Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $920.00, resulting in fees in this category in the amount of $10,882.50.

### G. Executory Contracts/Leases/Utilities

Applicant reviewed several fund operating and loan servicing agreements to determine if those agreements were executory, and if executory, whether the agreements should be assumed. Applicant conferred with the Debtor ad counsel for both Funds II and III regarding the same.

Applicant spent 9.2 hours in performing these tasks, incurring fees in the amount of $3,940.00, as more particularly described in the attached **Exhibit G.**

### H. Operations

Applicant was involved in a number of aspects of the Debtor's operations.

On general operations, Applicant conferred with the Debtor concerning expansion of Applicant's employment to represent related entities, and on issues related to motions pending in each of the related cases.

Applicant spent 3.0 hours in performing these tasks, incurring fees in the amount of $1,537.50, as more particularly described in the attached **Exhibit H.** Applicant has voluntarily reduced its fees in this category by $1,117.50, resulting in fees in this category in the amount of $420.00.

### H.1 Hamilton Creek

The Debtor is the 51% equity owner of Hamilton Creek LLC ("Hamilton Creek'); Hamilton Creek is a debtor in possession in its own chapter 11 case pending before this Court, *In re Hamilton Creek, LLC,* Case No. 08-31285. Hamilton Creek owns 1 Quarry Road, Brisbane,

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

California.   That property has a value of $30 million, and is encumbered by a first deed of trust in favor of E&F Financial Services, Inc. ("E&F") in the amount of $15 million.  The property is also then encumbered by a $20 million second deed of trust; the Fund entities hold interests in the deed of trust in direct proportion to their ownership interests in Hamilton Creek.

During the course of the case, Applicant assisted the Debtor in reaching a compromise with one of the related funds (Fund II) regarding the proceeds of real estate owned and sold by the related funds in which the Debtor had a lien, and in utilizing the proceeds of that settlement to fund a loan from the Debtor to Hamilton Creek in order for Hamilton Creek to (1) consummate a settlement of its litigation against California Rock & Asphalt, Inc., and (2) make adequate protection payments to the holder of the first deed of trust against the property, E&F.  Applicant conferred with the Debtor, counsel for Hamilton Creek and Fund II, as well as the counsel for E&F.  Applicant prepared the motion for the approval of the compromise and loan, and the application necessary to have that motion heard on shortened time.  E&F objected to the Debtor receiving a security interest in the proceeds of the gravel extracted from the property and Applicant researched the issue of perfection of security interests in gravel under the E&F deed of trust.  Applicant responded to objections raised by Canpartners and the U.S. Trustee to the motion.  Upon the granting of the motion, Applicant prepared the orders for the same. A dispute arose with E&F as to the terms of the order, and Applicant rendered services in resolving the dispute by communicating with counsel for E&F and Hamilton Creek.

Applicant spent 62.8 hours in performing these tasks, incurring fees in the amount of $28,348.00, as more particularly described in the attached **Exhibit H-1.**  Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $2,619.50, resulting in fees in this category in the amount of $25,728.50.

**H.2** **Disposition of REO Properties**

As described above, the Debtor has interests in loans to third parties that are secured by deeds of trust against various properties owned by third party borrowers.  In certain instances, prepetition, the Debtor or one of its related funds, CMR Mortgage Fund II and CMR Mortgage

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Fund III, may have foreclosed on a deed of trust, in which case the Debtor, through the operation of a special purpose entity, becomes either the equity owner of the property, or if Fund II or III conducted the foreclosure, the Debtor remains as a secured creditor against the property.

During the course of the case, Applicant conferred with the Debtor regarding several single purpose entities in which the Debtor had an interest, such as Hamilton Creek, Wheatland Holdings, 5th Street, and 311 Aspen. In addition, Applicant conferred with the Debtor regarding the same of REO properties against which the Debtor had liens competing with liens held by Fund II and Fund III. For example, Applicant conferred with the Debtor and the counsel for Fund II concerning the disposition of the proceeds of sale of 311 Aspen, and a settlement between Fund II and the Debtor concerning the disposition of those proceeds of sale. Applicant also conferred with the Debtor regarding the funding of REO properties such as Mira Mesa and 950 Linden.

Applicant prepared a motion for approval of a loan to 21 Mira Mesa, and the necessary documentation to have that motion heard on shortened time. Applicant communicated with creditors regarding that motion, and appeared at the hearing and prepared the orders necessary for approval of that motion.

Applicant spent 29.7 hours in performing these tasks, incurring fees in the amount of $13,712.50, as more particularly described in the attached **Exhibit H-2.** Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $477.50, resulting in fees in this category in the amount of $13,235.00.

**H.3    Interfund Transactions**

Prepetition, the Debtor entered into certain loan servicing agreements with the Manager. There are ten Loan Servicing and Equity Interest Agreements (collectively, the "Loan Servicing Agreements"), between the Manager and the Debtor. Those agreements provide for Loan Servicing Fees in the amount of 1/12 of 2% of the outstanding principal balances of the loans originated by the Debtor. In addition to the Loan Servicing Agreements, prepetition, the members of the Debtor and the Manager entered into an Operating Agreement pursuant to which the Manager acts as the manager of the Debtor. Pursuant to the terms of the Operating

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1   Agreement, the Manager is entitled to receive Asset Management Fees in the amount of 1/12 of

2   1% of the Net Assets Under Management.  In addition, pursuant to the terms of the Operating

3   Agreement and the Lender Servicing Agreements, the Manager is entitled to advance funds on

4   behalf of the Debtor to meet the Debtor's operating expenses and to have those advances

5   reimbursed.

6        Applicant conferred with the Debtor regarding the propriety of the various offsets between

7   the Manager and the Debtor and various Funds.  Applicant reviewed a motion filed by Fund II to

8   effectuate an offset of prepetition expenses owed by the Debtor to Fund II against post petition

9   sale proceeds owed by Fund II to the Debtor; Applicant, on behalf of the Debtor, opposed that

10  motion, resulting in a settlement between Fund II and the Debtor which yielded $724,000 in sale

11  proceeds to the Debtor.  Applicant prepared the motion for approval of that compromise and the

12  use of those sale proceeds to fund the Debtor's operations and loans to related REO entities.

13  Applicant appeared at the hearing on the approval of those motions.

14       Applicant spent 44.5 hours in performing these tasks, incurring fees in the amount of

15  $20,650.00, as more particularly described in the attached **Exhibit H-3.**  Because of the

16  complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously,

17  and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category

18  by $2,405.00, resulting in fees in this category in the amount of $18,245.00.

19       **H.4     General Operational Questions**

20       Applicant conferred with the Debtor regarding all issues of operations, and on

21  determination of what operations could or would constitute operations in the ordinary course of

22  the Debtor's business for which no bankruptcy court approval would be necessary.  In connection

23  with that determination, Applicant reviewed the Debtor loan agreements, operating agreements

24  and loan servicing agreements.  Applicant conferred with the Debtor regarding the payment of

25  operational expenses.  Applicant reviewed certain post petition legal actions filed against the

26  various funds to determine if the Debtor needed to take any action.  Applicant reviewed the

27  Debtor's proposals for post petition financing.  Applicant communicated with the Debtor

28  regarding certain issues involving claims against the Manager and the treatment of claims for

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

indemnification.  Applicant conferred with the Debtor regarding required capital calls for funding of operations, and regarding the payment of post petition operating expenses.  Applicant prepared applications for approval of various capital calls, and obtained court approval of the same.

Applicant spent 29.4 hours in performing these tasks, incurring fees in the amount of $14,042.50, as more particularly described in the attached **Exhibit H-4.**  Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $1,545.00, resulting in fees in this category in the amount of $12,497.50.

**I.      Asset Analysis & Recovery**

Applicant reviewed and analyzed the Debtor's asset base, including the notes and deeds of trust against various properties, including the Hawaiian property.  Applicant analyzed the impact of the Fund II proposed motion for offset and interfund financing motion on the Debtor asset base.  In addition, Applicant reviewed sales of property by the funds and analyzed the treatment of proposed distribution of sale proceeds, and the potential for the use of sale proceeds for financing the various funds as debtor in possession financing.  As part of its litigation with Canyon, Applicant monitored Canyon's foreclosure of the Hawaiian property, including the fact that Canyon's security instruments did not contain a provision for non judicial foreclosure.

Applicant spent 39.2 hours in performing these tasks, incurring fees in the amount of $20,118.00, as more particularly described in the attached **Exhibit I.**  Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $1,250.50, resulting in fees in this category in the amount of $18,867.50.

**J.      Asset Disposition**

No services were rendered in this category during the Application Period.

**K.      Case Administration**

Applicant prepared the Debtor for, and attend the initial debtor interview with the U.S. Trustee, and responded to the U.S. Trustee's request for production of documents for that interview.  Applicant communicated with the Debtor regarding its obligations as a debtor in

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

possession and compliance with the U.S. Trustee Guidelines.  Applicant prepared status conference statements and prepared for and attended status conferences in the case.  Applicant reviewed various administrative and general unsecured claims.  Applicant monitored pending legal actions against the Debtor, and the REO entities and communicated with all counsel to insure that all parties knew of the existence of the automatic stay, and prepared and filed various notices of stay of proceedings.

Applicant spent 58.6 hours in performing these tasks, incurring fees in the amount of $21,966.50, as more particularly described in the attached **Exhibit K.**  Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $1,569.00, resulting in fees in this category in the amount of $20,397.50.

### L.    Creditor Committees

No official committee of general unsecured creditors was appointed in the Debtor's case.  Over the course of the case, at various times, investors had expressed an interest in forming a committee to assist and support the Debtor.  Applicant communicated with the Debtor, the U.S. Trustee, and the other CMR Funds, regarding the desirability of the appointment of a committee, providing the necessary information to the U.S. Trustee for the solicitation of investors for the committee.  Applicant assisted the Debtor in preparing for the formation meeting of investors, and assisted in the preparation of the Debtor's presentation.  Applicant responded to all of the U.S. Trustee's requests for further information regarding the interested investors and membership interests.

Applicant spent 15.1 hours in performing these tasks, incurring fees in the amount of $7,107.50, as more particularly described in the attached **Exhibit L.**  Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $425.00, resulting in fees in this category in the amount of $6,682.50.

### M.    Litigation (Non-Bankruptcy Court)

No services were rendered in this category during the Application Period.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**N.     Stay Litigation:**

**N.1     Beacon Motion for Relief from Stay**

The Debtor is the holder of a junior lien on the real property known as 380-388 12th Street, Oakland, California, which is owned by the Saigon Plaza Associates, LLC, a debtor in possession in its own chapter 11 case before this Court. Prior to the commencement of the Debtor's Chapter 11 case, a dispute arose between Beacon Development, Saigon Plaza and CMR regarding the seniority and enforceability of the Beacon Development mechanic's lien against the 12th Street property. Prepetition, Beacon Development obtained relief from stay in the Saigon Plaza case allowing it to obtain a determination of the priority and enforceability of its lien. Upon the commencement of the Debtor's case, Beacon sought immediate relief from stay to pursue its litigation against Saigon Plaza and a determination of its lien rights against the Debtor. Applicant conferred with the Debtor regarding the Saigon Plaza and Beacon Development issues, and conferred with counsel for Beacon. Applicant reviewed the Beacon Development motion for relief from stay, and prepared a limited statement of non opposition. Applicant appeared at the hearing, and although the Court entered the limited relief that the Debtor requested, Beacon Development submitted, and the Court signed an order that did not comport with the Court's ruling. Applicant immediately contacted counsel for Beacon Development, and prepared and obtained a stipulation for amendment of the order.

Applicant spent 12.8 hours in performing these tasks, incurring fees in the amount of $6,050.00, as more particularly described in the attached **Exhibit N-1.** Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $155.00, resulting in fees in this category in the amount of $5,895.00.

**N.2     Canyon Motion for Relief from Stay**

On December 4, 2008, only fifteen days after the commencement of the case, Canyon filed a motion for relief from stay to allow it to proceed with its Foreclosure Sale of the membership interest in HK LLC. Canyon's motion presented numerous and complicated issues of fact and law. Applicant conferred extensively with the Debtor regarding the factual

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

background of the Loan transaction and the relationship between the parties and otherwise conducted factual research necessary to respond to Canyon's motion for relief from stay. Applicant reviewed and analyzed the lengthy, complex Loan documents, including the Credit Agreement and Co-Lender Agreement. Applicant also reviewed and analyzed the Debtor's most recent appraisal for the Property. Applicant researched numerous legal issues and prepared a thorough opposition to the motion, including several detailed declarations supporting Debtor's opposition. On February 5, 2009, the Court granted Canyon relief from stay to foreclosure on the real estate collateral for the HDC Note and on March 20, 2009, in response to another motion brought by Canyon, the Court amended its stay relief order to allow Canyon to proceed with its UCC sale of HDC's membership interest in HK LLC. The CMR Fund filed an appeal of the February 5, 2009 and the March 20, 2009 orders, and those appeals have been consolidated and are currently pending before the United States District Court for the Northern District of California.

Applicant spent 281.1 hours in performing these tasks, incurring fees in the amount of $120,668.00, as more particularly described in the attached **Exhibit N-2.** Because of the complexity of the Debtor's case, and the short period of time between the Debtor's initiation of its Chapter 11 case and Canyon's motion for relief from stay, Applicant had several attorneys working matters simultaneously. Consequently, to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $18,100.20, resulting in fees in this category in the amount of $102,567.80.

**N.3    Canyon Motion to Amend Order**

As referenced above, the Court granted Canyon relief from stay to foreclose on the Hawaiian Property on February 5, 2009. The original order was silent as to Canyon's right foreclose on the HDC's pledged membership interest in HK LLC. Although the Court indicated that Canyon could supplement the Court's order by adding the legal description of the Property, Canyon instead submitted an order that allowed foreclosure of both the real property and the membership interests. Simultaneously with Canyon submitting its proposed order, the Debtor filed a notice of appeal of the Court's February 5, 2009 order. Unhappy with the scope of relief

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1 granted by the Court in the February 5, 2009 order, Canyon filed a formal motion to amend the

2 February 5, 2009 to include relief to foreclose upon the pledged membership interests in HK

3 LLC. Applicant reviewed the motion and prepared the necessary opposition pleadings, reviewed

4 the court's tentative ruling and appeared at the hearing on the motion and reviewed Canyon's

5 proposed formal order granting the motion to amend. On March 20, 2009, the Court entered an

6 order granting Canyon's motion to amend, and entered the Amended Order Re Motion for Relief

7 from Stay.

8   Applicant spent 33.8 hours in performing these tasks, incurring fees in the amount of

9 $14,610.00, as more particularly described in the attached **Exhibit N-3.** Because of the

10 complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously,

11 and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category

12 by $703.00, resulting in fees in this category in the amount of $13,907.00.

13   **N.4 Imperial Capital Bank Motion for Relief from Stay**

14   One of the Debtor's assets is a lien against a property known as the Sand City Self Storage

15 Property. The Debtor's lien is junior to a lien in favor of Imperial Capital Bank ("ICB"). Fund

16 II, who held a lien junior the Debtor's lien, foreclosed upon its lien and is the owner of that

17 property. Due to problems involving the former tenant, Koray Ergur, no debt service payments

18 were being made to ICB. ICB then filed a motion for relief from stay in the Debtor's case, as

19 well as in the Fund II and Fund III cases. To date, Fund II is seeking to remove Ergur from the

20 premises, and recover the rents generated by the property, and to use the rents to make debt

21 service payments to ICB. Fund II has reached an agreement with ICB allowing Fund II to

22 attempt to market and sell the property. Applicant monitored the ICB motion and conferred with

23 counsel for Funds II and III concerning the status of the proceedings.

24   Applicant spent 10.3 hours in performing these tasks, incurring fees in the amount of

25 $4,447.50, as more particularly described in the attached **Exhibit N-4.**

26   **N.5 E&F Financial Motion for Relief from Stay**

27   As discussed above, the Debtor holds a 51% interest in Hamilton Creek, and one of the

28 properties owned by Hamilton Creek is the Brisbane Quarry, which is encumbered by a senior

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

lien in favor of F& F Financial Services ("E&F"). Prepetition, E&F had obtained relief from stay in the Hamilton Creek case, and the order granting E&F relief from stay required the Hamilton Creek to make monthly adequate protection payments to E&F. In connection with the approval of the loan to Hamilton Creek to fund the California Rock & Asphalt, Inc. and the adequate protection payments to E&F, E&F filed a motion for relief from stay in the Debtor's case and sought to have the relief from stay order entered in the Hamilton Creek case deemed to be an in rem order in the Debtor's case. Applicant reviewed the E&F motion, conferred with counsel for Hamilton Creek and Funds II and III in opposing the motion, and appeared at the hearing on the motion. Applicant appeared at the hearing on the motion, and reviewed the order prepared by E&F, objected to the form of order, and prepared a competing order.

Applicant spent 10.9 hours in performing these tasks, incurring fees in the amount of $4,762.50, as more particularly described in the attached **Exhibit N-5.**

### N.6 Canyon Motion to Lift Restrictions

In granting Canyon relief from stay to foreclose upon the Hawaii Property, the Court limited the order by restricting Canyon's ability to transfer the Property to third parties prior to resolution of the Debtor's litigation against Canyon. As discussed below, upon the Court's granting Canyon's motion to dismiss the Debtor's litigation (with leave to amend), Canyon filed a motion asking the Court to lift the remaining restrictions in the relief from stay order so that it could freely transfer the property to a third party following foreclosure. Applicant reviewed the motion, conferred with the Debtor in opposing the motion, researched the legal issues necessary to the opposition of the motion, and prepared the opposition and declarations in support of the opposition. As of the date of this Application, the Court has not yet entered an order resolving that motion.

Applicant spent 72.5 hours in performing these tasks, incurring fees in the amount of $31,759.00, as more particularly described in the attached **Exhibit N-67.** Because of the complexity of the Debtor's case, Applicant had several attorneys working on matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $896.00, resulting in fees in this category in the amount of $30,863.00.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

## O.     Bankruptcy Litigation (Plaintiff)

On November 30, 2008, the Debtor filed an adversary proceeding against Canyon, SCD and Carr.  Among other things, the Debtor alleged that Canyon breached the Co-Lender Agreement by, among other things, failing to service and administer the Loan with the care, skill and diligence that is customary with respect to comparable commercial loans, by failing to preserve and protect the Debtor's interest in the Loan and in all collateral given as security for the Loan, by seizing the funds held in the Fill Dirt Reserve and applying them to Canyon's A Note, by failing to negotiate a work-out of the Loan in good faith and making unreasonable and unwarranted demands, and by releasing security and taking enforcement actions without the Debtor's consent.  The Debtor also alleged that Canyon also breached the Co-Lender Agreement and the Credit Agreement by taking $1.375 million paid by the Debtor as an extension fee for a one-year extension of the Loan, as well as monthly payments, and then taking action to undercut a work-out, including refusing to extend the Loan.

In the Adversary Proceeding, the Debtor also alleged that Canyon had an obligation of good faith and fair dealing not to deprive the Debtor of the benefits of those agreements and to act reasonably with respect to negotiating a work-out of the Loan obligations and protecting the Debtor's rights in the Loan and in the security given for that Loan.  Instead, Canyon engaged in a series of acts intending to create the illusion that Canyon was complying with the Agreement while undermining the substance of that Agreement through acts which were highly prejudicial to the Debtor's rights and interests, and attempting to eliminate the Debtor's rights and interests in the Property, the Project, the Loan and the security, to render the Debtor's B Note without value, to leave the Debtor without recourse for any recovery on that promissory note, and to obtain a windfall.  The conduct by Canyon had the effect of interfering with and injuring the Debtor's contractual rights to receive the benefits of the Agreement and the Loan, contrary to the covenant of good faith and fair dealing implied in the Agreement and related Loan documents.

As to Carr and SCD, the Debtor alleged a claim for breach of contract against SCD only and claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty against both SCD and Carr.   The Debtor alleged that SCD breached its duties by engaging in conduct

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

that chilled the market for any potential investors, and that SCD and Carr breached these fiduciary duties by knowingly and falsely undervaluing the Property to potential investors. The Debtor alleged that SCD and Carr's conduct was infected with a conflict of interest in that SCD held options to buy 50% of the lots on the Property and therefore, low-balling the Property value to potential investors/buyers favored SCD's interests over those of its principals. In addition, the Debtor alleged that Carr and SCD aided and abetted Canyon in breaching its fiduciary duties to the Debtor.

### O.1     Complaint against Canyon, SCD and Carr

Applicant reviewed and analyzed numerous client documents regarding the transactions by and among the Debtor and Canyon for the funding of the HDC loan, and the agreements by and between HDC and SCD and Carr for the development of the Royal Kunia II Property. Applicant conferred with the Debtor and conducted extensive research into all appropriate claims to be asserted against the various defendants. Applicant communicated with defendants' counsel in consenting to an extension of time for defendants to respond to the Debtor's complaint. Applicant researched and prepared a jury trial demand.

Applicant spent 45.1 hours in performing these tasks, incurring fees in the amount of $18,352.50, as more particularly described in the attached **Exhibit O-1.** Because of the complexity of the Debtor's case, Applicant had several attorneys working on matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $1,137.50, resulting in fees in this category in the amount of $17,215.00.

### O.2     Discovery and Research re Issues

Applicant has undertaken to outline and prepare for substantial discovery and to research various issues which it believes will impact and guide the adversary proceeding. Applicant has communicated with the Debtor regarding potential discovery and issues, and communicated with counsel for defendants regarding initial disclosures, discovery and other issues.

Applicant spent 26.7 hours in performing these tasks, incurring fees in the amount of $12,073.50, as more particularly described in the attached **Exhibit O-2.** Because of the complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously,

Case: 08-32220   Doc# 283   Filed: 10/29/09   Entered: 10/29/09 12:54:41   Page 22 of 33

and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category

by $1,340.00, resulting in fees in this category in the amount of $10,733.50.

### O.3    Motions to Dismiss

Within the time to respond to the complaint, Canyon, Carr and SCD each filed motions to

dismiss the complaint pursuant to Rule 12(b)(6) of Federal Rule of Civil.  Applicant strenuously

opposed the motions to dismiss.  The motions presented complex issues of law pertaining to the

numerous contract and tort claims, including choice of law issues, and presented questions

involving the laws of California, New York and Hawaii.  Applicant conferred with the Debtor,

reviewed client records and documents, and researched and prepared extensive legal memoranda

in opposition to the motions.  Applicant prepared for and appeared at the hearing on the motions.

Notwithstanding the Debtor's allegations and Applicant's vigorous opposition to the motions to

dismiss, on May 8, 2009, the Court entered an order dismissing the Debtor's complaint against all

defendants, with leave to amend.

Applicant spent 293.9 hours in performing these tasks, incurring fees in the amount of

$124,380.50, as more particularly described in the attached **Exhibit O-3.**  Because of the

complexity of the Debtor's case, Applicant had several attorneys working on matters

simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees

in this category by $18,657.08, resulting in fees in this category in the amount of $105,723.42.

### O.4    Briefing on Abstention

Sua sponte, on February 10, 2009, the Court entered an order noting that the adversary

proceeding was likely a non-core matter, and requesting the parties to brief whether the Court

should abstain pursuant to 28 U.S.C. § 1334(c)(1).  The Debtor took the position that abstention

was warranted because all of the claims asserted by the Debtor in the adversary proceeding were

state law noncore claims, and because those claims could be resolved without any impact on the

administration of the Debtor's chapter 11 case (due to the entry of the Court's prior order granting

Canyon relief from the automatic stay to foreclose its lien against the Property), and, because this

Court was precluded from entering a final order or judgment in the adversary proceeding.  The

Debtor requested that the Court should abate or stay this adversary proceeding until the Debtor

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  could can obtain a final resolution of the complaint in a court of competent jurisdiction.

2  Applicant communicated with counsel for defendants regarding their position on

3  abstention.  In response to that order, Applicant researched and prepared an extensive

4  memorandum in support of abstention.  Applicant reviewed defendants' memoranda opposing

5  abstention and in addition, prepared a supplemental brief in support of abstention.  Applicant

6  prepared for the hearing on that the abstention issue.

7  Applicant spent 97 hours in performing these tasks, incurring fees in the amount of

8  $43,392.50, as more particularly described in the attached **Exhibit O-4.**  Because of the

9  complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously,

10  and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category

11  by $7,338.00, resulting in fees in this category in the amount of $36,054.50

12  **O.5     Amendment of Complaint**

13  As indicated above, on May 8, 2009, the Court granted defendants' motion to dismiss the

14  Debtor's complaint against Canyon, Carr and SCD, with leave to amend.  Applicant conferred

15  with the Debtor, and conducted an extensive factual and legal research to re-plead the Debtor's

16  claims as well as plead new claims.  Applicant prepared the amended complaint alleging claims

17  for breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty,

18  negligence, and negligent performance of voluntary duty, aiding and abetting, reformation,

19  equitable estoppel and equitable subordination against defendants.

20  Applicant spent 116.4 hours in performing these tasks, incurring fees in the amount of

21  $51,397.50, as more particularly described in the attached **Exhibit O-5.**  Because of the

22  complexity of the Debtor's case, Applicant had several attorneys working on matters

23  simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees

24  in this category by $7,709.63, resulting in fees in this category in the amount of $43,687.87.

25  **O.6     Renewed Motions to Dismiss**

26  Within the time to respond to the Amended Complaint, Canyon, Carr and SCD each

27  renewed their motions to dismiss.  Applicant again researched and prepared extensive legal

28  memoranda vigorously opposing each motion to dismiss.  Applicant also prepared a motion to file

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1   an oversized brief, as well as a motion or objection to Canyon's request for judicial notice.

2   Applicant prepared for and attended the hearing on the motions to dismiss.  Notwithstanding

3   Applicant's vigorous opposition, on September 8, 2009, the Court entered orders dismissing most

4   of the Debtor's claims alleged in the Amended Complaint.  With regard to Canyon, all claims

5   were dismissed, with prejudice, except for the Debtor's claim for return of the $1.375 million

6   paid for an extension.  As to SCD, and Carr, all claims were dismissed with prejudice with the

7   exception of the claim for breach of the assignment agreement against SCD.

8       Applicant spent 203.6 hours in performing these tasks, incurring fees in the amount of

9   $81,883.00, as more particularly described in the attached **Exhibit O-6.**  Because of the

10  complexity of the Debtor's case, Applicant had several attorneys working matters simultaneously,

11  and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category

12  by $12,282.45, resulting in fees in this category in the amount of $69,600.55

13      **P.    Bankruptcy Litigation (Defendants)**

14      No services were rendered in this category during the Application Period.

15      **Q.    Claims Administration & Objections**

16      Applicant conferred with the Debtor regarding payment of administrative claims within

17  the ordinary course of the Debtor's business operations.  Canyon filed a general unsecured claim

18  in the Debtor's case, and Applicant undertook a review of that claim.  Applicant conferred with

19  the Debtor regarding tax claim issues.

20      Applicant spent 20.3 hours in performing these tasks, incurring fees in the amount of

21  $8,176, as more particularly described in the attached **Exhibit Q.**  Because of the complexity of

22  the Debtor's case, Applicant had several attorneys working on matters simultaneously, and to

23  eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by

24  $300.00, resulting in fees in this category in the amount of $7,876.00

25      **R.    Tax Matters**

26      No services were rendered in this category during the Application Period.

27      **S.    Disclosure Statement**

28      On March 20, 2009, within the 120 days of the commencement of the Debtor's case, the

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Debtor filed a Disclosure Statement. Applicant prepared the Disclosure Statement and conferred with the Debtor for the necessary factual background, data and financial information. After the filing of the Disclosure Statement, Applicant set the disclosure statement for hearing. Applicant reviewed the objections to the disclosure statement by the U.S. Trustee and Canyon, and conferred with the Debtor for additional information for the Disclosure Statement. Applicant conferred with counsel for Canyon regarding potential discovery in connection with the Disclosure Statement. Applicant continued the Disclosure Statement, and the Disclosure Statement is still pending.

Applicant spent 26.2 hours in performing these tasks, incurring fees in the amount of $13,450.50, as more particularly described in the attached **Exhibit S.** Because of the complexity of the Debtor's case, Applicant had several attorneys working on matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $864.50, resulting in fees in this category in the amount of $12,586.00

### T.　Plan of Reorganization

In conjunction with the preparation of the Disclosure Statement, Applicant also prepared the Plan of Reorganization. Applicant's proposed Plan is to maintain its properties and loan portfolio, raise funds through investors and additional borrowings to service debt, and retain its properties while the current market conditions recover to return the previously existing value to creditors and investors. Applicant conferred with the Debtor regarding the plan concepts and time lines. Applicant responded to requests for copies of the Plan and Disclosure Statement.

Applicant spent 26.8 hours in performing these tasks, incurring fees in the amount of $13,855.00, as more particularly described in the attached **Exhibit T.** Because of the complexity of the Debtor's case, Applicant had several attorneys working on matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $717.50, resulting in fees in this category in the amount of $13,137.50.

### U.　Plan Implementation

No services were rendered in this category during the Application Period.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

## V.    Stay Litigation – Appeal

### V.1    Perfection of Appeal

As discussed above, on February 5, 2009, the Court entered an order granting Canyon's motion for relief from stay, citing the decision in *In re A Partners*, *LLC*, 344 B.R. 114 (Bankr. E.D. Cal. 2006). In so doing, the Court rejected the Debtor's position that because the value of the underlying Property exceeded the total amount of Canyon's A Note and the Debtor's B Note, there was equity in the Property sufficient to protect Canyon's interest, warranting denial of Canyon's motion. Believing that the legal analysis in *In re A Partners* was flawed as a matter of law and also inapplicable to the particular facts of this case, immediately after the entry of the February 5 order granting relief from stay, Applicant filed a notice of appeal of that order. After the Debtor filed its notice of appeal of the February 5 order, Canyon filed its motion to amend that order, and the Court subsequently entered the March 20 amended order. To ensure that the Debtor's appeal was properly perfected, Applicant filed a second notice of appeal from the March 20 amended order. Applicant prepared the statements of issues for the two appeals and identified the items to be included in the records on appeal. Canyon objected to the Bankruptcy Appellate Panel for both appeals, resulting in the appeals being directed to the District Court for the Northern District. Because the notices of appeal were filed at different times and therefore were referred to the District Court at different times, the appeals were assigned to and pending before different judges. Applicant conferred with counsel for Canyon regarding consolidation of the appeals in the District Court. Due to an administrative delay at the Bankruptcy Appellate Panel and the District Court, the record for the second appeal was not transferred to the District Court and no notice of briefing scheduled issued. Because the first appeal had already had a briefing schedule issued, the Debtor risked having to brief the first appeal, before the second appeal was set for briefing. Applicant prepared a motion with the consent of Canyon to have the briefing schedule in the first appeal vacated, and to have both appeals consolidated for briefing, argument and decision. That motion was granted by the District Court.

Applicant spent 61.1 hours in performing these tasks, incurring fees in the amount of $23,926.00, as more particularly described in the attached **Exhibit V-1.** Because of the

Case: 08-32220    Doc# 283    Filed: 10/29/09    Entered: 10/29/09 12:54:41    Page 27 of 33

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

complexity of the Debtor's case, Applicant had several attorneys working on matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $1,065.50, resulting in fees in this category in the amount of $22,860.50.

**V.2    Preparation of Appellant's Opening Brief**

Applicant researched and prepared an extensive opening brief, and prepared the excerpts of record for the consolidated appeals.

Applicant spent 102.3 hours in performing these tasks, incurring fees in the amount of $41,005.50, as more particularly described in the attached **Exhibit V-2.** Because of the complexity of the Debtor's case, Applicant had several attorneys working on matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $891.00, resulting in fees in this category in the amount of $40,114.50.

**V.3    Preparation of Appellant's Reply Brief**

Canyon's appellee's brief was filed after the Court entered the May 8 order dismissing the Debtor's complaint with leave to amend. Notwithstanding the fact that the record on appeal from the orders granting relief from stay had closed, Canyon sought to supplement the record by requesting that the District Court take judicial notice of the dismissal of the Debtor's complaint, even though the Debtor filed an Amended Complaint. Thus, in addition to the preparation of the Debtor's reply brief in support of its consolidated appeals, Applicant also prepared a motion to strike Canyon's request for judicial notice.

Applicant spent 58.1 hours in performing these tasks, incurring fees in the amount of $23,365.00, as more particularly described in the attached **Exhibit V-3.** Because of the complexity of the Debtor's case, Applicant had several attorneys working on matters simultaneously, and to eliminate duplication of billings, Applicant has voluntarily reduced its fees in this category by $127.50, resulting in fees in this category in the amount of $23,237.50**.**

**W.    Fee Application**

The Applicant spent 10 hours in preparing this Application during the Application period, incurring fees in the amount of $3,986.00. Applicant's time in preparation of the Application is reflected in category D. above, Applicant's Employment and Compensation**.** The fees charged

for the preparation of the Application represent approximately one-half percent (0.5%) of the total requested compensation. Applicant anticipates that it will have incurred additional fees to finalize this Application that will be sought in subsequent applications.

## IV. SUMMARY OF FEES AND COSTS INCURRED

Applicant's total time representing the Debtor in this case totaled 1,982.50 hours, representing $848,427.50 of fees. Applicant has voluntarily reduced its fees by $88,376.36, resulting in total fees of $760,051.14. The hours are detailed on Applicant's computerized timesheets, copies of which are attached as **Exhibits A through V**. Applicant also incurred costs of $59,021.95, as indicated in the attached **Exhibit W**.

The Exhibits detail specific services and identify the individual attorneys and paralegals that performed those services. At the end of each Exhibit appears a summary of time expended, blended hourly rates, and fees incurred by each attorney and paralegal. (Resumes of paralegals that worked on the case are attached hereto as **Exhibit X**.)

### SUMMARY OF FEES

| CATEGORY | | FEES | DISCOUNT | TOTAL |
|---|---|---|---|---|
| A. | Initial Pleadings | $21,198.00 | -$1,417.50 | $19,780.50 |
| B. | General Member and Creditor Inquiries | $7,466.50 | -$900.00 | $6,566.50 |
| C. | Financing/Use of Cash Collateral/Secured Claims | $12,270.00 | -$637.50 | $11,632.50 |
| D. | Wendel Rosen Employment & Compensation | $4,598.50 | | $4,598.50 |
| E. | Employment & Compensation of Professionals | $22,115.00 | -$807.50 | $21,307.50 |
| F. | Financial Filings | $11,802.50 | -$920.00 | $10,882.50 |
| G. | Executory Contracts/ Leases/ Utilities | $3,940.00 | | $3,940.00 |
| H. | Operations | $1,537.50 | -$1,117.50 | $420.00 |
| H.1 | Hamilton Creek | $28,348.00 | -$2,619.50 | $25,728.50 |
| H.2 | Disposition of REO Properties | $13,712.50 | -$477.50 | $13,235.00 |
| H.3 | Interfund Transactions | $20,650.00 | -$2,405.00 | $18,245.00 |

*FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES*

26

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

015881.0003\1250582.3

| CATEGORY | | FEES | DISCOUNT | TOTAL |
|---|---|---|---|---|
| H.4 | General Operational Questions | $14,042.50 | -$1,545.00 | $12,497.50 |
| I. | Asset Analysis & Recovery | $20,118.00 | -$1,250.50 | $18,867.50 |
| K. | Case Administration | $21,966.50 | -$1,569.00 | $20,397.50 |
| L. | Creditor Committees | $7,107.50 | -$425.00 | $6,682.50 |
| N.1 | Beacon Motion for Relief from Stay | $6,050.00 | -$155.00 | $5,895.00 |
| N.2 | Canyon Motion for Relief from Stay | $120,668.00 | -$18,100.20 | $102,567.80 |
| N.3 | Canyon Motion to Amend Order | $14,610.00 | -$703.00 | $13,907.00 |
| N.4 | Imperial Capital Bank Motion for Relief from Stay | $4,447.50 | | $4,447.50 |
| N.5 | E&F Financial Motion for Relief from Stay | $4,762.50 | | $4,762.50 |
| N.6 | Canyon Motion to Lift Restrictions | $31,759.00 | -$896.00 | $30,863.00 |
| O.1 | Complaint against Canyon, SCD and Carr | $18,352.50 | -$1,137.50 | $17,215.00 |
| O.2 | Discovery and Research re Issues | $12,073.50 | -$1,340.00 | $10,733.50 |
| O.3 | Motions to Dismiss | $124,380.50 | -$18,657.08 | $105,723.42 |
| O.4 | Briefing on Abstention | $43,392.50 | -$7,338.00 | $36,054.50 |
| O.5 | Amendment of Complaint | $51,397.50 | -$7,709.63 | $43,687.87 |
| O.6 | Renewed Motions to Dismiss | $81,883.00 | -$12,282.45 | $69,600.55 |
| Q. | Claims Administration and Objections | $8,176.00 | -$300.00 | $7,876.00 |
| S. | Disclosure Statement | $13,450.50 | -$864.50 | $12,586.00 |
| T. | Plan of Reorganization | $13,855.00 | -$717.50 | $13,137.50 |
| V.1 | Perfection of Appeal | $23,926.00 | -$1,065.50 | $22,860.50 |
| V.2 | Preparation of Appellant's Opening Brief | $41,005.50 | -$891.00 | $40,114.50 |
| V.3 | Preparation of Appellant's Reply Brief | $23,365.00 | -$127.50 | $23,237.50 |
| | | | | |
| **TOTAL** | | $848,427.50 | -$88,376.36 | $760,051.14 |

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Case: 08-32220   Doc# 283   Filed: 10/29/09   Entered: 10/29/09 12:54:41   Page 30 of 33

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

## SUMMARY OF COSTS

| Category | Amount |
|---|---|
| Court Call Conferencing | $210.00 |
| DataSearch | $934.01 |
| External Copies | $379.27 |
| Filing Fee | $1,877.00 |
| Legal Filing Service | $66.00 |
| Messenger Service | $84.26 |
| Transcripts | $326.00 |
| In-house Special Messenger | $895.00 |
| Internal Copy Charges | $4,527.70 |
| Telephone Expense | $18.30 |
| UPS Delivery | $3,641.27 |
| U.S. Postage | $747.30 |
| Westlaw | $45,315.84 |
| **Total** | **$59,021.95** |

**Note on Costs.** In accordance with the Bankruptcy Court Guidelines for Compensation and Expense Reimbursement of Professionals, Applicant's incoming facsimile charges are charged at 20¢ per page. Effective June 1, 2005, Applicant reduced its photocopy charges to 15¢ per page. Applicant has removed all surcharges from telephone calls and computerized research, if any, and has charged the estate only for its actual costs.

**Letter Transmitting Fee Application to Debtor in Possession.** In accordance with the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, Applicant has transmitted a copy of this Application to Fund I, together with a copy of the transmittal letter attached hereto as **Exhibit Y.**

015881.0003\1250582.3

*FIRST INTERIM APPLICATION FOR COMPENSATION*
*AND REIMBURSEMENT OF EXPENSES*

Case: 08-32220   Doc# 283   Filed: 10/29/09   Entered: 10/29/09 12:54:41   Page 31 of 33

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

## V. CONCLUSION

In view of the time expended, the responsibilities assumed, and Applicant's reputation and skill in the bankruptcy field, Applicant respectfully submits that the reasonable value of the services rendered during the Application Period is $848,427.50 of fees.  Applicant has voluntarily reduced its fees by $88,376.36, resulting in total fees of $760,051.14, Applicant seeks allowance and approval of its fees in that amount, less the $300,000 postpetition retainer, for a net request in the amount of $460,051.14 for attorneys' fees incurred during the Application Period.  Applicant also expended the sum of $59,021.95, for costs during the Application Period, and seeks approval of reimbursement of that amount.  Applicant seeks authorization for the Debtor to pay the sum of $519,073.09 as the total amount of fees and expenses incurred during the Application Period.

Applicant respectfully submits that the services rendered to the Debtor were necessary and that the fees requested constitute reasonable and necessary fees expended on behalf of the estate.

WHEREFORE, Applicant prays that this Court enter its order with respect to the following:

**1.** Allowing and approving $760,051.14 of attorneys' fees and $59,021.95 of costs incurred and expended on behalf of the Debtor during the Application Period;

**2.** Authorizing Applicant to apply the $300,000 postpetition retainer to the award of attorneys' fees;

**3.** Authorizing the Debtor to pay Applicant the total balance of fees and costs approved by the Court; and

**4.** For such other and further relief as this court deems just and proper.

## CERTIFICATION

The undersigned professional certifies that (a) I have read the Application; (b) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court for the Northern District of California, unless specifically noted in the Application; (c) the compensation and expense reimbursement requested are billed at rates no less favorable than those customarily

employed by Applicant and generally accepted by Applicant's clients; and (d) Applicant has not entered into any agreement or understanding with any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case, nor has the Applicant received from or shared with any other entity any compensation for services rendered in or in connection with this case.

I declare under penalty of perjury that all representations and time records attached to this Application are true and correct to the best of my knowledge, information, and belief.

Dated: October 29, 2009                    WENDEL, ROSEN, BLACK & DEAN LLP


                                           By: _/s/ Elizabeth Berke-Dreyfuss_
                                               Elizabeth Berke-Dreyfuss
                                               Attorneys for Debtor-in-Possession
                                               CMR Mortgage Fund, LLC

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

*FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES*