F. Wayne Elggren, CPA
LECG, LLC
201 Mission Street, Suite 800
San Francisco, CA  94105
Telephone No. (415) 267-0313
Facsimile No. (415) 267-0310

Financial Consultants to the Equity Committee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| CMR MORTGAGE FUND, LLC, | ) Case No.: 08-32220 TEC |
|       Debtor. | ) Chapter 11 |
| | ) |
| CMR Mortgage Fund II, LLC | ) Case No.: 09-30788 TEC |
|       Debtor. | ) Chapter 11 |
| | ) |
| CMR Mortgage Fund III, LLC | ) Case No.: 09-30802 TEC |
|       Debtor. | ) Chapter 11 |
| | ) |
| | ) **FIRST INTERIM APPLICATION FOR** |
| | ) **LECG, LLC, AS FINANCIAL** |
| | ) **CONSULTANTS TO THE EQUITY** |
| | ) **COMMITTEE** |
| | ) |
| | ) Date:  March 26, 2010 |
| | ) Time:  9:30 a.m. |
| _____ | ) Place: 235 Pine Street |
| | )        Courtroom 23 |
| |        San Francisco, CA |

TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY
JUDGE:

      LECG, LLC ("LECG" or "Applicant"), as Financial

Consultants ("Consultants") to the Equity Committee

("Committee"), hereby applies for compensation and reimbursement

of expenses for the first interim fee period for the estates of

1

CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC and CMR Mortgage Fund III, LLC (the "Debtor" or "Estate" or "CMR"), and respectfully represent:

I.

INTRODUCTION

LECG respectfully applies, pursuant to the Order Authorizing Employment of LECG, LLC, as Financial Consultants to the Equity Committee, pursuant to 328(a) of the Bankruptcy Code, entered December 30, 2009 (the "Order"), for interim approval of compensation for accounting services it has rendered from November 1, 2009 through January 31, 2010.

1.    The CMR Mortgage Fund, LLC Application for Order Authorizing Employment of LECG, LLC as Financial Consultants to the Equity Committee was filed on November 11, 2009.  LECG was employed as Consultants pursuant to the Order entered December 30, 2009.

In the CMR Mortgage Fund II, LLC bankruptcy case the Order Authorizing Employment of LECG, LLC as Financial Consultants to the Equity Committee was entered January 7, 2010.

In the CMR Mortgage Fund III, LLC bankruptcy case the Order Authorizing Employment of LECG, LLC as Financial Consultants to the Equity Committee was entered on January 7, 2010.

2.    LECG has not previously requested compensation in this case.

2

3. During the LECG period covered by this first interim application, November 1, 2009, through January 31, 2010, ("First Interim Period"), LECG incurred total fees in the amount of $184,937.50 representing 466.1 hours of services to the estate for which it seeks full approval and payment of 100% of that amount. LECG also advanced expenses for the First Interim Period related to its services in the amount of $242.00 for which it seeks full approval and reimbursement.

4. The Debtor, CMR Mortgage Fund, LLC, filed a voluntary petition for relief under title 11 of chapter 11 of the United States Bankruptcy Code on November 19, 2008. CMR is a debtor-in-possession. CMR was a private money lender in northern California.

The Debtor, CMR Mortgage Fund II, LLC, filed a voluntary petition for relief under title 11 of chapter 11 of the United States Bankruptcy Code on March 31, 2009. CMR is a debtor-in-possession. CMR II was a private money lender in northern California.

The Debtor, CMR Mortgage Fund III, LLC, filed a voluntary petition for relief under title 11 of chapter 11 of the United States Bankruptcy Code on March 31, 2009. CMR is a debtor-in-possession. CMR III was a private money lender in northern California.

3

## A.   Exhibits to this Application

1.   The nature and extent of LECG services during the First Interim Period are described in subsequent paragraphs and in the following exhibits to this Application:

Exhibit "A" provides the detailed time entries for the services provided by category by LECG as financial consultants to the Equity Committee as well as the detail of all costs expended.

Exhibit "B" is the summary of the monthly fees, by category of service, as well as a summary of the expenses incurred.  This summary excludes $3,483.43 representing expenses written-off by the applicant which generally may not be billed to bankruptcy estates.

Exhibit "C" is a schedule that sets forth the total hours each professional and paraprofessional has expended for LECG in this case during the reporting period and the hourly rates for those services.  The average hourly billing rate for LECG was $396.78. LECG bills travel time at 50% of its normal rate.

Exhibit "D" includes the resumes that describe the education and qualifications of the professionals and paraprofessionals for LECG whose time constitutes a basis for this Application.

Exhibit "E" is a schedule of Applicant's normal hourly billing rates during the LECG First Interim Period.  These were the rates charged by Applicant's personnel to solvent clients

4

where Applicant ordinarily receives payment in full within less than 90 days. Applicant carefully reviewed all time charges to ensure they were reasonable and non-duplicative. Costs and disbursements were also reviewed. Time was billed in tenths of an hour.

B.    Reasonableness of Rates

1.    Each year, LECG attempts to gather accurate information about rates charged by comparable accounting firms for comparable services to ensure its rates are competitive. LECG is informed and believes the rates charged by its staff and accountants are fair and reasonable in light of the rates charged by comparable firms. By way of example, Mr. Elggren has an hourly rate of $625 during the 2010 billing period that is among the highest rates of any professional of LECG whose time is included in this application. As set forth in Mr. Elggren's resume (Exhibit "D"), Mr. Elggren has in excess of 25 years of public accounting experience. Applicants are informed and believe professionals at Mr. Elggren's level at so-called "Big-Four" accounting firms, with whom Applicant competes have hourly rates as high, or higher, than the rates of Applicant.

2.    During January of each year, LECG revises its billing rates for new cases accepted thereafter and for pending cases in the coming year based on facts described above. All services included in this fee application were billed at the applicable standard hourly rates.

Case: 08-32220    Doc# 453    Filed: 03/04/10    Entered: 03/04/10 15:32:56    Page 5 of 25

II.

BACKGROUND FACTS/DESCRIPTION OF SERVICES

A.  Procedural Background

1.  This case was commenced upon the filing of a voluntary Chapter 11 petition on November 19, 2008.

2.  The Court entered an Order on December 29, 2009, authorizing the employment of LECG as financial consultants to the Equity Committee.

B.  Description of Services

Applicant has been employed to assist the Committee with reviewing and analyzing the Debtor's books and records; to analyze the loan portfolio, and review investor's receipts and disbursements; to indentify and research receipts and disbursements to insiders of the debtors; to identify assets of the estate and analyze the plan of debtor on how to deal with assets held by the estate; to analyze various complicated agreements to determine the effect of these agreements on the estate; to prepare analysis on substantive consolidation as it relates to fund I, fund II and fund III;  to serve as an intermediary between the Committee and the debtor; to review cashflow and cash budget information prepared by the debtor; to analyze the debtors plan and disclosure statement and work with debtor to complete same; to analyze insurance policies and

6

determine potential benefit to the estate; to review plan for Debtor-in-Possession "DIP" financing and the possible impact to the estate; and other accounting and finance services as required by the Committee.

The details of LECG' services for its First Interim Period are included herein as Exhibit "A" and the monthly summary is provided in Exhibit "B". Without limiting the detail given in Exhibit "A", the areas of emphasis of work are as follows:

1. <u>Analysis and Review of Case Documents (1000.0)</u>: Applicant received and uploaded numerous (approximately 200,000 pages) electronic documents through an FTP site dedicated completely to the debtor's records. Records were inventoried and analyzed. Applicant also reviewed filings in bankruptcy proceedings for each of the funds. LECG received and reviewed audited financial statements for 2004 through 2006 as well as unaudited financial statements for 2007 and 2008.

LECG has expended 6.2 hours resulting in fees in the amount of $1,914.00 for the purposes of analysis and review of case documentation.

2. <u>Review and Analysis of Offering Circulars and Related Documents (1075.0)</u>: Applicant reviewed and analyzed multiple Offering Circulars for each fund and prepared analysis as to the terms included within the offering circulars to determine the Debtor's compliance with the same. Applicant also analyzed offering circulars and compared to accounting records to

Case: 08-32220    Doc# 453    Filed: 03/04/10    Entered: 03/04/10 15:32:56    Page 7 of 25

determine any possible violations of lending restrictions and violations of loan concentrations limits.

LECG has expended 12.6 hours resulting in fees in the amount of $4,256.50 for review and analysis of offering circulars and related documentation.

3. Preparation For and Attendance at Meetings with Debtor (1100.0): Applicant attended various meetings with the Debtor's staff including Mr. David Choo, Mr. Graham Seel, Mr. Richard Johnson and others to discuss issues related to management of the funds and to inquire about specifics as it relates to individual properties. Applicant reviewed historic financial information as well as current and pending agreements and motions with Debtor.

LECG has expended 9.8 hours resulting in fees in the amount of $5,810.50 for preparation for and attendance at meetings with the Debtors.

4. Accounting Investigation of Debtor and Related Parties (1150.0): Applicant analyzed accounting records received from Debtor and researched discrepancies found between electronic files received and historical financial information. Applicant also analyzed unusual transactions and researched same. Applicant performed queries of accounting database for cash disbursements to insiders and other possible related parties.

Case: 08-32220    Doc# 453    Filed: 03/04/10    Entered: 03/04/10 15:32:56    Page 8 of
25

LECG has expended 21.4 hours resulting in fees in the amount of $6,447.50 for accounting investigation of the Debtor and related parties.

    5.   <u>Review and Analysis of Debtor's Accounting Records (1160.0)</u>: Applicant compared and reconciled electronic data provided in the Trial Balance and General Ledger detail to historical audited and unaudited financial statements.

LECG has expended 21.3 hours resulting in fees in the amount of $6,539.00 for review and analysis of the Debtor's accounting records.

    6.   <u>Analysis of Standstill Agreement (2000.0)</u>: Applicant reviewed and analyzed an agreement between the debtor and The Oxford Group. Applicant reviewed each property involved to determine the impact of the agreement on each. As a result of this work we negotiated a reduction of approximately $1.2 million of current interest payments over an above what was originally negotiated by the Manager of the Funds.

LECG has expended 24.0 hours resulting in fees in the amount of $9,436.00 for analysis of the Standstill Agreement.

    7.   <u>Meeting / Call With Counsel and Interested Parties Regarding Standstill Agreement (2050.0)</u>: Applicant attended many conference calls, to discuss with interested parties, the details of the Standstill Agreement. LECG was the intermediary between the debtor and Oxford Group in negotiating terms of this agreement which involved many phone calls to interested parties

9

and reduced current interest payments by approximately $1.2 million.

LECG has expended 8.7 hours resulting in fees in the amount of $3,976.50 for meetings and calls regarding the Standstill Agreement.

8. <u>Analysis of Standstill Agreement and Implications as it Relates to the Dyer Mountain Property (2100.0)</u>: Applicant analyzed impact of entering into Standstill agreement as it relates to the Dyer Mountain property including lien status, property values, adequate protections payments and feasibility analysis.

LECG has expended 7.3 hours resulting in fees in the amount of $3,434.50 for analysis of the Standstill Agreement and implications as it relates to the Dyer Mountain property.

9. <u>Analysis of Standstill Agreement and Implications as it Relates to the Myrtle Beach Property (2200.0)</u>: Applicant analyzed impact of entering into Standstill agreement as it relates to the Myrtle Beach property including lien status, property values, adequate protections payments and feasibility analysis.

LECG has expended 4.4 hours resulting in fees in the amount of $1,938.50 for analysis of the Standstill Agreement and implications as it relates to the Myrtle Beach property.

10.  Analysis of Standstill Agreement and Implications as it Relates to the Wheatland, Brisbane, Antioch and Other Properties (2300.0):  Applicant analyzed impact of entering into Standstill agreement as it relates to the Wheatland, Brisbane, Antioch and other properties including lien status, property values, adequate protections payments and feasibility analysis.

LECG has expended 6.8 hours resulting in fees in the amount of $3,988.50 for analysis of the Standstill Agreement and implications as it relates to the Wheatland, Brisbane, Antioch and other properties.

11.  Real Estate Analysis for Standstill Agreement (2400.0):  Applicant analyzed impact of entering into Standstill agreement as it relates to substitute real estate.  This analysis included research as to lien status, property values, adequate protections payments and feasibility analysis of the Standstill Agreement.

LECG has expended 16.7 hours resulting in fees in the amount of $7,458.00 for a real estate analysis for the Standstill Agreement.

12.  Analysis of Mira Mesa Forbearance Agreement (3000.0):  Applicant reviewed and analyzed documents related to the Forbearance Agreement on Mira Mesa.  Applicant also reviewed entitlement documents and participated in conference call with city planner regarding the zoning for Mira Mesa.  As a result an

11

agreement was entered into that provided $600,000 for this property and entitlement work is again underway.

LECG has expended 7.4 hours resulting in fees in the amount of $4,572.50 for analysis of the Mira Mesa forbearance agreement.

13. <u>Analysis of Motion for Relief from Stay for Sandy City (3100.0)</u>: Applicant reviewed and analyzed relief from stay motion and reported findings to counsel.

LECG has expended 2.3 hours resulting in fees in the amount of $800.50 for analysis of the motion for relief from the automatic stay for Sandy City.

14. <u>Analysis of US Trustee's Motion to Appoint a Chapter 11 Trustee or Examiner (5000.0)</u>: Applicant reviewed and analyzed U.S. Trustee's Motion to Appoint Chapter 11 Trustee or Examiner. Applicant also met with Equity Committee and Debtor to discuss motion. Applicant also prepared declaration in opposition to U.S. Trustees Motion to Appoint Chapter 11 Trustee or Examiner.

LECG has expended 17.4 hours resulting in fees in the amount of $9,738.50 for analysis of the US Trustee's motion to appoint a trustee or examiner.

15. <u>Electronic Data Identification / Preservation (7000.0)</u>: Applicant prepared FTP site to hold documents provided by Debtor's (approximately 200,000 pages). Applicant

Case: 08-32220    Doc# 453    Filed: 03/04/10    Entered: 03/04/10 15:32:56    Page 12 of 25

also analyzed and reviewed documents located on Google Docs website.

LECG has expended 6.8 hours resulting in fees in the amount of $2,626.00 for electronic data identification and preservation.

16. Analysis of Debtor-in-Possession "DIP" Financing (8000.0): Applicant reviewed proposed "DIP" Financing motion and reported to Equity Committee and Counsel re: same.

LECG has expended 2.3 hours resulting in fees in the amount of $983.50 for analysis of the debtor-in-possession "DIP" financing.

17. Communications with CMRI Personnel (8050.0): Applicant corresponded via email, phone and meetings in person to discuss case issues.

LECG has expended .2 hours resulting in fees in the amount of $125.00 for communications with CMRI personnel.

18. D & O and E & O Insurance (8150.0): Applicant reviewed potential recoveries of Directors & Officers Insurance policies. Applicant also analyzed potential recoveries of Errors & Omissions insurance policies and discussed with Equity Committee and Counsel.

LECG has expended 1.3 hours resulting in fees in the amount of $635.00 for D & O and E & O insurance issues.

Case: 08-32220    Doc# 453    Filed: 03/04/10    Entered: 03/04/10 15:32:56    Page 13 of 25

19.  Substantive Consolidation Analysis (9000.0):
Applicant reviewed historical accounting balances by fund for
investors, reviewed application of write-downs for properties by
manager, prepared analysis of impact of substantive
consolidation with various scenarios and possible outcomes.

LECG has expended 7.4 hours resulting in fees in the amount
of $4,011.00 for a substantive consolidation analysis.

20.  Analysis of Debtors Plan of Reorganization and
Disclosure Statement (10000.0):  Applicant analyzed Debtor's
existing plan of reorganization and disclosure statement and
provided guidance to Equity Committee and Counsel regarding
same.

LECG has expended 3.9 hours resulting in fees in the amount
of $2,187.00 for analysis of the Debtor's Plan of Reorganization
and Disclosure Statement.

21.  Cause of Action Investigation / Analysis (11000.0):
Applicant reviewed financial and other documents to determine if
investors have causes of action that could be brought against
the debtor or other interested parties including the manager.

LECG has expended .9 hours resulting in fees in the amount
of $562.50 for review and analysis for a cause of action
investigation.

22.  Analysis of Case Documents and Records (12000.0): LECG
reviewed and analyzed cash flow information, trial balances,

14

case disbursements, investor withdrawals, property descriptions, and other documentation to reconcile to loaned funds and prepare an analysis of debts owed to debtor for CMR Funds I, II, and III.

LECG has expended .9 hours resulting in fees in the amount of $265.50 in analysis of case documentation and records.

23. <u>Cashflow / Cash Budget Analysis (12050.0)</u>: Applicant reviewed and analyzed cashflow information provided by Debtors including cash projections based on pro-forma sales data, borrowings, expenses, etc. LECG also analyzed cash requirements by property to determine the net proceeds from property sales. Applicant also reviewed proposed cash budgets from Debtor and informed Equity Committee and Counsel re: same.

LECG has expended 11.0 hours resulting in fees in the amount of $6,800.00 in review and analysis of cashflow and cash budget documentation.

24. <u>Analysis of Investor Statements and Activity - Fund I (14000.0)</u>: Applicant reviewed complete database of investor activity from beginning of fund. LECG prepared annual and monthly queries related to investment, withdrawal, disbursement and adjustments made by each investor. Applicant also prepared various schedules showing activity for all investors per request of counsel.

Case: 08-32220    Doc# 453    Filed: 03/04/10    Entered: 03/04/10 15:32:56    Page 15 of 25

LECG has expended 15.4 hours resulting in fees in the amount of $4,605.50 for analysis of investor statements and activity for Fund I.

25. Analysis of Investor Statements and Activity – Fund II (14001.0): Applicant reviewed complete database of investor activity from beginning of fund. LECG prepared annual and monthly queries related to investment, withdrawal, disbursement and adjustments made by each investor. Applicant also prepared various schedules showing activity for all investors per request of counsel.

LECG has expended 23.6 hours resulting in fees in the amount of $7,017.50 for analysis of investor statements and activity for Fund II.

26. Analysis of Investor Statements and Activity – Fund III (14002.0): Applicant reviewed complete database of investor activity from beginning of fund. LECG prepared annual and monthly queries related to investment, withdrawal, disbursement and adjustments made by each investor. Applicant also prepared various schedules showing activity for all investors per request of counsel.

LECG has expended 5.3 hours resulting in fees in the amount of $1,565.00 for analysis of investor statements and activity for Fund III.

16

27.   Analysis of Investor Statements and Activity for

Potential Insiders (14100.0) Applicant reviewed complete

investor database for potential related parties or insiders of

the funds.   Applicant prepared various schedules showing

activity for potential insiders such as initial investments,

withdrawals, disbursements and adjustments made to each account.

Applicant provided information to counsel as requested.

LECG expended 8.6 hours resulting in fees in the amount of

$2,537.00 for analysis of investor statements and activity to

determine potential insiders.

28.   Case Administration (15000.0) Applicant researched

case specific information related to Debtor's bankruptcy

filings, statements and schedules and other case related

information.  Also, as requested by the Trustee, Applicant

completed a conflicts check and prepared an application to

employ with exhibits as well as a declaration of

disinterestedness.

LECG expended 4.4 hours resulting in fees in the amount of

$793.50 for the purpose of case administration.

29.   Fee Application Preparation (17000.0):  During the

reporting period, the Applicant performed an extensive review of

hours billed to adjust time, write-off fees and expenses,

categorize entries, and to justify the services provided to the

estate for each of those categories for the months of November

2009 - January 2010.

Case: 08-32220   Doc# 453   Filed: 03/04/10   Entered: 03/04/10 15:32:56   Page 17 of
25

LECG expended 13.5 hours resulting in fees in the amount of $2,737.50 for the purpose of fee application preparation.

30.  Hearing Preparation / Attendance (18000.0): Pursuant to the request of counsel, Applicant prepared for and attended hearings related to case.

LECG expended 2.3 hours resulting in fees in the amount of $1,437.50 for the purpose of hearing preparation and attendance.

31.  Equity Committee Meeting Attendance / Calls (19000.0): As requested by Committee Counsel, Applicant met with and/or counseled with the Committee to discuss research, status and go forward plan.

LECG has expended 20.6 hours resulting in fees in the amount of $9,216.00 for preparation for and attendance at equity committee meetings and calls.

32.  Preparation for Equity Committee Meetings (19100.0): LECG Prepared notes and schedules and organized Web-X conference calls to be able to present financial findings and conclusions to the Equity Committee and counsel during meetings.

LECG has expended 8.5 hours resulting in fees in the amount of $4,976.00 for preparation for and attendance at equity committee meetings and calls.

33.  General Case Correspondence (21100.0): LECG prepared emails, and responded to emails from various people related to Debtors, Equity Committee and Committee Counsel.

18

LECG has expended 4.3 hours resulting in fees in the amount of $2,028.00 regarding general case correspondence.

34. Asset Identification / Preservation / Liquidation (22000.0): Applicant analyzed records related to existing properties and foreclosed properties and discussed with debtor short-term and long-term plans for dealing with properties.

LECG has expended 3.7 hours resulting in fees in the amount of $1,427.00 in asset identification, preservation and liquidation.

35. Analysis of REO Properties (22500.0): Applicant analyzed records related to REO properties and analyzed proposed plan of debtor for dealing with REO properties. LECG also provided guidance to Equity Committee and Counsel regarding proposed plan.

LECG has expended 8.1 hours resulting in fees in the amount of $3,868.00 for analysis of the REO properties.

36. Loan / Property Analysis and Reconciliation - General (23000.0): Applicant reviewed loan origination documents, contracts and other documents related to many properties. LECG reviewed liens and status of property to determine ownership interest by each fund. Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

19

LECG expended a total of 29.3 hours resulting in fee in the amount of $9,060.00 for general loan and property analysis and reconciliation.

37. <u>Loan / Property Analysis and Reconciliation – Hawaii (23001.0)</u>: Applicant reviewed loan origination documents, contracts and other documents related to the Hawaii property. LECG reviewed liens and status of property to determine ownership interest by each fund. Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

LECG has expended 26.4 hours resulting in fees in the amount of $9,317.50 for Hawaii loan and property analysis and reconciliation.

38. <u>Loan / Property Analysis and Reconciliation – Dyer Mountain (23002.0)</u>: Applicant reviewed loan origination documents, contracts and other documents related to the Dyer Mountain property. LECG also reviewed liens and status of property to determine ownership interest by each fund. Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

LECG has expended 11.9 hours resulting in fees in the amount of $3,510.50 for Dyer Mountain loan and property analysis and reconciliation.

39.  Loan / Property Analysis and Reconciliation – Myrtle Beach (23003.0): Applicant reviewed loan origination documents, contracts and other documents related to the Myrtle Beach property.  LECG also reviewed liens and status of property to determine ownership interest by each fund.  Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

LECG has expended 8.7 hours resulting in fees in the amount of $2,863.50 for Myrtle Beach loan and property analysis and reconciliation.

40.  Loan / Property Analysis and Reconciliation – Wheatland (23004.0): Applicant reviewed loan origination documents, contracts and other documents related to the Wheatland property.  LECG also reviewed liens and status of property to determine ownership interest by each fund. Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

LECG has expended 24.3 hours resulting in fees in the amount of $9,633.50 for Wheatland loan and property analysis and reconciliation.

41.  Loan / Property Analysis and Reconciliation – San Marco (23005.0): Applicant reviewed loan origination documents, contracts and other documents related to the San Marcos

21

property.  LECG also reviewed liens and status of property to determine ownership interest by each fund.  Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

LECG has expended 16.9 hours resulting in fees in the amount of $6,796.50 for San Marco loan and property analysis and reconciliation.

42.  Loan / Property Analysis and Reconciliation - Myrtle Beach (23006.0): Applicant reviewed loan origination documents, contracts and other documents related to the Myrtle Beach property.  LECG reviewed liens and status of property to determine ownership interest by each fund.  Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

LECG has expended .6 hours resulting in fees in the amount of $177.00 for Myrtle Beach loan and property analysis and reconciliation.

43.  Loan / Property Analysis and Reconciliation - Antioch (23007.0): Applicant reviewed loan origination documents, contracts and other documents related to the Antioch property.  LECG also reviewed liens and status of property to determine ownership interest by each fund.  Applicant also reviewed real-estate market in area where property is located to determine

appropriate approach to deal with property or interest in property.

LECG has expended ˉ5.0 hours resulting in fees in the amount of $1,607.00 for Antioch loan and property analysis and reconciliation.

44. <u>Analysis of Legal Documents Related to Hawaii Property (23010.0)</u>: Applicant reviewed legal documents such as opinions and loan agreements related to the Hawaii property. LECG also analyzed co-lending agreement with Can Partners in original funding. Applicant has also reviewed motions and finding related to CanPartners motion for relief from stay as it relates to the Hawaii loan.

LECG has expended 13.4 hours resulting in fees in the amount of $6,393.00 for analysis of legal documents related to Hawaii property.

45. <u>Loan / Property Analysis and Reconciliation – Casa Grande (23011.0)</u>: Applicant reviewed legal documents such as opinions and loan agreements related to the Casa Grande property. LECG reviewed liens and status of property to determine ownership interest by each fund. Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

Case: 08-32220    Doc# 453    Filed: 03/04/10    Entered: 03/04/10 15:32:56    Page 23 of 25

LECG has expended 5.0 hours resulting in fees in the amount of $2,300.00 for the Casa Grande loan and property analysis and reconciliation.

46. <u>Loan / Property Analysis and Reconciliation – Brisbane (23012.0)</u>: Applicant reviewed legal documents such as opinions and loan agreements related to the Brisbane property. LECG reviewed liens and status of property to determine ownership interest by each fund. Applicant also reviewed real-estate market in area where property is located to determine appropriate approach to deal with property or interest in property.

LECG has expended 5.3 hours resulting in fees in the amount of $2,564.00 for the Brisbane loan and property analysis and reconciliation.

III.

CONCLUSION

1. Applicant believes compensation awarded herein will account for the quality of services rendered, the complexity of the issues at hand, the desirability of employment, the results obtained and the contingency thereof, as well as the actual hours expended. Applicant believes full payment of its fees is justified when weighed against the benefit of its work, as described above.

2. No agreement exists between Applicant nor any other person for the sharing of compensation that is received in

24

connection with this case, except for the understanding
concerning compensation among its shareholder/owners.

WHEREFORE, Applicant respectfully requests full approval
and reimbursement of 1) the First Interim Period compensation of
fees in the amount of $184,937.50 representing 466.1 hours of
services provided to the estate of which none of the amount has
previously been paid for a total remaining LECG balance owed of
$184,937.50 for fees for the First Interim Period; 2) approval
and reimbursement of 100% of LECG expenses in the amount of
$242.00 of which none of the expenses have previously been paid
for the First Interim Period; and 3) for such other further
relief as the Court deems just and proper.

Dated: February **23**, 2010        Respectfully submitted,


F. Wayne Elggren, CPA
LECG, LLC