HEINZ BINDER, #87908
ROBERT G. HARRIS, #124678
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: Rob@bindermalter.com

Attorneys for Debtor and Debtor In Possession CMR Mortgage Fund II, LLC

IAIN A. MACDONALD (#051073)
RENO F.R. FERNANDEZ III (#251934)
MACDONALD & ASSOCIATES
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor and Debtor In Possession CMR Mortgage Fund III, LLC

PENN AYERS BUTLER (#56663)
ELIZABETH BERKE-DREYFUSS (#114651)
WENDEL, ROSEN, BLACK & DEAN, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Telephone: (510) 834-6600
Facsimile: (510) 834-1928

Attorneys for Debtor and Debtor In Possession CMR Mortgage Fund, LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>                Debtors.<br><br>☐  Affects **FUND I**<br><br>☐  Affects **FUND II**<br><br>☐  Affects **FUND III**<br><br>X  Affects **ALL FUNDS** | Case Nos. 08-32220 TEC<br>              09-30788 TEC<br>              09-30802 TEC<br><br>Chapter 11<br><br>Date: March 26, 2010<br>Time: 9:30 AM<br>Place: Courtroom 23rd floor<br>        235 Pine St.<br>        San Francisco, CA |

**MOTION FOR ORDER AUTHORIZING REIMBURSEMENT OF MANAGER'S EXPENSES AND PAYMENT OF PROFESSIONAL FEES AND RETAINERS**

Debtors and debtors in possession CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III") (collectively, the "Debtors") hereby move the Court for an order providing for the following relief in four categories:

- Authorization for payment of retainers (or sums toward the completion of retainers) to the McNutt Law Group, LECG, Binder and Malter LLP, MacDonald & Associates, and accountants Armanino McKenna.

- Authorization to make partial payment to the law firms of Stein & Lubin and Wendel, Rosen, Black & Dean on professional compensation already approved.

- Authorization under the terms of the Debtor's operating agreements to repay California Mortgage Realty, Inc. ("CMRI") for (a) secured debt service paid[1], and (b) other expenses advanced by CMRI to the non-debtor REO entities and the Funds themselves.

The Debtors respectfully represent as follows in support of this Motion:

General Allegations

1. On November 19, 2008, Fund I filed a voluntary petition under Chapter 11 with the Clerk of the above-entitled Court. On March 31, 2009, Fund II and Fund III filed their own voluntary petitions under Chapter 11 with the Court. No trustee has been appointed, and the Debtors remain debtors in possession under Chapter 11 of title 11, United States Code sections 1107 and 1108.

---

[1] A portion of which will, in turn, be paid to the lenders CMRI, David Choo and California Mortgage Income Fund, LLC ("CMIF") who made it possible to continue with debt service.

MOTION FOR ORDER AUTHORIZING PAYMENT OF EXPENSES, PROFESSIONAL FEES, AND RETAINERS    Page 2
Case: 08-32220    Doc# 463    Filed: 03/05/10    Entered: 03/05/10 16:42:55    Page 2 of 12

2. The Debtors operate real estate funds and were engaged in the business of receiving funds from individuals and entities to invest, directly and indirectly, into commercial mortgage loans funding a variety of real estate projects (both improved and unimproved) predominantly in California but also in other states.

3. The Debtors, along with other investors, (a) own participations in fractionalized notes issued by borrowers that are secured by deeds of trust against borrowers' real property, (b) own interests in REO Entities which, in turn, hold and operate properties which have been foreclosed by the CMR Funds or direct investors, and (c) hold direct ownership of a smaller number of properties which have more recently been foreclosed and not transferred into an REO Entity.

4. Each of the Debtors are managed by CMRI under Operating Agreements which are attached as Exhibits "A", "B", and "C" to the accompanying Declaration of Graham Seel. Paragraph 10.08 of the Operating Agreements of each of the Funds provides as follows:

> The Manager shall be reimbursed by the Company for all organizational and syndication and operating expenses incurred on behalf of the Company including without limitation, out-of-pocket general and administrative expenses of the Company, accounting and audit fees, legal fees and expenses, postage, and preparation of reports to Members.

5. Wheatland Holdings, LLC owns certain undeveloped real property near Lincoln, California. All three Debtors are members of this LLC, which membership interests are in accordance with their relative interests in the third priority lien that they foreclosed to obtain ownership. CMIF and Wells Fargo Foothill ("WFF") jointly hold a lien against Fund II's first priority lien and against its interest in Wheatland Holdings. The senior lien of WFF secures a debt in excess of $23,000,000. Debt service runs at some $70,000 per month (depending upon prevailing interest rates). The Debtors

believe this property to have potential net equity exceeding $10,000,000 and approaching $20,000,000. CMRI has, on behalf of the Debtors, consistently, with accommodations made by WFF, provided timely adequate protection payments to WFF and obtained forbearance from WFF as to any collection activity.

### McNutt Law Group and LECG Retainer

6. The McNutt Law Group and LECG were employed as counsel and financial professionals for the Committee in all three of the Debtors' cases. Both firms were employed without retainer. The firms have incurred combined fees and costs in excess of $300,000. In order to provide security for payment of those fees and costs, when approved, and the fees and costs to be incurred throughout the process of joint plan formulation, confirmation, and implementation, it is appropriate for the Debtors to furnish a post-petition retainer for each of the McNutt Law Group and LECG in the amount indicated. The Debtors and Committee have agreed upon the sum of $100,000 from currently available funds without prejudice to additional amounts being requested later as funds become available. These funds will be held pending entry of an order of the Court approving compensation at a planned hearing on notice to all creditors.

### Payment On Accrued Fees Of Wendel, Rosen *et al.*

7. The Court approved compensation for the law firm of Wendel Rosen Black and Dean in the Fund I case in the amount of $760,051.14 on December 15, 2009. The Court authorized a draw down of the firm's retainer in the amount of $300,000, leaving a remaining balance of $460,051.14. Additional fees and costs have been incurred by Wendel, Rosen but have not yet been brought on for approval. Fund I and Wendel Rosen have agreed a payment on the allowed amounts outstanding of $50,000 from available funds is appropriate.

MOTION FOR ORDER AUTHORIZING PAYMENT OF EXPENSES, PROFESSIONAL FEES, AND RETAINERS Page 4
Case: 08-32220   Doc# 463   Filed: 03/05/10   Entered: 03/05/10 16:42:55   Page 4 of 12

### Payment Toward Contracted-For Binder & Malter Retainer

8. Binder & Malter, LLP, counsel for Fund II, was retained by Fund II upon an agreement that Fund II would pay a Chapter 11 retainer of $250,000. It was necessary however to commence a bankruptcy for Fund II when the debtor was insufficiently liquid to provide the full retainer balance. Only $100,000 plus the filing fee had been paid as of the date of filing. Paragraph 7(g) of the Ex Parte Application to Employ General Reorganization Counsel (11 U.S.C. section 327) filed in the Fund II case on April 7, 2009, discloses these facts:

> g. Binder & Malter, LLP's total retainer for this case, as set forth in the retainer agreement attached to the Declaration of Counsel served and filed herewith as Exhibit "A", is $250,000. $100,000 plus the filing fee had been paid as of the date of filing. The Debtor will, with prior notice, seek court approval to pay the balance once funds from asset sales or the recovery of monies from other CMR Real estate funds becomes available.

9. Binder and Malter, LLP has incurred fees substantially in excess of the retainer paid and the proposed payment $90,000 supplement as well. As the total will not complete payment of the retainer, Binder & Malter, LLP therefore retains the right to seek payment of the balance at some later time. As is the policy of Binder & Malter, LLP, all amounts paid as retainer, whether pre-petition or post-petition, will be held pending hearing on approval of an application for compensation in the case on notice to creditors.

### Payment Toward Completion of MacDonald & Associates Retainer

10. MacDonald & Associates, counsel for Fund III, was retained by Fund III upon an agreement that Fund III would pay a Chapter 11 retainer of $175,000. Fund III paid only $75,000 of the retainer prior to the filing of its Chapter 11 case. When it became necessary to commence a bankruptcy for Fund III, this debtor was insufficiently

liquid to provide the full retainer balance. The terms of the Legal Services Agreement executed by Fund III, including the retainer provisions, were summarized in the Declaration of Iain A. Macdonald in Support of Application for Appointment of MacDonald & Associates as Attorneys for Debtor (Docket No. 8). Fund III disclosed the remaining balance of the retainer ($100,000) in the Disclosure of Compensation of MacDonald & Associates as Attorneys for Debtor (Docket No. 26), as follows:

> Fund III has paid MacDonald & Associates $75,000.00 prior to commencement of the case as an advance payment of fees and costs for representation in this case, and has agreed that it or its estate will pay such additional amounts as are allowed by the court for services rendered or to be rendered on behalf of Fund III in, or in connection with, this case under title 11 of the United States Code. The debtor has agreed to pay Macdonald & Associates the additional sum of $100,000.00, subject to approval of this court, and the firm's total retainer will be $175,000.00.

11. On September 8, 2009, the Court entered an order approving a payment toward the balance of the retainer in the amount of $37,500, which payment was funded by a loan to Fund III by CMRI (Docket No. 99). MacDonald & Associates has incurred fees in excess of the retainer paid thus far. As of the date hereof, the unpaid balance of Macdonald & Associates' retainer is $62,500.

### Payment On Accrued Fees Of Stein & Lubin.

12. The Court approved compensation for the law firm of Stein & Lubin in the Fund II case in the amount of $114,790.48 on January 11, 2010, of which 50% is allocated to each to Funds II and III. From the contributions to amounts to be paid described below, each of Funds II and III proposes to pay $20,000 of this approved amount.

### Payment Of Retainer Of Armanino McKenna

13. On January 13, 2010, Fund II and Fund III engaged the accounting

firm of Armanino McKenna to prepare the 2009 partnership tax returns for the two Funds. Applications for employment are pending and about to be filed in both cases. Amanino McKenna requires a retainer of $20,000 from Fund II and $19,000 from Fund III. Armanino McKenna is to receive a retainer of $15,000 for its work for Fund I. Approval of said amount has been separately requested. The $29,000 proposed retainer has been forwarded to Armanino McKenna to be held pending an order of this Court on approval thereof. Without such tax returns the individual investors in each fund will be unable to file their own tax returns on timely basis.

### Payments to David Choo and California Mortgage Income Fund, LLC

14. From June 30, 2009, to December 23, 2009, David Choo and California Mortgage Income Fund LLC ("CMIF") provided to CMRI amounts necessary to make adequate protection payments to WFF on its secured claim to prevent the threatened assertion of default and commencement of foreclosure proceedings by WFF. All amounts advanced were booked as loans from CMRI, as is the case with all amounts advanced by CMRI pre- or post-petition, until paid. A table detailing the dates and amounts of unreimbursed payments made to WFF[2] which the Committee has agreed should be reimbursed is as follows:

| Lender For CMRI Advance | Date | Amount |
|---|---|---|
| CMIF | 6/30/09 | $ 5,981.30 |
| CMIF | 7/15/09 | $50,000.00 |
| CMIF | 7/30/09 | $20,055.97 |
| CMIF | 8/28/09 | $ 5,000.00 |
| CMIF | 9/29/09 | $ 6,000.00 |

---

[2] Totals to be repaid are $60,000 to Mr. Choo and $48,260 in partial payment to CMIF (leaving an unpaid balance of $50,000).

| Lender For CMRI Advance | Date | Amount |
|---|---|---|
| CMIF | 11/3/09 | $11,222.28 |
| David Choo | 12/23/09 | $60,000.00 |

### Payments to CMRI For Miscellaneous Expenses

15. As part of its obligations as manager, CMRI has advanced sums for various expenses to permit the continued operation of the Debtors and their REO entities according to the terms of its operating agreements with each. Such advances total $72,205. This detail is set forth in Exhibit "D" attached to the accompanying Declaration of Graham Seel.

### Fund I Contribution to Amounts To Be Paid

16. On February 11, 2010 CMRI completed sale of a property owned by 1007 University, LLC. This REO entity was owned by Direct Investors and CMRI, and the Funds had no membership interests. However, Funds II and III did have small amounts of pre-foreclosure advances and interest due to them totaling $15,314.24. In addition, CMRIs interest in the entity, which resulted in proceeds of $138,958,67, is security for a loan from Fund I to CMRI; all these proceeds will be paid to Fund I in partial payment of that loan. $30,000 will be advanced for the retainers to be paid to the McNutt Law Group and LECG will come from these proceeds.

### Fund II Contribution to Amounts To Be Paid

17. 15 SSFDEV LLC, an REO entity owned solely by Fund II was the owner of the commercial real property located at 938 Linden, South San Francisco, California. This property was also subject to a lien securing a loan (05-052B) that was also the sole property of Fund II. 15 SSFDEV LLC closed a sale of this property on January 15, 2010. The net proceeds to Fund II were $420,182.94, comprised of gross proceeds of

$500,217.80, net of $80,034.86 servicing fees payable under the servicing contract from the Trust account directly to its manager, CMRI. The $420,182.94 remainder will fund the payments set forth in this Motion, and the excess will be retained by Fund II for use strictly in accordance with the agreed budget described at paragraph 20 below,

### Fund III Contribution to Amounts To Be Paid

18. Fund III will pay its remaining share of the payments proposed herein from its proceeds from settlement of litigation that completed in December 2009, which yielded net proceeds of $369,768.21 from a disputed escrow account. These proceeds were paid to 2 Antioch, LLC which is wholly owned by Fund III. Just less than $70,000 of critical expenses for Fund III were paid in January and February, but the remaining $300,000 will be distributed to Fund III to pay the amounts requested for approval herein.

### Determination Of Appropriateness By Committee

19. The Debtors and the Committee have been working closely to agree on how to proceed in this case. The roles and authority of each were memorialized in the "Term Sheet" which the Court approved as binding by its Order Granting Stipulated Ex Parte Application to Approve Term Sheet Between Debtors and Committee (the "Order") on February 1, 2010. The Stipulated Ex Parte Application to Approve Term Sheet Between Debtors and Committee sought approval of the following provision from the Term Sheet:

> f. Approving the agreement of CMRI and the Committee that CMRI shall (i) work with the Committee's Financial Advisor to implement such controls and monitoring as the Committee may reasonably request as appropriate in the circumstances (ii) provide an expense budget for the first half of 2010 for the Funds for approval to the Committee by

January 15, 2010, which the Committee will review and
provide its comments on said budget prior to approving or
disapproving it; (iii) update the budget shall be updated at
three month intervals (for the following six month period),
and be provided to the Committee for review, comment, and
approval when updated; and (iv) CMRI will not, without
Committee consent in writing or an order of the Bankruptcy
Court, pay amounts in excess of the expenditures indicated
in said budget(s).

20. All of the proposed payments sought herein are reflected in the starting balances of the budget negotiated between the Committee and the Debtors. A true and correct copy of this budget is attached as Exhibit "E" to the accompanying Declaration of Graham Seel. They were also part of uncontested capital calls made pursuant to the procedure approved by the Court. The Committee's professionals have reviewed each of the proposed uses of estate funds requested herein and determined them to be necessary and appropriate to the continued operation of the above-captioned cases to retain and compensate professionals and reimburse CMRI as manager (and its two lenders, Mr. Choo and CMIF) for monies advanced to CMRI to preserve essential estate assets. The Committee is expected to file a statement of support for this Motion.

21. CMRI provides essential management services to the Debtors. The Debtors' assets are promissory notes secured by interests in real property and membership interests in single purpose entities holding foreclosed property in which the Debtor previously held a security interest. CMRI as manager renders services in collection of outstanding loans, and when necessary, forecloses on delinquent loans, taking ownership of properties in single purpose entities. Because many of the Debtors' promissory notes and security interests are junior to senior lenders, CMRI negotiates and enters into standstill and forbearance agreements with senior lenders to prevent the foreclosure and loss of those assets. To the extent that the single purpose entities hold

properties that have development potential, the CMRI pursues and maintains entitlements so that the real properties can be developed and value enhanced for future sale. CMRI also provides communication and reporting for the Debtors to their counsel and investors. CMRI performs all accounting and asset management for the Debtors and acts as the responsible party for the Debtors in their bankruptcy cases. CMRI also makes reasonable efforts to assist the Debtors in complying with regulatory requirements, risk management, and maintains control of all books and records. These services are of benefit to the estate inasmuch as none of the Debtors could function in their cases, administer their assets, or provide any services to their clients without CMRI's efforts.

WHEREFORE, the Debtor respectfully requests that the Court approve the payments on retainers, fees, and reimbursements proposed herein and authorize the Debtors to disburse as set forth above.

Dated: March 4, 2010     WENDEL, ROSEN, BLACK & DEAN


By: /s/ Elizabeth Berke-Dreyfuss
    Elizabeth Berke-Dreyfuss

Attorneys for CMR Mortgage Fund, LLC

Dated: March 4, 2010     BINDER & MALTER, LLC

By: /s/ Robert G. Harris
    Robert G. Harris
Attorneys for CMR Mortgage Fund II, LLC

///
///

MOTION FOR ORDER AUTHORIZING PAYMENT OF EXPENSES, PROFESSIONAL FEES, AND RETAINERS    Page 11

Dated: March 4, 2010        MACDONALD & ASSOCIATES

By: /s/   Reno F. R. Fernandez III
Reno F.R. Fernandez III

Attorneys for CMR Mortgage Fund III, LLC

S:\Clients\California Mortgage Realty Fund II, LLP\Pleadings - CMR II\Managament Fees and Expense Reimbursement\Final Versions Filed 030510\Management Fee APPROVAL MOTION.v7.030510.wpd