HEINZ BINDER, #87908
ROBERT G. HARRIS, #124678
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: Rob@bindermalter.com

Attorneys for Debtor and Debtor In Possession CMR Mortgage Fund II, LLC

IAIN A. MACDONALD (#051073)
RENO F.R. FERNANDEZ III (#251934)
MACDONALD & ASSOCIATES
221 Sansome Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Debtor and Debtor In Possession CMR Mortgage Fund III, LLC

PENN AYERS BUTLER (#56663)
ELIZABETH BERKE-DREYFUSS (#114651)
WENDEL, ROSEN, BLACK & DEAN, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036
Telephone: (510) 834-6600
Facsimile: (510) 834-1928

Attorneys for Debtor and Debtor In Possession CMR Mortgage Fund, LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>　　　　　　　　Debtors.<br><br>☐　Affects **FUND I**<br><br>☐　Affects **FUND II**<br><br>☐　Affects **FUND III**<br><br>X　Affects **ALL FUNDS** | Case Nos. 08-32220 TEC<br>　　　　　　09-30788 TEC<br>　　　　　　09-30802 TEC<br><br>Chapter 11<br><br>Date: March 26, 2010<br>Time: 9:30 AM<br>Place: Courtroom 23rd floor<br>　　　　235 Pine St.<br>　　　　San Francisco, CA |

**DECLARATION OF GRAHAM SEEL IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING REIMBURSEMENT OF MANAGER'S EXPENSES AND
PAYMENT OF PROFESSIONAL FEES AND RETAINERS**

I, Graham Seel, know the following matters to be true of my own, personal knowledge and, if called as a witness, could and would testify competently thereto:

1. I am the duly appointed responsible individual for possession CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III") (collectively, the "Debtors"). I am the Senior Vice President of California Mortgage and Realty, Inc. ("CMRI") Manager of the Debtors. My business address is 62 First Street, Fourth Floor, San Francisco, California 94105. I have personal knowledge of the matters set forth herein, except as to those matters alleged upon information and belief and as to those matters I believe them to be true.

2. On November 19, 2008, Fund I filed a voluntary petition under Chapter 11 with the Clerk of the above-entitled Court. On March 31, 2009, Fund II and Fund III filed their own voluntary petitions under Chapter 11 with the Court.

3. The Debtors operate real estate funds and were engaged in the business of receiving funds from individuals and entities to invest, directly and indirectly, into commercial mortgage loans funding a variety of real estate projects (both improved and unimproved) predominantly in California but also in other states.

4. Each of the Debtors are managed by CMRI under Operating Agreements which are attached hereto as Exhibits "A", "B", and "C," respectively.

5. Wheatland Holdings, LLC owns certain undeveloped real property near Lincoln, California. All three Debtors are members of this LLC, which membership interests are in accordance with their relative interests in the third priority lien that they foreclosed to obtain ownership. CMIF and Wells Fargo Foothill ("WFF") jointly hold a lien against Fund II's first priority lien and against its interest in Wheatland Holdings. The senior lien of WFF secures a debt in excess of $23,000,000. Debt service runs at some $70,000 per month (depending upon prevailing interest rates). The Debtors

believe this property to have potential net equity exceeding $10,000,000 and approaching $20,000,000.  CMRI has, on behalf of the Debtors, consistently, with accommodations made by WFF, provided timely adequate protection payments to WFF and obtained forbearance from WFF as to any collection activity.

6. I am informed and believe and thereupon allege that (a) the McNutt Law Group and LECG were employed as counsel and financial professionals for the Committee in all three of the Debtors' cases, (b) both firms were employed without retainer, and (c) these firms have incurred combined fees and costs in excess of $300,000.  The Debtors and Committee have agreed upon the sum of $100,000 from currently available funds without prejudice to additional amounts being requested later as new funds become available.

7. I am informed and believe and thereupon allege that the Court approved (a) compensation for Wendel Rosen Black and Dean, LLP in the Fund I case in the amount of $760,051.14 on December 15, 2009, and (b) a draw down of the firm's retainer in the amount of $300,000, leaving a remaining balance of $460,051.14.   Fund I and Wendel Rosen have agreed a payment on the allowed amounts outstanding of $50,000 from available funds is appropriate.

8. Binder & Malter, LLP, counsel for Fund II, was retained by Fund II upon an agreement that Fund II would pay a Chapter 11 retainer of $250,000.  It was necessary however to commence a bankruptcy for Fund II when the debtor was insufficiently liquid to provide the full retainer balance.  Only $100,000 plus the filing fee had been paid as of the date of filing.  These facts are part of the Ex Parte Application to Employ General Reorganization Counsel (11 U.S.C. section 327) which I signed.  I am informed and believe and thereupon allege that Binder and Malter, LLP has incurred fees

substantially in excess of the retainer paid and the proposed payment $90,000 supplement as well.

9. MacDonald & Associates, counsel for Fund III, was retained by Fund III upon an agreement that Fund III would pay a Chapter 11 retainer of $175,000. Fund III paid only $75,000 of the retainer prior to the filing of its Chapter 11 case. When it became necessary to commence a bankruptcy for Fund III, this debtor was insufficiently liquid to provide the full retainer balance. The terms of the Legal Services Agreement executed by Fund III and in the subsequent Declaration of Iain A. MacDonald in Support of Application for Appointment of MacDonald & Associates as Attorneys for Debtor (Docket No. 8). I am informed and believe and thereupon allege that MacDonald & Associates has incurred fees in excess of the retainer paid thus far. As of the date hereof, the unpaid balance of MacDonald & Associates' retainer is $62,500.

10. I am informed and believe and thereupon allege that The Court approved compensation for the law firm of Stein & Lubin in the Fund II case in the amount of $114,790.48 on January 11, 2010, of which 50% is allocated to each to Funds II and III. From the contributions to amounts to be paid described below, each of Funds II and III proposes to pay $20,000 of this approved amount.

11. On January 13, 2010, Fund II and Fund III engaged the accounting firm of Armanino McKenna to prepare the 2009 partnership tax returns for the two Funds. Applications for employment are pending and about to be filed in both cases. Amanino McKenna requires a retainer of $20,000 from Fund II and $19,000 from Fund III. Armanino McKenna is to receive a retainer of $15,000 for its work for Fund I. Approval of said amount has been separately requested. The $29,000 proposed retainer has been forwarded to Armanino McKenna to be held pending an order of this Court on approval thereof. Without such tax returns the individual investors in each

fund will be unable to file their own tax returns on timely basis.

12. From June 30, 2009, to December 23, 2009, David Choo and California Mortgage Income Fund LLC ("CMIF") provided to CMRI amounts necessary to make adequate protection payments to WFF on its secured claim to prevent the threatened assertion of default and commencement of foreclosure proceedings by WFF. All amounts advanced were booked by the Debtors as loans from CMRI, as is the case with all amounts advanced by CMRI pre- or post-petition, until paid. A table detailing the dates and amounts of unreimbursed payments made to WFF[1] which the Committee has agreed should be reimbursed is as follows:

| Lender For CMRI Advance | Date | Amount |
| --- | --- | --- |
| CMIF | 6/30/09 | $ 5,981.30 |
| CMIF | 7/15/09 | $50,000.00 |
| CMIF | 7/30/09 | $20,055.97 |
| CMIF | 8/28/09 | $ 5,000.00 |
| CMIF | 9/29/09 | $ 6,000.00 |
| CMIF | 11/3/09 | $11,222.28 |
| David Choo | 12/23/09 | $60,000.00 |

13. As part of its obligations as manager, CMRI has advanced sums for various expenses to permit the continued operation of the Debtors and their REO entities according to the terms of its operating agreements with each. Such advances total $72,205. This detail is set forth in Exhibit "D" hereto.

14. On February 11, 2010, CMRI completed sale of a property owned by 1007 University, LLC. This REO entity was owned by Direct Investors and CMRI, and the Funds had no membership interests. However, Funds II and III did have small amounts

---

[1] Totals to be repaid are $60,000 to Mr. Choo and $48,260 in partial payment to CMIF (leaving an unpaid balance of $50,000).

of pre-foreclosure advances and interest due to them totaling $15,314.24. In addition, CMRIs interest in the entity, which resulted in proceeds of $138,958,67, is security for a loan from Fund I to CMRI; all these proceeds will be paid to Fund I in partial payment of that loan. $30,000 will be advanced for the retainers to be paid to the McNutt Law Group and LECG will come from the aforementioned proceeds.

15. 15 SSFDEV LLC, an REO entity owned solely by Fund II was the owner of the commercial real property located at 938 Linden, South San Francisco, California. This property was also subject to a lien securing a loan (05-052B) that was also the sole property of Fund II. 15 SSFDEV LLC closed a sale of this property on January 15, 2010. The net proceeds to Fund II were $420,182.94, comprised of gross proceeds of $500,217.80, net of $80,034.86 servicing fees payable under the servicing contract from the Trust account directly to its manager, CMRI. The $420,182.94 remainder will fund the payments set forth in this Motion, and the excess will be retained by Fund II for use strictly in accordance with the agreed budget described at paragraph 18 below,

16. Fund III will pay its remaining share of the payments proposed herein from its proceeds from settlement of litigation that completed in December 2009, which yielded net proceeds of $369,768.21 from a disputed escrow account. These proceeds were paid to 2 Antioch, LLC which is wholly owned by Fund III. Just less than $70,000 of critical expenses for Fund III were paid in January and February, but the remaining $300,000 will be distributed to Fund III to pay the amounts requested for approval herein.

17. The Debtors and the Committee have been working closely to agree on how to proceed in this case. The roles and authority of each were memorialized in the "Term Sheet" which the Court approved as binding by its Order Granting Stipulated Ex Parte Application to Approve Term Sheet Between Debtors and Committee (the

"Order") on February 1, 2010.

18. All of the proposed payments sought are reflected in the starting balances of the budget negotiated between the Committee and the Debtors. A true and correct copy of this budget is attached hereto as Exhibit "E." They were also part of uncontested capital calls pursuant to the procedure approved by the Court. I am informed and believe and thereupon allege that the Committee's professionals have reviewed each of the proposed uses of estate funds requested herein and determined them to be necessary and appropriate to the continued operation of the above-captioned cases to retain and compensate professionals and reimburse CMRI and its lenders for monies advanced to preserve essential estate assets.

20. 21. CMRI provides essential management services to the Debtors. The Debtors' assets are promissory notes secured by interests in real property and membership interests in single purpose entities holding foreclosed property in which the Debtor previously held a security interest. CMRI as manager renders services in collection of outstanding loans, and when necessary, forecloses on delinquent loans, taking ownership of properties in single purpose entities. Because many of the Debtors' promissory notes and security interests are junior to senior lenders, CMRI negotiates and enters into standstill and forbearance agreements with senior lenders to prevent the foreclosure and loss of those assets. To the extent that the single purpose entities hold properties that have development potential, the CMRI pursues and maintains entitlements so that the real properties can be developed and value enhanced for future sale. CMRI also provides communication and reporting for the Debtors to their counsel and investors. CMRI performs all accounting and asset management for the Debtors and acts as the responsible party for the Debtors in their bankruptcy cases. CMRI also makes reasonable efforts to assist the Debtors in

DECLARATION OF GRAHAM SEEL                                                                                          Page 7
Case: 08-32220    Doc# 463-2    Filed: 03/05/10    Entered: 03/05/10 16:42:55    Page 7 of 8

1 complying with regulatory requirements, risk management, and maintains control of all
2 books and records. These services are of benefit to the estate inasmuch as none of the
3 Debtors could function in their cases, administer their assets, or provide any services to
4 their clients without CMRI's efforts.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 4th day of March, 2010, at San Francisco, California.

                                       /s/   GRAHAM SEEL
                                       GRAHAM SEEL

S:\Clients\California Mortgage Realty Fund II, LLP\Pleadings - CMR II\Managament Fees and Expense Reimbursement\Management Fee APPROVAL DECLARATION SEEL.v7.030510.wpd