1  McNUTT LAW GROUP LLP
   SCOTT H. McNUTT (CSBN 104696)
2  MICHAEL A. SWEET (CSBN 184345)
   LINDSEY R. MORAN (CSBN 242038)
3  188 The Embarcadero, Suite 800
   San Francisco, California 94105
4  Telephone: (415) 995-8475
   Facsimile: (415) 995-8487
5
   Attorneys for Official Committee of Equity Security Holders
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  In re                              Case Nos.  08-32220 TEC
                                                  09-30788 TEC
12  CMR MORTGAGE FUND, LLC,                       09-30802 TEC
    CMR MORTGAGE FUND II, LLC,
13  CMR MORTGAGE FUND III, LLC,        Chapter 11

14            Debtors.

15  ☐   Affects **FUND I**              **APPLICATION FOR ORDER
                                        AUTHORIZING EMPLOYMENT OF LEE
16  ☐   Affects **FUND II**            LAW OFFICES AS INSURANCE
                                        COUNSEL TO THE OFFICIAL
17  ☐   Affects **FUND III**          COMMITTEE OF EQUITY SECURITY
                                        HOLDERS**
18  ☒   Affects **ALL FUNDS**

19

20  TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED

21  STATES TRUSTEE AND ALL INTERESTED PARTIES:

22          The Official Committee of Equity Security Holders (the "Committee"), hereby moves the

23  Court ("Application"), for entry of an order from the Court authorizing employment of Lee Law

24  Offices ("Counsel") as insurance counsel for the Committee pursuant to Sections 105, 330 and

25  1103 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the

26  Federal Rules of Bankruptcy Procedure (the "Federal Rules of Bankruptcy Procedure").

27

28

The facts and circumstances supporting the Application are set forth in the Declaration of Monika Lee, filed concurrently herewith. In further support of this request, the Committee states as follows:

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The subject matter of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The statutory predicate for the relief requested herein is Sections 105(a), 330 and 1103(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Bankruptcy Rules.

## II.  RELIEF REQUESTED

By this Application, the Committee seeks authority to employ and retain Lee Law Offices as its insurance counsel. Accordingly, the Committee seeks the entry of an order pursuant to Sections 330 and 1103 of the Bankruptcy Code authorizing it to employ and retain Counsel.

## III.  BASIS FOR RELIEF REQUESTED

1. Section 1103(a) of the Bankruptcy Code authorizes the Committee to employ counsel to advise and assist in carrying out its duties in a bankruptcy case. The Committee believes that it is in the best interest of the equity investors for the Committee to retain Counsel to advise and assist it in connection with adjudication of all rights relating to insurance policies issued for the benefit of the equity investors, the debtors or the manager.

2. Counsel's standard hourly rate for this type of work is $450.00. This rate is subject to periodic adjustments to reflect economic and other conditions. In addition, it is Counsel's policy to charge its clients in all areas of practice for certain other expenses incurred in connection with the client's case. Counsel will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to Counsel's other clients and in accordance with this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("Compensation Guidelines").

3. Section 1103(b) of the Bankruptcy Code provides that an attorney may serve as counsel to a committee as long as it does not represent any other entity having an adverse interest in connection with the case and that representation of one or more of the creditors of the same

166573.1

class as represented by the committee does not per se constitute the representation of an adverse interest. To the best of the Committee's knowledge, Counsel has no current connection with the Committee's members, the Debtor, its creditors, equity security holders, or any other parties-in-interest, or their respective attorneys and accountants, or the United States Trustee or any person employed in the Office of the United States Trustee. To the best of the applicant's knowledge, Counsel does not hold or represent any interest adverse to the Debtor's estate, and Counsel's employment is necessary and in the best interests of the Committee.

        4.      Except to the extent the Court allows payment of compensation to Counsel out of the assets of the estate, Counsel has no compensation arrangements with the Debtor, the Committee, or any other individual or entity associated with this bankruptcy case.

## IV. <u>CONCLUSION</u>

        WHEREFORE, the Committee respectfully requests entry of an order, in form of the Order submitted herewith:

        1.      Authorizing the Committee to employ and retain Counsel to represent with regard to insurance matters pursuant to Bankruptcy Code section 1103(a);

        2.      Authorizing the Committee to compensate Counsel pursuant to the Bankruptcy Code and any additional procedures established by this Court, subject to approval by the Court pursuant to Bankruptcy Code Sections 330 and 331; and

        3.      Granting such other and further relief as the Court deems just and proper.

Dated: March 31, 2010            McNUTT LAW GROUP LLP


                                By: */s/ Michael A. Sweet*
                                    Michael A. Sweet
                              Attorneys for Official Committee of Equity Security Holders

166573.1
Case: 08-32220   Doc# 509   Filed: 03/31/10   Entered: 03/31/10 14:44:01   Page 3 of 3