1  David M. Bertenthal (CA Bar No. 167624)
   Maxim B. Litvak (CA Bar No. 215852)
2  Miriam Khatiblou (CA Bar No. 178584)
   PACHULSKI STANG ZIEHL & JONES LLP
3  150 California Street, 15th Floor
   San Francisco, California 94111-4500
4  Telephone: 415/263-7000
   Facsimile: 415/263-7010
5
   E-mail: dbertenthal@pszjlaw.com
6          mlitvak@pszjlaw.com
           mkhatiblou@pszjlaw.com
7
   Counsel for Richard M Kipperman,
8  Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>                Debtors. | Case No.: 08-32220-TEC<br>             09-30788-TEC<br>             09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING SALE OF ESTATE'S INTEREST IN DEED OF TRUST**<br><br>Date:  August 1, 2011<br>Time:  9:30 a.m.<br>Place:  235 Pine Street, 23rd Floor<br>         San Francisco, California<br>Judge:  Honorable Thomas Carlson |

Richard M Kipperman, the duly appointed Chapter 11 Trustee in the above-captioned bankruptcy cases (the "Trustee"), hereby moves the Court (the "Motion") for entry of an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Trustee to sell the estate's 12.5% in a certain Deed of Trust (the "Note") to CSW Deferred Compensation Plan, FBO Robert Woodward ("Buyer") for the net amount of $20,000, all cash, on

the terms and conditions set forth in the Assignment, Transfer and Sale Agreement (the "Sale Agreement"). A true and correct copy of the Sale Agreement is attached to the Trustee's Declaration in support of the Motion as Exhibit B. The face amount of the Note is $15,000 and the Trustee believes that the full amount due on the Note, including past-due interest is approximately $24,200.

The essential terms of the Sale Agreement are as follows: (1) in exchange for the sale of the Note to the Buyer, the Buyer will pay the Trustee the net amount of $20,000, all cash, within 15 days of entry of an order approving the sale herein; (2) the Buyer will pay for all closing costs and any other costs associated with the transfer and sale of the Note to the Buyer; and (3) the sale of the Note will be "as-is" "where-is" with no warranties whatsoever.

In sum, as part of the proposed sale, the Trustee will convey any and all rights and obligations of the Debtors' estate in the Note in consideration of which the estate will be paid the net amount of $20,000 upon Court approval. The Trustee believes this is a fair and reasonable sale amount because there is no liquid market for the Note, the Buyer has agreed to assume the payment of all costs associated with the closing of the sale, including escrow fees, and the proposed purchase price is reasonably close to the full amount due on the Note.

Notice of this Motion has been served on (a) the Office of the United States Trustee, (b) counsel to the Official Committee of Equity Security Holders, (c) parties that have filed with the Court requests for notice of all matters in accordance with Bankruptcy Rule 2002, (d) any party with a pecuniary interest in the subject matter of the Motion and (e) the Buyer.

This Motion is based on the supporting Memorandum of Points and Authorities, the declaration of the Trustee and any exhibits attached thereto, the statements, arguments and representations of counsel who appear at the hearing on the Motion, the record in this case, any other evidence properly before the Court prior to or at the hearing on the Motion and all matters of which this Court may property take judicial notice.

**WHEREFORE**, the Trustee respectfully requests an order:

1. Approving the sale of the Note to the Buyer for the net sum of $20,000, all cash on the terms set forth in the Sale Agreement;

2. Authorizing the Trustee to take any and all appropriate and necessary actions to consummate the sale of the Note to the Buyer, including approval of the Sale Agreement, and any other associated documents or agreements as may be appropriate;

3. Finding that due and adequate notice of the Motion was provided;

4. Providing that the Court's order shall be effective immediately upon entry and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure does not apply with respect to the order;

5. Providing that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of the order; and

6. For such other and further relief as the Court may deem just and proper.

Dated: June 29, 2011    PACHULSKI, STANG, ZIEHL & JONES LLP

By  */s/ Miriam Khatiblou*
    Miriam Khatiblou
    Attorneys for Richard M. Kipperman,
    Chapter 11 Trustee