BUCHALTER NEMER
A Professional Corporation
  CRAIG C. CHIANG (SBN 209602)
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
Email: cchiang@buchalter.com

Attorneys for Movant
Wells Fargo Capital Finance, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

CMR MORTGAGE FUND, LLC,
CMR MORTGAGE FUND II, LLC,
CMR MORTGAGE FUND III, LLC,

Debtors.

Case No. 08-32220-TEC
Case No. 08-30788-TEC
Case No. 09-30802-TEC

Substantively Consolidated

Chapter 11

**DECLARATION OF AJAY JAGSI IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Date: August 8, 2011
Time: 1:00 p.m.
Place: 235 Pine Street, Courtroom 23
       San Francisco, California

I, Ajay Jagsi, declare:

1. I am over the age of 18 and have personal knowledge of the facts contained in this Declaration. I am a Vice President of Wells Fargo Capital Finance, Inc., formerly known as Wells Fargo Foothill, Inc. ("Wells Fargo"). I make this Declaration in support of Wells Fargo's Motion for Relief from the Automatic Stay (the "Motion").

2. As of the date hereof, I have reviewed Wells Fargo's books, records, files and ledgers as they pertain the loan transactions at issue herein. As to the following facts, I know

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 9525766v2                                    1
JAGSI DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 08-32220  Doc# 850  Filed: 07/22/11  Entered: 07/22/11 08:38:30  Page 1 of 5

them to be true of my own knowledge or I have gained knowledge of them from my review of business records, and if sworn as a witness, I could and would testify competently to the truth thereof.

3. In the ordinary course of its business, Wells Fargo maintains written records of all sums loaned and advanced to borrowers, payments made by customers on account, interest and charges of the balance owing. This information is maintained by and retrieved from computers which are programmed for the above purposes. It is the practice of Wells Fargo's employees to make a record on or near the date any payment is received and to credit the same against the amounts due and owing under the particular loan agreement. Wells Fargo operates in reliance upon this procedure and the accuracy of the written records generated thereby.

4. Wells Fargo is owed in excess of $23 million (the "Indebtedness") under the Loan Documents (hereafter defined), which amount is secured by, among other assets, real property consisting of (1) approximately 435 acres of land in Wheatland, California (the "Wheatland Property"); and (2) approximately 1.7 acres of vacant land in Union City, California (the "4 Union Property") (collectively, the "Debtor Collateral").[1]

5. Wells Fargo is a party under that certain Loan and Security Agreement, dated as of August 11, 2005 (as amended, the "Loan Agreement") with CMR Income Fund, LLC, a Nevada limited liability company ("CMR Income"), Airport Hotels, LLC, a Nevada limited liability company ("Airport Hotels," together with CMR Income and any guarantors, pledgors and other persons or entities obligated under the Loan Documents referred to below, collectively, "Borrower"), and California Mortgage and Realty, Inc., a Delaware corporation ("CMRI" or "Servicer"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit A.

---

[1] The Assessor Parcel Numbers include, without limitation, the following: (A) Property located in the City of Wheatland, Counties of Yuba and Sutter, State of California with Assessor Parcel Nos: 015-180-119; 015-180-120; 015-140-076; 015-040-077; *015-140-078*; 015-180-111; 015-180-113; 015-180-123; 015-180-122; 150-100-061; 150-100-089; 150-100-084; 015-180-117; 015-180-102; 015-660-002; 28-210-031; 015-180-102,117; 015-660-002; 028-210-031;015-100-084, 089, 061; 015-140-076,077,078; 015-180-111,113,119,120,122,123; and (B) Property located in the City of Union City, County of Alameda, State of California with Assessor Parcel Nos: 482-0027-013; 482-0027-014; 482-0027-003-03; and 482-0027-004-03.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

6. CMR Mortgage Fund II ("Fund II") sought a loan from CMR Income to fund a loan to a third party borrower (the "Wheatland Borrower"). Pursuant to the Loan Agreement, Wells Fargo increased its loan facility to CMR Income by $25,000,000 (the "WFCF Term Loan"), in order to facilitate a loan by CMR Income to Fund II. In May 2006, CMR Income drew on the WFCF Term Loan and advanced those funds to Fund II, which Fund II utilized to make the loan to the Wheatland Borrower.

7. The security interests and rights granted to Wells Fargo in support of the WFCF Term Loan are set forth in that certain Pledge and Security Agreement, dated as of May 26, 2006, among Fund II, as pledgor, and Wells Fargo and CMR Income, as secured parties. The Pledge and Security Agreement (with the Loan Agreement and all other documents executed in connection therewith, collectively, the "Loan Documents") included the following pledge:

> **Grant of Security Interest.** As collateral security for the prompt and complete payment and performance of the Obligations when due, Pledgor hereby (i) pledges, transfers, hypothecates and assigns to Secured Party, and (ii) grants to Secured Party, a continuing first priority lien on and security interest in, all of Pledgor's right, title, and interest in and to the following, whether or hereafter existing or acquired (the "Collateral"):
>
> (a) Promissory Note, dated as of May 25, 2006, in the original principal amount of Forty Eight Million Dollars ($48,000,000), executed by Eagle Meadows of Wheatland 187, LLC, Eagle Meadows of Wheatland 130, LLC and Eagle Meadows of Wheatland 115, LLC payable to the order of Pledgor (the "EMW Note"), the Deeds of Trust (as defined in the EMW Note), the Other Security Documents (as defined in the EMW Note) and any and all other documents evidencing or securing the EMW Note (collectively, the "Loan Documents"); and
>
> (b) all Proceeds of any of the foregoing.

A true and correct copy of the Pledge and Security Agreement is attached hereto as Exhibit B.

8. The Wheatland Borrower defaulted on its obligations, and the third priority lienholder foreclosed in October 2008. Thereafter, the Wheatland Property has been owned by Wheatland Holdings, LLC ("Wheatland Holdings"), an REO entity controlled by the Funds, and now the Richard M. Kipperman as the Chapter 11 trustee to the estates of the Funds (the "Trustee").

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

9. CMR Income's obligations to Wells Fargo, including the WFCF Term Loan, are secured by a first priority lien on all assets of CMR Income, including without limitation, Fund II's and CMR Income's respective interests in the EMW Note, which Note is secured by the Wheatland Property. The Loan Agreement is also secured by, among other things, a Promissory Note (Commercial) from Veasy & Horner Development, LLC, a California limited liability company, as maker, in favor of CMR Income (as successor-in-interest to CMR Mortgage Fund, LLC), dated as of March 6, 2002, in the amount of $2,200,000.00 (the "4 Union Note"). The 4 Union Note is secured by a lien on the 4 Union Property pursuant to that certain Deed of Trust (the "4 Union Deed of Trust"), dated as of March 6, 2002, and recorded on March 18, 2002 as document number 2002-120153 in the official records of the Alameda County. As security for its obligations under the Loan Agreement, CMR Income, the present beneficiary under the 4 Union Deed of Trust collaterally assigned the 4 Union Note and its interest in the 4 Union Deed of Trust to Wells Fargo. The third priority lienholder on the 4 Union Property foreclosed in 2008. Thereafter, the 4 Union Property has been owned by 4 Union, LLC, an REO entity controlled by the Funds, and now the Trustee.

10. The Joint Plan of Reorganization (the "Plan") proposed by the Official Committee of Equity Holders (the "Equity Committee") and CMR Mortgage Fund I ("Fund I"), Fund II and CMR Mortgage Fund III ("Fund III") (collectively, the "Funds" or the "Debtors") had sought to adopt the terms of that certain Participation Agreement filed with the Court on July 29, 2010 under which Wells Fargo would forbear from exercising its rights and remedies from July 1, 2010 through March 31, 2011, upon the receipt of certain payments and absent the occurrence of additional events of default. Specifically, the Plan had permitted the Wind Down Trust to be formed under the Plan (the "Wind Down Trust") to purchase a participation interest in the Indebtedness for a purchase price of $2,000,000 by June 30, 2010, followed by an additional purchase of Wells Fargo's remaining interest in the Indebtedness for an additional payment of $10,500,000 on or before March 31, 2011. Under the Plan, Wells Fargo would have been paid $12,500,000 by March 31, 2011.

11. Wells Fargo did not receive either the $2,000,000 payment or the $10,500,000 payment that was due to follow, and the Indebtedness owed to Wells Fargo was not resolved through the $12.5 million in payments set forth in the Plan. Events of default have occurred under the terms of the Loan Documents by, among other things, the failure to pay Wells Fargo amounts due and owing under the Loan Documents. As of June 30, 2011, Wells Fargo is owed approximately $23,274,745.66 (in addition to fees and expenses incurred in connection therewith), which matured on December 31, 2009.

12. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on July 22, 2011, in Dallas, Texas.

_____
AJAY JAGSI

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 9525766v2

5

JAGSI DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 08-32220   Doc# 850   Filed: 07/22/11   Entered: 07/22/11 13:38:30   Page 5 of 5