David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Miriam P. Khatiblou (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail:dbertenthal@pszjlaw.com
mlitvak@pszjlaw.com
mkhatiblou@pszjlaw.com

Counsel for Richard M Kipperman,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No.: 08-32220-TEC<br>09-30788-TEC<br>09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER EMPLOYING BERKELEY RESEARCH GROUP LLC, AS ACCOUNTANTS AND FINANCIAL ADVISORS, NUNC PRO TUNC TO JULY 1, 2011**<br><br>[NO HEARING REQUIRED] |

Richard Kipperman, the duly appointed chapter 11 trustee in the above-captioned bankruptcy cases (the "Trustee"), hereby applies to the Court (the "Application") for entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Trustee's retention and employment of Berkeley Research Group, LLC ("BRG"), as his accountants and financial advisors, nunc pro tunc to July 1, 2011. The Court had previously authorized the retention and employment of LECG, LLC ("LECG") as the financial consultants to the Official Committee of

DOCS_SF:78053.1 49666-00001

Case: 08-32220  Doc# 916  Filed: 10/04/11  Entered: 10/04/11 16:52:09  Page 1 of 7

CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER EMPLOYING BERKELEY RESEARCH GROUP LLC, AS ACCOUNTANTS AND FINANCIAL ADVISORS, NUNC PRO TUNC TO JULY 1, 2011

1

Equity Security Holders ("Committee"). Earlier this year some of the members of the accounting and financial advisory group left LECG to join BRG. Those who joined BRG continued to provide services to the Committee and have recently agreed to provide accounting and financial consulting services to the Trustee. In support of the Application, the Trustee respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief sought herein is section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules.

**BACKGROUND**

**A.     The Bankruptcy Proceeding**

3. CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court on November 19, 2008 as Case No. 08-32220. On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") filed a voluntary chapter 11 petition in this Court as Case No. 09-30788, and CMR Mortgage Fund III, LLC ("Fund III") filed a voluntary chapter 11 petition in this Court as Case No. 09-30802. Fund I, Fund II and Fund III are collectively referred to herein as the "Debtors."

4. In November 2009, the Committee sought the retention of LECG as its financial consultant. On December 29, 2009, the Court approved the request and entered an *Order Authorizing Employment of LECG, LLC as Financial Consultants to the Equity Committee.* [Dkt 378]. Some of the members of the forensic accounting group and financial advisors left LECG to join BRG on or about March 1, 2011. Although BRG continued to provide accounting services to the Committee after March 1, 2011, no application to employ BRG was filed. The Trustee understands that BRG incurred substantial fees, in the approximate amount of $46,000 between March 1, 2011 and June 30, 2011. The Trustee further understands that BRG intends to obtain an order authorizing its employment by the Committee for the March – June 2011 time period. In the event that Court approval of BRG's retention is not obtained, BRG agrees to waive its unpaid fees in the amount of approximate amount of $46,000.

DOCS_SF:78053.1 49666-00001

CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER EMPLOYING BERKELEY RESEARCH GROUP LLC, AS ACCOUNTANTS AND FINANCIAL ADVISORS, NUNC PRO TUNC TO JULY 1, 2011

2

Case: 08-32220   Doc# 916   Filed: 10/04/11   Entered: 10/04/11 16:52:09   Page 2 of 7

5. On April 7, 2011, the Court substantively consolidated the Debtors' cases, and ordered the appointment of a chapter 11 trustee in the Debtors' cases. By order dated April 14, 2011, the Trustee was appointed as chapter 11 trustee of the Debtors' cases, which are now treated as a single case. In July 2011, the Trustee requested that BRG finalize the estates' federal and state income tax returns as the deadline to file said returns is September 15, 2011. The Trustee understands that as of the date of the filing of this Application, BRG has filed the Debtors' 2010 tax returns and those of its wholly owned affiliates.[1]

## RELIEF REQUESTED

6. By this Application, the Trustee seeks to employ and retain BRG as his accountants and financial advisors effective as of July 1, 2011 when BRG began providing accounting services to the Trustee.

## SERVICES TO BE PROVIDED

7. The professional services that BRG will render to the Trustee may include, without limitation, the following:

(a) performing any necessary tax work and other analysis which is required by the Trustee to properly administer the estates and conclude the cases;

(b) assisting the Trustee in preparation of federal and state income tax returns for the estates;

(c) communicating with taxing authorities on behalf of the estates; and

(d) assisting with such other financial advisory or accounting services requested by the Trustee.

## BRG'S QUALIFICATIONS

8. BRG provides accounting and expert services, including economic and financial analysis, expert testimony, litigation support and strategic management consulting to a range of public and private enterprises and accounting services. It delivers independent expert testimony, original authoritative studies, and strategic advice to legislative, judicial, regulatory and business

---

[1] Only two out of the seventeen returns filed related to non-wholly owned entities but in which the Debtors held majority interests.

decision-makers. BRG's other services include factual and statistical analyses, report preparation and presentation and electronic discovery and data collection. BRG has ten offices throughout the United States, including Los Angeles and San Francisco, and one in the United Kingdom, employs more than 250 persons, and its experts have advised thousands of clients, including Fortune 500 companies. The resumes of the professionals who will provide services in this case are attached as Exhibit A to the declaration of Marvin A. Tenenbaum ("Tenenbaum Declaration") in support of the Application.

9. The experience in accounting and financial advice of the professionals at BRG is widely recognized. They have extensive experience in the areas of service that are relevant to this case, including income tax preparation and consultation, as is evidenced by the fact that either BRG or the professionals at BRG who will be working on this representation were employed in the following cases to deliver services of those types:

Ezri Namvar (08-bk-32333-BR);

Estate Financial, Inc. (9:08-bk-11457-RR);

Estate Financial Mortgage Fund, LLC (9:08-bk-11535-RR);

Cedar Funding, Inc. (5:08-bk-52709);

Cedar Funding Mortgage Fund, LLC (5:08-bk-53670);

Reed Slatkin, Chapter 11 Bankruptcy Estate (ND 01-11549 RR);

JMS Automotive Rebuilders (8-07-bk-10765-RK);

Mike Tyson (03-41900 (ALG))

10. The Trustee is informed and believes BRG's professionals have on many occasions performed services similar to the ones required in these cases for numerous other receivers, trustees, examiners, and creditors' committees in other non-related cases under receivership, bankruptcy, and other insolvency proceedings throughout the United States and elsewhere. Such experience and knowledge will be valuable to the Trustee. Additionally, because many of the professionals with whom the Trustee will be working were previously employed by LECG and hence, the Committee, they have become intimately familiar with the Debtors' cases and finances. Therefore, the Trustee

DOCS_SF:78053.1 49666-00001

4

CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER EMPLOYING BERKELEY RESEARCH GROUP LLC, AS ACCOUNTANTS AND FINANCIAL ADVISORS, NUNC PRO TUNC TO JULY 1, 2011

Case: 08-32220  Doc# 916  Filed: 10/04/11  Entered: 10/04/11 16:52:09  Page 4 of 7

believes that BRG is very well qualified and able to perform the services requested of them in a cost-effective, efficient, and timely manner.

**TERMS OF RETENTION**

11. BRG intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Northern District of California and this Court's Orders, based upon its normal and usual hourly billing rates. BRG will charge the Trustee hourly rates consistent with the rates it charges in other clients and in other bankruptcy and non-bankruptcy cases.

12. BRG's hourly rates vary with the experience and seniority of the individuals assigned to do the work. The normal hourly rates currently in effect for BRG personnel who are likely to work on this matter are attached to the Tenenbaum Declaration as Exhibit A. BRG adjusts its hourly rates annually based on the normal increases BRG charges all of its clients.

13. All services provided by BRG will be provided by BRG directors, principals, associates and staff working under Vernon Calder's direct supervision. Various levels of professionals and paraprofessionals will be utilized to ensure that billing rates are in line with the level of responsibility and specialization of tasks. BRG charges its clients for all expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, long distance telephone calls, postage, express mail and messenger charges, expenses for working meals and telecopier charges. BRG will charge the Trustee for these expenses in a manner and at rates consistent with those it generally charges its other clients; provided, however, BRG will comply with the guidelines for charging bankruptcy estates for such expenses that are applicable in this District.

14. BRG shall not receive a retainer in this case.

15. The Trustee shall review and make final adjustments of all compensation and expenses requested by BRG before BRG files its fee applications with this Court.

DOCS_SF:78053.1 49666-00001

CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER EMPLOYING BERKELEY RESEARCH GROUP LLC, AS ACCOUNTANTS AND FINANCIAL ADVISORS, NUNC PRO TUNC TO JULY 1, 2011

5

Case: 08-32220  Doc# 916  Filed: 10/04/11  Entered: 10/04/11 16:52:09  Page 5 of 7

## BRG'S DISINTERESTEDNESS

16. To the best of the Trustee's knowledge, and except as disclosed herein and in the Tenenbaum Declaration, BRG has no connection with the Debtors, its creditors, or to other parties in interest in these cases, except for the following: Many of the professional who will be providing services to the Trustee were previously employed by LECG who served as the Court approved financial consultants to the Committee. When certain employees of LECG left to join BRG in March 2011, BRG continued to provide services to the Committee and incurred unpaid fees and expenses through June 30, 2011, in the approximate amount of $46,000. BRG intends to seek its employment as accountants to the Committee for the March through June 2011 time period or waive its unpaid fees in the event the Court does not approve its retention.

17. BRG has no connection or relationship with any employee at the office of the U.S. Trustee. Furthermore, to the best of the Trustee's knowledge, BRG does not hold or represent any interest adverse to the Debtors' estates and is disinterested, as that term is defined in 11 U.S.C. 101(14) with respect to Debtors' estates. BRG's employment, therefore, is necessary and in the best interests of the Debtors' estates.

## BASIS FOR REQUESTED RELIEF

18. The Trustee requires the assistance of accountants and other financial experts to assist him in efficiently and expeditiously performing all of the tasks set forth above, including, but not limited to finalizing and filing the income tax returns for the estates and to provide general bankruptcy tax advice. The Trustee is seeking approval of the employment of BRG, nunc pro tunc to July 1, 2011, because its professionals have the experience necessary to render the services required by the Trustee and because they have already provided considerable value to the estates at the request of the Trustee.

19. The bankruptcy court has the equitable power to approve retroactively a professional's valuable but unauthorized services under "exceptional circumstances." In re Atkins, 69 F.3d 970, 974 (9th Cir. 1995). To establish the existence of exceptional circumstances, professionals seeking approval must (1) satisfactorily explain their failure to receive prior judicial approval, and (2) demonstrate that their services benefited the estate in a significant manner. Id.

DOCS_SF:78053.1 49666-00001　　6

CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER EMPLOYING BERKELEY RESEARCH GROUP LLC, AS ACCOUNTANTS AND FINANCIAL ADVISORS, NUNC PRO TUNC TO JULY 1, 2011

Case: 08-32220　Doc# 916　Filed: 10/04/11　Entered: 10/04/11 16:52:09　Page 6 of 7

Whether to grant or deny a retroactive application is committed to the discretion of the bankruptcy court. In re Gutterman, 239 B.R. 828, 831 (Bankr. N.D. Cal. 1999).

20. In determining whether the applicant's neglect is an excusable exceptional circumstance, the court should consider not just the reason for the delay but whether the estate suffered any prejudice as a result of the delay. Gutterman, 239 B.R. at 830. Here, circumstances warrant the employment of BRG, nunc pro tunc to July 1, 2011, because the failure to seek their employment sooner was inadvertent, there was no prejudice suffered as a result of the delay, and BRG has provided significant benefits to the estates in that they have already finalized and filed the Debtors' tax returns in a prompt and efficient manner.

21. Additionally, because BRG was already employed as the accountants to the Committee and had already begun preparing the tax returns prior to the Trustee's appointment, the bulk of the work had already been performed and thus inured to the benefit of the Debtors' estates.

22. BRG has provided significant value in these cases and has been responsive to the Trustee's requests. The Trustee requested BRG to complete the Debtors' 2010 tax returns and BRG provided those services in a prompt and efficient manner. Accordingly, the Trustee believes that BRG should be retained for the services it began rendering to the Trustee from July 1, 2011.

WHEREFORE, the Trustee requests an order authorizing him to retain BRG as his accountants and financial advisors, nunc pro tunc to July 1, 2011, with respect to the matters referred to within this Application, upon the terms and conditions set forth herein.

Dated: __October 4, 2011       By  _____
                                    Richard M. Kipperman
                                    Chapter 11 Trustee

Submitted by

PACHULSKI STANG ZIEHL & JONES LLP

By    /s/ Miriam Khatiblou
      Miriam Khatiblou
      Attorneys for Richard Kipperman,
      Chapter 11 Trustee

DOCS_SF:78053.1 49666-00001
Case: 08-32220   Doc# 916   Filed: 10/04/11   Entered: 10/04/11 16:52:09   Page 7 of 7

CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER EMPLOYING BERKELEY RESEARCH GROUP LLC, AS ACCOUNTANTS AND FINANCIAL ADVISORS, NUNC PRO TUNC TO JULY 1, 2011

7