David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: dbertenthal@pszjlaw.com
mlitvak@pszjlaw.com

Counsel for Richard M Kipperman,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No.: 08-32220-TEC<br>09-30788-TEC<br>09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S SECOND STATUS CONFERENCE STATEMENT**<br><br>Hearing Date:<br>Date: October 28, 2011<br>Time: 11:00 a.m.<br>Place: 235 Pine Street, 23rd Floor<br>San Francisco, California<br>Judge: Honorable Thomas Carlson |

Richard M Kipperman, the duly appointed chapter 11 trustee (the "Trustee") of the above-captioned substantively consolidated debtors (collectively, the "Debtors"), hereby submits this second status conference statement, and respectfully submits as follows:

1. By order dated April 14, 2011, the Trustee was appointed as chapter 11 trustee of the Debtors' cases, which are now treated as a single case.

2. Since his appointment, the Trustee has (a) retained professionals, (b) conducted due diligence on the Debtors' assets and financial affairs, (c) commenced the process of liquidating certain of the estate's real estate interests, (d) conducted settlement negotiations with the Debtors'

former managers, California Mortgage & Realty, Inc. ("CMRI") and its principal, David Choo, in coordination with the Official Committee of Equity Security Holders (the "Equity Committee"), and (e) eliminated a potential $23 million unsecured deficiency claim against the substantively consolidated estate.

3. Over the last 90 days, the Trustee has continued to play an active role in this case that has included responding to investor inquiries and meeting with parties in interest. The Trustee has also continued his efforts to maximize value of the estate's various real estate interests. An updated summary of the Trustee's current analysis of the estate's real estate interests is set forth in **Exhibit A** hereto. As previously disclosed, it remains unclear to the Trustee whether sufficient value can be realized from the Debtors' real estate interests to provide a material return to investors.

4. The Trustee has also considered (and continues to investigate) potential claims and causes of action that the Debtors' estate may have against third parties. The Trustee (along with the Equity Committee) has reached a settlement agreement in principle with CMRI and David Choo that would result in the release of the remaining policy limits of a $5,000,000 insurance policy with the D&O insurer, Indian Harbor. The remaining policy limits presently total less than $4,000,000 and would be shared by the estate and a class of investors that has yet to be certified. In addition, the Trustee (along with the Equity Committee) has recently mediated a dispute as to a $3,000,000 insurance policy with an E&O insurer, Lloyds, which the Trustee believes will likely result in a resolution of the disputes relating to that policy, thereby resulting in the availability of additional funds with respect to the contemplated settlement. The foregoing settlements are subject to negotiation of definitive documentation and approval of the Court, including certification of an investor class.

5. In addition, since the last status conference, the Trustee has obtained Court approval of a settlement that has resulted in the waiver of a potential deficiency claim asserted against the Debtors' estate by SPI Wheatland, LP (as successor to Wells Fargo Foothill, Inc.) in the amount of $23,480,183 arising out of a loan payable by CMR Mortgage Fund III, LLC to CMR Income Fund, LLC. In the absence of the waiver of this claim, any possibility of a return to investors (which remains uncertain) would likely have been lost.

6. Based on the foregoing, the Trustee continues to believe that the Debtors' case should remain in Chapter 11 to allow the Trustee additional time to undertake his work. The Trustee proposes that the Court set a further status conference in the case in 90 days.

7. The Trustee and his counsel will appear before the Court on October 28, 2011 at 11:00 a.m., and will be available to answer any questions that the Court or any party in interest may have as to the status of the Debtors' case.

Dated: October 17, 2011　　　　　　　　　PACHULSKI STANG ZIEHL & JONES LLP

By　*/s/ Maxim B. Litvak*
　　Attorneys for Richard M. Kipperman,
　　Chapter 11 Trustee