Richard M. Kipperman
CORPORATE MANAGEMENT, INC.
Post Office Box 3010
La Mesa, California 91944-3010
Telephone: 619-668-4500
Facsimile: 619-668-9014
rmk@corpmgt.cm

Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>           Debtors. | Case No.: 08-32220-TEC<br>       09-30788-TEC<br>       09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 13, 2011 THROUGH DECEMBER 31, 2011**<br><br>Date:     June 11, 2012<br>Time:    9:30 a.m.<br>Place:   United States Bankruptcy Court<br>          235 Pine Street, Courtroom 23<br>          San Francisco, CA<br>Judge:  Honorable Thomas E. Carlson |

Richard M. Kipperman, the duly appointed chapter 11 (the "Trustee") of the above-captioned substantively consolidated debtors (collectively, the "Debtors"), hereby submits his *First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period April 13, 2011 through December 31, 2011* (the "Application"), in connection with his services rendered as Trustee.

The Trustee and rendered no less than 252.70 hours of services valued at $118,872.29 based on the standard cost for such services.  The Trustee seeks interim approval of compensation totaling $14,717.85 based on a total statutory fee limit of $14,717.85 and reimbursement for expenses incurred in the amount of $5,349.79 for the period commencing on April 13, 2011, and ending on December 31, 2011 (the "Application Period").  **Exhibit A** provides copies of the time entries and expenses incurred during the Application Period.  The statutory cap under section 326 of the Bankruptcy Code is calculated based on distributions by the Debtors' estate since the Trustee's appointment on April 7, 2011, totaling $229,357.05.

The Trustee submits this Application pursuant to sections 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines "), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of Richard Kipperman, filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

## I.

## <u>INTRODUCTION</u>

A.  <u>Background</u>

CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court on November 19, 2008 as Case No. 08-32220.  On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") filed a voluntary chapter 11 petition in this Court as Case No. 09-30788, and CMR Mortgage Fund III, LLC ("Fund III") filed a voluntary chapter 11 petition in this Court as Case No. 09-30802.  Fund I, Fund II and Fund III are collectively referred to herein as the "Debtors."

DOCS_SF:80736.1 49688-001

On April 7, 2011, the Court substantively consolidated the Debtors' cases, and ordered the appointment of a chapter 11 trustee in the Debtors' cases.

**B.     Employment of Trustee**

On April 13, 2011, the Office of the United States Trustee filed a motion to appoint the Trustee as chapter 11 trustee for the Debtors' cases.  By order dated April 14, 2011, the Trustee was appointed as chapter 11 trustee of the Debtors' cases, which are now treated as a single case, a copy of which is attached hereto as **Exhibit B**.

II.

**PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED**

During the Application Period, the Trustee provided services related to the administration of these cases, including, but not limited to:

(a)     Review of the overall case upon assignment. Meetings with debtor and staff members to obtain summary of all funds, loans, assets, investor issues, and property issues.

(b)     Review of summary financial and accounting matters involving the Debtors, the Fund Investors, and all related assets;

(c)     Review completed chapter 11 operating and interim reports in compliance with U.S. Trustee guidelines;

(d)     Meetings with debtor staff, outside investor representatives, and CMI staff to identify and negotiate the recovery of assets, including causes of action;

(e)     Meetings with debtor and CMI staff to review any and all current or potential litigation, and prepare to pursue or defend any litigation, and/or provide any testimony that may be necessary;

(f)     Review all financial and summary  analysis reports in order to properly administer both the separate and consolidated estates and conclude the cases;

(g)     Review financials and worksheets prepared in advance for federal and state income tax returns for the estates, as well as K-1 tax forms for all of the investors in the estates;

(h)     Meetings with tax preparation specialists on behalf of the estates;

(i)     Communicating with the investors to answer questions regarding the status of the case, the assets, tax issues, requests for transfers, name and address changes, and any other issues pertaining to the estates or their investments;

(j)     Oversee the liquidation of the Debtors' remaining assets, including review of value assessment, marketing, selection of brokers, title searches, escrow processing, and all sale negotiations.

(k)     Oversee the monitoring and maintenance of existing assets, including processing entitlements, executing and terminating leases, and any property management duties.

(l)     Meetings with the debtor to facilitate the transition of loan servicing and management duties on remaining assets from California Mortgage Realty, Inc.

(m)     Review summary reports regarding the validity of any claims or equity interests that were filed in the Debtors' bankruptcy case, and handle on case-by-case basis.

**Exhibit A** provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

A.     <u>List of Expenses by Category</u>

The Trustee advanced costs, including certain in-house charges in connection with the performance of the services described in this Application.  During the Application Period, the Trustee incurred a total of $5,349.79 in expenses.  The Trustee made every effort to keep the costs in this case to a minimum.  The charges are identified in the detail attached hereto as **Exhibit A.**

**III.**

**<u>THE FEES AND EXPENSES REQUESTED SHOULD</u>**

**<u>BE AWARDED BASED UPON APPLICABLE LAW</u>**

The fees and expenses requested by this Application are an appropriate award for the Trustee's services relating to the administration of these cases.

A.     <u>Evaluation of Requests for Compensation</u>

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred.  Pursuant to Bankruptcy Code section 331, the Court may award

interim compensation and reimbursement to a professional. As set forth above, the fees for which the Trustee requests compensation and the costs incurred for which the Trustee requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson*) criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in the Trustee's professional fee statements contained in the exhibits hereto. The Trustee's services and time expenditures are reasonable in light of the labor required in this case. The Trustee charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco area, other than in a case under the Bankruptcy Code. The compensation the Trustee seeks by way of this Application is the customary compensation sought by the Trustee and other professionals in similar circumstances.

DOCS_SF:80734.1 49688-001

**B.** **Section 330(a)(3) Factors**

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3). Although several of these factors (such as the time involved, the timeliness of the Trustee's performance, and the complexity of the case) were addressed above, the Trustee believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330 (a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. The Trustee believes the facts of this case make it evident that the Trustee's services were both necessary and beneficial. The Trustee's efforts were essential to administration of these cases.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. The requested compensation is reasonable in light of the skills and years of experience of the Trustee. The fees charged by the Trustee are no less favorable than those customarily billed by the Trustee in cases in which they are involved

## IV.

## NOTICE OF APPLICATION AND HEARING

Counsel to the Trustee is providing notice of this Application and the hearing thereon to creditors consistent with Bankruptcy Rule 2002.

## V.

## CONCLUSION

The compensation presently sought by the Trustee is interim. No agreement exists between he Trustee and any other person for the sharing of such compensation received in connection with this case, except for the understanding concerning compensation among members of his firm.

The Trustee believes that the services rendered for which compensation is sought in this Application have been beneficial to the estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, the Trustee respectfully requests that this Court (a) authorize allowance of and direct payment of fees and costs, and (b) award interim compensation, as follows:

1.    Allow interim compensation to the Trustee in the amount of $20,067,64 inclusive of all fees and costs for the period from April 13, 2011, through December 31, 2011 consisting of $14,717.85 of statutory capped fees and $5,349.79 of expenses;

2.    Authorize and direct the Debtors and their estates to pay the Trustee the foregoing allowed amounts; and

3.    Grant such other and further relief as may be appropriate under the circumstances.

Dated: May 21, 2012

/s/ Richard M. Kipperman
Richard M. Kipperman

Chapter 11 Trustee