David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail:dbertenthal@pszjlaw.com
    mlitvak@pszjlaw.com
    mmanning@pszjlaw.com

Counsel for Richard M Kipperman,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No.: 08-32220-TEC<br>              09-30788-TEC<br>              09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 14, 2011 THROUGH DECEMBER 31, 2011**<br><br>Date:  June 11, 2012<br>Time:  9:30 a.m.<br>Place: United States Bankruptcy Court<br>           235 Pine Street, Courtroom 23<br>           San Francisco, CA<br>Judge:  Honorable Thomas E. Carlson |

Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") hereby submits its First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the period starting April 14, 2011 through and including December 31, 2011 (the "Application"), in connection with its representation of Richard M Kipperman, the duly appointed Chapter 11 Trustee (the "Trustee") for the above-captioned debtors (collectively, the "Debtors"). The Firm seeks

interim approval of compensation totaling $337,664.39,[1] which sum represents compensation for services rendered in the amount of $321,151.50 and reimbursement for expenses incurred in the amount of $16,512.89 for the period commencing on April 14, 2011, and ending on December 31, 2011 (the "Application Period").

Summary charts detailing (i) the amount of fees charged and hours worked by each of the Firm's professionals and para-professionals during the Application Period, and (ii) the amounts requested by the Firm for reimbursement of expenses incurred (by category) during the Application Period are annexed hereto as **Exhibit A**.

PSZ&J submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("Northern District Guidelines "), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of David M. Bertenthal filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

# I.

# INTRODUCTION

**A.   Background**

CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court on November 19, 2008 as Case No. 08-32220. On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") filed a voluntary chapter 11 petition in this Court as Case No. 09-30788, and CMR Mortgage Fund III, LLC ("Fund III") filed a voluntary chapter 11 petition in this Court as Case No. 09-30802. Fund I, Fund II and Fund III are collectively referred to herein as the "Debtors."

---

[1] This amount is net of a voluntary write-off of $5,000.00 of expenses charged in the Firm's monthly billing statements.

On April 7, 2011, the Court substantively consolidated the Debtors' cases, and ordered the appointment of a chapter 11 trustee in the Debtors' cases.

On April 13, 2011, the Office of the United States Trustee filed a motion to appoint the Trustee as chapter 11 trustee for the Debtors' cases. By order dated April 14, 2011, the Trustee was appointed as chapter 11 trustee of the Debtors' cases, which are now treated as a single case.

**B.    Employment of PSZ&J**

PSZ&J is a law firm with offices in San Francisco and Los Angeles, California, Wilmington, Delaware, and New York, New York. The Firm currently employs approximately 65 attorneys and specializes in business reorganizations, bankruptcy, commercial law, and litigation. The order approving PSZ&J's employment as counsel to the Trustee, effective April 14, 2011, was entered on May 3, 2011, a copy of which is attached hereto as **Exhibit B**.

## II.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

In accordance with the Northern District Guidelines and the Local Rules, PSZ&J classified all services performed for which compensation is sought into categories. PSZ&J attempted to place the services performed in the category that best relates to the service provided. However, because certain services in the Debtor's chapter 11 case affected multiple categories, services pertaining to one category may occasionally be included in another category. PSZ&J has established the following billing categories relevant to this Application:

- Asset Analysis
- Asset Disposition
- Bankruptcy Litigation
- Case Administration
- Claims Analysis/Administration
- Compensation of Professionals
- Executory Contracts
- Financial Filings
- Hearings
- Insurance Coverage
- Litigation (Non-Bankruptcy)
- Plan and Disclosure Statement
- Stay Litigation
- Retention of Professionals
- Retention of Professionals (Others)
- Stay Litigation

**Exhibit C** provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

### A. Asset Analysis

Time billed to this category relates to the Firm's efforts in assisting the Trustee in analyzing the assets of the Debtors' estate following his appointment, including real property interests and potential litigation claims. Many of the Debtors' real property interests are complex. The Trustee devoted significant time to analyzing such interests and implementing a plan for maximizing the value thereof. The Firm assisted in this effort from a legal perspective. Also included in this category is time spent on the settlement negotiations referenced in "Bankruptcy Litigation" below.

**Total Hours 105.80/Total Fees $72,290.00**

### B. Asset Disposition

Time billed to this category relates primarily to the Firm's efforts to negotiate, document, and obtain Court approval of various asset dispositions, including sales of certain real property interests. Among other things, the Firm was instrumental in effectuating a settlement that resulted in the waiver of a potential deficiency claim asserted against the Debtors' estate by SPI Wheatland, LP (as successor to Wells Fargo Foothill, Inc.) in the amount of $23,480,183 arising out of a loan payable by CMR Mortgage Fund III, LLC to CMR Income Fund, LLC. In the absence of the waiver of this claim, any possibility of a return to investors (which remains uncertain) would likely have been lost.

**Total Hours 40.20/Total Fees $23,640.00**

### C. Bankruptcy Litigation

A substantial portion of the Firm's time during the Application Period was devoted to assisting the Trustee in connection with multi-party settlement negotiations with: (a) the Official Committee of Equity Security Holders (the "Equity Committee"), (b) the Debtors' former principal, David Choo, and his non-debtor affiliate, California Mortgage and Realty Inc. ("CMRI"), and (c) two insurers, Indian Harbor Insurance Company and Certain Underwriters at Lloyd's, London ("Lloyd's"). Mr. Choo and CMRI are the subject of various lawsuits arising from their management of the Debtors, including a pending putative class action commenced by members of the Equity Committee in this Court. Although the Equity Committee was appointed as estate representative

with respect to insider claims against Mr. Choo and CMRI prior to the Trustee's appointment, the Trustee believes that the claims against Mr. Choo and CMRI, and any insurance coverage that may be available with respect thereto, represent a substantial asset of the Debtors' estates that needs to be preserved and maximized. The Trustee and the Firm played an active role in efforts to reach a resolution of the pending litigation and their efforts have been productive in accomplishing a settlement and ensuring that the estate receives the majority of the net proceeds therefrom. On May 18, 2012, the Equity Committee filed a motion to commence the process of obtaining approval of a global class action settlement with Mr. Choo, CMRI and their insurers. Under the proposed settlement, which was negotiated at length by the Trustee and the Firm as well as other constituents, the insurers will release a substantial portion of available insurance proceeds to satisfy the claims against Mr. Choo and CMRI -- sixty percent of such proceeds will go to the Debtors' estate and the remainder will go to the investor settlement class. The settlement also will have the effect of: (i) resolving coverage litigation instituted by Lloyds (thereby freeing up significant insurance proceeds for payment under the settlement) and (ii) resolving certain claims being asserted by investors in an arbitration proceeding that was draining a substantial portion of the insurance coverage otherwise available to fund any settlement.

**Total Hours 118.10/Total Fees $86,575.00**

**D.** **Case Administration**

Time billed to this category primarily relates to miscellaneous case matters that are not easily classified within any other specific categories, including such items as communicating with the Trustee and his staff, the Equity Committee and its professionals, and creditors, investors and other parties in interest; analyzing case documents and correspondence; and miscellaneous legal research.

**Total Hours 79.30/Total Fees $48,324.00**

**E.** **Claims Analysis/Objection**

Time billed to this category relates to the review and analysis of various claims filed against the Debtors' estates and research relating to the settlement of insider claims.

**Total Hours 10.70/Total Fees $6,342.00**

Case: 08-32220 Doc# 1013 Filed: 05/21/12 Entered: 05/21/12 16:53:11 Page 5 of 12
DOCS_SF:79922.1 49666-001

**F.   Compensation of Professionals**

Time billed to this category relates to the preparation and negotiation of stipulations regarding subordination of professional fees incurred prior to the Trustee's appointment.

**Total Hours 4.00/Total Fees $2,367.50**

**G.   Executory Contracts**

The Firm billed minimal time to this category relating to research surrounding executory contracts.

**Total Hours 0.50/Total Fees $137.50**

**H.   Financial Filings**

Time billed to this category relates to the review and analysis of the Debtors' monthly operating reports.

**Total Hours 1.40/Total Fees $839.00**

**I.   Hearings**

Time billed to this category relates to the attendance at various hearings held in the case, including case status conferences set by the Court.

**Total Hours 2.50/Total Fees $1,687.50**

**J.   Insurance Coverage**

In the context of the settlement discussions with Mr. Choo and CMRI noted above, the Firm analyzed various insurance issues and advised the Trustee on potential impacts from the perspective of insurance law.

**Total Hours 26.80/Total Fees $20,100.00**

**K.   Litigation (Non-Bankruptcy)**

Time billed to this category primarily relates to review and analysis of lawsuits filed against Mr. Choo and CMRI and the impact that such claims could have on the Debtors' estate or its ability to recover insurance proceeds.

**Total Hours 21.30/Total Fees $16,207.50**

**L.   Plan and Disclosure Statement**

The Firm billed minimal time to this category relating to research regarding the Debtors' plan and disclosure statement.

**Total Hours 0.20/Total Fees $40.00**

**M.   Retention of Professionals / Retention of Professionals (Others)**

Time billed to these two categories could easily have been billed to either one or the other. During the Application Period, the Firm, among other things: reviewed retention applications of other professionals employed in the case; drafted applications to employ (i) Corporate Management Inc., the Trustee's financial advisor; and (ii) BRG LLC, the Trustee's accountants and financial advisor; reviewed applications to employ various real estate brokers and drafted declarations in support thereof; and reviewed various broker listing agreements.

**Retention of Professionals:   Total Hours 29.40/Total Fees $15,901.50**

**Retention of Professionals (Others):   Total Hours 4.50/Total Fees: $1,737.50**

**N.   Stay Litigation**

Time billed to this category relates to the Firm's review, analysis and handling of various stay relief motions filed in the case since the Trustee's appointment, including the matter addressed above involving SPI Wheatland, LP. The Firm also devoted time in this category to analyzing a motion for relief from stay filed as to the Debtors' interests in certain property located in Brisbane, California. The Trustee, with the assistance of the Firm and after conducting due diligence, ultimately made the decision not to oppose stay relief in this instance.

**Total Hours 33.90/Total Fees $24,962.50**

**O.   List of Expenses by Category**

PSZ&J advanced costs, including certain in-house charges, on behalf of the Trustee in connection with the performance of the services described in this Application. During the Application Period, PSZ&J incurred a total of $16,512.89[2] in expenses. PSZ&J made every effort to keep the costs in this case to a minimum.

---

[2] This amount includes a voluntary write-off of $5,000.00 for Westlaw – Legal Research charges incurred in the Firm's monthly billing statements.

PSZ&J customarily charges $0.20 per page for photocopying expenses and $0.10 per page for scanning and printing charges. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis. Whenever feasible, PSZ&J sends large copying projects to an outside copy service that charges a reduced rate for photocopying.

Ordinarily, PSZ&J charges $1.00 per page for out-going facsimile transmissions. Pursuant to the Northern District Fee Guidelines, however, PSZ&J has agreed not to charge for outgoing facsimiles. Fax receipts are charged at $0.20 per page, the same cost as PSZ&J charges for photocopies.

PSZ&J does not charge for local or long distance calls placed by attorneys from their offices. PSZ&J only bills its clients for the actual costs charged to PSZ&J by teleconferencing services in the event that a multiple party teleconference is initiated through PSZ&J.

Regarding providers of on-line legal research (e.g., LEXIS and Westlaw), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amount charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

**P.     Hourly Rates**

The hourly rates of all professionals and paraprofessionals rendering services in this case are set forth on the Billing Summary Chart on **Exhibit A** hereto.

**Q.     Professionals and Paraprofessionals**

The biographies of the principal attorneys who have worked on this matter and a description of their professional education and biographies during the Application Period are attached hereto as **Exhibit D**.

**R.     Client Review of Billing Statements**

Pursuant to the Northern District Guidelines, a cover letter to the Application is being sent to the Trustee concurrently with the filing of this Application. The letter invites the Trustee to discuss with the Firm and/or the Office of the United States Trustee any objections, concerns, or questions

the Trustee may have with regard to the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit E**.

**S.     Notice of Application and Hearing**

A copy of this Application will be served upon the Trustee, the Office of the United States Trustee, and parties who have requested to receive notices in this case. Notice of the Application and the hearing thereon will be provided to the foregoing parties, plus all creditors of this estate in accordance with Bankruptcy Rule 2002(a).

## III.

## THE FIRM'S FEES AND EXPENSES SHOULD BE ALLOWED
## BASED UPON APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for PSZ&J's services as counsel to the Trustee.

**A.     Evaluation of Requests for Compensation**

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3)

Case: 08-32220   Doc# 1013   Filed: 05/21/12   Entered: 05/21/12 16:53:11   Page 9 of 12
DOCS_SF:79922.1 49666-001

the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in the Firm's professional fee statements contained in the exhibits hereto. PSZ&J's services and time expenditures are reasonable in light of the labor required in this case. The Firm's charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco area, other than in a case under the Bankruptcy Code. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm and other professionals representing trustees, committees, and debtors in similar circumstances.

**B.     Section 330(a)(3) Factors**

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3). Although several of these factors (such as the time involved, the timeliness of PSZ&J's performance, and the complexity of the case) were addressed above, PSZ&J believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330 (a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. PSZ&J believes the facts of this case make it evident that PSZ&J's services were both necessary and beneficial. PSZ&J's efforts were essential to the Trustee's efforts to assemble the assets of this estate and to begin the process of maximizing the value of such assets for the benefit of creditors. In this regard, PSZ&J provided advice, counsel and direction to the Trustee to assist him in his central role in this case.

Second, Bankruptcy Code section 330 (a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. PSZ&J believes its attorneys are skilled and performed well in this case, and that the fees charged by PSZ&J are commensurate with the fees charged by PSZ&J's counterparts engaged in non-bankruptcy specialties of the law.

**C.     Available Funds**

PSZ&J understands that the Trustee has sufficient funds available in the estate for the payment of fees and costs requested in the Application.

## IV.

## CONCLUSION

The compensation presently sought by PSZ&J is interim. Neither PSZ&J, nor any shareholders or associates of the Firm, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded PSZ&J with any other person or attorney, except among shareholders and associates of the Firm.

PSZ&J believes that the services rendered for which compensation is sought in this Application have been beneficial to the estate, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, PSZ&J respectfully requests that this Court (a) authorize allowance and payment of fees and costs, and (b) award interim compensation, as follows:

1. Allow interim compensation to the Firm in the amount of $337,664.39 (net of write-offs), inclusive of all fees and costs for the period from April 14, 2011 through December 31, 2011, consisting of $321,151.50 of fees and $16,512.89 of expenses;

2. Authorize the Trustee to pay the Firm $337,664.39, which represents 100% of the fees and 100% of the costs incurred for the period from April 14, 2011 through December 31, 2011; and

3. Grant such other and further relief as may be appropriate under the circumstances.

Dated: May 21, 2012 PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Maxim B. Litvak*
Maxim B. Litvak
Attorneys for Richard M. Kipperman
Chapter 11 Trustee