Entered on Docket
December 21, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  David M. Bertenthal (CA Bar No. 167624)
   Maxim B. Litvak (CA Bar No. 215852)
2  Miriam Manning (CA Bar No. 178584)
   PACHULSKI STANG ZIEHL & JONES LLP
3  150 California Street, 15th Floor
   San Francisco, California 94111-4500
4  Telephone: 415/263-7000
   Facsimile: 415/263-7010

Signed and Filed: December 20, 2012

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

E-mail: dbertenthal@pszjlaw.com
        mlitvak@pszjlaw.com
        mmanning@pszjlaw.com

Counsel for Richard M Kipperman,
Chapter 11 Trustee

and

Scott H. McNutt (CA Bar No. 104696)
Shane J. Moses (CA Bar No. 250533)
MCNUTT LAW GROUP, LLP
188 The Embarcadero, Suite 800
San Francisco, CA 94105
Telephone: 415.995.8475
Facsimile: 415.995.8487

E-mail: smcnutt@ml-sf.com
        smoses@ml-sf.com

Counsel for the Official Committee of
Equity Security Holders

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 08-32220-TEC |
| | 09-30788-TEC |
| CMR MORTGAGE FUND, LLC, | 09-30802-TEC |
| CMR MORTGAGE FUND II, LLC, | |
| CMR MORTGAGE FUND III, LLC, | Chapter 11 |
| | **ORDER APPROVING SETTLEMENT WITH CALIFORNIA MORTGAGE AND REALTY, INC., DAVID CHOO, AND CALIFORNIA MORTGAGE AND REALTY ASSET MANAGEMENT PURSUANT TO BANKRUPTCY RULE 9019** |
| Debtors. | |
| | Date: December 14, 2012 |
| | Time: 10:30 a.m. |
| | Place: 235 Pine Street, 23rd Floor |
| | San Francisco, California |
| | Judge: Honorable Thomas Carlson |

The Court has considered the *Joint Motion of Chapter 11 Trustee and Official Committee of Equity Security Holders to Approve Settlement with California Mortgage and Realty, Inc., David Choo, and California Mortgage and Realty Asset Management Pursuant to Bankrupty Rule 9019* (the "Motion") [Docket No. 1083], filed November 16, 2012 by Richard M Kipperman, the duly appointed chapter 11 trustee (the "Trustee") of the above-captioned substantively consolidated debtors (collectively, the "Debtors"), and the Official Committee of Equity Security Holders (the "Equity Committee"). The Motion requested entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the *Class and Derivative Action Settlement Agreement* dated as of May 2012 (the "Settlement Agreement"),[1] between the Trustee, the Equity Committee, certain members of the Equity Committee as class plaintiffs, on the one hand, and California Mortgage and Realty, Inc. ("CMRI"), David Choo ("Choo") and California Mortgage and Realty Asset Management (collectively, the "Defendants"), on the other hand. The Settlement Agreement has been approved by the Contributing Insurers (as defined in the Settlement Agreement) consisting of Indian Harbor Insurance Company ("Indian Harbor") and Certain Underwriters at Lloyd's, London ("Lloyd's"). A true and correct copy of the Settlement Agreement is attached to the Motion as Exhibit A.

The Settlement Agreement is the subject of a pending *Motion for An Order Preliminarily Approving Proposed Settlement, Preliminarily Certifying Settlement Class, Approving Form and Dissemination of Class Notice, and Setting Date for Hearing on Final Approval* (the "Class Settlement Motion"), filed separately in adversary proceeding no. 10-03107. This Court preliminarily approved the Class Settlement Motion and set the matter for a final fairness hearing on December 14, 2012. The Court having heard all arguments on the Motion, and no objections to the Motion having been filed,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is granted.

2. The Settlement Agreement is approved. The Trustee is authorized to consummate the transactions contemplated under the Settlement Agreement.

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Settlement Agreement.

3. The Plan of Allocation, attached to the Motion as Exhibit B, is approved.

4. Notwithstanding any otherwise applicable provision of the Federal Rules of Bankruptcy Procedure that would stay the effectiveness of this Order, this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order, subject to the terms of the Settlement Agreement.

###

COURT SERVICE LIST

Registered ECF Participants

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_SF:82045.249666/001

Case: 08-32220  Doc# 1114  Filed: 12/20/12  Entered: 12/21/12 09:18:27  Page 4 of 4

ORDER APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019