# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into by and between Kumiko Stevens, Willard H. Campbell, an individual and as Trustee of the Campbell Trust Agreement dated 3/12/04, Catherine J. Campbell, an individual and as Trustee of the Campbell Trust Agreement dated 3/12/04, Hilary Chase, an individual and as Trustee of the Hilary Chase Irrevocable Trust #1 and the Hilary Chase Irrevocable Trust #2, John L. Chase, an individual and on behalf of the Pensco Trust Company fbo John Chase IRA#CH213 and IRA#CH274, John Chase as the Trustee of The Hunt/Gould Special Needs Trust; Susan G. Chase, an individual and on behalf of the Pensco Trust Company fbo Susan G. Chase IRA#CH251 and IRA#275, Leslie M. Chase, an individual and as Trustee of the Leslie M. Chase Family Trust B, Sarah Chase, an individual and on behalf of the Pensco Trust Company fbo Sarah Chase IRA#CH257, George L. Sheets, an individual and as Trustee for The Sheets Family Revocable Trust; June V. Sheets, an individual and as Trustee for The Sheets Family Revocable Trust (collectively, the "Plaintiffs"), California Mortgage and Realty, Inc. ("CMRI"), David Choo ("Choo"), CMR Commercial Mortgage Fund, LLC, CMR Income Fund, LLC (collectively, the "Defendants") and Richard M Kipperman (the "Trustee"), solely in his capacity as chapter 11 trustee of the substantively-consolidated bankruptcy estate of CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and CMR Mortgage Fund III, LLC ("Fund III")  (Fund I, Fund II and Fund III are collectively referred to herein as, the "Debtors").  The Plaintiffs, Defendants and the Trustee are collectively referred to herein as the "Parties" or, individually, as a "Party".

## RECITALS

A.    On November 19, 2008, Fund I filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") as Case No. 08-32220.  On March 31, 2009, Fund II and Fund III each filed voluntary chapter 11 petitions in the Bankruptcy Court, as Case No. 09-30788 and Case No. 09-30802, respectively.

B.    By order of the Bankruptcy Court dated April 7, 2011, the Debtors' cases were substantively consolidated.

C.    On April 14, 2011, the Trustee was appointed as chapter 11 trustee in the Debtors' substantively-consolidated case.

D.    On or about February 2010, the Plaintiffs filed suit in the Superior Court of California, County of San Francisco, case number 10-497123, which case was ordered to JAMS Arbitration, JAMS Ref. No. 1120009754 ("State Court Actions") against the Defendants and Does 1-150.  Through the State Court Actions, the Plaintiffs asserted various claims against the Defendants arising in both tort and contract relating to the Defendants' alleged mismanagement of the Debtors' business enterprise and the Plaintiffs' investments therein.  The Plaintiffs allege, among other things, that Defendants misrepresented that the Plaintiffs' investments would meet certain conservative underwriting criteria that would protect the investors from losses and that,

because the Defendants deviated from such criteria, the Plaintiffs lost their investments and incurred millions of dollars in damages.

E.    The Defendants have denied any wrongdoing and have denied the allegations in the State Court Actions.

F.    On or about June 2010, a class and derivative lawsuit (the "Class and Derivative Action") was filed by William Bergman, Richard and Catherine Tiesso, as Trustees of the Tiesso Revocable Family Trust, and John C. Sherwood (together, the "Class Plaintiffs"), individually and on behalf of a class consisting of the members of the Debtors (the "Class"). The Class and Derivative Action was filed against the Debtors' sole manager, CMRI, and its principal, Choo, and is currently pending in the Bankruptcy Court. The Trustee, the Class Plaintiffs, Choo and CMRI and other interested parties have negotiated a settlement of the Class and Derivative Action pursuant to the terms of the Class and Derivative Action Settlement Agreement (the "Class and Derivative Settlement Agreement"), which has yet to be approved by the Bankruptcy Court. The Class Plaintiffs and the Trustee have agreed that settlement proceeds provided for by the Class and Derivative Settlement Agreement are to be distributed according to a plan of allocation (the "Plan of Allocation") to be approved by the Bankruptcy Court.

G.    Since the filing of the State Court Actions, the Parties have met and conferred regarding their respective claims and defenses and have determined that it is in their respective best interests to consensually resolve the State Court Actions, contingent upon Bankruptcy Court approval of the Class and Derivative Settlement Agreement and consummation thereof, as set forth herein.

**NOW THEREFORE**, the Parties, in consideration of the mutual promises and covenants contained herein, and without admitting liability, hereby agree as follows:

## AGREEMENT AND RELEASE

1.    **Effectiveness of Agreement.** It shall be a condition precedent to the effectiveness of this Agreement that (i) this Agreement shall have been executed and delivered by each of the Parties, (ii) this Agreement shall have been approved by an order entered by the Bankruptcy Court (the "Approval Order"); (iii) the settlement of the Class and Derivative Action pursuant to the terms of the Class and Derivative Settlement Agreement shall have been approved by an order (the "Class and Derivative Settlement Order") entered by the Bankruptcy Court in a form acceptable to the Trustee and such settlement shall have gone into effect, and (iv) neither the Approval Order nor the Class and Derivative Settlement Order shall have been stayed, modified, reversed or vacated. The "Effective Date" of this Agreement shall be the date on which all of the foregoing conditions have been met. If for any reason the Effective Date does not occur within 240 days from the execution of this Agreement, any of the Parties shall have the right to terminate this Agreement upon ten (10) days' written notice to the other Parties.

2.    **Substantial Contribution Claim.** On the Effective Date, the Plaintiffs shall have an allowed substantial contribution administrative expense claim under 11 U.S.C. § 503(b)(3)(D) against the Debtors' estate in the amount of $250,000 (the "Substantial

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 3 of 30

Contribution Claim"), payable solely out that portion of the proceeds of the settlement of the Class and Derivative Action which are allocated to the Debtors' estate for payment of any such claims pursuant to the Plan of Allocation. Payment of the Substantial Contribution Claim is to be made once the proceeds of the Class and Derivative Action are released to the Trustee pursuant to the terms of the Class and Derivative Settlement Agreement and the Plan of Allocation.

3.  **Preservation of Interests.** Notwithstanding paragraphs 6, 8, and 9 below, each of the Plaintiffs shall retain his or her respective interest as member of the Class and shall participate in the settlement of the Class and Derivative Action as a member of the Class certified by the Bankruptcy Court and be bound by the terms of the Class and Derivative Settlement Agreement. Plaintiffs agree that they shall not object to the Class and Derivative Settlement and/or the Plan of Allocation or Class Counsel's Application for Attorneys' Fees, provided that the Plan of Allocation is not inconsistent with this Agreement.

4.  **Payments of Future Gains.** From and after the Effective Date, the Trustee shall pay to the Plaintiffs and the Plaintiffs shall receive ten percent (10%) of any amount actually paid to the Class and the Debtors' estate (net of any costs of collection or preservation of the assets in question), or their respective successors or assigns, from any future realized net gains and future unrealized gains, as defined in Sections 5.1 and 5.2 of the Class and Derivative Settlement Agreement, with such payment to be made by the Trustee to the Plaintiffs within thirty (30) days of the Trustee's receipt of such funds and final reconciliation of any costs that need to be paid from such funds.

5.  **Dismissal.** Upon the Effective Date and payment of the Substantial Contribution Claim, the Plaintiffs shall dismiss the State Court Actions, with prejudice, with each party to bear its own fees and expenses.

6.  **Plaintiffs' Release.** Upon the Effective Date and receipt of payment of the Substantial Contribution Claim, the Plaintiffs hereby release, waive and forever discharge the Defendants, the Trustee, the Debtors and the Debtors' estates and their respective predecessors, successors, agents, servants, employees, and attorneys of and from any and all claims, debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, crossclaims, claims for attorneys' fees and all causes of action, and other liabilities of whatsoever character, arising at any time prior to the date of this Agreement, whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by the Plaintiffs, including, without limitation, the claims, facts or circumstances alleged in the State Court Actions and/or the Class and Derivative Action or any insurance coverage that may be available with respect thereto. Notwithstanding the foregoing, nothing herein constitutes a release of any of the Plaintiffs' rights arising under this Agreement.

7.  **Defendants' Release.** Upon the Effective Date and payment of the Substantial Contribution Claim, the Defendants hereby release, waive and forever discharge the Plaintiffs and their respective predecessors, successors, agents, servants, employees, and attorneys of and from any and all claims, debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, crossclaims, claims for attorneys' fees and all causes of action, and other liabilities of whatsoever character, arising at any time prior to the date of this Agreement,

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 4 of 30

whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by the Defendants, including, without limitation, the claims, defenses, facts or circumstances alleged in the State Court Actions and/or the Class and Derivative Action or any insurance coverage that may be available with respect thereto. Notwithstanding the foregoing, nothing herein constitutes a release of any of the Defendants' rights arising under this Agreement.

8. **Plaintiffs' Waiver of Claims Against Trustee and Debtors' Estate.** Upon the Effective Date and payment of the Substantial Contribution Claim, the Plaintiffs acknowledge and agree that they shall have no claims against the Trustee and/or the Debtors' estate or any insurance coverage that may be available to the Trustee and/or the Debtors' estate. Each of the Plaintiffs expressly waives any right to any distribution from the Debtors' estate on account of his or her respective membership, investment or equity interests in the Debtors.

9. **Section 1542 Waiver.** The Plaintiffs and the Defendants expressly waive any right to assert hereafter that any claim released herein has been omitted from the terms of the foregoing mutual releases through ignorance, oversight, error or any other cause, and they also expressly waive all rights that they may have under Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs and the Defendants expressly acknowledges that they may in the future discover facts in addition to or different from those they now know or believe to be true with respect to the subject matters of this Agreement. Nevertheless, each of the Plaintiffs and the Defendants agrees to fully, finally and forever settle all claims within the scope of the releases as set forth in this Agreement, whether or not hidden or excluded, known or unknown, without regard to the subsequent discovery or existence of different or additional facts. The Plaintiffs and the Defendants acknowledge that this waiver was separately bargained for and is a key element of the settlement of which this release is a part.

10. **Binding Effect.** The provisions of this Agreement shall be binding upon the Parties and their respective successors and assigns, including any trustee or estate representative that may be appointed herein under any provisions of the Bankruptcy Code.

11. **Further Assurances.** From and after execution of this Agreement, the Plaintiffs agree to support certification of the Class and approval of the Class and Derivative Settlement Agreement and to take any appropriate action reasonably requested by the Class Plaintiffs, the Trustee and/or the Defendants in connection therewith. From and after the Effective Date, the Plaintiffs agree to execute any further or necessary documentation that may be requested by the Class Plaintiffs, the Trustee, the Defendants and/or any applicable insurers consistent with the terms of this Agreement and the Class and Derivative Settlement Agreement.

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 5 of 30

12. **Attorneys' Fees and Costs.** Each Party to this Agreement agrees to bear its own legal and other costs incurred to date. Should any Party institute any action or proceeding to enforce any provision of this Agreement, or for damages by reason of any alleged breach of any provision of this Agreement, the prevailing party in such action or proceeding shall recover from the losing party all reasonable attorneys' fees and costs reasonably incurred by the prevailing party for the service rendered for or on behalf of such prevailing party.

13. **Governing Law.** This Agreement shall be governed by the laws of the State of California without regard to its conflicts of laws principles. Any action arising from or in connection with the enforcement of this Agreement shall be filed and maintained before the Bankruptcy Court.

14. **Entire Agreement.** The Parties further agree and acknowledge that this Agreement sets forth all of the terms and conditions between the Parties concerning the subject matter of this Agreement, superseding all prior oral and written statements and representations, and that there are no terms or conditions between the Parties and relating to the subject matter hereof except as specifically set forth in this Agreement.

15. **Modification or Waiver.** No modification or waiver of any provision of this Agreement shall be effective unless it is in writing. Any modification or waiver must be signed by authorized representatives of the Parties.

16. **No Strict Interpretation Against Draftsman.** Each of the Parties has participated in the drafting of this Agreement and has had the opportunity to consult with counsel concerning its terms. This Agreement shall not be interpreted strictly against any one Party on the ground that it or he drafted the Agreement.

17. **Authority to Settle.** Each Party signing this Agreement represents and warrants to each other Party it or he is authorized to enter into this Agreement on behalf of such Party, subject only to the entry of the Approval Order.

18. **Advice of Counsel.** In entering into this Agreement, the Parties represent that they have relied upon their own judgment and the legal advice of their own individual attorneys who are the attorneys of their choice. The Parties further represent that they fully understand and voluntarily accept the terms of this Agreement, or have consulted with counsel of their choosing to explain any terms they do not understand. The Plaintiffs and the Defendants specifically acknowledge that they have been represented in the negotiation and execution of this Agreement by counsel of their own choosing, and that the Trustee has not counseled or represented the Plaintiffs or the Defendants regarding the terms of this Agreement.

19. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and any counterpart shall have the same effect as if all parties had executed the Agreement.

[Signature Page Follows]

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 6 of 30

**IN WITNESS WHEREOF**, the Parties execute this Agreement as of the date set forth below.

Dated: _____, 2012

By _____
Richard M Kipperman, solely in his
capacity as chapter 11 trustee for the
substantively-consolidated bankruptcy
estate of CMR Mortgage Fund, LLC, CMR
Mortgage Fund II, LLC, and CMR
Mortgage Fund III, LLC

Dated: _____, 2012          PLAINTIFFS

By _____
Kumiko Stevens

Dated: _____, 2012

By _____
Willard H. Campbell, an individual and as
Trustee of the Campbell Trust Agreement,
dated 3/12/04

Dated: _____, 2012

By _____
Catherine J. Campbell, an individual and as
Trustee of the Campbell Trust Agreement
dated 3/12/04

Case: 08-32220     Doc# 1134-3     Filed: 01/17/13     Entered: 01/17/13 12:37:51     Page 7 of 30

**IN WITNESS WHEREOF**, the Parties execute this Agreement as of the date set forth below.

Dated: _____, 2012

By: _____
Richard M Kipperman, solely in his
capacity as chapter 11 trustee for the
substantively consolidated bankruptcy
estate of CMR Mortgage Fund, LLC, CMR
Mortgage Fund II, LLC, and CMR
Mortgage Fund III, LLC

Dated: 12/19 , 2012

PLAINTIFFS

By: _____
Kumiko Stevens

Dated: _____, 2012

By: _____
Willard H. Campbell, an individual and as
Trustee of the Campbell Trust Agreement,
dated 3/12/94

Dated: _____, 2012

By: _____
Catherine J. Campbell, an individual and as
Trustee of the Campbell Trust Agreement,
dated 3/12/94

8 of 9

**IN WITNESS WHEREOF,** the Parties execute this Agreement as of the date set forth below.

Dated: _29 Nov_ , 2012

By _____

Richard M Kipperman, solely in his
capacity as chapter 11 trustee for the
substantively-consolidated bankruptcy
estate of CMR Mortgage Fund, LLC, CMR
Mortgage Fund II, LLC, and CMR
Mortgage Fund III, LLC


Dated: _____, 2012          **PLAINTIFFS**

By _____

Kumiko Stevens


Dated: _____, 2012

By _____

Willard H. Campbell, an individual and as
Trustee of the Campbell Trust Agreement,
dated 3/12/04


Dated: _____, 2012

By _____

Catherine J. Campbell, an individual and as
Trustee of the Campbell Trust Agreement
dated 3/12/04


00010006-1                          6 of 9

**IN WITNESS WHEREOF**, the Parties execute this Agreement as of the date set forth below.

Dated: _____, 2012

By _____
Richard M Kipperman, solely in his
capacity as chapter 11 trustee for the
substantively-consolidated bankruptcy
estate of CMR Mortgage Fund, LLC, CMR
Mortgage Fund II, LLC, and CMR
Mortgage Fund III, LLC

Dated: _____, 2012          PLAINTIFFS

By _____
Kumiko Stevens

Dated: 12~21~, 2012

By _____
Willard H. Campbell, an individual and as
Trustee of the Campbell Trust Agreement,
dated 3/12/04

Dated: 12~21~, 2012

By _____
Catherine J. Campbell, an individual and as
Trustee of the Campbell Trust Agreement
dated 3/12/04

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 10 of 30

Dated _____, 2012

By *Susan G Chase, Trustee*
Susan G. Chase, Trustee of
William G Goodwin Trust FBO
Jane Goodwin

Dated: _____, 2012

By *Susan G Chase, Trustee*
Hilary Chase, an individual and as Trustee
of the Hilary Chase Irrevocable Trust #1
and the Hilary Chase Irrevocable Trust #2
*Susan G. Chase Trustee*

Dated: _____, 2012

By *John L Chase*
John L. Chase, an individual and on behalf
of the Pensco Trust Company fbo John
Chase IRA#CH213 and IRA#CH274

Dated: _____, 2012

By *John L Chase* Trustee
John Chase as the Trustee of The
Hunt/Gould Special Needs Trust

Dated: _____, 2012

By *Susan G Chase*
Susan G. Chase, an individual and on
behalf of the Pensco Trust Company fbo
Susan G. Chase IRA#CH251 and IRA#275

Dated: _____, 2012

By *John L Chase* Trustee
Leslie M. Chase, an individual and as
Trustee of the Leslie M. Chase Family *Trust B,*
*executor and Trustee Margaret*
*E. Chase Trust B and Estate*
*of Leslie and Margaret Chase*

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 11
of 30

Trust B

Dated: _____, 2012

By _____
Sarah Chase, an individual and on behalf
of the Pensco Trust Company fbo Sarah
Chase IRA#CH257;

Dated: *Jan 4, 2013*
_____, 2012

By *George L. Sheets*
_____
George L. Sheets, an individual and as
Trustee for The Sheets Family Revocable
Trust

Dated: *Jan. 4 2013*
_____, 2012

By *June V. Sheets*
_____
June V. Sheets, an individual and as
Trustee for The Sheets Family Revocable
Trust

Dated: _____, 2012

CALIFORNIA MORTGAGE AND REALTY,
INC.

By _____
By: _____
Title: _____

Dated: _____, 2012

By _____
David Choo, in his individual capacity

00010555-1
DOCS_SF:82075.2 49666/001

8 of 9

Trust B

Dated: _____, 2012

By _*Sarah Chase*_____
Sarah Chase, an individual and on behalf
of the Pensco Trust Company fbo Sarah
Chase IRA#CH257;

Dated: _____, 2012

By _____
George L. Sheets, an individual and as
Trustee for The Sheets Family Revocable
Trust

Dated: _____, 2012

By _____
June V. Sheets, an individual and as
Trustee for The Sheets Family Revocable
Trust

Dated: _____, 2012

CALIFORNIA MORTGAGE AND REALTY,
INC.

By _____
By:
Title:

Dated: _____, 2012

By _____
David Choo, in his individual capacity

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 13
of 30

Trust B

Dated: _____, 2012

By _____
Sarah Chase, an individual and on behalf
of the Pensco Trust Company fbo Sarah
Chase IRA#CH257;

Dated: _____, 2012

By _____
George L. Sheets, an individual and as
Trustee for The Sheets Family Revocable
Trust

Dated: _____, 2012

By _____
June V. Sheets, an individual and as
Trustee for The Sheets Family Revocable
Trust

CALIFORNIA MORTGAGE AND REALTY,
INC.

Dated: 12/13, 2012

By _____
By:
Title:

Dated: 12/1, 2012

By _____
David Choo, in his individual capacity

00010006-1                    8 of 9

Dated: _____, 2012

CMR COMMERCIAL MORTGAGE FUND, LLC

By _____
Name:
Title:

Dated: _____, 2012

CMR INCOME FUND, LLC

By _____
Name:
Title:

00010006-1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into by and between Reva Bailey, George Chilianis, Maria Chilianis, Claremont Towers Apartments, L.P., William Dobbin, Dennis McCarty, Mendocino Manor, Ltd., L.P., Barbara F. Strouzas, Betsie Strouzas, as Trustee of the Strouzas Revocable Trust Agreement Dated July 2, 1986, Irene Strouzas, Spyridon Strouzas, Penelope Tamm, and Joseph Zadik **[NOTE: Need to confirm list]** (collectively, the "Plaintiffs"), California Mortgage and Realty, Inc. ("CMRI"), David Choo ("Choo"), CMR Commercial Mortgage Fund, LLC, CMR Income Fund, LLC (collectively, the "Defendants") and Richard M Kipperman (the "Trustee"), solely in his capacity as chapter 11 trustee of the substantively-consolidated bankruptcy estate of CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and CMR Mortgage Fund III, LLC ("Fund III") (Fund I, Fund II and Fund III are collectively referred to herein as, the "Debtors"). The Plaintiffs, Defendants and the Trustee are collectively referred to herein as the "Parties" or, individually, as a "Party".

## RECITALS

A.     On November 19, 2008, Fund I filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") as Case No. 08-32220. On March 31, 2009, Fund II and Fund III each filed voluntary chapter 11 petitions in the Bankruptcy Court, as Case No. 09-30788 and Case No. 09-30802, respectively.

B.     By order of the Bankruptcy Court dated April 7, 2011, the Debtors' cases were substantively consolidated.

C.     On April 14, 2011, the Trustee was appointed as chapter 11 trustee in the Debtors' substantively-consolidated case.

D.     Beginning in March 2009, the Plaintiffs filed claims for fraud and breach of fiduciary duty, among other causes of action, against Choo, CMRI, and the Debtors in actions styled *Joseph Zadik v. California Mortgage and Realty, Inc., et al.,* San Francisco Superior Court Case No. CGC-09-486094 (filed March 12, 2009); *Spyridon Strouzas et al. v. David Choo et al.,* San Francisco Superior Court Case No. CGC-09-491988 (filed August 28, 2009); and *Dennis McCarty v. Choo et al.,* San Francisco Superior Court Case No. CGC-09-492051 (filed August 31, 2009) (collectively, the State Court Actions").

E.     The Defendants have denied any wrongdoing and have denied the allegations in the State Court Action.

F.     On or about June 2010, a class and derivative lawsuit (the "Class and Derivative Action") was filed by William Bergman, Richard and Catherine Tiesso, as Trustees of the Tiesso Revocable Family Trust, and John C. Sherwood (together, the "Class Plaintiffs"), individually and on behalf of a class consisting of the members of the Debtors (the "Class"). The Class and Derivative Action was filed against the Debtors' sole manager, CMRI, and its principal, Choo, and is currently pending in the Bankruptcy Court. The Trustee, the Class Plaintiffs, Choo and

CMRI and other interested parties have negotiated a settlement of the Class and Derivative Action pursuant to the terms of the Class and Derivative Action Settlement Agreement (the "Class and Derivative Settlement Agreement"), which has yet to be approved by the Bankruptcy Court. The Class Plaintiffs and the Trustee have agreed that settlement proceeds provided for by the Class and Derivative Settlement Agreement are to be distributed according to a plan of allocation (the "Plan of Allocation") to be approved by the Bankruptcy Court.

G. On or about June 1, 2012, the Plaintiffs filed an objection to approval of the Class and Derivative Settlement Agreement with the Bankruptcy Court (as amended and supplemented, the "Objection").

H. Since the filing of the State Court Actions and the Objection, the Parties have met and conferred regarding their respective claims and defenses and have determined that it is in their respective best interests to consensually resolve the State Court Actions, contingent upon Bankruptcy Court approval of the Class and Derivative Settlement Agreement and consummation thereof, as set forth herein.

**NOW THEREFORE**, the Parties, in consideration of the mutual promises and covenants contained herein, and without admitting liability, hereby agree as follows:

## AGREEMENT AND RELEASE

1. **Effectiveness of Agreement.** It shall be a condition precedent to the effectiveness of this Agreement that (i) this Agreement shall have been executed and delivered by each of the Parties, (ii) this Agreement shall have been approved by an order entered by the Bankruptcy Court (the "Approval Order"); (iii) the settlement of the Class and Derivative Action pursuant to the terms of the Class and Derivative Settlement Agreement shall have been approved by an order (the "Class and Derivative Settlement Order") entered by the Bankruptcy Court in a form acceptable to the Trustee and such settlement shall have gone into effect, and (iv) neither the Approval Order nor the Class and Derivative Settlement Order shall have been stayed, modified, reversed or vacated. The "Effective Date" of this Agreement shall be the date on which all of the foregoing conditions have been met. If for any reason the Effective Date does not occur within 240 days from the execution of this Agreement, any of the Parties shall have the right to terminate this Agreement upon ten (10) days' written notice to the other Parties.

2. **Substantial Contribution Claim.** On the Effective Date, the Plaintiffs shall have an allowed substantial contribution administrative expense claim under 11 U.S.C. § 503(b)(3)(D) against the Debtors' estate in the amount of $250,000 (the "Substantial Contribution Claim"), payable solely out that portion of the proceeds of the settlement of the Class and Derivative Action which are allocated to the Debtors' estate for payment of any such claims pursuant to the Plan of Allocation. Payment of the Substantial Contribution Claim is to be made once the proceeds of the Class and Derivative Action are released to the Trustee pursuant to the terms of the Class and Derivative Settlement Agreement and the Plan of Allocation.

3. **Preservation of Interests.** Notwithstanding paragraphs 6, 8, and 9 below, each of the Plaintiffs shall retain his or her respective interest as member of the Class and shall participate in the settlement of the Class and Derivative Action as a member of the Class certified by the Bankruptcy Court and be bound by the terms of the Class and Derivative

Settlement Agreement. Plaintiffs agree that they shall not object to the Class and Derivative Settlement and/or the Plan of Allocation or Class Counsel's Application for Attorneys' Fees, provided that the Plan of Allocation is not inconsistent with this Agreement

4. **Payments of Future Gains.** From and after the Effective Date, the Plaintiffs shall receive ten percent (10%) of any amount actually paid to the Class and the Debtors' estate (net of any costs of collection or preservation of the assets in question), or their respective successors or assigns, from any future realized net gains and future unrealized gains, as defined in Sections 5.1 and 5.2 of the Class and Derivative Settlement Agreement.

5. **Dismissal.** Upon the Effective Date and payment of the Substantial Contribution Claim, the Plaintiffs shall dismiss the State Court Actions, with prejudice, with each party to bear its own fees and expenses.

6. **Plaintiffs' Release.** Upon the Effective Date and receipt of payment of the Substantial Contribution Claim, the Plaintiffs hereby release, waive and forever discharge the Defendants, the Trustee, the Debtors and the Debtors' estates and their respective predecessors, successors, agents, servants, employees, and attorneys of and from any and all claims, debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, crossclaims, claims for attorneys' fees and all causes of action, and other liabilities of whatsoever character, arising at any time prior to the date of this Agreement, whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by the Plaintiffs, including, without limitation, the claims, facts or circumstances alleged in the State Court Actions and/or the Class and Derivative Action or any insurance coverage that may be available with respect thereto. Notwithstanding the foregoing, nothing herein constitutes a release of any of the Plaintiffs' rights arising under this Agreement.

7. **Defendants' Release.** Upon the Effective Date and payment of the Substantial Contribution Claim, the Defendants hereby release, waive and forever discharge the Plaintiffs and their respective predecessors, successors, agents, servants, employees, and attorneys of and from any and all claims, debts, demands, damages, expenses, contracts, obligations, suits, counterclaims, crossclaims, claims for attorneys' fees and all causes of action, and other liabilities of whatsoever character, arising at any time prior to the date of this Agreement, whether now known or unknown, whether statutory, contractual, common law, legal or equitable, whether in tort or in contract, in any manner claimed, or that could be claimed whether or not previously expressed, owned, held or possessed by the Defendants, including, without limitation, the claims, defenses, facts or circumstances alleged in the State Court Action and/or the Class and Derivative Action or any insurance coverage that may be available with respect thereto. Notwithstanding the foregoing, nothing herein constitutes a release of any of the Defendants' rights arising under this Agreement.

8. **Plaintiffs' Waiver of Claims Against Trustee and Debtors' Estate.** Upon the Effective Date and payment of the Substantial Contribution Claim, the Plaintiffs acknowledge and agree that they shall have no claims against the Trustee and/or the Debtors' estate or any insurance coverage that may be available to the Trustee and/or the Debtors' estate. Each of the

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 18 of 30

Plaintiffs expressly waives any right to any distribution from the Debtors' estate on account of his or her respective membership, investment or equity interests in the Debtors.

9. **Section 1542 Waiver.** The Plaintiffs and the Defendants expressly waive any right to assert hereafter that any claim released herein has been omitted from the terms of the foregoing mutual releases through ignorance, oversight, error or any other cause, and they also expressly waive all rights that they may have under Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs and the Defendants expressly acknowledges that they may in the future discover facts in addition to or different from those they now know or believe to be true with respect to the subject matters of this Agreement. Nevertheless, each of the Plaintiffs and the Defendants agrees to fully, finally and forever settle all claims within the scope of the releases as set forth in this Agreement, whether or not hidden or excluded, known or unknown, without regard to the subsequent discovery or existence of different or additional facts. The Plaintiffs and the Defendants acknowledge that this waiver was separately bargained for and is a key element of the settlement of which this release is a part.

10. **Binding Effect.** The provisions of this Agreement shall be binding upon the Parties and their respective successors and assigns, including any trustee or estate representative that may be appointed herein under any provisions of the Bankruptcy Code.

11. **Further Assurances.** From and after execution of this Agreement, the Plaintiffs agree to support certification of the Class and approval of the Class and Derivative Settlement Agreement and to take any appropriate action reasonably requested by the Class Plaintiffs, the Trustee and/or the Defendants in connection therewith. From and after the Effective Date, the Plaintiffs agree to execute any further or necessary documentation that may be requested by the Class Plaintiffs, the Trustee, the Defendants and/or any applicable insurers consistent with the terms of this Agreement and the Class and Derivative Settlement Agreement. The Plaintiffs further agree to withdraw the Objection within three (3) business days of the execution of this Agreement.

12. **Attorneys' Fees and Costs.** Each Party to this Agreement agrees to bear its own legal and other costs incurred to date. Should any Party institute any action or proceeding to enforce any provision of this Agreement, or for damages by reason of any alleged breach of any provision of this Agreement, the prevailing party in such action or proceeding shall recover from the losing party all reasonable attorneys' fees and costs reasonably incurred by the prevailing party for the service rendered for or on behalf of such prevailing party.

13. **Governing Law.** This Agreement shall be governed by the laws of the State of California without regard to its conflicts of laws principles. Any action arising from or in

connection with the enforcement of this Agreement shall be filed and maintained before the Bankruptcy Court.

14. **Entire Agreement**. The Parties further agree and acknowledge that this Agreement sets forth all of the terms and conditions between the Parties concerning the subject matter of this Agreement, superseding all prior oral and written statements and representations, and that there are no terms or conditions between the Parties and relating to the subject matter hereof except as specifically set forth in this Agreement.

15. **Modification or Waiver**. No modification or waiver of any provision of this Agreement shall be effective unless it is in writing. Any modification or waiver must be signed by authorized representatives of the Parties.

16. **No Strict Interpretation Against Draftsman**. Each of the Parties has participated in the drafting of this Agreement and has had the opportunity to consult with counsel concerning its terms. This Agreement shall not be interpreted strictly against any one Party on the ground that it or he drafted the Agreement.

17. **Authority to Settle**. Each Party signing this Agreement represents and warrants to each other Party it or he is authorized to enter into this Agreement on behalf of such Party, subject only to the entry of the Approval Order.

18. **Advice of Counsel**. In entering into this Agreement, the Parties represent that they have relied upon their own judgment and the legal advice of their own individual attorneys who are the attorneys of their choice. The Parties further represent that they fully understand and voluntarily accept the terms of this Agreement, or have consulted with counsel of their choosing to explain any terms they do not understand. The Plaintiffs and the Defendants specifically acknowledge that they have been represented in the negotiation and execution of this Agreement by counsel of their own choosing, and that the Trustee has not counseled or represented the Plaintiffs or the Defendants regarding the terms of this Agreement.

19. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, and any counterpart shall have the same effect as if all parties had executed the Agreement.

[Signature Page Follows]

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 20 of 30

**IN WITNESS WHEREOF,** the Parties execute this Agreement as of the date set forth below.

Dated: 25 Nov, 2012

By _____

Richard M Kipperman, solely in his capacity as chapter 11 trustee for the substantively-consolidated bankruptcy estate of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC

Dated: _____, 2012         PLAINTIFFS

By _____

Reva Bailey

Dated: _____, 2012

By _____

George Chilianis

Dated: _____, 2012

By _____

Maria Chilianis

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 21 of 30

**IN WITNESS WHEREOF**, the Parties execute this Agreement as of the date set forth below.

Dated: _____, 2012

By _____
    Richard M Kipperman, solely in his
    capacity as chapter 11 trustee for the
    substantively-consolidated bankruptcy
    estate of CMR Mortgage Fund, LLC, CMR
    Mortgage Fund II, LLC, and CMR
    Mortgage Fund III, LLC

Dated: 11-29, 2012       **PLAINTIFFS**

By _____
    Reva Bailey

Dated: _____, 2012

By _____
    George Chilianis

Dated: _____, 2012

By _____
    Maria Chilianis

Case: 08-32220   Doc# 1134-3   Filed: 01/17/13   Entered: 01/17/13 12:37:51   Page 22 of 30

**IN WITNESS WHEREOF**, the Parties execute this Agreement as of the date set forth below.

Dated: _____, 2012

By _____
Richard M Kipperman, solely in his capacity as chapter 11 trustee for the substantively-consolidated bankruptcy estate of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC

Dated: _____, 2012      PLAINTIFFS

By _____
Reva Bailey

Dated: _11-20_, 2012

By _George Chilianis_
George Chilianis

Dated: _11-20_, 2012

By _Maria Chilianis_
Maria Chilianis

220917.1
DOCS_SF:81500.1 49666-001

6 of 9

Dated: **11 - 20**, 2012

By _____
Claremont Towers Apartments, L.P.

Dated: _____, 2012

By _____
William Dobbin

Dated: _____, 2012

By _____
Dennis McCarty

Dated: **11 - 20**, 2012

By _____
Mendocino Manor, Ltd., L.P.

Dated: **11/20**, 2012

By _____
Barbara F. Strouzas

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 24 of 30

Dated: _____, 2012

By     _____
                 Claremont Towers Apartments, L.P.

Dated: _____, 2012

By     *William Dobbin* _____
                 William Dobbin

Dated: *11/27*, 2012
        *11/27, 2012*

By     _____
                 Dennis McCarty

Dated: _____, 2012

By     _____
                 Mendocino Manor, Ltd., L.P.

Dated: _____, 2012

By     _____
                 Barbara F. Strouzas

Case: 08-32220    Doc# 1134-3    Filed: 01/17/13    Entered: 01/17/13 12:37:51    Page 25 of 30

*Jonathan*

Dated: _____, 2012

By _____
Claremont Towers Apartments, L.P.

Dated: _____, 2012

By _____
William Dobbin

Dated: *11-30*, 2012

By _____
Dennis McCarty

Dated: _____, 2012

By _____
Mendocino Manor, Ltd., L.P.

Dated: _____, 2012

By _____
Barbara F. Strouzas

220917.1
DOCS_SF:81500.1 49666-001

7 of 9

Dated: 11-20 , 2012

By _Betsie J. Strouzas, Trustee_
Betsie Strouzas, as Trustee of the Strouzas
Revocable Trust Agreement Dated July 2,
1986

Dated: 11-20 , 2012

By _[signature]_
Irene Strouzas

Dated: 11-20 , 2012

By _[signature]_
Spyridon Strouzas

Dated: 11/20 , 2012

By _[signature]_
Penelope Tamm

Dated: _____ , 2012

By _____
Joseph Zadik

Dated: _____ , 2012

CALIFORNIA MORTGAGE AND REALTY,
INC.

By _____
By:
Title:

220917.1
DOCS_SF:81500.1 49666-001

8 of 9

Dated: _____, 2012

                          By _____
                             Betsie Strouzas, as Trustee of the Strouzas
                             Revocable Trust Agreement Dated July 2,
                             1986

Dated: _____, 2012

                          By _____
                             Irene Strouzas

Dated: _____, 2012

                          By _____
                             Spyridon Strouzas

Dated: _____, 2012

                          By _____
                             Penelope Tamm

Dated: _____, 2012

                          By _____
                             Joseph Zadik

Dated: 11-27-, 2012       CALIFORNIA MORTGAGE AND REALTY,
                          INC.
                          By _____
                             By:
                             Title:

220917.1
DOCS_SF:81500.1 49666-001          8 of 9

Dated: _____, 2012

By    _____
         Betsie Strouzas, as Trustee of the Strouzas
         Revocable Trust Agreement Dated July 2,
         1986

Dated: _____, 2012

By    _____
         Irene Strouzas

Dated: _____, 2012

By    _____
         Spyridon Strouzas

Dated: _____, 2012

By    _____
         Penelope Tamm

Dated: _____, 2012

By    _____
         Joseph Zadik

CALIFORNIA MORTGAGE AND REALTY,
INC.

By    _____
         By:
         Title:

Dated: 12/1/2012

{00009166}
DOCS_SF:81500.1 49666-001

220917.1

8 of 9

Dated:  , 2012

By _____
David Choo, in his individual capacity

Dated:  , 2012

CMR COMMERCIAL MORTGAGE FUND, LLC

By _____
Name: _____
Title: 

Dated: 12 17 , 2012

CMR INCOME FUND, LLC

By _____
Name: _____
Title: 

