CORPORATE MANAGEMENT, INC.
Richard M Kipperman
Post Office Box 3010
La Mesa, California 91944-3010
Telephone: 619-668-4500
Facsimile: 619-668-9014
rmk@corpmgt.cm

Accountants and Financial Advisor to the
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No.: 08-32220-TEC<br>09-30788-TEC<br>09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**SECOND INTERIM APPLICATION OF CORPORATE MANAGEMENT, INC. AS ACCOUNTANTS AND FINANCIAL ADVISOR TO CHAPTER 11 TRUSTEE FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2012 THROUGH OCTOBER 31, 2012**<br><br>Date: Tuesday, February 19, 2013<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>235 Pine Street, Courtroom 23<br>San Francisco, CA<br>Judge: Honorable Thomas E. Carlson |

Corporate Management, Inc. ("Corporate Management") hereby submits its *Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period January 1, 2012 Through October 31, 2012* (the "Application"), in connection with its services rendered as accountants and financial advisors to Richard M Kipperman, the duly appointed

chapter 11 (the "Trustee") of the above-captioned substantively consolidated debtors (collectively, the "Debtors").

Corporate Management seeks interim approval of compensation totaling $198,472.81 which sum represents compensation for services rendered in the amount of $195,989.00 and reimbursement for expenses incurred in the amount of $2,483.81 for the period commencing on January 1, 2012, and ending on October 31, 2012 (the "Application Period"). **Exhibit A** provides copies of the time entries and expenses incurred during the Application Period.

Corporate Management submits this Application pursuant to sections 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of Richard M Kipperman, filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

## I.

## INTRODUCTION

**A.** **Background**

CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court on November 19, 2008 as Case No. 08-32220. On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") filed a voluntary chapter 11 petition in this Court as Case No. 09-30788, and CMR Mortgage Fund III, LLC ("Fund III") filed a voluntary chapter 11 petition in this Court as Case No. 09-30802. Fund I, Fund II and Fund III are collectively referred to herein as the "Debtors."

On April 7, 2011, the Court substantively consolidated the Debtors' cases, and ordered the appointment of a chapter 11 trustee in the Debtors' cases.

On April 13, 2011, the Office of the United States Trustee filed a motion to appoint the Trustee as chapter 11 trustee for the Debtors' cases. By order dated April 14, 2011, the Trustee was appointed as chapter 11 trustee of the Debtors' cases, which are now treated as a single case.

**B.   Employment of Corporate Management**

Corporate Management serves the fiduciary needs of creditors and debtors in multiple arenas from assignments to bankruptcies to receiverships. Their experienced team meets the needs of their clients in a personal and professional manner. The order approving Corporate Management's employment as accountants and financial advisors to the Trustee, effective April 15, 2011, was entered on June 7, 2011, a copy of which is attached hereto as **Exhibit B**.

## II.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

During the Application Period, Corporate Management provided accounting and financial advisory services to the Trustee in connection with the Trustee's duties and administration of these cases, including, but not limited to:

(a)   Analysis of financial and accounting matters involving the Debtors, the Fund Investors, and all related assets;

(b)   Completion of chapter 11 operating and interim reports in compliance with U.S. Trustee guidelines;

(c)   Assisting the Trustee in the identification and recovery of assets, including causes of action;

(d)   Assisting the Trustee in the pursuit or defense of any litigation, including providing any expert witness testimony that may be necessary;

(e)   Performing any necessary analysis which is required by the Trustee to properly administer both the separate and consolidated estates and conclude the cases;

(f)   Assisting the Trustee in preparation of federal and state income tax returns for the estates, and K-1 tax forms for all of the investors in the estates;

(g)   Communicating with tax preparation specialists and taxing authorities on behalf of the estates;

(h) Communicating with the investors on behalf of the Trustee to answer questions regarding the status of the case, the assets, tax issues, requests for transfers, name and address changes, and any other issues pertaining to the estates or their investments;

(i) Assisting the Trustee with any liquidation of the Debtors' remaining assets, including value assessment, marketing, selection of brokers, title searches, escrow processing, and all sale-related issues;

(j) Assisting the Trustee with maintenance of existing assets, including processing entitlements, executing and terminating leases, and any property management duties.

(k) Assisting the Trustee with the transition of loan servicing and management duty transition on remaining assets from California Mortgage Realty, Inc.

(l) Assisting with such other accounting services requested by the Trustee;

(m) Assisting the Trustee regarding the validity of any claims or equity interests that were filed in the Debtors' bankruptcy case.

**Exhibit A** provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

**A.  List of Expenses by Category**

Corporate Management advanced costs, including certain in-house charges in connection with the performance of the services described in this Application. During the Application Period, Corporate Management incurred a total of $2,483.81 in expenses. Corporate Management made every effort to keep the costs in this case to a minimum. The charges are identified in the detail attached hereto as **Exhibit A.**

### III.
### THE FEES AND EXPENSES REQUESTED SHOULD
### BE AWARDED BASED UPON APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for Corporate Management's services in acting as accountants and financial advisor to the Trustee.

A.  **Evaluation of Requests for Compensation**

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which Corporate Management requests compensation and the costs incurred for which Corporate Management requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson*) criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in Corporate Management's professional fee statements contained in the exhibits hereto. Corporate Management's services and time expenditures are reasonable in light of the labor required in this case. Corporate Management

charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco area, other than in a case under the Bankruptcy Code. The compensation Corporate Management seeks by way of this Application is the customary compensation sought by Corporate Management and other professionals representing trustees, committees, and debtors in similar circumstances.

**B.     Section 330(a)(3) Factors**

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3). Although several of these factors (such as the time involved, the timeliness of Corporate Management's performance, and the complexity of the case) were addressed above, Corporate Management believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330 (a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. Corporate Management believes the facts of this case make it evident that Corporate Management's services were both necessary and beneficial. Corporate Management's efforts were essential to administration of these cases.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. The requested compensation is reasonable in light of the skills and years of experience of the professionals at Corporate Management. The fees charged by Corporate Management are no less favorable than those customarily billed by Corporate Management in cases in which they are involved

## IV.
## NOTICE OF APPLICATION AND HEARING

Counsel to the Trustee is providing notice of this Application and the hearing thereon to creditors consistent with Bankruptcy Rule 2002.

## V.
## **CONCLUSION**

The compensation presently sought by Corporate Management is interim. Neither Corporate Management, nor any partners or members of Corporate Management, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded Corporate Management with any other person or attorney, except among partners and members of Corporate Management.

Corporate Management believes that the services rendered for which compensation is sought in this Application have been beneficial to the estate, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, Corporate Management respectfully requests that this Court (a) authorize allowance of and direct payment of fees and costs, and (b) award interim compensation, as follows:

1. Allow interim compensation to Corporate Management in the amount of $198,472.81 which sum represents compensation for services rendered in the amount of $195,989.00 and reimbursement for expenses incurred in the amount of $2,483.81 for the period commencing on January 1, 2012, and ending on October 31, 2012;

2. Authorize and direct the Debtors and their estates to pay Corporate Management the foregoing allowed amounts; and

3. Grant such other and further relief as may be appropriate under the circumstances.

Dated: January 25, 2013

CORPORATE MANAGEMENT, INC.

*/s/ Richard M Kipperman*
Richard M Kipperman

Accountants and Financial Advisor to the
Chapter 11 Trustee