1  Richard M Kipperman
   CORPORATE MANAGEMENT, INC.
2  Post Office Box 3010
   La Mesa, California 91944-3010
3  Telephone: 619-668-4500
   Facsimile: 619-668-9014
4  rmk@corpmgt.cm

5  Chapter 11 Trustee

6

7              **UNITED STATES BANKRUPTCY COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9                **SAN FRANCISCO DIVISION**

10 In re:                              Case No.: 08-32220-TEC
                                                 09-30788-TEC
11 CMR MORTGAGE FUND, LLC,                       09-30802-TEC
   CMR MORTGAGE FUND II, LLC,
12 CMR MORTGAGE FUND III, LLC,         Substantively Consolidated

13              Debtors.              Chapter 11

14                                    **CHAPTER 11 TRUSTEE'S SECOND
                                      INTERIM APPLICATION FOR**
15                                    **ALLOWANCE AND PAYMENT OF
                                      COMPENSATION AND**
16                                    **REIMBURSEMENT OF EXPENSES FOR
                                      THE PERIOD JANUARY 1, 2012**
17                                    **THROUGH OCTOBER 31, 2012**

18                                    Date:    Tuesday, February 19, 2013
                                      Time:    9:30 a.m.
19                                    Place:   United States Bankruptcy Court
                                               235 Pine Street, Courtroom 23
20                                             San Francisco, CA
                                      Judge:   Honorable Thomas E. Carlson
21

22         Richard M Kipperman, the duly appointed chapter 11 (the "Trustee") of the above-captioned

23  substantively consolidated debtors (collectively, the "Debtors"), hereby submits the *Chapter 11*

24  *Trustee's Second Interim Application for Allowance and Payment of Compensation and*

25  *Reimbursement of Expenses for the Period January 1, 2012 Through October 31, 2012* (the

26  "Application"), in connection with his services rendered as Trustee.

27         The Trustee seeks interim approval of compensation totaling $103,698.22 based on the

28  applicable statutory fee limit and reimbursement for expenses incurred in the amount of $7,699.16

for the period commencing on January 1, 2012 through October 31, 2012 (the "Application Period").

**Exhibit A** provides copies of the time entries and expenses incurred during the Application Period. The Trustee has rendered no less than 126 hours of services during the Application Period valued at $63,000 based on the standard cost of $500 per hour for such services. The Trustee's prior fee application included fees incurred by the Trustee totaling $118,872 and a statutory cap of $14,717. Hence, the Trustee has rendered services totaling $181,872 ($63,000 + $118,872) in this case through the Application Period and his statutory fees will be capped at $118,415 ($14,717 + $103,698). The statutory cap under section 326 of the Bankruptcy Code is calculated based on distributions by the Debtors' estate during the Application Period totaling $3,456,607.[1]

The Trustee submits this Application pursuant to sections 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of Richard M Kipperman, filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

## I.

## INTRODUCTION

### A.    Background

CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court on November 19, 2008 as Case No. 08-32220. On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") filed a voluntary chapter 11 petition in this Court as Case No. 09-30788, and CMR

---

[1] The sum of $3,456,607 includes distributions made directly by the estate during the Application Period, plus distributions through the Debtors' non-debtor subsidiaries that were controlled by the Trustee and involved sale transactions approved by the Court -- specifically, the sale of property held by 2 LINCDEV, LLC and SSFDEV, LLC.

Mortgage Fund III, LLC ("Fund III") filed a voluntary chapter 11 petition in this Court as Case No. 09-30802. Fund I, Fund II and Fund III are collectively referred to herein as the "Debtors."

On April 7, 2011, the Court substantively consolidated the Debtors' cases, and ordered the appointment of a chapter 11 trustee in the Debtors' cases.

**B.** **Employment of Trustee**

On April 13, 2011, the Office of the United States Trustee filed a motion to appoint the Trustee as chapter 11 trustee for the Debtors' cases. By order dated April 14, 2011, the Trustee was appointed as chapter 11 trustee of the Debtors' cases, which are now treated as a single case, a copy of which is attached hereto as **Exhibit B**.

**II.**

**PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED**

During the Application Period, the Trustee provided services related to the administration of these cases, including, but not limited to:

(a)     Review of the overall case upon assignment. Meetings with debtor and staff members to obtain summary of all funds, loans, assets, investor issues, and property issues.

(b)     Review of summary financial and accounting matters involving the Debtors, the Fund Investors, and all related assets;

(c)     Review completed chapter 11 operating and interim reports in compliance with U.S. Trustee guidelines;

(d)     Meetings with debtor staff, outside investor representatives, and CMI staff to identify and negotiate the recovery of assets, including causes of action;

(e)     Meetings with debtor and CMI staff to review any and all current or potential litigation, and prepare to pursue or defend any litigation, and/or provide any testimony that may be necessary;

(f)     Review all financial and summary  analysis reports in order to properly administer both the separate and consolidated estates and conclude the cases;

(g)     Review financials and worksheets prepared in advance for federal and state income tax returns for the estates, as well as K-1 tax forms for all of the investors in the estates;

DOCS_SF:82308.1/049660/001

1           (h)      Meetings with tax preparation specialists on behalf of the estates;

2           (i)      Communicating with the investors to answer questions regarding the status of

3    the case, the assets, tax issues, requests for transfers, name and address changes, and any other issues

4    pertaining to the estates or their investments;

5           (j)      Oversee the liquidation of the Debtors' remaining assets, including review of

6    value assessment, marketing, selection of brokers, title searches, escrow processing, and all sale

7    negotiations.

8           (k)      Oversee the monitoring and maintenance of existing assets, including

9    processing entitlements, executing and terminating leases, and any property management duties.

10           (l)      Meetings with the debtor to facilitate the transition of loan servicing and

11    management duties on remaining assets from California Mortgage Realty, Inc.

12           (m)      Review summary reports regarding the validity of any claims or equity

13    interests that were filed in the Debtors' bankruptcy case, and handle on case-by-case basis.

14    **Exhibit A** provides a detailed breakdown of the time entries and expenses incurred during

15    the Application Period.

16    **A.**    **List of Expenses by Category**

17    The Trustee advanced costs, including certain in-house charges in connection with the

18    performance of the services described in this Application.  During the Application Period, the

19    Trustee incurred a total of $7,699.16 in expenses.  The Trustee made every effort to keep the costs in

20    this case to a minimum.  The charges are identified in the detail attached hereto as **Exhibit A.**

21    **III.**

22    **THE FEES AND EXPENSES REQUESTED SHOULD**

23    **BE AWARDED BASED UPON APPLICABLE LAW**

24    The fees and expenses requested by this Application are an appropriate award for the

25    Trustee's services relating to the administration of these cases.

26    **A.**    **Evaluation of Requests for Compensation**

27    Pursuant to Bankruptcy Code section 330, the Court may award to a professional person

28    reasonable compensation for actual, necessary services rendered, and reimbursement for actual,

necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which the Trustee requests compensation and the costs incurred for which the Trustee requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson*) criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in the Trustee's professional fee statements contained in the exhibits hereto. The Trustee's services and time expenditures are reasonable in light of the labor required in this case. The Trustee charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco area, other than in a case under the Bankruptcy Code. The compensation the Trustee seeks by way of this Application is the customary compensation sought by the Trustee and other professionals in similar circumstances.

**B.      Section 330(a)(3) Factors**

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3).  Although several of these factors (such as the time involved, the timeliness of the Trustee's performance, and the complexity of the case) were addressed above, the Trustee believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330 (a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case.  The Trustee believes the facts of this case make it evident that the Trustee's services were both necessary and beneficial.  The Trustee's efforts were essential to administration of these cases.

Second, Bankruptcy Code section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.  The requested compensation is reasonable in light of the skills and years of experience of the Trustee.  The fees charged by the Trustee are no less favorable than those customarily billed by the Trustee in cases in which they are involved

## IV.

## NOTICE OF APPLICATION AND HEARING

Counsel to the Trustee is providing notice of this Application and the hearing thereon to creditors consistent with Bankruptcy Rule 2002.

## V.

## CONCLUSION

The compensation presently sought by the Trustee is interim.  No agreement exists between he Trustee and any other person for the sharing of such compensation received in connection with this case, except for the understanding concerning compensation among members of his firm.

The Trustee believes that the services rendered for which compensation is sought in this Application have been beneficial to the estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, the Trustee respectfully requests that this Court (a) authorize allowance of and direct payment of fees and costs, and (b) award interim compensation, as follows:

1.     Allow interim compensation to the Trustee in the amount of $111,397.38 inclusive of all fees and costs for the period from January 1, 2012, through October 31, 2012 consisting of $103,698.22 of statutory capped fees and $7,699.16 of expenses;

2.     Authorize and direct the Debtors and their estates to pay the Trustee the foregoing allowed amounts; and

3.     Grant such other and further relief as may be appropriate under the circumstances.

Dated: January 25, 2013

/s/ Richard M Kipperman
Richard M Kipperman

Chapter 11 Trustee