David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: dbertenthal@pszjlaw.com
mlitvak@pszjlaw.com
mmanning@pszjlaw.com

Counsel for Richard M Kipperman,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No.: 08-32220-TEC<br>09-30788-TEC<br>09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**SECOND INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2012 THROUGH OCTOBER 31, 2012**<br><br>Date: Tuesday, February 19, 2013<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>235 Pine Street, Courtroom 23<br>San Francisco, CA<br>Judge: Honorable Thomas E. Carlson |

Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") hereby submits its Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the period starting January 1, 2012 through and including October 31, 2012 (the "Application"), in connection with its representation of Richard M Kipperman, the duly appointed Chapter 11 Trustee (the "Trustee") for the above-captioned debtors (collectively, the "Debtors"). The Firm

seeks interim approval of compensation totaling $345,835.59, which sum represents compensation for services rendered in the amount of $331,957.00 and reimbursement for expenses incurred in the amount of $13,878.59 for the period commencing on January 1, 2012, and ending on October 31, 2012 (the "Application Period").[1]

Summary charts detailing (i) the amount of fees charged and hours worked by each of the Firm's professionals and para-professionals during the Application Period, and (ii) the amounts requested by the Firm for reimbursement of expenses incurred (by category) during the Application Period are annexed hereto as **Exhibit A**.

PSZ&J submits this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("Northern District Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, and the Local Bankruptcy Rules for the Northern District of California.

The Application is based upon the Application and the exhibits, including the declaration of Maxim B. Litvak filed concurrently herewith, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

# I.
# INTRODUCTION

**A.     Background**

CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court on November 19, 2008 as Case No. 08-32220. On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") filed a voluntary chapter 11 petition in this Court as Case No. 09-30788, and CMR Mortgage Fund III, LLC ("Fund III") filed a voluntary chapter 11 petition in this Court as Case No. 09-30802. Fund I, Fund II and Fund III are collectively referred to herein as the "Debtors."

---

[1] The Firm has voluntarily written off in excess of $25,000 of fees and expenses during the Application Period.

On April 7, 2011, the Court substantively consolidated the Debtors' cases, and ordered the appointment of a chapter 11 trustee in the Debtors' cases.

On April 13, 2011, the Office of the United States Trustee filed a motion to appoint the Trustee as chapter 11 trustee for the Debtors' cases. By order dated April 14, 2011, the Trustee was appointed as chapter 11 trustee of the Debtors' cases, which are now treated as a single case.

**B.     Employment of PSZ&J**

PSZ&J is a law firm with offices in San Francisco and Los Angeles, California, Wilmington, Delaware, and New York, New York. The Firm currently employs approximately 65 attorneys and specializes in business reorganizations, bankruptcy, commercial law, and litigation. The order approving PSZ&J's employment as counsel to the Trustee, effective April 14, 2011, was entered on May 3, 2011, a copy of which is attached hereto as **Exhibit B**.

**C.     First Interim Fee Application**

On May 21, 2012, the Firm filed its First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period April 15, 2011 through December 31, 2011 (the "First Interim Fee Application") [Docket No. 1010]. Pursuant to the First Interim Fee Application, the Firm sought interim approval of $337,664.39, consisting of $321,151.50 in compensation for professional services rendered and $16,512.89 in reimbursement for expenses incurred.

On June 11, 2012, the Court entered an order granting the First Interim Fee Application and authorizing payment to the Firm of all unpaid amounts due under the First Interim Fee Application (the "First Interim Fee Order") [Docket No. 1040]. The Trustee subsequently paid the Firm for all amounts allowed under the First Interim Fee Order.

Aside from the First Interim Fee Application and the instant Application, the Firm has not made any other requests for payment in this case.

**II.**

**PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED**

In accordance with the Northern District Guidelines and the Local Rules, PSZ&J classified all services performed for which compensation is sought into categories. PSZ&J attempted to place

the services performed in the category that best relates to the service provided. However, because certain services in the Debtor's chapter 11 case affected multiple categories, services pertaining to one category may occasionally be included in another category. PSZ&J has established the following billing categories relevant to this Application:

- Asset Analysis
- Asset Disposition
- Bankruptcy Litigation
- Case Administration
- Claims Analysis/Administration
- Compensation of Professionals
- Compensation of Professionals (Others)
- Financial Filings
- Financing
- General Business Advice
- Hearings
- Litigation (Non-Bankruptcy)
- Retention of Professionals
- Stay Litigation

**Exhibit C** provides a detailed breakdown of the time entries and expenses incurred during the Application Period.

A.  **Asset Analysis**

Time billed to this category relates to the Firm's continuing efforts in assisting the Trustee in analyzing and maximizing the value of the various assets of the Debtors' estate, including real property interests, guaranty claims, and potential litigation causes of action. Many of the Debtors' real property interests are complex. The Trustee continues to devote significant time to administering such interests and implementing a process for maximizing the value thereof. The Firm assisted in this effort from a legal perspective. Also included in this category is time spent on the settlement negotiations referenced in "Bankruptcy Litigation" below.

**Total Hours 26.30/Total Fees $17,693.50**

B.  **Asset Disposition**

Time billed to this category relates primarily to the Firm's efforts to negotiate, document, and obtain Court approval of various asset dispositions, including the sale of certain real property interests. The Firm assisted the Trustee with the sale of real property consisting of approximately 114 acres of land that also contained a house, barn and other structures located in Lincoln, California

(the "Lincoln Property") for $850,000. Title the Lincoln Property was held by 2 LINCDEV, LLC an entity in which Fund II and III held an aggregate 78.25% membership interest. On June 7, 2012, the Court entered an order approving the Trustee's sale of the Lincoln Property for the sum of $850,000, which sale generated approximately $400,000 for the estate.

The Firm also assisted the Trustee with reviewing and drafting documents and motions relevant to the disposition of the estate's 100% interest in a commercial warehouse located in South San Francisco, California (the "Linden Property"). Title to the Linden Property was held by 15 SSFDEV, LLC, an entity in which Fund II owned a 100% membership interest. The sale of the Linden Property was conducted much like a 'short-sale' in that the purchase price of $2,450,000 was insufficient to pay the first lien in full but the first lienholder consented to the sale and agreed to pay the tax liens, the broker's commissions and the Trustee's legal expenses, up to $15,000, in full from the sale proceeds prior to applying the proceeds in satisfaction of its lien interest. On April 10, 2012, the Court entered an *Order Authorizing Chapter 11 Trustee to Cause the Sale of Real Property Located in South San Francisco*, approving the sale of the Linden Property and payment of the various fees and expenses.[2] The Firm has incurred the total amount of $16,465.00 associated with the sale of the Linden Property.

**Total Hours 75.50/Total Fees $49,271.50**

C. **Bankruptcy Litigation**

A substantial portion of the Firm's time during the Application Period was devoted to assisting the Trustee in connection with negotiating and documenting a global settlement with: (a) certain members of the Official Committee of Equity Security Holders (the "Equity Committee"), on behalf of a class of investors; (b) the Debtors' former principal, David Choo, and his non-debtor affiliate, California Mortgage and Realty Inc. ("CMRI"), and (c) two insurers, Indian Harbor Insurance Company and Certain Underwriters at Lloyd's, London ("Lloyd's"). Mr. Choo and CMRI are the subject of various lawsuits arising from their management of the Debtors, including a

---

[2] Pursuant to the terms of the order, the amounts to be paid to the Trustee as reimbursement of legal costs are to be distributed to the Firm upon Court approval of an application for allowance and payment of compensation and reimbursement of expenses. The order further provides that to the extent the Trustee's legal fees associated with the sale of the Linden Property exceed $15,000 and are not reimbursed by the holder of the Deed of Trust (defined in paragraph 5 of the order), the Trustee may request reimbursement of such additional amounts from the Debtors' estate.

Case: 08-32220    Doc# 1141    Filed: 01/29/13    Entered: 01/29/13 14:06:01    Page 5 of 12

pending putative class action commenced by members of the Equity Committee in this Court. Although the Equity Committee was appointed as estate representative with respect to insider claims against Mr. Choo and CMRI prior to the Trustee's appointment, the Trustee believes that the claims against Mr. Choo and CMRI, and any insurance coverage that may be available with respect thereto, represent a substantial asset of the Debtors' estates that needs to be preserved and maximized. The Trustee and the Firm played an active role in efforts to reach a resolution of the pending litigation and their efforts have been productive in accomplishing a settlement and ensuring that the estate receives the majority of the net proceeds therefrom. At a hearing on December 14, 2012, the Court approved a global class action settlement with Mr. Choo, CMRI and their insurers. The Court also approved the settlement as a proper exercise of the Trustee's business judgment under Bankruptcy Rule 9019. Under the settlement, which was negotiated at length by the Trustee and the Firm as well as other constituents, the insurers will release a substantial portion of available insurance proceeds to satisfy the claims against Mr. Choo and CMRI -- sixty percent of such proceeds will go to the Debtors' estate and the remainder will go to the investor settlement class. The settlement also will have the effect of: (i) resolving coverage litigation instituted by Lloyds (thereby freeing up significant insurance proceeds for payment under the settlement); (ii) resolving certain claims asserted by investors in litigation outside this Court that was draining a substantial portion of the insurance coverage otherwise available to fund any settlement; and (iii) resolving over $6 million in claims asserted against the Debtors' estate by Mr. Choo and CMRI.

**Total Hours 130.10/Total Fees $96,054.50**

D. **Case Administration**

Time billed to this category primarily relates to miscellaneous case matters that are not easily classified within any other specific categories, including such items as communicating with the Trustee and his staff, the Equity Committee and its professionals, and creditors, investors and other parties in interest; analyzing case documents and correspondence; and miscellaneous legal research.

**Total Hours 131.50/Total Fees $76,163.50**

**E. Claims Analysis/Objection**

Time billed to this category relates to the review and analysis of various claims filed against the Debtors' estates.

**Total Hours 0.60/Total Fees $120.00**

**F. Compensation of Professionals**

Time billed to this category (and the next category referenced below) relates to the preparation of the Firm's first interim fee application, plus coordination with other professionals in this case and review of other professionals' fee applications.

**Total Hours 21.00/Total Fees $9,990.00**

**G. Compensation of Professionals (Others)**

Time billed to this category also relates to the Firm's coordination and review with other estate professionals as to their respective fee requests.

**Total Hours 12.60/Total Fees $3,747.00**

**H. Financial Filings**

Time billed to this category relates to the review and analysis of the Debtors' monthly operating reports.

**Total Hours 30.10/Total Fees $11,230.50**

**I. Financing**

Time billed to this category relates to the Firm's review and analysis of financing issues relating to the Debtors' interests in a property commonly called Mira Mesa. Certain entitlement work is required on this property in order to maximize the value thereof for the benefit of the estate. The Firm assisted the Trustee in his efforts to obtain and negotiate financing terms as to this property.

**Total Hours 26.70/Total Fees $18,530.50**

**J. General Business Advice**

Time billed to this category relates to the analysis and discussions regarding the transition of managers for several properties.

**Total Hours 7.80/Total Fees $5,943.00**

**K.  Hearings**

Time billed to this category relates to the Firm's attendance at any hearings in connection with this matter.

**Total Hours 2.50/Total Fees $1,812.50**

**L.  Litigation (Non-Bankruptcy)**

Time billed to this category primarily relates to review and analysis of lawsuits filed against Mr. Choo and CMRI and the impact that such claims could have on the Debtors' estate or its ability to recover insurance proceeds.

**Total Hours 1.00/Total Fees $795.00**

**M.  Retention of Professionals**

During the Application Period, the Firm, among other things, drafted applications to employ various real estate brokers and reviewed various broker listing agreements.

**Total Hours 4.90/Total Fees $2,817.50**

**N.  Stay Litigation**

Time billed to this category relates to the Firm's review, analysis and handling of various stay relief motions filed in the case, including motions relating to the Debtor's interests in a property located in Myrtle Beach, South Carolina and a property commonly called Casa Grande. The Firm filed a response to the Casa Grande motion and appeared at a hearing on the matter.

**Total Hours 57.90/Total Fees $37,788.00**

**O.  List of Expenses by Category**

PSZ&J advanced costs, including certain in-house charges, on behalf of the Trustee in connection with the performance of the services described in this Application. During the Application Period, PSZ&J incurred a total of $13,878.59 in expenses. PSZ&J made every effort to keep the costs in this case to a minimum.

PSZ&J customarily charges $0.20 per page for photocopying expenses and $0.10 per page for scanning and printing charges. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on

a daily basis. Whenever feasible, PSZ&J sends large copying projects to an outside copy service that charges a reduced rate for photocopying.

Ordinarily, PSZ&J charges $1.00 per page for out-going facsimile transmissions. Pursuant to the Northern District Fee Guidelines, however, PSZ&J has agreed not to charge for outgoing facsimiles. Fax receipts are charged at $0.20 per page, the same cost as PSZ&J charges for photocopies.

PSZ&J does not charge for local or long distance calls placed by attorneys from their offices. PSZ&J only bills its clients for the actual costs charged to PSZ&J by teleconferencing services in the event that a multiple party teleconference is initiated through PSZ&J.

Regarding providers of on-line legal research (e.g., LEXIS and Westlaw), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amount charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

**P.   Hourly Rates**

The hourly rates of all professionals and paraprofessionals rendering services in this case are set forth on the Billing Summary Chart on **Exhibit A** hereto.

**Q.   Professionals and Paraprofessionals**

The biographies of the principal attorneys who have worked on this matter and a description of their professional education and biographies during the Application Period are attached hereto as **Exhibit D**.

**R.   Client Review of Billing Statements**

Pursuant to the Northern District Guidelines, a cover letter to the Application is being sent to the Trustee concurrently with the filing of this Application. The letter invites the Trustee to discuss with the Firm and/or the Office of the United States Trustee any objections, concerns, or questions the Trustee may have with regard to the requested compensation and reimbursement set forth in the Application. A copy of the transmittal letter is attached hereto as **Exhibit E**.

**S.      Notice of Application and Hearing**

A copy of this Application will be served upon the Trustee, the Office of the United States Trustee, and parties who have requested to receive notices in this case. Notice of the Application and the hearing thereon will be provided to the foregoing parties, plus all creditors of this estate in accordance with Bankruptcy Rule 2002(a).

## III.
## THE FIRM'S FEES AND EXPENSES SHOULD BE ALLOWED
## BASED UPON APPLICABLE LAW

The fees and expenses requested by this Application are an appropriate award for PSZ&J's services as counsel to the Trustee.

**A.      Evaluation of Requests for Compensation**

Pursuant to Bankruptcy Code section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred. Pursuant to Bankruptcy Code section 331, the Court may award interim compensation and reimbursement to a professional. As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred.

In determining the amount of allowable fees under Bankruptcy Code section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." *Burgess v. Klenske* (*In re Manoa Finance Co., Inc.*), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the service properly, (4) the preclusion of other employment by the professional due to acceptance of the case, (5) the customary fee, (6) whether fee is fixed or

contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the professionals, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp. of America*), 544 F.2d 1291 (5th Cir. 1977) (*Johnson* criteria applicable in bankruptcy cases.).

The time for which compensation is sought is detailed in the Firm's professional fee statements contained in the exhibits hereto. PSZ&J's services and time expenditures are reasonable in light of the labor required in this case. The Firm's charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the San Francisco area, other than in a case under the Bankruptcy Code. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm and other professionals representing trustees, committees, and debtors in similar circumstances.

### B. Section 330(a)(3) Factors

Bankruptcy Code section 330(a)(3) sets forth five (5) factors to be considered by the Court. 11 U.S.C. § 330 (a)(3). Although several of these factors (such as the time involved, the timeliness of PSZ&J's performance, and the complexity of the case) were addressed above, PSZ&J believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code section 330 (a)(3)(C) requires that the professional services be necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, the case. PSZ&J believes the facts of this case make it evident that PSZ&J's services were both necessary and beneficial. PSZ&J's efforts were essential to the Trustee's efforts to assemble the assets of this estate and to begin the process of maximizing the value of such assets for the benefit of creditors. In this regard, PSZ&J provided advice, counsel and direction to the Trustee to assist him in his central role in this case.

Second, Bankruptcy Code section 330 (a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. PSZ&J believes its attorneys are skilled and performed well in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

this case, and that the fees charged by PSZ&J are commensurate with the fees charged by PSZ&J's counterparts engaged in non-bankruptcy specialties of the law.

**C.  Available Funds**

PSZ&J understands that the Trustee has sufficient funds available in the estate for the payment of fees and costs requested in the Application.

## IV.

## CONCLUSION

The compensation presently sought by PSZ&J is interim. Neither PSZ&J, nor any shareholders or associates of the Firm, have any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded PSZ&J with any other person or attorney, except among shareholders and associates of the Firm.

PSZ&J believes that the services rendered for which compensation is sought in this Application have been beneficial to the estate, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and the costs incurred are fair and reasonable.

WHEREFORE, PSZ&J respectfully requests that this Court (a) authorize allowance and payment of fees and costs, and (b) award interim compensation, as follows:

1. Allow interim compensation to the Firm in the amount of $345,835.59, inclusive of all fees and costs for the period from January 1, 2012 through October 31, 2012, consisting of $331,957.00 of fees and $13,878.59 of expenses;

2. Authorize the Trustee to pay the Firm $345,835.59, which represents 100% of the fees and 100% of the costs incurred for the period from January 1, 2012 through October 31, 2012; and

3. Grant such other and further relief as may be appropriate under the circumstances.

Dated: January 29, 2013          PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Maxim B. Litvak*
    Maxim B. Litvak
    Attorneys for Richard M Kipperman
    Chapter 11 Trustee