David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: dbertenthal@pszjlaw.com
 mlitvak@pszjlaw.com
 mmanning@pszjlaw.com

Counsel for Richard M Kipperman,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>                Debtors. | Case No.: 08-32220-TEC<br>             09-30788-TEC<br>             09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**MOTION OF CHAPTER 11 TRUSTEE FOR APPROVAL OF COMPROMISE REGARDING AMENDED ENTITLEMENT AGREEMENTS FOR MIRA MESA PROPERTY**<br><br>Date: March 29, 2013<br>Time: 9:30 AM<br>Place: U.S. Bankruptcy Court<br>        235 Pine Street<br>        San Francisco, CA<br>Judge: Honorable Thomas E. Carlson |

Richard M Kipperman, the duly appointed Chapter 11 Trustee in the above-captioned bankruptcy cases (the "Trustee"), hereby moves, on behalf of Mira Mesa LLC, for authority pursuant to 11 U.S.C. §§ 105, 363(b) and Bankruptcy Rule 9019, authorizing 21 Mira Mesa, LLC to incur $580,000 in additional funding to complete the entitlement process for real property located in San Diego, California, to document the additional funding consistent with the terms of the Entitlement Loan and related First Deed of Trust (defined below), to extend the termination date set

forth in a certain *Forbearance and Modification Agreement*, to re-subordinate the junior $6M Loan (defined below) to the additional funding, and to enter into a development agreement providing for the management of the entitlement process. The Trustee believes that the once the underlying real property is fully entitled, the value of said property may more than double and may potentially enable the estate to receive approximately $3 million dollars in sale proceeds.

### A. The Bankruptcy Proceeding.

By order dated April 14, 2011, the Trustee is the duly appointed and acting chapter 11 trustee of the substantively consolidated estates of CMR Mortgage Fund, LLC ("Fund I") Case No. 08-32220, CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III"). Fund I, Fund II and Fund III are collectively referred to herein as the "Debtors."

On April 7, 2011, the Court substantively consolidated the Debtors' cases, and ordered the appointment of a chapter 11 trustee in the Debtors' cases.

### B. The Underlying Real Property and Encumbrances.

Underlying Real Property. 21 Mira Mesa, LLC ("Mira Mesa") holds title to approximately 14 acres of undeveloped land located on Mira Mesa Boulevard in San Diego County, California (the "Property"). As of November 2012, Fund II holds an approximately 41% membership interest in Mira Mesa, which interest is being diluted on a monthly basis pursuant to the Forbearance Agreement (as defined below).

Prior to the appointment of the Trustee, the Debtors began a process to obtain entitlements for the Property which were envisioned to permit, among other things, development of 540,000 square feet of Class "A" office space on the Property (the "Entitlements"). The Trustee understands that the proposed commercial use of the Property is the best use of the Property in that it is expected to yield the highest return to investors and lenders alike.

The Trustee understands that the Property is worth, on an "as is" basis (without entitlements), approximately $4,000,000. However, once entitled, it is estimated that the Property may be worth $16,000,000.

The Entitlement Loan. In 2009, Mira Mesa borrowed the total sum of $600,000 from a group of lenders, Frontier Ridge Global Fund, LP ("Frontier"), the Rice Family Trust, the Garry M.

Samuels 1998 Trust, East Bay Head and Neck Surgery Medical Group Pension and Profit Sharing Fund, Inc., the Sultan Trust, Jason Hammerman and Julie Hammerman, TD CM Profit Sharing Plan, Ronald and Gail Rubenstein, the Ronald Rubenstein, M.D. Corp. Employee Pension & Profit Sharing Trust Account (collectively, the "Lenders") so that it could complete the Entitlements for the Property (the "Entitlement Loan"). The Entitlement Loan is evidenced by a Promissory Note, dated November 23, 2009, bearing interest at the rate of 15% per annum and secured by a certain Deed of Trust, dated November 23, 2009 (the "First Deed of Trust"). The lien of the First Deed of Trust is a first priority lien encumbering the Property.[1]

Current Status of Entitlement Loan. The Entitlement Loan matured on December 1, 2011. As of November 1, 2012, the aggregate balance due under the Entitlement Loan (inclusive of principal, interest and all fees and charges) was $900,363.96 and interest continues to accrue thereon. Neither Mira Mesa nor the Debtors have the funds necessary to pay the Entitlement Loan. .

The Subordinated $6M Loan. There is also a second priority Deed of Trust encumbering the Property (the "Junior Deed of Trust"). The Junior Deed of Trust is dated January 26, 2004 and secures a $6,000,000 note executed by John Franklin Hein, as Trustee in favor of Fund I (the loan evidenced by such note, the "$6M Loan"). Fund I subsequently sold all but $275,000 of the beneficial interests in the original $6M Loan to the Lenders and to Fund III. Frontier owns a beneficial interest in the $6M Loan as do Funds I and III. No payments have been made on the $6M Loan since 2008 and the aggregate amount outstanding thereunder as of November 1, 2012 (inclusive of all principal, interest, fees and charges) was $9,538,433.12 and interest continues to accrue thereon.

Prior Forbearance. As a result of the default under the $6M Loan and because additional funding was required to enable Mira Mesa to complete the about-to-expire entitlements, Mira Mesa, California Mortgage and Realty, Inc., the Lenders, Fund I and Fund III entered into a certain *Forbearance and Modification Agreement*, dated November 2009 (the "Forbearance Agreement"). Pursuant to the Forbearance Agreement, the Lenders agreed to, among other things, (i) fund the costs

---

[1] The Lenders agreed to fund the cost of the entitlements only if the deed securing the Entitlement Loan primed the then existing deed of trust which secured a $6,000,000 loan (which is now referred to as the Junior Deed of Trust).

of satisfying certain requirements of the then about-to-expire entitlements, in the amount of $600,000 to be secured by a priming first lien deed of trust (i.e., the Entitlement Loan), and (ii) forbear from foreclosing the Junior Deed of Trust on account of the failure to make the necessary monthly payments due under the $6M Loan. Under the Forbearance Agreement, the Lenders and Funds I and III agreed that they would forbear from commencing foreclosure proceedings until November 1, 2011 (the "Termination Date") to allow Mira Mesa time to dispose of or refinance the Property.

In consideration of such forbearance, Fund II transferred a 25% membership interest in Mira Mesa to the Lenders and agreed to transfer an additional 1.5% membership interest to Lenders on a monthly basis commencing in December 2010. By the fall of 2013, the Trustee understands that the Debtors will have no remaining equity interest in Mira Mesa.

In January 2010, the Court approved the Debtors' *Motion to Approve Subordination Agreement Regarding Mira Mesa* and thus approved the Forbearance Agreement.

### C. Additional Funding Required For Entitlements.

The Trustee has been advised that the entitlement process for the Property was not completed and is projected to cost an additional $530,862 and will require approximately 18 months to complete from the date the Additional Funding (defined below) is provided. Factoring in an overage contingency, the total cost of completing the Entitlements has been set at $580,000 (the "Additional Funding"). The Trustee understands that the original estimate for the entitlements did not include many items that were actually needed to complete the process, such as submittal costs, reproductions, renderings, and legal fees associated with certain easements relating to the location and/or relocation of certain power lines and the impact on neighboring property owners.[2]

The Trustee believes that authorizing Mira Mesa to incur the Additional Funding to complete the entitlement process will benefit the estate in that it is estimated that the value of the Property will more than double once the Entitlements are completed. As a result, it is anticipated

---

[2] Under the current plan, the existing power lines on the Property are to be relocated and hence legal fees and other expenses will be incurred relating to the negotiation and transfer of the power lines.

that the estate's portion of the net proceeds that may be generated from the sale of the fully entitled Property may also double.

The Trustee understands that the net proceeds to the Debtors' estate from the sale of the Property in its presently existing condition would likely only be approximately $839,000. However, the Trustee believes that the proceeds to the Debtors' estate from the sale of the fully entitled Property (estimated at $16,000,000) may generate approximately $3,000,000.

Because the estate stands to recover substantial value from the entitled Property, the Trustee has been working with the Lenders to procure their agreement to provide the Additional Funding, to obtain an extension of the Termination Date to a date that is eighteen (18) months from and after the date that the amendments to the Entitlement Loan are fully executed and to re-subordinate the $6M Loan to all amounts heretofore advanced and hereafter to be advanced under the amended Entitlement Loan. As a result of these negotiations and the mutual desire of all of the Lenders to increase the value of the Property by completing the entitlements, each of the Lenders has executed a Declaration (the "Investor Declaration"), a copy of which is attached to the Trustee's declaration as Exhibit D.

The Investor Declaration contemplates that the Trustee, on behalf of Mira Mesa, will execute (i) an Amended Promissory Note reflecting the additional $580,000 loan with a maturity date that is eighteen (18) months from and after the date that the amendments to the Entitlement Loan are fully executed and a related amended Deed of Trust (collectively, the "Amended Entitlement Loan"); and (ii) an amended Forbearance Agreement ("Amended Forbearance Agreement") which reflects the extension of the Termination Date from November 1, 2011 to a date that is eighteen (18) months from and after the date that the Amended Entitlement Loan is fully executed and to re-subordinate the $6M Loan to all amounts advanced under the Amended Entitlement Loan.

The amended Promissory Note will be secured by the First Deed of Trust, which will be modified and amended to secure the amended Promissory Note (evidencing both the Entitlement Loan and the Additional Funding) and the First Deed of Trust (as so modified and amended) (the "Amended First Deed of Trust") will continue to enjoy the same priority as it has heretofore. Because the Amended Entitlement Loan and amended Promissory Note will be secured by the

Amended First Deed of Trust, no payments will be made to the Lenders and Debtors on the Second Deed of Trust until the full amount of the Amended Entitlement Loan and amended Promissory Note are paid.

Attached to the Investor Declaration is a Term Sheet which describes the arrangement pursuant to which Mira Mesa will allow one of the Lenders, Frontier, to serve as Mira Mesa's agent to pursue and complete the entitlements for the Property pursuant to a more definitive agreement (to be negotiated and documented) referred to therein as a "Development Agreement." The Term Sheet provides that Frontier will have the authority necessary to pursue the Entitlements and shall use commercially reasonable efforts to complete the Entitlements no later than a date that is at least 30 days prior to the extension of the forbearance deadline. Frontier also agrees to provide the Trustee with monthly progress reports, and to hire real estate brokers to market and sell the Property, subject to the Trustee's and Court's approval. Accordingly, the Trustee, acting on behalf of the Manager of Mira Mesa, intends to appoint Frontier as Mira Mesa's agent for purposes of pursuing and completing the Entitlements pursuant to the Development Agreement, as contemplated by the Term Sheet.

Frontier will also have the authority to employ a new project manager, Colby Durnin of Sentinel Development Services to assist in the completion of the entitlement process. Sentinel Development Services will then contract with the development consultants previously involved with the project: Ware Malcomb Landscape (Architects); Helix Environmental Planning (Environmental Planning); KOA Corporation (Traffic Impact Study); LDN Consulting (Noise Evaluation); Cynthia Eldred, Esq. (Legal Services); and Lundstrom Engineering (Civil Engineering). The Trustee understands that the new developer will be able to better manage the entitlement/development process so that the entitlements are completed in a timely and more efficient manner.

The Trustee should be permitted to cause Mira Mesa to enter into the Amended Forbearance Agreement and Amended Entitlement Loan (collectively, "Amended Agreements") and the Development Agreement as they reflect a sound business decision and will prevent foreclosure by the First or Second Deed of Trust and provide Mira Mesa with the Additional Funding and management with which it can complete the Entitlements and increase the value of the estate's

interest in the Property. If the Trustee does not cause Mira Mesa to incur the additional $580,000 of debt to complete the Entitlements, the Lenders may seek to foreclose on the First or Junior Deed of Trust, leaving the Debtors' estate with a far less valuable asset.

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing him to cause Mira Mesa (i) to incur $580,000 in additional funding to complete the Entitlements to the Property which funding shall be documented by the Amended Entitlement Loan and Amended First Deed of Trust, (ii) to amend the Forbearance Agreement to reflect a Termination Date that is eighteen (18) months from and after the date that the Amended Entitlement Loan and Amended First Deed of Trust are fully executed, (iii) to re-subordinate the $6M Loan to all amounts advanced under the Amended Entitlement Loan, and (iv) to enter into a Development Agreement.

Dated: March 8, 2013         PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Miriam Manning*
    Miriam Manning
    Attorneys for Richard M Kipperman Chapter 11 Trustee