F. Wayne Elggren, CPA

For LECG, LLC c/o Navigant

One Market Street

Spear Street Tower, Suite 1200

San Francisco, CA 94105

Telephone No. (415) 356-7155

Facsimile No. (415) 356-4005

**Financial Consultants to the Equity Committee**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **CMR MORTGAGE FUND, LLC,** | ) Case No.: 08-32220 TEC |
|       **Debtor.** | ) Chapter 11 |
| | ) |
| **CMR Mortgage Fund II, LLC** | ) Case No.: 09-30788 TEC |
|       **Debtor.** | ) Chapter 11 |
| | ) |
| **CMR Mortgage Fund III, LLC** | ) Case No.: 09-30802 TEC |
|       **Debtor.** | ) Chapter 11 |
| | ) |
| | ) **SECOND AND FINAL APPLICATION** |
| | ) **FOR COMPENSATION AND** |
| | ) **REIMBURSEMENT OF EXPENSES OF** |
| | ) **LECG, LLC, AS FINANCIAL** |
| | ) **CONSULTANTS TO THE EQUITY** |
| | ) **COMMITTEE** |
| | ) |
| _____ | ) Date: |
| | ) Time: |
| |      Place: 235 Pine Street |
| |            Courtroom 23 |
| |            San Francisco, CA |

TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY
JUDGE:

LECG, LLC ("LECG" or "Applicant"), as Financial Consultants ("Consultants") to the Equity Committee ("Committee"), hereby applies for a final award of compensation and reimbursement of expenses for the estates of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC and CMR Mortgage Fund III, LLC (the "Debtor" or "Estate" or "CMR"), and respectfully represent:

I.

INTRODUCTION

LECG respectfully applies, pursuant to the Order Authorizing Employment of LECG, LLC, as Financial Consultants to the Equity Committee, pursuant to 328(a) of the Bankruptcy Code, entered December 30, 2009 (the "Order"), for final approval of compensation for accounting services it has rendered from February 1, 2010 through April 24, 2011 (the "Second Interim Period"), in the amount of $627,236.20.  LECG also seeks an order approving on a final basis the compensation of $184,937.50 of fees and $242.00 of expenses previously approved on an interim basis for the period from November 2009 through January 31, 2010 (of which $15,000.00 has been paid).

1.    The Debtor, CMR Mortgage Fund, LLC, filed a voluntary petition for relief under title 11 of chapter 11 of the United States Bankruptcy Code on November 19, 2008. CMR is a debtor-in-possession.  CMR was a private money lender in northern California.

2.    The Debtor, CMR Mortgage Fund II, LLC, filed a voluntary petition for relief under title 11 of chapter 11 of the United States Bankruptcy Code on March 31, 2009. CMR is a debtor-in-possession.  CMR II was a private money lender in northern California.

1    3.    The Debtor, CMR Mortgage Fund III, LLC, filed a

2  voluntary petition for relief under title 11 of chapter 11 of

3  the United States Bankruptcy Code on March 31, 2009. CMR is a

4  debtor-in-possession.   CMR III was a private money lender in

5  northern California.

6    4.    The Office of the United States Trustee appointed an

7  official committee of equity security holders ("Equity

8  Committee") for all three cases October 2, 2009.

9    5.    An Application for Order Authorizing Employment of

10 LECG, LLC as Financial Consultants to the Equity Committee was

11 filed on November 11, 2009.

12   6.    In the CMR Mortgage Fund, LLC bankruptcy the Order

13 Authorizing Employment of LECG, LLC as Financial Consultants to

14 the Equity Committee was entered December 30, 2009.

15   7.    In the CMR Mortgage Fund II, LLC bankruptcy case the

16 Order Authorizing Employment of LECG, LLC as Financial

17 Consultants to the Equity Committee was entered January 7, 2010.

18   8.    In the CMR Mortgage Fund III, LLC bankruptcy case the

19 Order Authorizing Employment of LECG, LLC as Financial

20 Consultants to the Equity Committee was entered on January 7,

21 2010.

22   9.    The Court approved an expansion of the work to be

23 performed by LECG for all Debtors to include the preparation of

24 tax returns in an order entered February 4, 2011.

25   10.   Navigant Consulting was employed as financial advisors

26 to the Equity Committee to replace LECG, LLC effective April 25,

27 2011 (Exhibit A).

28   11.   LECG has previously requested compensation in this

case for the period covered by its first interim application,

November 2009 through January 31, 2010, ("First Interim Period")

in the amount of $184,937.50 of fees and $242.00 of expenses. LECG has been paid a total of $15,000.00 pursuant to the first interim application.

12. Pursuant to a "Motion For Authority To Incur Unsecured Debt To Finance Appraisals For Debtor In Possession Financing" filed May 28, 2010 (Exhibit B) with this Court and pursuant to order of this Court entered June 17, 2010 (Exhibit C), LECG performed real estate appraisals in connection with a letter of interest to provided debtor-in-possession financing by ASK Financial. As provided in the Court's order, LECG submitted invoices totaling $149,500.50 in fees and $10,152.39 in expenses (Exhibit D) for said services to the Counsel for the Equity Committee in this case and was paid $149,500.50 in fees and $10,152.39 in expenses for a total of $159,652.89 from the $200,000.00 loan made by ASK Financial pursuant to the above motion (Exhibit B) and Court order (Exhibit C). These amounts are not included as part of the applications for the First or Second Interim Periods.

13. During the period covered by the Second Interim Period, LECG incurred total fees in the amount of $627,236.20 representing 1,228.5 hours of services to the estate for which it seeks full approval and payment of 100% of that amount. LECG is requesting no reimbursement of expenses for the Second Interim Period.

A. Additional Exhibits to this Application

1. The nature and extent of LECG services during the Second Interim Period are described in subsequent paragraphs and in the following exhibits to this Application:

Case: 08-32220    Doc# 1228    Filed: 03/22/13    Entered: 03/22/13 11:12:45    Page 4 of 26

Exhibit "E" provides a summary by billing category of hours and fees during the Second Interim Period.

Exhibit "F" provides the detailed time entries for the services provided by category by LECG as financial consultants to the Equity Committee during the Second Interim Period.

Exhibit "G" contains the total hours for each LECG professional and paraprofessional in this case during the Second Interim Period and the hourly rates for those services. The average hourly billing rate for LECG was $510.57. LECG bills travel time at 50% of its normal rate.

Exhibit "H" is a schedule of Applicant's normal hourly billing rates during the LECG Second Interim Period. These were the rates charged by Applicant's personnel to solvent clients where Applicant ordinarily receives payment in full within less than 90 days. Applicant carefully reviewed all time charges to ensure they were reasonable and non-duplicative. Costs and disbursements were also reviewed. Time was billed in tenths of an hour.

Exhibit "I" includes the resumes that describe the education and qualifications of the professionals and paraprofessionals for LECG whose time constitutes a basis for this Application.

B.   Reasonableness of Rates

1.   Each year, LECG attempts to gather accurate information about rates charged by comparable accounting firms for comparable services to ensure its rates are competitive. LECG is informed and believes the rates charged by its staff and accountants are fair and reasonable in light of the rates

Case: 08-32220    Doc# 1228    Filed: 03/22/13    Entered: 03/22/13 11:12:45    Page 5 of 26

charged by comparable firms. By way of example, Mr. Elggren has an hourly rate of $625 during the Second Interim Period that is the highest rate of any professional of LECG whose time is included in this application. As set forth in Mr. Elggren's resume (Exhibit "I"), Mr. Elggren has in excess of 25 years of public accounting experience. Applicants are informed and believe professionals at Mr. Elggren's level at so-called "Big-Four" accounting firms, with whom Applicant competes, have hourly rates as high, or higher, than the rates of Applicant.

2. During January of each year, LECG revises its billing rates for new cases accepted thereafter and for pending cases in the coming year based on facts described above. All services included in this fee application were billed at the applicable standard hourly rates.

## II.

### BACKGROUND FACTS/DESCRIPTION OF SERVICES

A. Procedural Background

1. These cases were commenced upon the filing of a voluntary Chapter 11 petition on November 19, 2008 for CMR Fund, LLC; March 31, 2009 for CMR Fund II, LLC; and March 31, 2009 for CMR Fund III, LLC.

2. The Court signed an Order on December 29, 2009, authorizing the employment of LECG as financial consultants to the Equity Committee.

3. The three Debtors were substantively consolidated pursuant to order of this Court entered on April 7, 2011.

1      4.  Richard Kipperman was appointed Chapter 11 Trustee by

2  order of this Court entered on April 14, 2011.

3                 B.  Description of Services

4      Applicant has been employed to assist the Equity Committee

5  with reviewing and analyzing the Debtor's books and records; to

6  analyze the loan portfolio, and review investor's receipts and

7  disbursements; to indentify and research receipts and

8  disbursements to insiders of the debtors; to identify assets of

9  the estate and analyze the plans of the debtors on how to deal

10 with assets held by the estate; to analyze various complicated

11 agreements to determine the effect of these agreements on the

12 estate; to prepare analysis on substantive consolidation as it

13 relates to fund I, fund II and fund III; to serve as an

14 intermediary between the Committee and the debtors; to review

15 cash flow and cash budget information prepared by the debtors;

16 to analyze the debtors plan and disclosure statement and work

17 with debtor to complete same; to analyze insurance policies and

18 determine potential benefit to the estate; to review plan for

19 Debtor-in-Possession "DIP" financing and the possible impact to

20 the estate; to perform other accounting and finance services as

21 required by the Committee; and to negotiate with the various

22 constituencies in the case regarding matters pertaining to the

23 plan, settlements, loans, property development, and other

24 matters as assigned by the Equity Committee.

25     The details of LECG' services for its Second Interim Period

26 are included herein as Exhibit "F" and the monthly summary is

27 provided in Exhibit "E".  Without limiting the detail given in

28 Exhibit "F", the areas of emphasis of work are as follows:

Case: 08-32220    Doc# 1228    Filed: 03/22/13    Entered: 03/22/13 11:12:45    Page 7 of
26

1.   <u>Organize 2010 Tax Work (1.0)</u>:  LECG has expended .4 hour resulting in fees in the amount of $250.00 for the purpose of arranging tax work to be prepared for the seventeen CMR entities for which tax returns were prepared for calendar year 2010.

2.   <u>General Tax Analysis and Compliance (2.0)</u>: LECG has expended 3.2 hour resulting in fees in the amount of $1,120.00 for the purpose of obtaining documentation and financial information for the purpose of preparing tax returns for the seventeen CMR entities for calendar year 2010.

3.   <u>1 Hegas, LLC Tax Preparation (3.0)</u>: LECG has expended 1.5 hour resulting in fees in the amount of $525.00 for the purpose of preparing the 2010 tax return for 1 Hegas, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

4.   <u>2 Antioch, LLC Tax Preparation (4.0)</u>: LECG has expended 1.6 hour resulting in fees in the amount of $560.00 for the purpose of preparing the 2010 tax return for 2 Antioch, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

5.   <u>2 LinDev, LLC Tax Preparation (5.0)</u>: LECG has expended 3.6 hour resulting in fees in the amount of $1,260.00 for the purpose of preparing the 2010 tax return for 2 LinDev, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

6. <u>4 Union, LLC Tax Preparation (6.0)</u>: LECG has expended 3.3 hour resulting in fees in the amount of $1,155.00 for the purpose of preparing the 2010 tax return for 4 Union, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

7. <u>5 Casa Grande Land, LLC Tax Preparation (7.0)</u>: LECG has expended 2.1 hour resulting in fees in the amount of $735.00 for the purpose of preparing the 2010 tax return for 1 Hegas, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

8. <u>15 SSFDEV, LLC Tax Preparation (8.0)</u>: LECG has expended 8.2 hour resulting in fees in the amount of $3,092.00 for the purpose of preparing the 2010 tax return for 15 SSFDEV, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

9. <u>21 Mira Mesa, LLC Tax Preparation (9.0)</u>: LECG has expended 6.4 hour resulting in fees in the amount of $2,240.00 for the purpose of preparing the 2010 tax return for 21 Mira Mesas, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

10. <u>388 12th Street, LLC Tax Preparation (10.0)</u>: LECG has expended 1.7 hour resulting in fees in the amount of $909.50 for the purpose of preparing the 2010 tax return for 388 12th Street, LLC, an entity that owns repossessed property in which the CMR

Funds own a controlling interest and have the responsibility to prepare tax returns.

11. <u>724 Glenwood, LLC Tax Preparation (11.0)</u>: LECG has expended 1.4 hour resulting in fees in the amount of $490.00 for the purpose of preparing the 2010 tax return for 724 Glenwood, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

12. <u>CMR Fund, LLC Tax Preparation (13.0)</u>: LECG has expended 15.9 hour resulting in fees in the amount of $5,565.00 for the purpose of preparing the 2010 tax return for CMR Fund, LLC.

13. <u>CMR Fund II, LLC Tax Preparation (14.0)</u>: LECG has expended 10.8 hour resulting in fees in the amount of $3,780.00 for the purpose of preparing the 2010 tax return for CMR Fund II, LLC.

14. <u>CMR Fund III, LLC Tax Preparation (15.0)</u>: LECG has expended 8.0 hour resulting in fees in the amount of $2,800.00 for the purpose of preparing the 2010 tax return for CMR Fund III, LLC.

15. <u>Fres Benito, LLC Tax Preparation (16.0)</u>: LECG has expended 1.8 hour resulting in fees in the amount of $630.00 for the purpose of preparing the 2010 tax return for Fres Benito, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

16. <u>Hamilton Creek, LLC Tax Preparation (17.0)</u>: LECG has expended 3.4 hour resulting in fees in the amount of $1,190.00

for the purpose of preparing the 2010 tax return for Hamilton Creek, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

17. <u>Laurel Lake Venice, LLC Tax Preparation (18.0)</u>: LECG has expended 7.1 hour resulting in fees in the amount of $2,485.00 for the purpose of preparing the 2010 tax return for Laurel Lake Venice, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

18. <u>Wheatland Holdings, LLC Tax Preparation (20.0)</u>: LECG has expended 1.5 hours resulting in fees in the amount of $525.00 for the purpose of preparing the 2010 tax return for Wheatland Holdings, LLC, an entity that owns repossessed property in which the CMR Funds own a controlling interest and have the responsibility to prepare tax returns.

19. <u>Offering Circulars and Related Analysis (1075.0)</u>: LECG has expended 2.4 hours resulting in fees in the amount of $720.00 for the purpose of informing the Committee of maximum funding available to each fund under their respective offering circulars.

20. <u>Accounting Investigation of Debtor/Related Parties (1150.0)</u>: LECG has expended 5.5 hours resulting in fees in the amount of $1,650.00 for the purpose of analyzing intercompany transactions and balances.

21. <u>Analyze Debtor's Accounting Records (1160.0)</u>: LECG has expended 3.1 hours resulting in fees in the amount of $930.00 for the purpose of providing the Committee requested information concerning each fund.

22. <u>Call/Meeting with Committee Counsel (2000.0)</u>: LECG has expended 5.6 hours resulting in fees in the amount of $3,500.00 for the purpose communicating with Committee Counsel regarding various tasks and exchange of information.

23. <u>Pfau, Pfau, Pfau (2001.0)</u>: LECG has expended 88.9 hour resulting in fees in the amount of $55,562.50 for the purpose of addressing the foreclosure battles between ING and the Pfau entity which is a borrower of CMR Fund loans in the approximate amount of $34 million and collateral value in excess of $25 million. Said fees were the result of numerous calls with the manager of the Pfau entity (in its own bankruptcy in San Diego), CMRI personnel, attorneys, and others to negotiate through the complicated problems.

24. <u>Appraisal Analysis and Water Fall Calculations (2002.0):</u> LECG has expended 19.1 hour resulting in fees in the amount of $7,977.50 for the purpose of determining that the CMR Funds interests in properties at appraised values exceeded the minimum requirements under the ASK Financial letter of intent.

25. <u>Wells Fargo Capital Finance (2003.0)</u>: LECG has expended 16 hour resulting in fees in the amount of $10,000.00 for the purpose communicating and negotiating with Wells Fargo Capital Finance regarding their lien on the Wheatland property and claims against the CMR Funds. Such negotiations resulted in initial agreements that allowed the Committee and Debtors to move forward with their proposed plans.

26. <u>Oxford Partners (2004.0)</u>: LECG has expended 20.8 hours resulting in fees in the amount of $13,000.00 for the purpose of communicating and negotiating with Oxford Partners regarding

Case: 08-32220   Doc# 1228   Filed: 03/22/13   Entered: 03/22/13 11:12:45   Page 12
of 26

their first lien positions in several of the properties critical to the CMR Funds. Such negotiations resulted in agreements that allowed the Committee and Debtors to move forward with their proposed plans.

27. <u>ASK Financial (2005.0)</u>: LECG has expended 15.2 hour resulting in fees in the amount of $9,500.00 for the purpose of negotiating a letter of interest for a $12 million loan and to provide ASK Financial with the required information to comply with the letter of interest. Such negotiations resulted in a letter of interest that allowed the Committee and Debtors to move forward with their proposed plans.

28. <u>Claims Analysis (2006.0)</u>: LECG has expended 7.6 hour resulting in fees in the amount of $4,750.00 for the purpose of analyzing the administrative and unsecured claims in the case as well as the specific claims of Orrick Harrington. Such analysis was necessary for purposes of moving the Committee and Debtors' plans forward.

29. <u>David Choo/CMRI (2007.0)</u>: LECG has expended 13.7 hour resulting in fees in the amount of $8,562.50 for the purpose of negotiation the outlines of a settlement with Mr. Choo and to provide Committee Counsel and the Committee with the basis for such settlement. Such services have been used by various parties to negotiate a recover of insurance proceeds for the CMR Funds.

30. <u>Property Analysis (2008.0)</u>: LECG has expended 4.3 hour resulting in fees in the amount of $2,687.50 for the purpose of analyzing the upside values in each property over and above the appraised values. Such information was useful for the Debtors' plan and for purposes of obtaining financing.

31. <u>Property Entitlement Budgeting (2009.0)</u>: LECG has expended 1.4 hours resulting in fees in the amount of $875.00 for the purpose of cash flow analysis and use of loan proceeds and for obtaining financing.

32. <u>Insider Transactions (2010.0)</u>: LECG has expended 1.1 hour resulting in fees in the amount of $460.00 for the purpose of considering the potential recovery of disbursement made from the CMR Funds prepetition.

33. <u>Alternative Financing (2011.0)</u>: LECG has expended 123.8 hours resulting in fees in the amount of $77,375.00 for the purpose of replacing the ASK Financial $12 million loan that fell through. Such services included numerous calls and presentations to various parties interested in considering a loan to the CMR Funds.

34. <u>Revisions to Cash Flow and Disclosure Statement Exhibits (2013.0)</u>: LECG has expended 36.7 hour resulting in fees in the amount of $22,937.50 for the purpose of providing to the Committee and prospective lenders updated information given the loss of some properties and ASK Financial financing. Such updates were used by Committee Counsel in submissions to the Court.

35. <u>Claims Against Guarantors (2014.0)</u>: LECG has expended 6.0 hour resulting in fees in the amount of $3,392.50 for the purpose of providing to Committee Counsel documentation related to guaranties given by borrowers that could be pursued for collection.

36. <u>Property Tax Analysis (2015.0)</u>: LECG has expended 3.3 hours resulting in fees in the amount of $2,062.50 for the purpose of analyzing cash flow needs for loan proceeds.

37. <u>Extension of Time to Borrow (2016.0)</u>: LECG has expended 1.5 hour resulting in fees in the amount of $937.50 for the purpose of preparing a declaration regarding the request for an extension of time to borrow.

38. <u>Oxford Financing (2017.0)</u>: LECG has expended 53.8 hours resulting in fees in the amount of $33,625.00 for the purpose of providing information to Oxford Partners for the purpose of obtaining exit financing and negotiation of terms related thereto.

39. <u>Alternative Fund Manager Analysis (2018.0)</u>: LECG has expended 2.2 hour resulting in fees in the amount of $1,375.00 for the purpose of obtaining alternative management, at the request of the Committee, to replace CMRI as manager under the Wind Down Trust.

40. <u>Communication with Trustee (2019.0)</u>: LECG has expended 3.9 hours resulting in fees in the amount of $2,437.50 for the purpose of communicating information and suggests to the newly appointed Chapter 11 Trustee Richard Kipperman.

41. <u>Preparation for Investor Meeting (2020.0)</u>: LECG has expended 2.0 hours resulting in fees in the amount of $1,250.00 for the purpose of meeting with investors and answering their questions.

42. <u>Motion for Relief from Stay for Sand City (3100.0)</u>: LECG has expended .1 hour resulting in fees in the amount of $62.50 for the purpose of dealing with foreclosure of the Sand City property.

43. <u>Electronic Data Identification / Preservation (7000.0)</u>: LECG has expended 1.2 hours resulting in fees in the

Case: 08-32220    Doc# 1228    Filed: 03/22/13    Entered: 03/22/13 11:12:45    Page 15 of 26

amount of $360.00 for the purpose of organizing electronic data to be sent to Committee members.

44. Debtor-in Possession "DIP" Financing (8000.0): LECG has expended 3.4 hour resulting in fees in the amount of $2,125.00 for the purpose of reviewing, communicating and negotiating with CMRI regarding their proposed DIP financing.

45. Communications with CMRI Personnel (8050.0): LECG has expended 23.8 hour resulting in fees in the amount of $14,192.50 for the purpose of communicating with CMRI personnel on a host of issues and negotiation items.

46. D&O and E&O Insurance (8150.0): LECG has expended 5.6 hours resulting in fees in the amount of $3,500.00 for the purpose of providing information to Committee Counsel regarding D&O insurance issues and claims to be made against the D&O policy.

47. Substantive Consolidation Analysis (9000.0): LECG has expended 99.5 hour resulting in fees in the amount of $47,335.00 for the purpose of analyzing the Debtors' financial and other records to determine whether the three Debtors should be substantively consolidated, measuring the impact on equity holders in each of the three Debtors of substantive consolidation, preparing declarations supporting substantive consolidation, and communicating findings to the Committee.

48. Plan of Reorganization & Disclosure Statement (10000.0): LECG has expended 71.3 hour resulting in fees in the amount of $36,665.00 for the purpose of analyzing the financial feasibility of the plan, analyzing and preparing cash flow projections, analyzing and preparing a liquidation analysis

Case: 08-32220   Doc# 1228   Filed: 03/22/13   Entered: 03/22/13 11:12:45   Page 16 of 26

under a hypothetical Chapter 7, preparing exhibits for inclusion in the disclosure statement, and communicating with Committee Counsel financial information needed for presentation to the Court.

49. <u>Meetings to Discuss Plan (10001.0)</u>: LECG has expended 12.9 hours resulting in fees in the amount of $8,062.50 for the purpose of meeting with various parties to the plan process and communicating financial information and results.

50. <u>Cash Flow / Cash Budget Analysis (12050.0)</u>: LECG has expended 33.4 hours resulting in fees in the amount of $19,835.00 for the purpose of analyzing CMRI's budget, tracking results of budget activities, and coordinating budget activities with CMRI personnel.

51. <u>Investor Statements and Activity – Fund I (14000.0)</u>: LECG has expended 44.7 hours resulting in fees in the amount of $13,410.00 for the purpose of analyzing investor activity with Fund I for the purpose of determining potential legal actions for recovery of distributions, substantive consolidation of the Debtors, determining the amount of each investor's interest in the Wind Down Trust, and answering inquiries made by investors.

52. <u>Investor Statements and Activity – Fund II (14001.0)</u>: LECG has expended 17.6 hours resulting in fees in the amount of $5,280.00 for the purpose of analyzing investor activity with Fund II for the purpose of determining potential legal actions for recovery of distributions, substantive consolidation of the Debtors, determining the amount of each investor's interest in the Wind Down Trust, and answering inquiries made by investors.

Case: 08-32220    Doc# 1228    Filed: 03/22/13    Entered: 03/22/13 11:12:45    Page 17 of 26

53. <u>Investor Statements and Activity – Fund III (14002.0)</u>: LECG has expended 11.3 hours resulting in fees in the amount of $3,390.00 for the purpose of analyzing investor activity with Fund III for the purpose of determining potential legal actions for recovery of distributions, substantive consolidation of the Debtors, determining the amount of each investor's interest in the Wind Down Trust, and answering inquiries made by investors.

54. <u>Investor Statements & Activity for Potential Insiders (14100.0)</u>: LECG has expended 5.8 hours resulting in fees in the amount of $2,520.00 for the purpose of analyzing insider and former employee transactions as they pertain to withdrawals.

55. <u>Fee Application Preparation (17000.0)</u>: LECG has expended 38.0 hour resulting in fees in the amount of $5,855.00 for the purpose of preparing the first application and preparation for the second application for compensation and expenses.

56. <u>Hearing Preparation / Attendance (18000.0)</u>: LECG has expended 14.9 hours resulting in fees in the amount of $9,312.50 for the purpose of attending various hearings.

57. <u>Equity Committee Meeting / Calls (19000.0)</u>: LECG has expended 74.1 hours resulting in fees in the amount of $40,722.50 for the purpose of attending meetings of the Equity Committee.

58. <u>Preparation for Equity Committee Meetings (19100.0)</u>: LECG has expended 26.5 hours resulting in fees in the amount of $16,172.50 for the purpose of preparing information and documents for the Equity Committee Meetings and in discussions with Committee Counsel preparing for the meetings.

59.  <u>Equity Committee Meeting Follow-up (19200.0)</u>: LECG has expended 5.5 hours resulting in fees in the amount of $3,437.50 for the purpose of following up on items discussed and in communications with Committee Counsel coordinating items from the Equity Committee meetings.

60.  <u>Communications with Equity Committee Members (19300.0)</u>: LECG has expended 9.0 hours resulting in fees in the amount of $4,244.50 for the purpose of providing information to or discussions with members of the Equity Committee.

61.  <u>Investor Meeting Attendance / Preparation (20000.0)</u>: LECG has expended 6.4 hours resulting in fees in the amount of $4,000.00 for the purpose of preparing for and attending the investor meeting.

62.  <u>Investor Communications / Inquiries (21000.0)</u>: LECG has expended 11.2 hours resulting in fees in the amount of $3,717.50 for the purpose of responding to investor inquiries that were forward to us by Committee Counsel, and discussions with CMRI and Debtors' Counsel regarding member interests.

63.  <u>REO Properties (22500.0)</u>: LECG has expended 6.7 hours resulting in fees in the amount of $2,010.00 for the purpose of identifying REO properties and their entities and analyze financial information related thereto.

64.  <u>Loan/Property Analysis – General (23000.0)</u>: LECG has expended 46.9 hours resulting in fees in the amount of $14,882.50 for the purpose of researching historical values of properties, underwriting information related to properties, guarantees on property loans, ownership interest in properties, liens on property, and other relevant information relate thereto.

Case: 08-32220   Doc# 1228   Filed: 03/22/13   Entered: 03/22/13 11:12:45   Page 19 of 26

65. <u>Loan / Property Analysis – Hawaii (23001.0)</u>: LECG has expended 9.9 hours resulting in fees in the amount of $5,635.00 for the purpose of analyzing the Hawaii loan and litigation and valuation of Hawaii property value.

66. <u>Loan / Property Analysis – Dyer Mountain (23002.0)</u>: LECG has expended 12.9 hours resulting in fees in the amount of $6,307.50 for the purpose of analyzing property value of project and communications with numerous parties expressing interest in purchasing property.

67. <u>Loan / Property Analysis – Myrtle Beach (23003.0)</u>: LECG has expended 4.9 hours resulting in fees in the amount of $2,542.50 for the purpose of analyzing property value and communications regarding project operations.

68. <u>Loan / Property Analysis – Wheatland (23004.0)</u>: LECG has expended 7.6 hours resulting in fees in the amount of $2,897.50 for the purpose of analyzing property values and communications with parties regarding agreements and liens.

69. <u>Loan / Property Analysis – San Marcos (23005.0)</u>: LECG has expended 30.0 hour resulting in fees in the amount of $10,510.00 for the purpose of analyzing the Ashurst Ranch and San Marcos properties held by Pfau for purpose of development, defense against ING foreclosure, and cost to entitle.

70. <u>Loan / Property Analysis – Mira Mesa (23006.0)</u>: LECG has expended 1.7 hours resulting in fees in the amount of $672.50 for the purpose of determining cash flow and values to be derived from entitlement.

71. <u>Loan / Property Analysis – Saigon Plaza (23008.0)</u>: LECG has expended 2.7 hours resulting in fees in the amount of

Case: 08-32220    Doc# 1228    Filed: 03/22/13    Entered: 03/22/13 11:12:45    Page 20 of 26

$1,330.00 for the purpose of determining values of properties, settlement for discounted payment, and litigation surrounding property.

72. <u>4 Union Property (23009.0)</u>: LECG has expended 1.2 hours resulting in fees in the amount of $750.00 for the purpose of dealing with lien holder and sale of property.

73. <u>Loan / Property Analysis – Casa Grande (23011.0)</u>: LECG has expended 2.1 hour resulting in fees in the amount of $955.00 for the purpose of analyzing property value, entitlement costs, and potential for cash flow in plan.

74. <u>Loan / Property Analysis – Brisbane (23012.0)</u>: LECG has expended 6.1 hours resulting in fees in the amount of $3,455.00 for the purpose of dealing with lien holder, negotiating and investigating quarry operations, development of property, entitlement cost, and cash flow in plan.

75. <u>David Choo Claim / Settlement (24000.0)</u>: LECG has expended 25.3 hours resulting in fees in the amount of $15,812.70 for the purpose of investigating the assets of David Choo, structuring a preliminary framework for settlement, and providing information for Committee Counsel to negotiate for settlement.

76. <u>Canyon Partners Meeting / Settlement (27000.0)</u>: LECG has expended 31.5 hours resulting in fees in the amount of $19,460.00 for the purpose of analysis of Canyon claims and impact on plan cash flow, negotiations with Canyon on settlement, communication to Committee on claims, and prepare final settlement. This work resulted in the elimination of $5 million of unsecured claims and ended litigation favorable to the Debtors.

77. Travel (29000.0): LECG has expended 3.0 hours resulting in fees in the amount of $937.50 (billed at one-half the normal hourly rate) for travel time.

III.

CONCLUSION

1. Applicant believes compensation awarded herein will account for the quality of services rendered, the complexity of the issues at hand, the desirability of employment, the results obtained and the contingency thereof, as well as the actual hours expended.  Applicant believes full payment of its fees is justified when weighed against the benefit of its work, as described above.

2. No agreement exists between Applicant nor any other person for the sharing of compensation that is received in connection with this case, except for the understanding concerning compensation among its shareholder/owners.

3. In summary the total fees, expenses and payment for the First and Second Interim Periods are as follows:

First Interim Period – Compensation (1) $184,937.50

Second Interim Period – Compensation (2) 627,236.20

    Total Compensation            812,173.70

First Interim Period – Expenses (1)      242.00

Payment 4/13/2010 – (1)          <15,000.00>

Total Unpaid Compensation and Expenses $797,415.70

                                    ==========

(1) Previously Authorized

(2) Requested in this Application

1    WHEREFORE, Applicant respectfully requests full final

2  approval and reimbursement of 1) the Second Interim Period

3  compensation of fees owed to LECG in the amount of $627,236.20

4  representing 1,230.0 hours of services provided to the estate of

5  which none of this amount has been paid; 2) final approval of

6  the First Interim Period and Second Interim Period compensation

7  in the total amount of $812,173.70 and expenses of $242.00; and

8  3) for such other further relief as the Court deems just and

9  proper.

10

11 Dated: March 20, 2013     Respectfully submitted,

12

13

14                                    /s/ F. Wayne Elggren

15                                    F. Wayne Elggren, CPA
                                      for LECG, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

00015395-1 23

## DECLARATION OF F. WAYNE ELGGREN

I, F. Wayne Elggren, declare as follows:

1.  I am a Certified Public Accountant and am a director in the firm of LECG, LLC ("LECG").  I have read the foregoing Second Interim Application for LECG, LLC, as Financial Consultants to the Equity Committee (the "Application") and know the contents thereof.  I certify the facts stated therein are true of my own knowledge, except for those stated upon information and belief, which I believe to be true.

2.  The Application of LECG seeks full compensation for the period November 1, 2009, through January 31, 2010 ("Second Interim Period") totaling $627,236.20 for fees representing 1,228.5 hours of services provided to the estate.  The time billed in the Application is based on records kept in the ordinary course of LECG's business, and it is the customary practice of the professionals and paraprofessionals to record their time on a substantially contemporaneous basis.

3.  The Application seeks no reimbursement of costs. It is customary for LECG to charge its clients for photocopies at $.20 per copy.  LECG also customarily charges its clients for toll and long-distance phone charges, faxes, overnight mail, courier services, and other such expenses at their cost.

4.  The Equity Committee has been informed of the nature of LECG's services and the approximate amount of their fees prior to the filing of the Application.

5.    I believe Applicant's Application substantially complies with the U.S. Trustee Guidelines ("the Guidelines") concerning professionals' fee applications.

I declare under penalty of perjury under the laws of the United States of America that the facts stated herein are true and correct to the best of my knowledge.  Executed this 20th day of March 2013, at Philadelphia, Pennsylvania.


_/s/ F. Wayne Elggren_
F. Wayne Elggren, CPA
For LECG, LLC

## DECLARATION OF SCOTT H. MCNUTT

I, Scott H. McNutt, declare as follows:

1.   I am an attorney and am a partner of the McNutt Law Group, LLP firm.  I am counsel to the Equity Committee in this case.  I have personal knowledge of the following facts and, if called, I could and would testify competently thereto.

2.   I have reviewed the Second Interim Application for LECG, LLC, as Financial Consultants to the Equity Committee (the "Application").

3.   I have discussed the Second Interim Application with Applicant and have no unresolved objections to approve the amounts sought in this Application. I believe the approval of $627,236.57 for LECG which is 100% of the total requested fees is appropriate in light of the current status of the case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of March, 2013, at San Francisco, California.

_/s/ Scott H. McNutt_
Scott H. McNutt

00015395-1  26