1   F. Wayne Elggren, CPA

2   For Navigant Consulting, Inc.

3   One Market Street

4   Spear Street Tower, Suite 1200

5   San Francisco, CA  94105

6   Telephone No. (415) 356-7155

7   Facsimile No. (415) 356-4005

8   **Financial Consultants to the Equity Committee**

9                    UNITED STATES BANKRUPTCY COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  **In re:**                            )
                                          )
13  **CMR MORTGAGE FUND, LLC,**           ) Case No.: 08-32220 TEC
14          **Debtor.**                   ) Chapter 11
                                          )
15  **CMR Mortgage Fund II, LLC**         ) Case No.: 09-30788 TEC
16          **Debtor.**                   ) Chapter 11
                                          )
17  **CMR Mortgage Fund III, LLC**        ) Case No.: 09-30802 TEC
18          **Debtor.**                   ) Chapter 11
                                          )
19                                        ) **FIRST INTERIM APPLICATION FOR**
                                          ) **COMPENSATION AND REIMBURSEMENT**
20                                        ) **OF EXPENSES OF NAVIGANT**
                                          ) **CONSULTING, INC., AS FINANCIAL**
21                                        ) **CONSULTANTS TO THE EQUITY**
                                          ) **COMMITTEE**
22                                        )
23  _____ ) Date:  April 12, 2013
                                          ) Time:  9:30 a.m.
24                                          Place: 235 Pine Street
25                                                 Courtroom 23
                                                   San Francisco, CA
26
    TO THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY
27
    JUDGE:
28

                                     1

Navigant Consulting, Inc. ("Navigant" or "Applicant"), as Financial Consultants ("Consultants") to the Equity Committee ("Committee"), hereby applies for compensation and reimbursement of expenses for the First interim fee period for the estates of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC and CMR Mortgage Fund III, LLC (the "Debtor" or "Estate" or "CMR"), and respectfully represent:

I.

INTRODUCTION

NAVIGANT respectfully applies, pursuant to the Order Authorizing Employment of NAVIGANT, as Financial Consultants to the Equity Committee, pursuant to 328(a) of the Bankruptcy Code, entered October 14, 2009 (the "Order", see Exhibit A), for interim approval of compensation for accounting services it has rendered from April 25, 2011 through April 30, 2012 (the "First Interim Period").

1.   The Debtor, CMR Mortgage Fund, LLC, filed a voluntary petition for relief under title 11 of chapter 11 of the United States Bankruptcy Code on November 19, 2008. CMR was a private money lender in northern California.

2.   The Debtor, CMR Mortgage Fund II, LLC, filed a voluntary petition for relief under title 11 of chapter 11 of the United States Bankruptcy Code on March 31, 2009. CMR II was a private money lender in northern California.

3.   The Debtor, CMR Mortgage Fund III, LLC, filed a voluntary petition for relief under title 11 of chapter 11 of the United States Bankruptcy Code on March 31, 2009. CMR III was a private money lender in northern California.

Case: 08-32220   Doc# 1229   Filed: 03/22/13   Entered: 03/22/13 11:16:44   Page 2 of 11

4.    The Office of the United States Trustee appointed an official committee of equity security holders ("Equity Committee") for all three cases October 2, 2009.

5.    The three Debtors were substantively consolidated by order of this Court on April 7, 2011.

6.    Navigant was employed as financial advisors to the Equity Committee to replace LECG, LLC effective April 25, 2011.

7.    NAVIGANT has not previously requested compensation in this case.

8.    During the period covered by the First Interim Period, NAVIGANT incurred total fees in the amount of $54,437.50 representing 88.10 hours of services to the estate for which it seeks full approval and payment.

A.    Additional Exhibits to this Application

1.    The nature and extent of NAVIGANT services during the First Interim Period are described in subsequent paragraphs and in the following exhibits to this Application:

Exhibit "B" provides a summary by billing category of hours and fees during the First Interim Period.

Exhibit "C" provides the detailed time entries for the services provided by category by NAVIGANT as financial consultants to the Equity Committee during the First Interim Period.  This exhibit includes the normal hourly billing rate for Mr. Elggren, the sole NAVIGANT employee working on the engagement.  The average hourly billing rate for NAVIGANT was $617.91. NAVIGANT bills travel time at 50% of its normal rate. Applicant carefully reviewed all time charges to ensure they were reasonable and non-duplicative.  Time was billed in tenths

Case: 08-32220    Doc# 1229    Filed: 03/22/13    Entered: 03/22/13 11:16:44    Page 3 of 11

of an hour.

Exhibit "D" contains the total hours for each NAVIGANT professional and paraprofessional in this case during the First Interim Period and the hourly rates for those services.

Exhibit "E" includes Mr. Elggren's resume that describes his education and qualifications as a professional for NAVIGANT whose time constitutes a basis for this Application.

B.   Reasonableness of Rates

1.   Each year, NAVIGANT attempts to gather accurate information about rates charged by comparable accounting firms for comparable services to ensure its rates are competitive. NAVIGANT is informed and believes the rates charged by its staff and accountants are fair and reasonable in light of the rates charged by comparable firms.  Mr. Elggren has an hourly rate of $625 during the First Interim Period that is the highest rate of any professional of NAVIGANT whose time is included in this application.  As set forth in Mr. Elggren's resume (Exhibit "F"), Mr. Elggren has in excess of 25 years of public accounting experience.  Applicants are informed and believe professionals at Mr. Elggren's level at so-called "Big-Four" accounting firms, with whom Applicant competes, have hourly rates as high, or higher, than the rates of Applicant.

2.   During January of each year, NAVIGANT revises its billing rates for new cases accepted thereafter and for pending cases in the coming year based on facts described above.  All services included in this fee application were billed at the applicable standard hourly rates with the exception of travel time, which is billed at one-half the normal hourly rate.

4

BACKGROUND FACTS/DESCRIPTION OF SERVICES

A.   Procedural Background

1.   These cases were commenced upon the filing of a voluntary Chapter 11 petition on November 19, 2008 for CMR Fund, LLC; March 31, 2009 for CMR Fund II, LLC; and March 31, 2009 for CMR Fund III, LLC.

2.   The Court signed an Order ("Exhibit A") on October 13, 2010, authorizing the employment of NAVIGANT as financial consultants to the Equity Committee.

3.   The three Debtors were substantively consolidated pursuant to order of this Court entered on April 7, 2011.

4.   Richard Kipperman was appointed Chapter 11 Trustee by order of this Court entered on April 14, 2011.

B.   Description of Services

Applicant has been employed to assist the Equity Committee with matters pertaining to the Trustee's sale of assets; negotiations with parties in interest in this case; and other matters as assigned by the Equity Committee.

The details of NAVIGANT' services for its First Interim Period are included herein as Exhibit "C" and the monthly summary is provided in Exhibit "B". Without limiting the detail given in Exhibit "C", the areas of emphasis of work are as follows:

1.   Communication with Trustee (1.0):  NAVIGANT has expended 5.3 hours resulting in fees in the amount of $3,312.50 for the purpose of communicating with the Trustee, Richard Kipperman, on behalf of the Committee and providing information

to the Trustee regarding real estate projects and suggestions as to how to deal with the various projects.

2.  <u>Communications with Committee Counsel re: Insurance Claim (2.0)</u>:  NAVIGANT has expended 5.2 hours resulting in fees in the amount of $3,250.00 provided analysis, documentations and information to Committee Counsel regarding the prospective claims against David Choo and CMRI and settlement negotiations related thereto.

3.  <u>Committee Call (3.0)</u>:  NAVIGANT has expended 10.8 hours resulting in fees in the amount of $6,750.00 attending Committee calls with brief follow-up on calls.

4.  <u>Communications with Committee Counsel (4.0)</u>:  NAVIGANT has expended 3.8 hours resulting in fees in the amount of $2,375.00 communicating and responding to Committee Counsel's requests.

5.  <u>Prepare for Committee Call (5.0)</u>:  NAVIGANT has expended 3.3 hours resulting in fees in the amount of $2,062.50 gathering information and preparing for calls with the Committee.

6.  <u>Communications with Committee Members (6.0)</u>:  NAVIGANT has expended .9 hours resulting in fees in the amount of $562.50 responding to inquires from Committee Members.

7.  <u>Prepare Fee Application for LECG (7.0)</u>:  NAVIGANT has expended 30.0 hours resulting in fees in the amount of $18,750.00 preparing the second fee application of LECG.  Mr. Elggren was the sole remaining LECG employee available to prepare the LECG fee application, which he did while an employee of NAVIGANT.  The LECG fee application requested $627,236.20

Case: 08-32220   Doc# 1229   Filed: 03/22/13   Entered: 03/22/13 11:16:44   Page 6 of 11

based on 1,228.5 hours of services provided.

8.   <u>Communications with Oxford Partners (8.0)</u>:  NAVIGANT has expended .8 hours resulting in fees in the amount of $500.00 analyzing various compromises to treatment of Oxford's senior interests.

9.   <u>Communications with CMRI Personnel (9.0)</u>:  NAVIGANT has expended .5 hours resulting in fees in the amount of $312.50 responding to inquires and obtaining information from CMRI.

10.  <u>Analyze Trustee Second Status Report (10.0)</u>:  NAVIGANT has expended 8.9 hours resulting in fees in the amount of $5,562.50 analyzing property information in the Trustee's second status report as compared to information in Trustee's first status report and information previously analyzed on various properties in connection with the plan; then preparing and emailing analysis to Committee.

11.  <u>Property Analysis and Communications – Myrtle – Dyer (11.0)</u>:  NAVIGANT has expended 6.4 hours resulting in fees in the amount of $4,000.00 analyzing the Myrtle Beach and Dyer Mountain properties in connection with settlement discussions between the Trustee and Oxford and subsequent foreclosure issues involving the second lien on the Myrtle Beach properties.

12.  <u>Prepare Fee Application of Navigant (12.0)</u>:  NAVIGANT has expended 6.7 hours resulting in fees in the amount of $4,187.50 preparing this fee application.

13.  <u>Communications with Trustee re: Oxford (13.0)</u>:  NAVIGANT has expended 3.5 hours resulting in fees in the amount of $2,187.50 communicating with the Trustee regarding negotiations with Oxford.

Case: 08-32220   Doc# 1229   Filed: 03/22/13   Entered: 03/22/13 11:16:44   Page 7 of 11

14. <u>Travel (14.0)</u>: NAVIGANT has expended 2.0 hours resulting in fees in the amount of $625.00 in travel time, which is billed at one-half the normal hourly rate.

III.

CONCLUSION

1. Applicant believes compensation awarded herein will account for the quality of services rendered, the complexity of the issues at hand, the desirability of employment, the results obtained and the contingency thereof, as well as the actual hours expended. Applicant believes full payment of its fees is justified when weighed against the benefit of its work, as described above.

2. No agreement exists between Applicant nor any other person for the sharing of compensation that is received in connection with this case, except for the understanding concerning compensation among its employees/shareholder/owners.

3. In summary, the total fees for the First Interim Periods are $54,437.50, representing 88.1 hours of professional services.

WHEREFORE, Applicant respectfully requests full approval of 1) the First Interim Period compensation of fees of NAVIGANT in the amount of $54,437.50 representing 88.1 hours of services provided to the estate; and 2) for such other further relief as the Court deems just and proper.

Dated: March 21, 2013      Respectfully submitted,


                            /s/ *F. Wayne Elggren*
                            _____
                            F. Wayne Elggren, CPA, CIRA, CFE
                            for NAVIGANT, LLC

Case: 08-32220   Doc# 1229   Filed: 03/22/13   Entered: 03/22/13 11:16:44   Page 8 of 11

**DECLARATION OF F. WAYNE ELGGREN**

I, F. Wayne Elggren, declare as follows:

1. I am a Certified Public Accountant and am a managing director in the firm of NAVIGANT, LLC ("NAVIGANT"). I have read the foregoing First Interim Application for NAVIGANT, LLC, as Financial Consultants to the Equity Committee (the "Application") and know the contents thereof. I certify the facts stated therein are true of my own knowledge, except for those stated upon information and belief, which I believe to be true.

2. The Application of NAVIGANT seeks full compensation for the period April 25, 2011 through April 30, 2012 ("First Interim Period") totaling $54,437.50 for fees representing 88.1 hours of services provided to the estate. The time billed in the Application is based on records kept in the ordinary course of NAVIGANT's business, and it is the customary practice of the professionals and paraprofessionals to record their time on a substantially contemporaneous basis.

3. The Equity Committee has been informed of the nature of NAVIGANT's services and the approximate amount of their fees prior to the filing of the Application.

///

///

///

///

///

///

///

Case: 08-32220   Doc# 1229   Filed: 03/22/13   Entered: 03/22/13 11:16:44   Page 9 of 11

1     4.   I believe Applicant's Application substantially
2  complies with the U.S. Trustee Guidelines ("the Guidelines")
3  concerning professionals' fee applications.
4           I declare under penalty of perjury under the laws of
5  the United States of America that the facts stated herein are
6  true and correct to the best of my knowledge.  Executed this
7  21st day of March 2013, at Salt Lake City, Utah.

8

9                              */s/ F. Wayne Elggren*
                              F. Wayne Elggren, CPA
10

Case: 08-32220   Doc# 1229   Filed: 03/22/13   Entered: 03/22/13 11:16:44   Page 10 of 11

<u>DECLARATION OF SCOTT H. MCNUTT</u>

I, Scott H. McNutt, declare as follows:

1.    I am an attorney and am a partner of the McNutt Law Group, LLP firm.  I am counsel to the Equity Committee in this case.  I have personal knowledge of the following facts and, if called, I could and would testify competently thereto.

2.    I have reviewed the First Interim Application for NAVIGANT, LLC, as Financial Consultants to the Equity Committee (the "Application").

3.    I have discussed the First Interim Application with Applicant and have no unresolved objections to approve the amounts sought in this Application. I believe the approval of $54,437.50 for NAVIGANT which is 100% of the total requested fees is appropriate in light of the current status of the case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of March, 2013, at San Francisco, California.

_____/s/ *Scott H. McNutt*_____
Scott H. McNutt