SIMON ARON (State Bar No. 108183)
  saron@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:  (310) 478-4100
Facsimile:  (310) 479-1422

Attorneys for Secured Creditor,
American Liberty Investments, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CMR MORTGAGE FUND, LLC, CMR MORTGAGE FUND, II, LLC, CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No. 08-32220-TEC<br>08-30788-TEC<br>08-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SECURED CREDITOR AMERICAN LIBERTY INVESTMENTS, LLC, FOR COURT APPROVAL AND ISSUANCE OF ORDER ON STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY REGARDING THE REAL PROPERTY LOCATED AT 353 GRAND AVENUE, OAKLAND, CALIFORNIA**<br><br>Judge: Hon. Thomas E. Carlson<br><br>[NO HEARING DATE SET] |

## MEMORANDUM OF POINTS AND AUTHORITIES

Secured creditor American Liberty Investments, LLC ("American Liberty"), hereby submit its Memorandum of Points and Authorities (the "P&A") in support of its motion (the "Motion") for entry of order pursuant to Rules 4001(d)(3) and 9019 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9014-1(b) for the Northern

District of California, approving the stipulation (the "Stipulation") entered into by and between Richard M. Kipperman, the Chapter 11 trustee (the "Trustee") in the above entitled and substantively consolidated estates of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund, III, LLC (collectively the "Debtors") and American Liberty in order to provide American Liberty with immediate relief from the automatic stay under 11 U.S.C. §362(d)(1) and (d)(2) to complete its non-judicial foreclosure sale of the real property commonly known as 353 Grand Avenue, Oakland, California (the "Grand Property"). A true and correct copy of the Stipulation is attached hereto as Exhibit "A" and is incorporated herein by this reference..

## I.

## JURISDICTION

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of this proceeding and the Motion is properly in this district pursuant to 28 U.S.C. § 1408.

## II.

## ARGUMENT

American Liberty holds 100% of the beneficial interest in a Promissory Note dated April 8, 2004, in the original principal amount of $1,700,000.00 executed by the Benyam Mulugeta and Paula R. Mulugeta (collectively the "Mulugetas"), who are themselves debtors in a chapter 11 case pending before the Honorable Arthur S. Weissbrodt, United States Bankruptcy Judge presiding in the United States Bankruptcy Court for the Northern District of California, San Jose Division, docketed as Case No. 09-51900-ASW.

The Promissory Note is secured by a first Deed of Trust on the Mulugetas' real property commonly known Grand Property.

The liens against the Grand Property exceed $3,929,970.55, consisting of the following:

**Taxes due Alameda County - $378,234.26;**

**"Super" liens in favor of City of Oakland - $45,000;**

**1st lien in favor of American Liberty - $2,323,970.55;**

**2nd lien in favor of CMR Mortgage Fund, LLC -$1,000,000.00; and,**

**3rd lien in favor of Tomoko Nakama - $183,000.00.**

The Trustee has determined that there is no realizable equity in the Grand Property for Debtors' estate. Nevertheless the Mulugetas suggested that a sale of the Grand Property could be had at $2,700,000.00, and further that escrow can close on this purported sale within 120 days from March 1, 2013 (which was very optimistic given the Grand Property's building and safety issues). After factoring in the costs of sale and an additional, minimum 120 days of interest accruing on taxes and secured claims, there is no equity remaining for even the junior lien holders. The following presents the sources and uses for such a sale:

| | |
|---|---|
| Assumed Sale Price | $2,700,000.00 |
| Costs of Sale 7% (Broker 6%) | <$189,000.00> |
| Taxes & 1st Lien to March 1, 2013 | <$2,746,970.55> |
| Interest on Taxes from March 1, 2013 | <$12,649.04> |
| Interest on 1st Lien from March 1, 2013 | <$64,278.00> |
| Funds Available for Junior Liens | <$312,897.59> |

On March 15, 2013, Judge Weissbrodt entered an Order granting American Liberty relief from the automatic stay in the Mulugetas' chapter 11 case to proceed to foreclose and otherwise enforce the rights and remedies under the Promissory Note and Deed of Trust. [Docket # 776 in Case No. 09-51900-ASW].

In accordance with the above, and acknowledging that there is no realizable equity in the Grand Property to benefit any creditors of the estate, the Trustee agreed to enter into the Stipulation (Exhibit "A" hereto) in exchange for which American Liberty will pay the an amount of ten thousand ($10,000.00) dollars to the Debtors' estate from payment from American Liberty within ten (10) days of an order being entered by this Court in accordance with the terms of the Stipulation.

A.  **11 U.S.C. §362(D)(1) AND (D)(2) PROVIDE THE BASIS FOR THE RELIEF SOUGHT HEREIN**

Section 362(d) of the Bankruptcy Code sets forth the circumstances under which this Court may terminate, annul, modify or condition the automatic stay imposed upon the filing of a petition for relief. American Liberty is entitled to relief from the automatic stay under Section 362(d)(1) which provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization

The use of the word "shall" in Section 362(d) indicates that the provisions of that section are mandatory. Section 362(d) sets forth alternative grounds under which a creditor or other entity may seek relief from the automatic stay. Section 362(d) provides that the Court shall terminate the automatic stay for "cause." The Trustee and American Liberty submit that pursuant to 362(d)(1) and (2), the factors have been established and this Court must grant relief from the automatic stay and enter an order on the parties Stipulation.

## III.

## CONCLUSION

Based on the foregoing and the declaration of the Simon Aron, counsel for American Liberty filed concurrently herewith, the Trustee and American Liberty respectfully request that this Court approve the Stipulation and enter an order which provides that:

1. The Stipulation is approved in its entirety.

2. American Liberty is granted immediate relief from the automatic stay under 11 U.S.C. §362(d)(1) and (d)(2) in order to complete its non-judicial foreclosure sale of the Grand Property and to exercise all of its other rights and remedies under State law and pursuant to its Deed of Trust and other loan documents;

3. The Order be effective immediately and the 14-day waiting period prescribed by Federal Rules of Bankruptcy Procedure 4001(1)(a)(1) be waived; and

4. Any other and further relief as the Court deems appropriate.

DATED: April 25, 2013

Respectfully submitted,

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: _____
SIMON ARON
Attorneys for Secured Creditor, American Liberty Investments, LLC

# Exhibit "A"

SIMON ARON (Bar No. 108183)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Blvd., Ninth Floor
Los Angeles, California 90064-1565
Telephone: (310) 478-4100
Fax: (310) 479-1422

Attorneys for American Liberty
Investments, L.L.C.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CMR MORTGAE FUND, LLC, CMR MORTGAGE FUND, II, LLC, CMR MORTGAGE FUND III, LLC,<br><br>Debtor | Case No. 08-32220-TEC<br>Case No. 08-30788-TEC<br>Case No. 08-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY BY AND BETWEEN AMERICAN LIBERTY INVESTMENTS, LLC, AND CHAPTER 11 TRUSTEE** |

This Stipulation for Relief From the Automatic Stay (the "Stipulation") is entered into by and between American Liberty Investments, LLC, ("American Liberty") and Richard M. Kipperman, the Chapter 11 trustee (the "Trustee") to the substantively consolidated estates pf CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund, III, LLC (collectively the "Debtors").

## RECITALS

A. American Liberty holds 100% of the beneficial interest in a Promissory Note dated April 8, 2004, in the original principal amount of $1,700,000.00 executed by the Benyam Mulugeta and Paula R. Mulugeta (collectively the "Mulugetas"), who are themselves debtors in a chapter 11 case pending before the United States Bankruptcy Court

1339806.1

for the Northern District of California, San Jose Division, docketed as Case No. 09-51900-ASW. The Promissory Note is secured by a first Deed of Trust on the Mulugetas' real property commonly known as 353 Grand Avenue, Oakland, California (the "Grand Property").

B. The liens against the Grand Property exceed $3,929,970.55, consisting of the following:

Taxes due Alameda County - $378,234.26;

"Super" liens in favor of City of Oakland - $45,000;

1st lien in favor of American Liberty - $2,323,970.55;

2nd lien in favor of CMR Mortgage Fund, LLC -$1,000,000.00; and,

3rd lien in favor of Tomoko Nakama - $183,000.00.

C. As a result, there was no realizable equity in the Grand Property for Mulugetas' estate or any unsecured creditor. Nevertheless the Mulugetas suggested that a sale of the Grand Property could be had at $2,700,000.00, and further that escrow can close on this purported sale within 120 days from March 1, 2013 (which was very optimistic given the Grand Property's building and safety issues). After factoring in the costs of sale and an additional, minimum 120 days of interest accruing on taxes and secured claims, there is no equity remaining for even the junior lien holders. The following presents the sources and uses for such a sale:

| | |
|---|---|
| Assumed Sale Price | $2,700,000.00 |
| Costs of Sale 7% (Broker 6%) | $ (189,000.00) |
| Taxes & 1st Lien to March 1, 2013 | $(2,746,970.55) |
| Interest on Taxes from March 1, 2013 | $( 12,649.04) |
| Interest on 1st Lien from March 1, 2013 | $( 64,278.00) |
| Funds Available for Junior Liens | $( 312,897.59) |

D. On March 15, 2013, Judge Weissbrodt entered an Order granting American Liberty relief from the automatic stay in the Mulugetas' chapter 11 case to proceed to foreclose and otherwise enforce the rights and remedies under the Promissory Note and Deed of Trust. [Docket # 776].

1339806.1

-2-

E.  The Trustee does not dispute the foregoing assertions set forth in Recitals A through C. Notwithstanding, nothing contained herein shall constitute a waiver or relinquishment of any rights, claims, defenses or objections the Trustee or Debtors' estates may have with respect to the assertions set forth in Recitals A through C.

## STIPULATION

**IT IS THEREFORE STIPULATED AS FOLLOWS:**

1. American Liberty is granted immediate relief from the automatic stay under 11 U.S.C. §362(d)(1) and (d)(2) in order to complete its non-judicial foreclosure sale of the Grand Property and to exercise all of its other rights and remedies under State law and pursuant to its Deed of Trust and other loan documents.

2. In an effort to expedite this matter and to save unnecessary costs and expenses to the Debtors' estates, American Liberty has agreed to pay over to the Trustee and the Debtors' estates the total amount of Ten Thousand ($10,000) Dollars within ten (10) days of the entry of a final order approving this Stipulation.

3. This Order shall be effective immediately and the 14-day waiting period prescribed by Federal Rules of Bankruptcy Procedure 4001(1)(a)(1) is waived.

DATED: April 17, 2013

_____
Richard M. Kipperman, Chapter 11 Trustee

DATED: April 17, 2013

_____
Frederick O. Lewis, III, President, American Liberty Investment, LLC

1339806.1

-3-

APPROVED AS TO FORM:

WOLF, RIFKIN, SHAPIRO, SCHULMAN
& RABKIN, LLP

By: _____
       SIMON ARON
    Attorneys for American Liberty Investments, LLC

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ Maxim Litvak /HP
       Maxim Litvak
    Attorneys for Chapter 11 Trustee

1339806.1

-4-

Exhibit "A"

SIMON ARON (Bar No. 108183)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Blvd., Ninth Floor
Los Angeles, California 90064-1565
Telephone: (310) 478-4100
Fax: (310) 479-1422

Attorneys for American Liberty
Investments, L.L.C.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

CMR MORTGAE FUND, LLC, CMR MORTGAGE FUND, II, LLC, CMR MORTGAGE FUND III, LLC,

Debtor

Case No. 08-32220-TEC
Case No. 08-30788-TEC
Case No. 08-30802-TEC

Substantively Consolidated

Chapter 11

**STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY BY AND BETWEEN AMERICAN LIBERTY INVESTMENTS, LLC, AND CHAPTER 11 TRUSTEE**

This Stipulation for Relief From the Automatic Stay (the "Stipulation") is entered into by and between American Liberty Investments, LLC, ("American Liberty") and Richard M. Kipperman, the Chapter 11 trustee (the "Trustee") to the substantively consolidated estates pf CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund, III, LLC (collectively the "Debtors").

**RECITALS**

A.  American Liberty holds 100% of the beneficial interest in a Promissory Note dated April 8, 2004, in the original principal amount of $1,700,000.00 executed by the Benyam Mulugeta and Paula R. Mulugeta (collectively the "Mulugetas"), who are themselves debtors in a chapter 11 case pending before the United States Bankruptcy Court

1339806.1

for the Northern District of California, San Jose Division, docketed as Case No. 09-51900-ASW. The Promissory Note is secured by a first Deed of Trust on the Mulugetas' real property commonly known as 353 Grand Avenue, Oakland, California (the "Grand Property").

B. The liens against the Grand Property exceed $3,929,970.55, consisting of the following:

Taxes due Alameda County - $378,234.26;

"Super" liens in favor of City of Oakland - $45,000;

1st lien in favor of American Liberty - $2,323,970.55;

2nd lien in favor of CMR Mortgage Fund, LLC -$1,000,000.00; and,

3rd lien in favor of Tomoko Nakama - $183,000.00.

C. As a result, there was no realizable equity in the Grand Property for Mulugetas' estate or any unsecured creditor. Nevertheless the Mulugetas suggested that a sale of the Grand Property could be had at $2,700,000.00, and further that escrow can close on this purported sale within 120 days from March 1, 2013 (which was very optimistic given the Grand Property's building and safety issues). After factoring in the costs of sale and an additional, minimum 120 days of interest accruing on taxes and secured claims, there is no equity remaining for even the junior lien holders. The following presents the sources and uses for such a sale:

| | |
|---|---|
| Assumed Sale Price | $2,700,000.00 |
| Costs of Sale 7% (Broker 6%) | $ (189,000.00) |
| Taxes & 1st Lien to March 1, 2013 | $(2,746,970.55) |
| Interest on Taxes from March 1, 2013 | $( 12,649.04) |
| Interest on 1st Lien from March 1, 2013 | $( 64,278.00) |
| Funds Available for Junior Liens | $( 312,897.59) |

D. On March 15, 2013, Judge Weissbrodt entered an Order granting American Liberty relief from the automatic stay in the Mulugetas' chapter 11 case to proceed to foreclose and otherwise enforce the rights and remedies under the Promissory Note and Deed of Trust. [Docket # 776].

1339806.1

˜2˜

E. The Trustee does not dispute the foregoing assertions set forth in Recitals A through C. Notwithstanding, nothing contained herein shall constitute a waiver or relinquishment of any rights, claims, defenses or objections the Trustee or Debtors' estates may have with respect to the assertions set forth in Recitals A through C.

## STIPULATION

**IT IS THEREFORE STIPULATED AS FOLLOWS:**

1. American Liberty is granted immediate relief from the automatic stay under 11 U.S.C. §362(d)(1) and (d)(2) in order to complete its non-judicial foreclosure sale of the Grand Property and to exercise all of its other rights and remedies under State law and pursuant to its Deed of Trust and other loan documents.

2. In an effort to expedite this matter and to save unnecessary costs and expenses to the Debtors' estates, American Liberty has agreed to pay over to the Trustee and the Debtors' estates the total amount of Ten Thousand ($10,000) Dollars within ten (10) days of the entry of a final order approving this Stipulation.

3. This Order shall be effective immediately and the 14-day waiting period prescribed by Federal Rules of Bankruptcy Procedure 4001(1)(a)(1) is waived.

DATED: April 17, 2013

_____
Richard M. Kipperman, Chapter 11 Trustee

DATED: April 17, 2013

_____
Frederick O. Lewis, III, President, American Liberty Investment, LLC

1339806.1

-3-

APPROVED AS TO FORM:

WOLF, RIFKIN, SHAPIRO, SCHULMAN
& RABKIN, LLP

By: _____
　　　SIMON ARON
Attorneys for American Liberty Investments, LLC

PACHULSKI STANG ZIEHL & JONES LLP

By: _Maxim Litvak_ /HP
　　　Maxim Litvak
Attorneys for Chapter 11 Trustee

1339806.1

-4-