1  MACDONALD FERNANDEZ LLP
   IAIN A. MACDONALD (SBN 051073)
2  RENO F.R. FERNANDEZ III (SBN 251934)
   221 Sansome Street, Third Floor
3  San Francisco, CA  94104-3930
   Telephone: (415) 362-0449
4  Facsimile: (415) 394-5544

5  Attorneys for Debtor
   CMR MORTGAGE FUND III, LLC
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12

13  In Re:                                    Case No. 08-32220-TEC-11 (Lead Case)
                                              Case No. 09-30788-TEC-11
14  CMR MORTGAGE FUND, LLC                    Case No. 09-30802-TEC-11
    CMR MORTGAGE FUND II, LLC, and
15  CMR MORTGAGE FUND III, LLC,               Chapter 11

16                    Debtor.                 FIRST AND FINAL APPLICATION OF
                                              MACDONALD FERNANDEZ LLP FOR
17  Substantively Consolidated               APPROVAL OF COMPENSATION AND
                                              REIMBURSEMENT OF EXPENSES AS
18                                            ATTORNEYS FOR DEBTOR

19                                            Date:    TBD
                                              Time:    TBD
20                                            Place:  235 Pine Street, 23rd Floor
                                                      San Francisco, California
21
                                              Honorable Thomas E. Carlson
22

23         COMES NOW Macdonald Fernandez LLP, attorneys for CMR Mortgage Fund III, LLC,

24  Debtor herein, and moves pursuant to Bankruptcy Code Sections 330 and 331, Rule 2016(a) of the

25  Federal Rules of Bankruptcy Procedure and the Court's Guidelines for Compensation and Expense

26  Reimbursement of Professionals and Trustees for final approval of compensation in the amount of

27  $243,386.50 and reimbursement of expenses in the amount of $10,661.14, all incurred from

28  February 1, 2009, through May 1, 2013, and respectfully represents as follows:

The law firm of Macdonald Fernandez LLP (herein "the firm") is a continuation of and is successor in interest to the law firm of Macdonald & Associates.

## I.     EMPLOYMENT AND PRIOR COMPENSATION

On April 21, 2009, the Court entered its order appointing Macdonald & Associates counsel for the Debtor.  The firm has filed no prior applications for approval of compensation or reimbursement of expenses and there have been no prior awards of compensation or expenses.

On April 21, 2009, the Debtor filed its disclosure of compensation regarding its employment of the firm pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, disclosing that the Debtor agreed to provide a retainer in the amount of $175,000 but only paid $75,000 pre-petition.  On September 9, 2009, the Court entered its order approving payment of a post-petition retainer, and the firm received a payment in the amount of $37,500.  On March 29, 2010, the Court entered its order approving payment of an additional post-petition retainer in the amount of $62,500, for a total of $175,000.

The firm has rendered services with a value of $243,386.50 from February 1, 2009 to May 1, 2013.  During the same time period, the firm incurred expenses of $10,661.14.

As a general rule, the firms' billing practices and hourly rates are identical for bankruptcy and non-bankruptcy clients.  The costs charged to bankruptcy estates are either identical to or less than the costs charged to non-bankruptcy clients.  This application is in compliance with this court's Guidelines for Compensation and Expense Reimbursement of Professionals ("Guidelines for Professionals").  The firm does not include word processing costs in its expenses, nor mark-up its expenses.

The firm has not agreed to share any compensation to be awarded herein with any other person.  The firm has neither received nor been promised compensation for its services as counsel for the Debtor other than as may be awarded by the Court.

Subsequent to its engagement in this case, the firm undertook the following engagements:

The firm represented the debtor-in-possession in *In re 4 Union, LLC* (Case No. 10-33165-TEC-11), a chapter 11 case before this Court.  The membership interests of 4 Union, LLC are owned by the Debtor and CMR Mortgage Fund, LLC, debtor in Case No. 08-32220-TEC-11, consolidated

herewith. The firm represented the debtor-in-possession in *In re 524 Howard, LLC* (Case No. 11-30594-DM-11), before the Honorable Dennis Montali. To the best of Applicant's knowledge, said case and the major creditors in said case have no connection to the Debtor and its major creditors, except for the fact that David Choo holds an interest in 524 Howard Manager, LLC, manager of 524 Howard, LLC, and David Choo and Graham Seel manage 524 Howard Manager, LLC. The firm also represented CMR Commercial Mortgage Fund, LLC in out-of-court negotiations with creditors. To the best of Applicant's knowledge, CMR Commercial Mortgage Fund, LLC and its major creditors have no connection to the Debtor and its major creditors, except that California Mortgage and Realty, Inc. holds an ownership interest in the entity. David Choo and Graham Seel are officers of California Mortgage and Realty, Inc., former manager of the Debtor.

The firm also represented KTLA, LLC in an unrelated chapter 1 I case before this Court (Case No. 11-32401-TEC-1 l). KTLA was a subsidiary of CMR Commercial Mortgage Fund, LLC. Other than this fact, to the best of Applicant's knowledge, said case and the major creditors in said case have no connection to the Debtor and its major creditors. The firm also represented all of the debtors in the administratively consolidated cases of *In re First Street Holdings NV. LLC* (Lead Case No. 11-49300-RLE-11) before the Honorable Roger L. Efremsky. The Debtor is managed by California Mortgage and Realty, Inc., which was a tenant of Sixty-Two First Street, LLC, one of the debtors in said consolidated cases. Other than this fact, to the best of Applicant's knowledge, said case and the major creditors in said case have no connection to the Debtor and its major creditors.

## II. CASE STATUS

The Debtor commenced the within case by filing a voluntary chapter 11 petition on March 31, 2009. On April 5, 2011, the within case was substantively consolidated with *In re CMR Mortgage Fund, LLC* (Case No. 08-32220-TEC-11) and *In re CMR Mortgage Fund II, LLC* (Case No. 09-30788-TEC-11). On April 14, 2011, Richard M. Kipperman was appointed chapter 11 trustee. The firms' engagement terminated upon the appointment of the trustee, except with regard to preparing and filing this Application and matters related thereto. The Debtor has not operated any business post-petition other than the activities required to liquidate its assets. On October 5, 2010, an order confirming a chapter 11 plan was entered conditional upon

obtaining exit financing; said financing did not materialize, and the order was vacated on April 5, 2011.

The firm has no direct knowledge of the financial status of the estate. The summaries provided in the fee applications filed as Docket Nos. 1226, 1228, 1229, and 1230 are incorporated herein by reference.

On June 10, 2011, the firm and the chapter 11 trustee stipulated to subordinate the firm's fees and expenses to the first $450,000 in fees earned and expenses incurred by professional's employed by the trustee, in aggregate (Docket No. 816). On May 4, 2012, the firm and the trustee stipulated to further subordinate the firm's fees and expenses to the trustee's first $900,000 in professional fees and expenses and clarifying that the overall subordination does not apply to retainers already received and applied. This Application requests payment of fees and reimbursement of expenses *pro rata* with other administrative priority claims, from available funds, after payment of the first $900,000 to the trustee and his professionals.

## III.    DESCRIPTION OF SERVICES

Legal services were rendered by the following:  Iain A. Macdonald ("IAM"), Partner; Reno F.R. Fernandez III ("RF"), Partner; Heather A. Cutler ("HAC"), associate attorney formerly employed by the firm; and Ning Yu ("NY"), associate attorney formerly employed by the firm. Each of the aforesaid attorneys is licensed to practice law in the State of California.  Paralegal services were rendered by the following:  Donna M. Umeki ("DMU"), a paralegal employed by the firm (a true and correct copy of her resume is attached hereto as Exhibit "B" and incorporated by reference); and Kathleen A. Miller, a paralegal employed by the firm (a true and correct copy of her resume is attached hereto as Exhibit "C" and incorporated by reference).  True and correct copies of the firms' billing records for the within case are attached hereto as Exhibit "A" and incorporated by reference.

As of the petition date, the firms' hourly rates were as follows:  Iain A. Macdonald ($400); Reno F.R. Fernandez III ($300); Heather A. Cutler ($300); Donna M. Umeki ($135); and Kathleen A. Miller ($145). While employed with the firm, Ning Yu's hourly rate was $150. Thereafter, the firm's hourly rates were increased semi-annually to its current rates of: Iain A. Macdonald ($545);

1  Reno F.R. Fernandez III ($425); Donna M. Umeki ($135); and Kathleen A. Miller ($145).

2  **A.    Commencement Of Case**

3  In February, 2009, the Debtor approached the firm for representation in a chapter 11 case to

4  be filed.  Among other things, the firm consulted with the Debtor and related entities, prepared the

5  petition and commenced the within case.  Thereafter, the firm prepared the schedules, statement of

6  financial affairs and other pleadings necessary to commence the case.  The case was prepared under

7  significant time pressure as the Debtor determined that it was necessary to file the petition on or

8  before March 31, 2009, in order to avoid the expense of preparing certain disclosures required to be

9  filed with the Securities and Exchange Commission.

10  The firm appeared at the Initial Debtor Interview and the First Meeting of Creditors pursuant

11  to Section 341 of the Bankruptcy Code.  The firm reviewed press releases, letters to investors and

12  other correspondence regarding the commencement of the case, among other things.

13  In connection with this category, Applicant incurred $31,200.00 in fees, as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 13.70 | 400 | 5,480.00 |
| Iain A. Macdonald | IAM | 16.70 | 450 | 7,515.00 |
| Reno F.R. Fernandez III | RF | 6.20 | 275 | 1,705.00 |
| Reno F.R. Fernandez III | RF | 54.10 | 300 | 16,230.00 |
| Heather A. Cutler | HAD | 0.90 | 300 | 270.00 |
| SUBTOTAL | | 91.60 | | 31,200.00 |

23  **B.    Retention of Professionals**

24  The firm applied for, and obtained, appointment as attorneys for the Debtor.  The firm

25  applied for, and obtained, appointment of Graham Seel as Responsible Individual for the Debtor

26  pursuant to Bankruptcy Local Rule 4002-1.  The firm applied for, and obtained, appointment of

27  Jeffery D. Trowbridge as special counsel for the Debtor and successfully moved for approval of

28  Trowbridge's employment *nunc pro tunc* to the petition date.  The firm applied for, and obtained,

appointment of Stein & Lubin LLP as special counsel for the Debtor and Bradley & Riley, P.C. as special securities counsel for the Debtor. The firm reviewed and appeared at hearings on applications to retain additional professionals and applications to approve compensation and reimbursement of expenses, among other things.

In connection with this category, Applicant incurred $9,990.00 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 1.20 | 450 | 540.00 |
| Reno F.R. Fernandez III | RF | 31.50 | 300 | 9,450.00 |
| SUBTOTAL | | 32.70 | | 9,990.00 |

**C.     Claims Analysis and Objections**

Among other things, the firm reviewed certain claims filed by creditors and equity interest holders filed or asserted in the within case; corresponded with creditors, equity interest holders and other parties regarding certain claims; and successfully opposed a request for Rule 2004 Examination filed by the Bianchi Trust with regard to its claim. No claim objections were filed in the within case.

In connection with this category, Applicant incurred $3,135.00 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 2.90 | 450 | 1,350.00 |
| Reno F.R. Fernandez III | RF | 6.10 | 300 | 1,830.00 |
| SUBTOTAL | | 9.00 | | 3,135.00 |

//

//

**D.** **Relief From Stay Matters**

The firm monitored, appeared at hearings, consulted with the parties and assisted in the preparation of pleadings regarding the following: (1) the motion by E&F Financial Services, Inc. for relief from the automatic stay to foreclose its lien against the assets of Hamilton Creek, LLC, against which the Debtor holds a junior lien, including proceedings related to adequate protection and the borrowing of funds to pay adequate protection payments; (2) the motion for relief from stay filed by ING to foreclose its lien against the assets of Pfau, Pfau & Pfau, LLC, against which the Debtor held a junior lien; and (3) motions for relief from stay filed in the bankruptcy cases of other subsidiaries and assets related to the Debtor, among other things.

In connection with this category, Applicant incurred $6,810.00 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 5.00 | 450 | 2,250.00 |
| Reno F.R. Fernandez III | RF | 15.20 | 300 | 4,560.00 |
| SUBTOTAL | | 20.20 | | 6,810.00 |

**E.** **Use, Sale or Lease of Assets**

The firm monitored, consulted with the parties, drafted and assisted in drafting pleadings, and appeared at hearings regarding: (1) the sales of assets held by subsidiaries of the Debtor and entities related to the Debtor; (2) the use of the Debtor's assets to pay adequate protection payments, retainers, reimbursement of expenses and other expenses; (3) advances between and use of cash among related entities; and (4) motions to incur debt from third parties, among other things. In connection with this category, Applicant incurred $26,100.00 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 17.10 | 450 | 7,695.00 |
| Reno F.R. Fernandez III | RF | 51.80 | 300 | 15,540.00 |
| Ning Yu | NY | 19.10 | 150 | 2,865.00 |
| SUBTOTAL | | 88.00 | | 26,100.00 |

**F.** **Plan and Disclosure Statement**

The firm took the lead in drafting the original plan and disclosure statement filed in the within case. The firm assisted with substantially all aspects of the plan and disclosure statement that was ultimately conditionally confirmed, including assisting in drafting the pleadings, reviewing objections, appearing at hearings and otherwise obtaining approval of the disclosure statement and conditional confirmation of the plan.

Following the failure of exit financing that was to be provided by ASK Financial, the firm drafted the motion to postpone the effective date of the plan and allow for time to obtain exit financing from a new source. Thereafter, the firm participated in substantially all tasks (including assisting in drafting pleadings, appearing at hearings and conducting negotiations) related to attempts to obtain exit financing, including introducing the debtors to a potential source of financing.

In connection with this category, Applicant incurred $64,305.00 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 21.10 | 450 | 9,495.00 |
| Reno F.R. Fernandez III | RF | 182.70 | 300 | 54,810.00 |
| SUBTOTAL | | 203.80 | | 64,305.00 |

**G.** **Other Adversary Proceeding / Contested Matter**

The firm took the lead in opposing a motion by the U.S. Trustee to convert the case to chapter 7 or appoint a chapter 11 trustee, including drafting the opposing briefs. In connection therewith, the firm appeared at hearings and participated in negotiations with the committee regarding sharing information, monitoring the debtors and sharing certain of the powers and duties of the estate, among other things. The firm also handled several other miscellaneous matters.

//

//

//

In connection with this category, Applicant incurred $41,932.50 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Reno F.R. Fernandez III | RF | 138.50 | 300 | 41,550.00 |
| Reno F.R. Fernandez III | RF | 0.90 | 425 | 382.50 |
| SUBTOTAL | | 139.40 | | 41,932.50 |

## H. Case Administration

The firm advised the Debtor with respect to its duties as debtor-in-possession. The firm also reviewed and filed the monthly operating statements prepared by the debtor, among other things.

In connection with this category, Applicant incurred $44,913.50 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 0.20 | 400 | 80.00 |
| Iain A. Macdonald | IAM | 76.90 | 450 | 34,605.00 |
| Iain A. Macdonald | IAM | 1.30 | 520 | 676.00 |
| Reno F.R. Fernandez III | RF | 24.40 | 300 | 7,320.00 |
| Reno F.R. Fernandez III | RF | 2.40 | 400 | 960.00 |
| Reno F.R. Fernandez III | RF | 0.70 | 425 | 297.50 |
| Heather A. Cutler | HAC | 0.10 | 300 | 30.00 |
| Donna M. Umeki | DMU | 7.00 | 135 | 945.00 |
| SUBTOTAL | | 113.00 | | 44,913.50 |

## I. Assumption/Rejection of Executory

The firm assisted the Debtor in researching and determining issues regarding the potential assumption or rejection of certain management agreements, servicing agreements and operating agreements, including issues regarding cure, performance, modification and other issues. The firm prepared and filed a motion to assume certain lender servicing and equity interest agreements, the

operating agreement and for approval of an amended operating agreement.  The motion was withdrawn at the request of the Debtor.

In connection with this category, Applicant incurred $4,050.00 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 1.40 | 450 | 630.00 |
| Reno F.R. Fernandez III | RF | 11.40 | 300 | 3,420.00 |
| SUBTOTAL | | 12.80 | | 4,050.00 |

**J.      Fee Application**

Applicant reviewed and filed its time records and prepared the within application for compensation.

In connection with this category, Applicant incurred $10,950.50 in fees, broken down as follows:

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 0.30 | 520 | 156.00 |
| Reno F.R. Fernandez III | RF | 16.20 | 300 | 4,860.00 |
| Reno F.R. Fernandez III | RF | 2.40 | 425 | 1,020.00 |
| Donna M. Umeki | DMU | 2.30 | 135 | 310.50 |
| Kathleen Miller | KM | 30.20 | 145 | 4,379.00 |
| Kathleen Miller | KM | 1.50 | 150 | 225.00 |
| SUBTOTAL | | 52.90 | | 10,950.50 |

TIME EXPENDED FOR A PARTICULAR TASK

As set forth in detail in Exhibit "A" attached hereto, Applicant has provided substantial and valuable services to the Debtor and the estate.  Pursuant to this Court's Compensation Guidelines, Applicant has prepared the following breakdown of its services to show the time spent per professional in each of eight categories during the period covered by this application.

| SERVICES | IAM | RF | HAD | NY | DMU | KM | TOTAL |
|---|---|---|---|---|---|---|---|
| A. Commencement of Case | 30.40 | 60.30 | 0.90 | | | | 91.60 |
| B. Retention of Professionals | 1.20 | 31.50 | | | | | 32.70 |
| C. Claims Analysis/Objections | 2.90 | 6.10 | | | | | 9.00 |
| D. Relief from Stay Matters | 5.00 | 15.20 | | | | | 20.20 |
| E. Use, Sale or Lease of Assets | 17.10 | 51.80 | | 19.10 | | | 88.00 |
| F. Plan & Disclosure Statement | 21.10 | 182.70 | | | | | 203.80 |
| G. Other Adversary | | 139.40 | | | | | 139.40 |
| H.  Case Administration | 78.40 | 27.50 | 0.10 | | 7.00 | | 113.00 |
| I. Assumption/Rejection | 1.40 | 11.40 | | | | | 12.80 |
| J.  Fee Application | 0.30 | 18.60 | | | 2.30 | 31.70 | 52.90 |
| TOTALS | 157.80 | 544.50 | 1.00 | 19.10 | 10.30 | 31.70 | 763.40 |

BREAKDOWN OF TIME SPENT BY PROFESSIONAL

The legal services have been broken down by attorney and time expended in the chart below, as required by the Guidelines for Professionals.

| ATTORNEY | INITIALS | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| Iain A. Macdonald | IAM | 13.90 | 400 | 5,560.00 |
| Iain A. Macdonald | IAM | 142.30 | 450 | 64,035.00 |
| Iain A. Macdonald | IAM | 1.60 | 520 | 832.00 |
| Reno F.R. Fernandez III | RF | 6.20 | 275 | 1,705.00 |
| Reno F.R. Fernandez III | RF | 531.90 | 300 | 159,570.00 |
| Reno F.R. Fernandez III | RF | 2.40 | 400 | 960.00 |
| Reno F.R. Fernandez III | RF | 4.00 | 425 | 1,700.00 |
| Heather A. Cutler | HAC | 1.00 | 300 | 300.00 |
| Ning Yu | NY | 19.10 | 150 | 2,865.00 |
| Donna M. Umeki | DMU | 9.30 | 135 | 1,255.50 |

| | | | | |
|---|---|---|---|---|
| Kathleen Miller | KM | 30.20 | 145 | 4,379.00 |
| Kathleen Miller | KM | 1.50 | 150 | 225.00 |

Based upon the foregoing, Applicant has incurred $243,386.50 in legal fees from February 1, 2009 to May 1, 2013, plus at the time spent preparing this application.

BREAKDOWN OF EXPENSES INCURRED

Applicant has incurred the following expenses during the period February 1, 2009 to May 1, 2013, plus additional expenses in preparing this application:

| DESCRIPTION | EXPENSE |
|---|---|
| Facsimile – 68 pages @ $0.20 | 13.60 |
| Postage | 824.97 |
| Photocopying - 20,401 copies @ $0.20 | 4,080.20 |
| Filing Fees | 1,091.00 |
| PACER | 3,186.36 |
| Scanner – 223 pages @ $0.20 | 44.60 |
| Fed-X | 1,040.40 |
| Lexis-Nexis | 122.88 |
| Outside Counsel – Jenny Kim | 250.00 |
| Telephone Costs | 7.13 |
| TOTAL COSTS | 10,661.14 |

Applicant's policy is to charge clients $.20 per page for internal photocopying and actual costs for external photocopying. Applicant's policy is to charge clients $.20 per page for outgoing and incoming facsimile transmissions, in accordance with this Court's Guidelines. As with external photocopying, Applicant charges its actual costs associated with postage, court fees, and research (includes PACER and Lexis-Nexis).

//

<span style="text-decoration: underline">ESTABLISHMENT OF FEES</span>

A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee. *In re Manoa Finance Company*, 853 F.2d 687, 689 (9th Cir. 1988). Establishing a reasonable hourly rate requires consideration of market rates in the relevant community which are, in turn, at least partly a function of the type of services rendered and the lawyer's experience, skill, and reputation. Applicant's services in this matter were performed by Iain A. Macdonald, Reno F.R. Fernandez III, Donna M. Umeki and Kathleen Miller.

Iain A. Macdonald earned his law degree from University of San Francisco School of Law in 1971 and was admitted to the bar in 1972. Mr. Macdonald has represented Chapter 11 and 7 Trustees, Creditors' Committees, and creditors and debtors in large and complex bankruptcy cases in the Bay Area. Mr. Macdonald was a partner in the firm of Goldberg, Stinnett & Macdonald for 12 years and is the principal of Macdonald & Associates, a firm specializing in bankruptcy and related litigation since November 1, 1993.

Frank R. Fernandez III (known by his nickname as "Reno F.R. Fernandez III") is a partner with Macdonald Fernandez LLP. He earned his law degree from Golden Gate University School of Law in 2007 and was admitted to the bar in the same year. Mr. Fernandez has obtained confirmation of chapter 11 plans in at least six cases and appeared in many more, including in the Northern and Eastern Districts of California and the Southern District of New York. Mr. Fernandez has represented at least three chapter 7 trustees in several cases; confirmed at least one chapter 13 plan and appeared in several other chapter 13 cases; prosecuted and defended avoidance actions, non-dischargeability actions and relief-from-stay trials; represented several secured and unsecured creditors, including a national bank; and appeared before the Superior Courts of the Counties of San Francisco, Marin and Stanislaus. Among other current and past appointments, Mr. Fernandez is the chairperson of the Commercial Law & Bankruptcy Section of the Bar Association of San Francisco and a member of the board of directors of the Bay Area Bankruptcy Forum.

Heather A. Cutler was formerly employed as an associate attorney with Macdonald & Associates, predecessor to Macdonald Fernandez LLP. Ms. Cutler earned her law degree from Catholic University of

1   America and was admitted to the State Bar of California in 2001. Ms. Cutler is a past chair of the

2   Business, Commercial and Bankruptcy Section of the Banisters Club of the Bar Association of San

3   Francisco.

4        Ning Yu was formerly employed as an associate attorney with Macdonald Fernandez LLP. Ms.

5   Yu earned her law degree from the University of San Francisco School Of Law in

6   2010 and was admitted to the bar in the same year. Upon graduation from law school, Ms. Yu was

7   awarded the 2010 American Bankruptcy Institute Medal of Excellence for her outstanding performance

8   in her Bankruptcy coursework. As a second year associate, Ms. Yu has represented debtors, creditors,

9   petitioning creditors, creditors' committee, chapter 7 trustees, and chapter 11 trustees in over 40 cases,

10   including in the Northern District, Eastern District, and Central Districts of California. Ms. Yu has

11   confirmed at least four chapter 13 plans and two chapter 11 plans. She has also successfully obtained

12   relief from stay for creditors on at least four occasions, prosecuted and defended several non-

13   dischargeability actions, negotiated settlements for her clients (including resolving two adversary

14   proceedings in the Heller Ehrman bankruptcy case) and worked on several matters before the Bankruptcy

15   Appellate Panel for the Ninth Circuit. Ms. Yu is a past vice-chair of the Business, Commercial &

16   Bankruptcy Section of the Barristers Club of the Bar Association of San Francisco.

17        Donna M. Umeki earned her accounting degree from Golden Gate University and has been

18   an independent contractor for the firm since 1993.  She has worked on numerous bankruptcy

19   proceedings for the firm and other clients. A copy of her resume is attached hereto as Exhibit "B".

20        Kathleen Miller has worked for the firm since 1999, first as secretary and then later as a

21   paralegal.  She has experience in all matter of bankruptcy issues, particularly preparation of

22   bankruptcy petitions, schedules and pleadings.  In this case, her work was invaluable in reviewing

23   timesheets for accuracy and preparing and calculating amounts requested in connection with this

24   application for compensation.  A copy of her resume is attached hereto as Exhibit "C".

25   //

26   //

27   //

28   //

## CONCLUSION AND PRAYER

Based upon the foregoing, Applicant requests that this Court:

(a) Approve and allow compensation for the period February 1, 2009 through May1, 2013, in the amount of $243,386.50 and reimbursement of expenses for the same period in the amount of $10,661.14;

(b) Enter an order providing that said amounts, less the $175,000 retainer already paid, shall be paid from available funds *pro rata* with other administrative expenses; and

(c) For such other and further relief as is proper in the premises.

DATED: May 2, 2013                              MACDONALD FERNANDEZ LLP


By:/s/ Reno F.R. Fernandez III
RENO F.R. FERNANDEZ III
Attorneys for Debtor,
CMR Mortgage Fund III, LLC

## **DECLARATION OF RENO F.R. FERNANDEZ III**

I, Reno F.R. Fernandez III, declare that I have personal knowledge of the following facts and, if called upon to do so, I could and would testify competently thereto:

1.        I am a partner with Macdonald Fernandez LLP ("Applicant") and am the attorney directly involved in Applicant's representation of CMR Mortgage Fund III, LLC, Chapter 11 Debtor.

2.        I have read the foregoing fee application of Macdonald Fernandez LLP for Compensation as Counsel for Chapter 11 Debtor and know of my own personal knowledge that the facts contained therein are true and correct.

3.        Books and records are kept in Applicant's ordinary course of business into which entries are made at or about the time legal services are rendered or costs are incurred on behalf of clients, including the Chapter 11 Debtor.  From my review of such books and records, I know of my own knowledge that the factual statements contained in the foregoing Application are true and correct and that Exhibit "A" attached hereto is a true and correct copy of the billing statements itemizing the services provided and the costs incurred on behalf of the Chapter 11 Debtor in this case.

4.        The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the Applicant and generally accepted by the Applicant's clients.

5.        As required by the Compensation Guidelines, applicant mailed a copy of this application to the Chapter 11 Debtor under cover of the letter attached hereto as Exhibit "D".

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 2nd day of May 2013, at San Francisco, California.

/s/ Reno F.R. Fernandez III
RENO F.R. FERNANDEZ III