Penn Ayers Butler (Bar No. 56663)
Daniel Rapaport (Bar No. 67217)
Elizabeth Berke-Dreyfuss (Bar No. 114651)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: pbutler@wendel.com
Email: drapaport@wendel.com
Email: edreyfuss@wendel.com

Attorneys for Debtor-In-Possession
CMR MORTGAGE FUND, LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No. 08-32220 TEC<br>Case No. 09-30788<br>Case No. 09-30802<br><br>Chapter 11<br><br>**AMENDED SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTOR**<br><br>Date: July 29, 2013<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, Courtroom 23<br>San Francisco, California<br>Judge: Hon. Thomas E. Carlson |

TO: THE HONORABLE THOMAS E. CARLSON, UNITED STATES BANKRUPTCY JUDGE AT SAN FRANCISCO, CALIFORNIA

Wendel, Rosen, Black & Dean LLP ("Applicant"), applies to this Court for approval of its Second and Final Application for Compensation and Reimbursement of Expenses ("Second Application"), seeking approval and allowance of $318,352.00 in fees and $15,506.28 in costs, for a total of $333,858.28, for the period of September 1, 2009, through April 30, 2011, inclusive ("Second Application Period"). Applicant has voluntarily reduced its fees by $5,170.50 and seeks allowance of its fees as an administrative expense pursuant to Bankruptcy Code section 503(b)(2).

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

On October 29, 2009, Applicant filed a First Interim Application for Compensation and Reimbursement of Expenses ("First Application"), seeking approval and allowance of $848,427.50 in fees and $59,021.95 in costs, for a total of $907,449.45, for the period of November 19, 2008, through August 31, 2009, inclusive ("First Application Period"). In its First Application, Applicant voluntarily reduced its fees by $88,376.36, and sought allowance of its fees as an administrative expense pursuant to Bankruptcy Code section 503(b)(2), in the amount of $760,051.14 in fees and $59,021.95 in costs, for a total of $819,073.09. (Docket No. 283).

After the hearing on Applicant's First Application, the Court entered an order allowing all fees (with the exception of one category described below) in the total amount of $477,036.30, plus all costs in the amount of $59,021.95, for a total amount of allowed fees and costs of $536,058.25. Order on First Interim Application for Compensation and Reimbursement of Expenses by Counsel for Debtor, Docket No. 350, entered on December 15, 2009 ("First Order"). As disclosed in the Disclosure of Compensation of Attorney for Debtor, filed herein on November 19, 2008, Applicant received a prepetition retainer of $300,000 ("Retainer").[1] Applicant was authorized to apply its prepetition Retainer to the allowed fees and costs, leaving $236,058.25 which the Debtor was authorized to pay. Applicant has not received any payments on account of the previously allowed fees.

As described above, in connection with the First Application, in response to the Objection filed by Canpartners Realty Holding Company IV, LLC ("Canyon"), the Court deferred approval of Applicant's fees incurred in connection with the litigation against Canyon relating to the prosecution of the adversary proceeding concerning the Debtor's interest in the Halekua Development Corporation Note (the "HDC Note") and the Royal Kunia II (the "Hawaiian Property") and the Co-Lender Agreement. Those fees, in the amount of $283,014.84, were classified in Category O of the First Application. In the First Order, the Court provided that the

---

[1] In its Disclosure of Compensation of Attorneys for Debtor, filed herein on November 19, 2008, Docket No. 2, Wendel received a total prepetition retainer of $350,000, of which approximately $50,000 was applied to its current services rendered to the Debtor prior to the filing, leaving the $300,000 Retainer as of the date of the filing.

Case: 08-32222    Doc# 1264    Filed: 05/16/13    Entered: 05/16/13 16:39:04    Page 2 of 26

015881.0003\3077959.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1   Category O fees were deferred to a later date and that Applicant may apply for allowance of those

2   fees upon a new notice and hearing.  (First Order, Docket No. 350, p.2, ¶ 2).  As part of the

3   Second Application, Applicant now seeks approval of the Category O fees in the amount of

4   $283,014.84.

5           Accordingly, Applicant seeks approval of the fees and costs incurred during the Second

6   Application Period, in the total amount of $333,858.28, plus the previously authorized and unpaid

7   fees and costs allowed in the First Application in the amount of $236,058.25, plus the deferred

8   Category O fees in the amount of $283,014.84, for a total amount of $852,931.37, pursuant to

9   Bankruptcy Code section 503(b)(2).

10          At the request of the Chapter 11 Trustee, along with other estate professionals, Applicant

11  entered into several Stipulations Regarding Consensual Subordination of Certain Professional

12  Fees and Expenses in Favor of Chapter 11 Trustee, whereby Applicant agreed to subordinate its

13  unpaid fees and expenses to the Trustee's and Trustee's professional's fees and expenses up to the

14  extent of $1,150,000 (Docket Nos. 816, 1005, 1136) ("Stipulation"). To the extent appropriate,

15  Applicant seeks an order authorizing the Trustee to pay all allowed fees and costs in as may be

16  allowed in accordance with the Stipulation.

17  **I.      INTRODUCTION**

18          CMR Mortgage Fund, LLC, the debtor herein ("Debtor" or "CMR Fund"), commenced the

19  within case by the filing of a voluntary petition under Chapter 11 on November 19, 2008.

20          The Debtor is one of three related funds each of which was created for the purpose of

21  making or investing in business loans secured by deeds of trust on real estate properties.  The

22  Debtor's sister funds, CMR Mortgage Fund II, LLC ("Fund II), and CMR Mortgage Fund III,

23  LLC ("Fund III") are each debtors-in-possession in Case Nos. 09-30788 and 09-30802.  On

24  October 2, 2009, the Office of the United States Trustee appointed an Official Committee of

25  Equity Security Holders ("Committee").  On or about June 24, 2010, the Committee and all of the

26  Funds proposed a Joint Plan of Reorganization and Disclosure Statement.  On October 5, 2010,

27  the Court entered an Order Approving Confirmation of Equity Committee and Debtor's Joint Plan

28  of Reorganization Dated June 24, 2010.  (Docket No. 700).  Thereafter, on April 5, 2011, the

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

3

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1    Court appointed a Chapter 11 Trustee (Docket No. 792) in each of the Fund's cases, and on April

2    7, 2011, the Court substantively consolidated the Fund I, II and III cases (Docket No. 795).

3         Pursuant to an order entered by this Court on December 5, 2008 (Docket No. 30), the

4    Debtor was authorized to retain Applicant as counsel for the debtor in possession, effective as of

5    November 19, 2008.

6    **II.    BACKGROUND**

7         The Debtor was a California limited liability company organized on November 17, 2000,

8    which is managed by California Mortgage and Realty, Inc. ("CMRI") a Delaware corporation, for

9    the purpose of making or investing in business loans secured by deeds of trust on real estate

10   properties – predominately commercial income producing structures or land held by businesses –

11   located primarily in California.  The principal assets of the Debtor were promissory notes secured

12   by liens on real and personal property, other receivables, and interests in limited liability

13   corporations that own real property acquired by foreclosure.

14        At the time of the commencement of the case, the most significant asset of the Debtor was

15   its interest in the HDC Note.

16        In March 2007, the Debtor and Canyon entered into a Credit Agreement with HDC by

17   which the Debtor and Canyon agreed to loan HDC the total principal sum of $97,900,000 (the

18   "Loan").  The Loan was comprised of two notes:  HDC agreed to repay Canyon $55,000,000 of

19   the Loan (Note A), and HDC agreed to repay the Debtor $42,000,000 (Note B).  HDC used the

20   Loan to acquire the Hawaiian Property, obtain the final entitlements and approvals for the

21   development of that property, and to prepare the Hawaiian Property for the construction of a

22   residential development known as Royal Kunia II.    The Notes were secured by the Property, all

23   of HDC's membership interests in HK LLC (HDC's successor-in-interest in the Loan), and other

24   personal property.  The Debtor had filed its Chapter 11 case to save its interest in HDC Note B

25   and the Hawaiian Property from Canyon's imminent foreclosure.

26

27

28

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

4

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

### III.    SERVICES RENDERED

#### A.    Initial Pleadings

During the course of the Second Application Period, Applicant prepared amendments to Schedule F of the Debtor's Schedules of Assets.

Applicant spent 0.30 hours in performing these tasks, incurring fees in the amount of $135.00, as more particularly described in the attached **Exhibit A.**

#### B.    General Member and Creditor Inquiries

Applicant reviewed and responded to requests from information from creditors and members of the Debtor, and tracked state court litigation pending against the Debtor by members, even though that litigation was stayed.  Applicant responded to inquiries by the  Office of the United States Trustee ("UST") with respect to objections filed by members of the Debtor and Applicant conferred with the Debtor and responded to all inquiries.

Applicant spent 2.30 hours in performing these tasks, incurring fees in the amount of $1,135.00, as more particularly described in the attached **Exhibit B.**

#### C.    Financing and Use of Cash Collateral/Secured Claims

Applicant rendered services to the estate in reviewing and communicating with the Debtor and bankruptcy counsel for Funds II and III concerning the preparation of a private placement memorandum for the purpose of raising funds for operations and exit financing, and communicated with counsel and the Debtors concerning the Funds' funding requirements.

Applicant spent 6.40 hours in performing these tasks, incurring fees in the amount of $3,302.50, as more particularly described in the attached **Exhibit C.**

#### D.    Wendel Rosen Employment & Compensation

Applicant rendered services to the estate in preparing its First Application.  Most of the time incurred in preparation of the First Application is recorded during the Second Application Period.  Canyon objected to Applicant's First Application, and Applicant incurred fees in

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1  responding to that objection.[2]  Applicant attended the hearing on the First Application and

2  prepared the order thereon.  Applicant conferred with the Debtor and Funds II and III, and their

3  respective counsel regarding the allowance of fees.  Applicant incurred $41,696.50 in fees in

4  connection with its First Application.

5      Applicant spent 97.80 hours in performing these tasks, incurring fees in the amount of

6  $41,696.50 as more particularly described in the attached **Exhibit D-1.**  Those fees represent 5%

7  ($41,696.50/$760,051.14) of the total amount of fees sought (after application of the voluntary

8  discount) in the First Application.

9      In addition to the fees incurred in connection with the First Application, Applicant incurred

10  fees in the preparation of this Second Application.  Applicant spent 50.50 hours in performing

11  these tasks, incurring fees in the amount of $18,958.50, as more particularly described in the

12  attached **Exhibit D-2.**  Those fees represent 5% ($18,958.50/$318,352.00) of the total fees sought

13  in the Second Application.

14      **E.      Employment and Compensation of Professionals**

15      Applicant rendered services to the estate in preparing the application to retain Jeffrey

16  Trowbridge as special counsel to represent the Debtor in various pending litigation matters

17  relating to the Funds in State Court.  Applicant conferred with the UST regarding that application,

18  and prepared a supplemental application to address issues regarding the payment of post-petition

19  fees.  Applicant reviewed an application for employment of the professional on a nunc pro tunc

20  basis.  Applicant reviewed the applications for employment for the Committee professionals, and

21  conferred with counsel regarding potential cost allocations.  Applicant appeared at a hearing

22  addressing an objection by the UST to the application for employment of counsel for the

23  Committee.

24      Applicant spent 9.00 hours in performing these tasks, incurring fees in the amount of

25  $4,157.50, as more particularly described in the attached **Exhibit E.**

26

27  [2] Applicant is entitled to allowance and payment of its fees incurred in defending its First

28  Application.  See, *Smith v. Edwards & Hale, Ltd. (In re Smith)*, 317 F. 3d 918, 928 (9th Cir. 2002).

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

6

Case: 08-32220   Doc# 1264   Filed: 05/16/13   Entered: 05/16/13 16:39:04   Page 6 of 26

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

**F. Financial Filings**

Applicant reviewed the monthly operating reports prepared by the Debtor.

Applicant spent 3.70 hours in performing these tasks, incurring fees in the amount of $1,730.00, as more particularly described in the attached **Exhibit F.**

**G. Executory Contracts/Leases/Utilities**

Applicant rendered services in connection with seeking approval for payment of post-petition management fees to be paid to CMRI, the Debtor's manager. In connection with that matter, an issue arose regarding the amendment of the Debtor's operating agreement between its members and CMRI. Applicant researched and prepared a memorandum addressing that issue.

Applicant spent 1.80 hours in performing these tasks, incurring fees in the amount of $711.00, as more particularly described in the attached **Exhibit G.**

**H. Operations**

Applicant rendered services to the estate in reviewing a forbearance agreement with one of the secured creditors of one of the REO entities of which the Debtor was a member. Applicant rendered services in connection with reviewing Debtor's monthly letters to members/investors, and communicated with the Committee counsel concerning various issues, including the Debtor's motion for payment of management expenses, monthly letters, and development of the Committee website.

Applicant spent 2.80 hours in performing these tasks, incurring fees in the amount of $1,250.00, as more particularly described in the attached **Exhibit H.**

**H.1. Hamilton Creek**

Hamilton Creek is one of the single purpose entities in which the Debtor has an interest. Hamilton Creek owned real property improved with a quarry located in Brisbane, California, and was a chapter 11 debtor in its own pending case. Applicant communicated with the Debtor and bankruptcy counsel for Hamilton Creek concerning the sale of the quarry and the Debtor's requirements to fund adequate protection payments to the holder of the first deed of trust against that property, E & F Financial.

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

015881.0003\3077959.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

Applicant spent 1.60 hours in performing these tasks, incurring fees in the amount of $794.50, as more particularly described in the attached **Exhibit H-1.**

### H.2.  Disposition of Real Estate Owned Properties

Applicant communicated with counsel for Funds II and III concerning various issues on foreclosure by senior lenders secured by REO properties.

Applicant spent 1.80 hours in performing these tasks, incurring fees in the amount of $810.00, as more particularly described in the attached **Exhibit H-2.**

### H.3.  Interfund Transactions

Applicant prepared applications for capital calls for various single purpose entities in which the Debtor and Funds II and III maintained ownership interests (which entities had title to valuable real property interests that the Funds sought to protect).  Applicant communicated with the Debtor, and counsel for Funds II and III, creditors and other members who objected to the capital call process.  Applicant prepared motions for authorization for the Debtor to pay post-petition management fees and reimbursement of expenses to its manager, CMRI.  Applicant reviewed certain objections by the Committee, creditors and members to the payment of the post-petition management expenses to CMRI, and consulted with the Debtor, and counsel for Funds II and III, and prepared several supplemental memoranda and declarations for the Debtor in support of the request, and Applicant attended several hearings on those matters.  The Court took the Debtor's request under submission.

Applicant spent 56.60 hours in performing these tasks, incurring fees in the amount of $24,615.00, as more particularly described in the attached **Exhibit H-3.**

### I.  Asset Analysis and Recovery

Applicant was requested to investigate the advisability of unwinding several transfers of notes and security interests among the Debtor, CMRI and the other Funds.  Applicant researched the issue and prepared a memorandum addressing those issues, and advising the Debtor with respect to the same.

Applicant spent 26.10 hours in performing these tasks, incurring fees in the amount of $9,311.00, as more particularly described in the attached **Exhibit I.**

015881.0003\3077959.1

*Amended Second and Final Application for Compensation and Reimbursement of Expenses by Counsel for Debtor*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

**J.    Case Administration**

Shortly after the appointment of the Committee, the Committee brought a motion for joint administration of the Debtor's and Funds' II and III pending cases.  The Committee also brought a motion for approval of protocols for dissemination of information and protecting confidential and privileged information.   Applicant rendered services to the estate in reviewing both motions, in communicating with the Debtor regarding the substance of the motions, and in reviewing the objections raised by various investors and Canyon, and in preparing a statement of non-opposition to the motion for joint administration.

Shortly after the appointment of the Committee, the UST brought a motion for the appointment of a chapter 11 trustee, or in the alternative for the appointment of an examiner.  Applicant rendered services to the estate in reviewing the motion, in conferring with the Debtor, and counsel for Funds II and III, regarding the Debtor and Committee's opposition to the motion.  In order to eliminate duplication of services rendered by counsel for each of the Funds, Applicant's services in opposing the motion were limited to reviewing the response prepared by counsel for Fund III and in responding to those allegations concerning the Hawaiian Property and litigation with Canyon and the Debtor's case, and in preparing for and attending the hearing on that matter.  Applicant reviewed the tentative hearing on the Court's ruling on the UST motion.

In addition to the foregoing, one of the Debtor's investors brought a motion to compel the Debtor and Committee to release certain confidential information.  Applicant communicated with the Debtor regarding that matter.

Prior to proposal and confirmation of its Plan, the Committee brought a motion to substantively consolidate each of the Funds' pending cases to facilitate proposal of a plan and disclosure statement.  Applicant communicated with the Debtor, counsel for the Funds and the Committee concerning that motion.  In connection with the motion to consolidate, the Committee requested confidential and privileged information regarding the Hawaii property litigation with Canyon.  Applicant prepared a nondisclosure and joint defense agreement so that communication of otherwise privileged information would not result in a waiver of any claim of privilege, and reviewed and revised that agreement to include the transmission of confidential information

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

015881.0003\3077959.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1   related to the pending motion for substantive consolidation.  In connection with the Committee's

2   motion to substantively consolidate the cases, and in opposition to that motion, Canyon sought a

3   wide range of discovery.  Applicant assisted the Committee in responding to those requests when

4   requested to do so.  Applicant prepared a reply memorandum to Canyon's objection to the

5   proposed consolidation.

6        In addition to the foregoing, the Funds filed a motion for payment of professional fees.

7   Applicant reviewed the motion and provided comments regarding the same to the Debtor and

8   counsel for Funds II and III.

9        Applicant spent 76.20 hours in performing these tasks, incurring fees in the amount of

10  $32,544.50, as more particularly described in the attached **Exhibit J.**

11       **K.        Equity Committee**

12       Applicant rendered services to the estate in communicating with and responding to

13  requests by the UST regarding the appointment of an equity committee.  Applicant attended a

14  formation meeting, and communicated with potential counsel for the committee.  Applicant

15  prepared a nondisclosure and joint defense agreement so that Applicant could provide the

16  Committee with confidential and privileged information regarding the Canyon litigation.

17  Applicant responded to requests for information from the Committee.  Applicant reviewed the

18  objection to Committee counsel filed by the UST, and responded to requests from the UST.

19  Applicant attended meetings among the Committee members, counsel and the Debtor (as well as

20  Funds II and III).  Applicant responded to requests for information from the Committee regarding

21  the Hawaii litigation and the availability of insurance.  Applicant communicated with the Funds,

22  and counsel and the Committee counsel regarding negotiations for a plan term sheet.

23       Applicant spent 39.60 hours in performing these tasks, incurring fees in the amount of

24  $17,635.00, as more particularly described in the attached **Exhibit K.**

25       **L.        Litigation (Non-Bankruptcy Court)**

26       The Debtor had an interest in the State Court litigation involving the Saigon Plaza LLC.

27  Applicant reviewed the settlement agreement for that litigation pursuant to which certain

28  Guarantors paid $1.250 million to the Debtor and Fund II in exchange for mutual releases among

015881.0003\3077959.1

*Amended Second and Final Application for
Compensation and Reimbursement of Expenses by
Counsel for Debtor*

10

Case: 08-32220    Doc# 1264    Filed: 05/16/13    Entered: 05/16/13 16:39:04    Page 10
of 26

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1  all parties.  Applicant reviewed the motion and the declarations in support of the motion for

2  approval of the Saigon Plaza settlement agreement. Applicant communicated with the Debtor and

3  counsel for Fund II regarding the disposition of the proceeds of the settlement.  The Saigon Plaza

4  settlement was approved by order of the Court on June 16, 2010.

5      Applicant spent 8.50 hours in performing these tasks, incurring fees in the amount of

6  $3,915.00, as more particularly described in the attached **Exhibit L.**

7      **M.    Stay Litigation**

8      Several investors, including one member of the Committee, filed two State Court actions

9  against the Debtor, Funds II and III, and other non-debtor parties, for alleged wrongdoing in

10  connection with the Debtor's (and Funds II and III) investments.  The investors sought relief from

11  stay to pursue available insurance proceeds.  Applicant communicated with the Debtor and

12  counsel for Funds II and III regarding the investors' pending action and the motion for relief from

13  stay.  Because the Funds had previously stipulated to relief from stay in similar litigation,

14  Applicant prepared a limited non-opposition with respect to that matter.

15      Applicant spent 3.40 hours in performing these tasks, incurring fees in the amount of

16  $1,445.00, as more particularly described in the attached **Exhibit M.**

17      **M1.    Imperial Community Bank Motion for Relief from Stay**

18      Prior to the commencement of their respective cases, the Debtor, and Funds II and III,

19  made loans to Tres Tigres Storage, LLC ("Borrower"); the loans were secured by junior deeds of

20  trust against the property known as Sand City.  The Funds' deeds of trust were junior to the deed

21  of trust in favor of Imperial Capital Bank ("Imperial").  The Borrower filed a chapter 11

22  bankruptcy in this Court, and Imperial obtained relief from stay to foreclose.  Thereafter, Imperial

23  sought relief from stay in the Funds' case to complete their foreclosure.  During this Application

24  Period, Applicant rendered services in monitoring the Imperial motion.

25      Applicant spent 1.0 hours in performing these tasks, incurring fees in the amount of

26  $450.00, as more particularly described in the attached **Exhibit M-1.**

27

28

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

11

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

**M2.    E & F Financial Services Motion for Relief from Stay**

As described above, the Debtor has a membership interest in Hamilton Creek, LLC, the owner of the Brisbane Quarry.  The quarry was encumbered by a first deed of trust held by E & F Financial Services ("E&F").  In the prior application period, E & F obtained relief from stay against Hamilton Creek, and also obtained an "in rem order" in the Fund I and III cases.  To maintain the quarry, Hamilton Creek was required to make monthly adequate protection payments. During this Application Period, Applicant monitored the status of Hamilton Creek's adequate protection payments to E&F.

Applicant spent 1.80 hours in performing these tasks, incurring fees in the amount of $860.00, as more particularly described in the attached **Exhibit M-2.**

**M3.    Canyon Motion to Lift Restrictions**

During the First Application Period, Canyon filed a motion for relief from stay to foreclose on the joint lien on HDC real and personal property.  The Court held a hearing on that motion on January 5, 2009, and entered an order granting relief on February 5, 2009.  Canyon foreclosed on HDC's membership interest on April 16, 2009, and foreclosed on the real property on May 19, 2009.

The Stay Order included certain restrictions on Canyon's ability to transfer the real property:  "Neither Canyon nor any Related Party shall transfer or encumber the Property at any time before this court issues a final order or judgment in [the Adversary Proceeding][3] . . . ."  Stay Order, pp. 1:27-2:3.  The Amended Order contained substantially similar language.  On May 8, 2009, the Court entered a memoranda and order dismissing a number of the Debtor's claims in the Adversary Proceeding against Canyon, with leave to amend.  Less than three weeks after the sale, Canyon filed a motion to lift restrictions against the transfer of the Hawaiian Property.  During the First Application Period, Applicant opposed the lifting of restrictions, on a variety of grounds, including that the lifting of the restrictions could potentially moot the Debtor's pending appeals of

---

[3] *CMR Mortgage Fund, LLC v. Canpartners Realty Holding Company IV LLC,* Adversary Proceeding No. 08-03148 filed on November 30, 2008 ("Adversary Proceeding").

015881.0003\3077959.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1   the Stay Orders, and that given the pendency of the appeals, the Court was without jurisdiction to

2   modify the Stay Orders.

3        During the Second Application Period, Applicant attended the hearings of the motion to

4   lift restrictions.  To enable the Court to enter the order lifting restrictions, the District Court issued

5   a *Crateo* order to return jurisdiction to this Court for the purpose of entering an order on the

6   motion to lift restrictions.  Applicant reviewed the *Crateo* order, and Canyon's request for entry of

7   order.  Applicant prepared an objection to Canyon's proposed form of order, and attended a

8   hearing on resolution of the Debtor's objection.  The Court overruled the Debtor's objections, and

9   Applicant prepared a notice of appeal, and prepared the record on appeal for that order.

10       Applicant spent 12.50 hours in performing these tasks, incurring fees in the amount of

11  $5,858.50, as more particularly described in the attached **Exhibit M-3.**

12  **N.**     **Bankruptcy Litigation (Plaintiff):** *Adversary Proceeding*

13       During the First Application Period, the Court entered a memorandum and order

14  dismissing a number of the Debtor's claims against Canyon and Standford Carr and SCD Kunia

15  LLC, with leave to amend.  The Debtor did so, and filed an amended complaint during the First

16  Application period.

17       During the Second Application Period, Applicant communicated with the Debtor and

18  various investors interested in providing financing to the Debtor to finance the anticipated

19  substantial costs of litigation, and Applicant attended several telephonic conferences with and on

20  behalf of the Debtor with various investor groups.

21       Applicant was requested by the Debtor to analyze whether one of the investors in the B

22  Note, Hanauma LLC, and under what circumstances, would be bound by this Court's

23  determinations as part of the memoranda and orders dismissing the Adversary Proceeding.

24  Applicant conferred with the Debtor regarding that issue.

25       Applicant communicated with counsel for each of the defendants in attempting to reach a

26  mutually acceptable settlement.  Applicant continually reviewed the status of the Adversary

27  Proceeding, and conferred with the Committee regarding the impact of substantive consolidation.

28

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

13

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

Based on the memoranda and orders dismissing the Adversary Proceeding, Applicant analyzed the optimal course of action and strategy for the Debtor, and so advised the Debtor.

Shortly after the Committee obtained sufficient time to propose and confirm a plan, Applicant communicated with Canyon and SCD regarding modification of the Court's scheduling order and a standstill agreement to defer certain deadlines to after the Committee's deadline to confirm a plan. In connection with the Committee's proposed plan, the Committee reached a settlement with Canyon for mutual releases, and Applicant consulted with the Committee regarding the proposed (and ultimately approved) settlement. Applicant reviewed the proposed settlement agreement and motion to approve the settlement, and the objection filed by one of the investors in the B Note.

Applicant spent 42.80 hours in performing these tasks, incurring fees in the amount of $19,322.00, as more particularly described in the attached **Exhibit N.**

### N1. Discovery and Research Issues

During the Second Application Period and prior to the agreement to the Adversary Proceeding standstill agreement, Applicant, on behalf of the Debtor, had been served with substantial discovery requests, requests for production of records, and interrogatories, from both Canyon and SCD. Applicant prepared responses to the all discovery requests, including the preparation of privilege logs, and communicated with the Debtor regarding those responses. Similarly, Applicant prepared and propounded discovery to Canyon, and SCD, including notices of deposition.

Applicant spent 104.30 hours in performing these tasks, incurring fees in the amount of $43,029.00, as more particularly described in the attached **Exhibit N-1.**

### N2. Renewed Motions to Dismiss

During the Second Application Period, the Court entered a second memorandum and order dismissing a number of the Debtor's claims against Canyon and SCD, without leave to amend, and dismissed Stanford Carr as a defendant. Applicant reviewed and analyzed the Court's decision, and advised the Debtor regarding the import of the Court's decisions, the impact on the case, and potential strategic issues.

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

Applicant spent 16.60 hours in performing these tasks, incurring fees in the amount of $4,874.00, as more particularly described in the attached **Exhibit N-2.**

**N3.     Case Management**

Applicant met and conferred with counsel for Canyon and SCD, and prepared case management conference statements.  Applicant conferred with opposing counsel regarding the pending case schedule, and amendment to the existing schedules.  Applicant conferred with the Debtor regarding all developments in the case, and continually advised the Debtor as to strategic decisions regarding the case.

Applicant spent 16.60 hours in performing these tasks, incurring fees in the amount of $8,225.00, as more particularly described in the attached **Exhibit N-3.**

**N4.     Bankruptcy Litigation (Defendants)**

During the Second Application Period, Canyon and SCD filed answers to the Debtor's Amended Complaint; Canyon filed counter-claims against the Debtor.

Applicant reviewed and analyzed the answers, affirmative defenses and Canyon's counter-claims.

Applicant spent 7.0 hours in performing these tasks, incurring fees in the amount of $2,780.00, as more particularly described in the attached **Exhibit N-4.**

**O.     Claims and Objections**

Applicant reviewed certain of the claims filed in the case.  Applicant reviewed the Canyon proof of claim, and the tardily filed claim filed by a non-creditor, Alfred and Lois Bianchi, Trustees of the Bianchi Trust.  Applicant conferred with the Committee regarding several claims issues in the Debtor's case in connection with preparation of the Committee's plan and disclosure statement.

Applicant spent 3.20 hours in performing these tasks, incurring fees in the amount of $1,556.00, as more particularly described in the attached **Exhibit O.**

**P.     Disclosure Statement**

In order to avoid duplicative attorney services and fees, Applicant took a reviewing role of the preparation of the Committee Disclosure Statement.  Applicant reviewed the Committee's

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

15

Case: 08-32220     Doc# 1264     Filed: 05/16/13     Entered: 05/16/13 16:39:04     Page 15 of 26

proposed disclosure statement and provided necessary input with respect to the Canyon litigation, and the valuation of that litigation. Applicant reviewed objections to the disclosure statement and provided comments regarding the same.

Applicant spent 6.40 hours in performing these tasks, incurring fees in the amount of $2,910.00, as more particularly described in the attached **Exhibit P.**

**Q.     Plan of Reorganization**

As with the disclosure statement, Applicant took a reviewing role of the preparation of the Committee proposed plan of reorganization. Applicant conferred with the Debtor, counsel for Funds II and III, and the Committee, regarding plan issues, and provided comments regarding the same. Applicant reviewed objections to the plan. Applicant reviewed the proposed orders on confirmation of the plan. Ultimately, after confirmation of the plan, the Debtor and Funds were unable to consummate the plan, and Applicant assisted in and reviewed a motion to modify the Plan, and attended a hearing on the same.

Applicant spent 20.20 hours in performing these tasks, incurring fees in the amount of $9,410.00, as more particularly described in the attached **Exhibit Q.**

**R.     Plan Implementation**

After confirmation of the Funds' Plan, the previously committed exit financing refused to fund. Applicant conferred with the Debtor and the other Funds' professionals, as well as the Equity Committee's professionals concerning the Fund's inability to secure exit financing and the breach of the prior agreement to fund, and the implications on the Debtor's confirmed plan.

Applicant spent 6.00 hours in performing these tasks, incurring fees in the amount of $2,832.00, as more particularly described in the attached **Exhibit R.**

**S.     Appeals of the Stay Litigation**

During the First Application Period, Applicant filed two timely notices of appeal from the Court's February 5 and March 20 orders granting Canyon relief from stay to foreclose on the HDC membership interests and the Hawaii Project. In addition, after the Debtor objected to the Court's lifting the restrictions against transferring the Hawaiian Property pending resolution of the Adversary Proceeding, and the District Court's issuance of a *Crateo* order, Applicant reviewed the

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

*Amended Second and Final Application for
Compensation and Reimbursement of Expenses by
Counsel for Debtor*

District Court's order revesting jurisdiction in this Court. After the Court entered the order lifting restrictions and the amendment thereto, Applicant prepared and filed a notice of appeal of those orders. Applicant prepared an administrative motion for consolidation of all of the appeals, and communicated with counsel for Canyon regarding the briefing schedule, and extension of the briefing schedule. Applicant communicated with the Committee and the Debtor concerning staying the pending appeals while the Committee attempted to negotiate a settlement with Canyon and SCD.

Applicant spent 17.60 hours in performing these tasks, incurring fees in the amount of $7,147.50, as more particularly described in the attached **Exhibit S.**

### S.1.  Perfection of Appeal

Upon the filing of the notice of appeal from the order lifting restrictions, Canyon filed an objection to BAP. Applicant reviewed the objection and communicated with the Debtor regarding the same. Applicant prepared the statement of issues on appeal and the items to be included in the appeal, as well as Canyon's additional designations.

Applicant spent 4.70 hours in performing these tasks, incurring fees in the amount of $1,538.00, as more particularly described in the attached **Exhibit S-1.**

### S.2.  Preparation of Appellant's Opening Brief

During the Second Application Period, Applicant researched and prepared the Debtor's opening brief on the appeal from the order lifting restrictions from Canyon's transferring the Hawaiian Property when it granted Canyon relief from stay, while the Debtor appealed the granting of relief from stay and the dismissal of its claims against Canyon and SCD and Carr.

The Debtor took the position that the court lifted the restrictions, even though the central basis for its ruling on Canyon's motion to dismiss was the court's interpretation of contract terms—an issue subject to de novo review on appeal, and the Debtor, at that time had been unable to appeal that ruling as yet, because the court did not dismiss all of the Debtor's claims, and no final, appealable judgment will be entered until after trial of the remaining claims. Consequently, despite the fact that there has been no final adjudication of the Debtor's claims to the real property, the bankruptcy court granted Canyon's motion to lift the restriction on the automatic stay, opening

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

17

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1     the way for Canyon to sell or otherwise transfer the real property to a third party and render it

2     unavailable to the Debtor's in the event the bankruptcy court's ruling is reversed on appeal.

3          The Debtor argued that by lifting the restriction, the bankruptcy court removed the last

4     remaining protection of the Debtor's interest in the Hawaiian Property. Lifting the restriction

5     before there has been a final determination of the Debtor's claims in the adversary proceeding is

6     highly prejudicial to the Debtor and its creditors and denied them the protection of the stay, which

7     is intended to preserve the status quo for their benefit. The Debtor sought reversal of the

8     bankruptcy court's decisions granting relief from the stay and lifting the restriction on transfers.

9     Applicant prepared the Appellant's appendix.

10          Applicant spent 77.20 hours in performing these tasks, incurring fees in the amount of

11     $26,690.00, as more particularly described in the attached **Exhibit S-2.**

12        **S.3.**      **Preparation of Appellant's Reply Brief**

13          Applicant reviewed the opposition brief filed by Canyon, and analyzed each of the

14     arguments. Applicant researched and prepared the Debtor's reply brief. In its reply brief, the

15     Debtor argued that Canyon had mislead the bankruptcy court in obtaining relief from stay. To

16     obtain relief from the automatic stay in order to foreclose on the property, Canyon told the

17     bankruptcy court that it needed control over the property in order to develop it. It already had de

18     facto control over the property through provisions in the loan documents, but it succeeded in

19     obtaining relief from stay and foreclosed on the membership interest in the borrower and then

20     foreclosed on the real property in May 2009, ostensibly as the Debtor's agent. After it foreclosed,

21     however, rather than develop the property, almost immediately Canyon filed the motion at issue in

22     this appeal seeking complete relief from the stay so that it could sell the property.

23          The Debtor further argued that the original restriction, prohibiting Canyon from

24     transferring the property after it obtained title to it through foreclosure, was intended to ensure that

25     the property would be available to the Debtor, if the Debtor prevailed on its claims against Canyon

26     asserted in the adversary proceeding. Any transfer to a third party would likely put the property

27     out of the Debtor's reach. The issues raised by the Debtor in its adversary proceeding turned

28     largely, if not entirely, on the interpretation of the complex loan documents between the Debtor,

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

18

015881.0003\3077959.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

1  Canyon and the borrower, including the Co-Lender Agreement between Canyon and the Debtor.

2  After the bankruptcy court dismissed most of the Debtor's claims, it granted Canyon's motion to

3  lift the restriction on Canyon's transfer of the property.  The court did so even though the Debtor

4  would have been entitled to appeal the bankruptcy court's decision in the adversary proceeding

5  and seek de novo review of the contract terms at issue once a final judgment is entered in that

6  proceeding. Again, the Debtor continued to request reversal of the court's order lifting restrictions.

7  In addition to preparing the Debtor's reply brief, because Canyon had filed an

8  inappropriate request for judicial notice in support of its opposition brief in an attempt to enlarge

9  the appellate record, Applicant prepared objections to that request.

10  Applicant spent 41.30 hours in performing these tasks, incurring fees in the amount of

11  $16,724.00, as more particularly described in the attached **Exhibit S-3.**

12  **IV.    FEES DEFERRED FROM FIRST APPLICATION PERIOD**

13  As described above, in connection with the First Application, in response to the Objection

14  filed by Canyon, the Court deferred approval of Applicant's fees incurred in connection with the

15  Adversary Proceeding.  The relevant portion of the First Application describing the services

16  rendered and the fees incurred in connection with the Adversary Proceeding are attached hereto as

17  **Exhibit T** and incorporated herein by this reference.[4]  Those fees, in the amount of $283,014.84,

18  were classified in Category O of the First Application.  In the First Order, the Court provided that

19  the Category O fees were deferred to a later date and that Applicant may apply for allowance of

20  those fees upon a new notice and hearing.  See, First Order, Docket No. 350, p.2, ¶ 2, attached

21

22

23

---

24  [4] Pursuant to Rule 201 of the Federal Rules of Evidence, Applicant requests that the Court take
Judicial Notice of the First Application (filed herein on October 29, 2009, Docket No. 283, pages
25  1-3, 21-25, 29-30) and Exhibits O-1 through O-6 (Docket No. 238-5), attached hereto as **Exhibit
T**.  In addition, Applicant requests that the Court take Judicial Notice of Applicant's Reply to
26  Objection to First Interim Application for Compensation and Reimbursement of Expenses by
27  Counsel for Debtor, filed herein on November 29, 2009, Docket No. 325, a true and correct copy
of which is attached hereto as **Exhibit U**.

28

015881.0003\3077959.1

*Amended Second and Final Application for
Compensation and Reimbursement of Expenses by
Counsel for Debtor*

19

Case: 08-32220   Doc# 1264   Filed: 05/16/13   Entered: 05/16/13 16:39:04   Page 19
of 26

hereto as **Exhibit V**. As part of the Second Application, Applicant now seeks approval of the Category O fees in the amount of $283,014.84[5] (referred to as "Deferred Fees").

The Deferred Fees should be awarded at this time pursuant to the criteria set forth in Bankruptcy Code section 330(a)(3).

Applicant expended 783.34 hours in rendering services in connection with the Adversary Proceeding, incurring fees in the amount of $331,479.50. Applicant voluntarily discounted their fees by $48,464.66, reducing its request to $283,014.84. Based on the amount of hours applied to the discounted fees, Applicant's effective rate was $361.29, far less than the rates charged in the local community. 11 U.S.C. § 330(a)(3)(A), (B).

Further, section 330(a)(3)(C) provides that one of the factors in determining reasonable compensation is "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered." However, an actual benefit to the estate need not be shown. *In re Mednet*, 251 B.R. 103, 107-108 (9th Cir. BAP 2000). "The statute does not require that the services result in a material benefit to the estate in order for the professional to be compensated; the applicant must demonstrate only that the services were 'reasonably likely' to benefit the estate at the time the services were rendered." *Id.* at 108.

Success is not the standard by which compensation for professionals is measured under 11 U.S.C. §330(a)(1)(A). No actual benefit need be shown to warrant a fee award. Rather, the services need only be reasonably likely to benefit the estate at the time the services are rendered. The rationale for this rule is that if counsel were required to show a tangible, material benefit from the services provided, it "would unreasonably restrict legitimate professional efforts toward effective estate administration, and could well cause attorneys to shy away from work that might benefit the estate." *In re Mednet*, 251 B.R. at 108. The services provided by Applicant were necessary and reasonably likely to provide a benefit to the estate at the time they were performed. Equally important, while the Court dismissed many of the Debtor's claims against Canyon, SCD

---

[5] In the First Application, Applicant voluntarily reduced the Category O fees by $48,464.66. See, **Exhibit T**, First Application, pages 29-30 (Docket No. 283).

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

015881.0003\3077959.1

Case: 09-32219    Doc# 1264    Filed: 05/16/13    Entered: 05/16/13 16:39:04    Page 20 of 26

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1    and Carr, this Court never entered any finding or even intimated or suggested that any of the

2    claims asserted by the Debtor in the Complaint or Amended Complaint were frivolous in any

3    regard.

4        The services rendered and fees incurred represented an effort by the Debtor to seek an

5    adjudication of its rights and obligations under the Co-Lender Agreement and related Loan

6    documents in an effort to preserve the estate's interest in the $42.9 million secured B Note for the

7    benefit of the Debtor's creditors and investors. By any measure under the cost-benefit analysis,

8    the fees for the services rendered were necessary and proper in an attempt to avoid the harm the

9    estate would and did suffer from a loss of the secured $42.9 million note. If the Debtor had

10    prevailed on its claims regarding interpretation of the agreements as to its rights and Canyon's

11    obligations under those agreements, the Debtor's estate would have held an undisputed interest in

12    the valuable real property security, and Applicant's services and the fees incurred would have

13    protected that valuable asset and all of the Debtor's creditors and members would have been paid

14    in full. Accordingly, Applicant's services were necessary and beneficial to the estate, and the

15    Deferred Fees should be approved and allowed.

16 **V.      SUMMARY OF FEES AND COSTS INCURRED**

17        Applicant's total time representing the Debtor in this case totaled 767.60 hours,

18    representing $318,352.00 of fees. Applicant has voluntarily reduced its fees by $5,170.50. The

19    hours are detailed on Applicant's computerized timesheets, copies of which are attached as

20    **Exhibits A through S-3.** Applicant also incurred costs of $15,504.78, as indicated in the attached

21    **Exhibit W**.

22        The Exhibits detail specific services and identify the individual attorneys and paralegals

23    that performed those services. At the end of each Exhibit appears a summary of time expended,

24    blended hourly rates, and fees incurred by each attorney and paralegal. (Resumes of paralegals

25    that worked on the case are attached hereto as **Exhibit X**.)

26

27

28

015881.0003\3077959.1

*Amended Second and Final Application for
Compensation and Reimbursement of Expenses by
Counsel for Debtor*

21

Case: 08-32220    Doc# 1264    Filed: 05/16/13    Entered: 05/16/13 16:39:04    Page 21
of 26

## SUMMARY OF FEES

| EXHIBIT/CATEGORY | | HOURS | FEES |
|---|---|---|---|
| A. | Initial Pleadings | 0.30 | $135.00 |
| B. | General Member and Creditor Inquiries | 2.30 | 1,135.00 |
| C. | Financing/Use of Cash Collateral/Secured Claims | 6.40 | 3,302.50 |
| D. | Wendel Rosen Employment & Compensation | | |
| D.1 | First Application Period | 97.80 | 41,696.50 |
| D.2 | Second Application Period | 50.50 | 18,958.50 |
| E. | Employment & Compensation of Professionals | 9.00 | 4,157.50 |
| F. | Financial Filings | 3.70 | 1,730.00 |
| G. | Executory Contracts/ Leases/ Utilities | 1.80 | 711.00 |
| H. | Operations | 2.80 | 1,250.00 |
| H.1 | Hamilton Creek | 1.60 | 794.50 |
| H.2 | Disposition of REO Properties | 1.80 | 810.00 |
| H.3 | Interfund Transactions | 56.60 | 24,615.00 |
| I. | Asset Analysis & Recovery | 26.10 | 9,311.00 |
| J. | Case Administration | 76.20 | 32,544.50 |
| K. | Equity Committee | 39.60 | 17,635.00 |
| L. | Litigation (Non-Bankruptcy Court) | 8.50 | 3,915.00 |
| M.. | Stay Litigation | 3.40 | 1,445.00 |
| M.1 | Imperial Community Bank MRS | 1.00 | 450.00 |
| M.2 | E&F Financial MRS | 1.80 | 860.00 |
| M.3 | Canyon Motion to Lift Restrictions | 12.50 | 5,858.50 |

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*

22

Case: 08-32220   Doc# 1204   Filed: 05/16/13   Entered: 05/16/13 16:39:04   Page 22 of 26

| EXHIBIT/CATEGORY | | HOURS | FEES |
|---|---|---|---|
| N. | Bankruptcy Litigation (Plaintiff) | 42.80 | 19,322.00 |
| N.1 | Discovery and Research re Issues | 104.30 | 43,029.00 |
| N.2 | Renewed Motions to Dismiss | 16.60 | 4,874.00 |
| N.3 | Case Management | 16.60 | 8,225.00 |
| N.4 | Bankruptcy Litigation (Defendants) | 7.00 | 2,780.00 |
| O. | Claims and Objections | 3.20 | 1,556.00 |
| P. | Disclosure Statement | 6.40 | 2,910.00 |
| Q. | Plan of Reorganization | 20.20 | 9,410.00 |
| R. | Plan Implementation | 6.00 | 2,832.00 |
| S. | Appeals of the Stay Litigation | 17.60 | 7,147.50 |
| S.1 | Perfection of Appeal | 4.70 | 1,538.00 |
| S.2 | Preparation of Appellant's Opening Brief | 77.20 | 26,690.00 |
| S.3 | Preparation of Appellant's Reply Brief | 41.30 | 16,724.00 |
| **TOTAL** | | **767.60** | **$318,352.00** |

## SUMMARY OF COSTS

| Category | Amount |
|---|---|
| Court Call Conferencing | $168.20 |
| DataSearch | 679.90 |
| Computer Disks | 25.00 |
| Filing Fee | 281.00 |
| Lexis-Nexis | 7,641.75 |
| Messenger Service | 138.96 |
| Transcripts | 52.00 |

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

| | |
|---|---|
| In-house Special Messenger | 675.00 |
| Internal Copy Charges | 5,392.20 |
| Westlaw Computer Research | 40.00 |
| Telephone Expense | 38.76 |
| UPS Delivery | 64.28 |
| U.S. Postage | 309.23 |
| **Total** | **$15,506.28** |

**Note on Costs.** In accordance with the Bankruptcy Court Guidelines for Compensation and Expense Reimbursement of Professionals, Applicant's incoming facsimile charges are charged at 20¢ per page. Effective June 1, 2005, Applicant reduced its photocopy charges to 15¢ per page. Applicant has removed all surcharges from telephone calls and computerized research, if any, and has charged the estate only for its actual costs.

**Letter Transmitting Fee Application to Debtor in Possession.** In accordance with the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, Applicant has transmitted a copy of this Application to the Debtor, together with a copy of the transmittal letter attached hereto as **Exhibit Y.**

## VI. CONCLUSION

In view of the time expended, the responsibilities assumed, and Applicant's reputation and skill in the bankruptcy field, Applicant respectfully submits that the reasonable value of the services rendered during the Application Period is $318,352.00 of fees. Applicant has voluntarily reduced its fees by $5,170.50. Applicant also expended the sum of $15,506.28, for costs during the Application Period, and seeks approval of reimbursement of that amount. Applicant seeks authorization for the Trustee to pay the sum of $333,858.28 as the total amount of fees and expenses incurred during the Application Period.

In addition, Applicant also seeks approval of the Category O fees previously deferred from the First Application Period in the amount of $283,014.84.

015881.0003\3077959.1

*Amended Second and Final Application for Compensation and Reimbursement of Expenses by Counsel for Debtor*

24

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

Applicant respectfully submits that all of the services rendered to the Debtor and the estate in the First Application Period, where application, and Second Application Period were necessary, appropriate and beneficial to the estate, and that the fees requested constitute reasonable and necessary fees expended on behalf of the estate.

WHEREFORE, Applicant prays that this Court enter its order with respect to the following:

**1.** Allowing and approving $318,352.00 of attorneys' fees and $15,506.28 of costs incurred and expended on behalf of the Debtor during the Second Application Period;

**2.** Allowing and approving $283,014.84 of attorneys' fees, representing the fees deferred for Category O incurred and expended on behalf of the Debtor during the First Application Period;

**3.** Authorizing and directing the Trustee to pay to Applicant all of the unpaid previously allowed fees and costs from the First Application ($236,058.25), and all of the fees and costs allowed in connection with this Second Application;

**4.** For such other and further relief as this court deems just and proper.

## CERTIFICATION

The undersigned professional certifies that (a) I have read the Application; (b) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court for the Northern District of California, unless specifically noted in the Application; (c) the compensation and expense reimbursement requested are billed at rates no less favorable than those customarily employed by Applicant and generally accepted by Applicant's clients; and (d) Applicant has not entered into any agreement or understanding with any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case, nor has the Applicant received from or shared with any other entity any compensation for services rendered in or in connection with this case.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

015881.0003\3077959.1

*Amended Second and Final Application for
Compensation and Reimbursement of Expenses by
Counsel for Debtor*

25

Case: 08-32220   Doc# 1204   Filed: 05/16/13   Entered: 05/16/13 16:39:04   Page 25
of 26

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1  I declare under penalty of perjury that all representations and time records attached to this

2  Application are true and correct to the best of my knowledge, information, and belief.

3  DATED:  May 16, 2013                    WENDEL, ROSEN, BLACK & DEAN LLP

4

5                                          By:        /s/ Elizabeth Berke-Dreyfuss

6                                                 Elizabeth Berke-Dreyfuss
                                                 Attorneys for Debtor-In-Possession
7                                                 CMR MORTGAGE FUND, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

015881.0003\3077959.1

*Amended Second and Final Application for*
*Compensation and Reimbursement of Expenses by*
*Counsel for Debtor*