ROBERT FEINBAUM
3001 Ashbrook Court
Oakland CA 94601
510 534-7008

In Pro Per


FILED
JUL 15 2013
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO DIVISION

In re:
CMR Mortgage Fund
CMR Mortgage Fund II
CMR Mortgage Fund III

Affects ALL FUNDS

Cases # 08-32220, 09-30788
# 09-30802
SUBSTANTITAVELY CONSOLIDATED

REQUEST FOR STATUS CONFERENCE
AND FOR TAKING JUDICIAL NOTICE
OF CERTAIN PERTINENT FACTS WITH
RESPECT TO THE CMR CASE

Date: August 19 2013
Time: 9:30 AM
Judge: Honorable Thomas Carlson

Petitioner asserts the following facts:

1) Petitioner is an investor in the CMR Funds.

2) Petitioner has requested answers to questions listed below but has not received satisfactory responses from the Trustee appointed to administer the CMR estate.

3) The issues raised by petitioners' questions are material to administration of the CMR estate and to investors in the CMR Funds and deserve to be considered by the Court so as to be resolved in a timely manner.

4) It is petitioner's understanding that funds have been received from the

Page (2)

insurance settlement and that said settlement provided for investors to receive a payout of 1 % based on their March 31, 2008 holdings. Investors received a payout of slightly over .5% on or about June 25, 2013 which is roughly half of that promised without any timetable for the remainder of the distribution.

5) Petitioner and other investors have been forced to take extensions on their 2012 tax returns. Although the Trustee has promised that K1s will be provided by mid-September there is no evidence that steps have been taken to obtain the necessary information from "other entities".

Questions raised by petitioner:

A) What is the timetable for distributing the remainder of the insurance proceeds so as to bring the distribution to the 1% level promised in the Settlement ?

B) Will the Trustee commit to providing the K1s needed by investors by the time of the status conference ? For many investors lack of the K1s prevent filing of federal and state income tax forms and thus obtaining refund of over-payments from the federal and state governments.. Petitioner intends to ask the Court to order the non-debtor entities to provide necessary information so as to allow investors to file tax returns by the

Page (3)

extension deadline if the Trustee cannot assure that the information will be provided in a timely fashion.

C) Petitioner has seen information in the San Francisco Business Times which states that David Choo will "receive $20 million in cash as well as S10 million in two $5 million installments later on" in connection with sale of property in the Transbay project. (June 6, 2013 Bay Area BizTalk). What are the Trustee's plans for recovery of the $30 million for CMR Investors ?

Request for Judicial Notice

Petitioner asks the Court to take Judicial Notice of the article by J.K Dineen, a reporter for the San Francisco Business Times, headlined "TMG Partners, Northwood to take over massive Transbay project" which was published on June 6, 2013 and updated on June 7, 2013 in which the quote about payment to David Choo was cited.

Petitioner also asks that the Court take Judicial Notice of the fact that LECG Corporation was liquidated in March 2011. LECG asserts a claim of $ 627,236.20 against the CMR estate. Petitioner has previously presented evidence that LECG Corporation participated in making false projections in order to entice investors to support CMR's failed reorganization plan.

Page (4)

Petitioner requests that payments to LECG be immediately stopped because the firm has been liquidated and thus lacks any mechanism for receiving said payments. It further appears as though LECG billed the CMR estate for services supposedly provided after its liquidation date, which should certainly disqualify those billings from payment.