Dennis D. Miller (SBN 138669)
STEIN & LUBIN LLP
Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
dmiller@steinlubin.com

Special Counsel for Debtors CMR MORTGAGE
FUND II, LLC and CMR MORTGAGE FUND III,
LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC, and<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors.<br><br>☐ Affects **Fund I**<br>☐ Affects **Fund II**<br>☐ Affects **Fund III**<br>☒ Affects **All Debtors** | Case No. 08-32220<br>Case No. 09-30788<br>Case No. 09-30802<br><br>Chapter 11<br><br>**SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY STEIN & LUBIN LLP AS SPECIAL COUNSEL TO DEBTORS CMR MORTGAGE FUND II, LLC AND CMR MORTGAGE FUND III, LLC**<br><br>Date: September 30, 2013<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, Crtm. 23<br>       San Francisco, CA<br>Judge: Honorable Hannah Blumenstiel |

**TO: THE HONORABLE HANNAH BLUMENSTIEL, UNITED STATES BANKRUPTCY JUDGE**

Stein & Lubin LLP ("S&L") hereby applies to this Court for the approval of its Second and Final Application for Compensation for Reimbursement of Expenses by Stein & Lubin LLP as Special Counsel for CMR Mortgage Fund II, LLC and CMR Mortgage Fund III, LLC (the "Final Application"). S&L seeks final approval and payment of its attorneys' fees totaling $149,608.00 and costs totaling $1,056.96, for a total of $150,664.96 for the period of time from October 29, 2009 through and including May 31, 2011, plus the time to prepare this Final Application.

On December 8, 2009, S&L filed its First Interim Application of Special Counsel Stein & Lubin LLP for Compensation and Reimbursement of Expenses ("First Applications") in the Chapter 11 cases of CMR Mortgage Fund III, LLC, Case No. 09-30802 (Docket No. 187) and CMR Mortgage Fund II, LLC, Case No. 09-30788 (Docket No. 211). As was explained in the First Applications, the legal services then provided and as described in the First Applications benefitted both CMR II and CMR III. Accordingly, S&L filed its first application in these two cases, and after hearing, on January 11, 2010, the Court issued two orders approving Stein & Lubin's First Applications pursuant to which Stein & Lubin's fees and costs were split between CMR II and CMR II at $57,215 in attorneys' fees per case and $180.24 for costs per case for total fees of $114,430.00 and total costs of $360.48 the time period from March 31, 2009 through October 31, 2009.

On or about April 11, 2011, the Court entered the Order Granting Motion for Substantive Consolidation of Cases ("Order for Consolidation"), docketed on April 11, 2011 in Case No. 08-32220, substantively consolidating the Chapter 11 cases of CMR Mortgage Fund LLC, Case No. 08-3220, CMR Mortgage Fund II, LLC, Case No. 09-30788 and CMR Mortgage Fund III, LLC, Case No. 09-30802. Thus, Stein & Lubin's Final Application is filed in the Chapter 11 lead case of CMR Mortgage Fund LLC, Case No. 08-32220.

In summary, S&L now seeks approval and payment of the fees of $35,178.00 and costs of $696.48 incurred during the Final Application period, in the total amount of $35,874.48,

14730063/500952v1            1

plus the previously authorized but unpaid fees and costs allowed in the First Application and the Orders totaling $114,790.48.

**I.    EMPLOYMENT AND PRIOR COMPENSATION**

S&L was appointed as Special Counsel in the Chapter 11 cases of CMR Mortgage Fund II, LLC ("CMR II") and CMR Mortgage Fund III, LLC ("CMR III") (collectively, "Debtors"). S&L was employed to represent Debtors in performance of corporate and regulatory matters including the following: advice and performance of legal services regarding loan workouts, forbearance agreements, enforcement actions and negotiations relating to mortgage loans in which Debtors have an interest; information and direction with respect to state and federal regulatory matters, including representation in connection with any accusations, investigations or enforcement actions that may be instituted; and assistance and advice regarding the Debtors' rights and obligations toward its investor members.

This is the Final Application for approval of fees filed by S&L as Special Counsel. This application seeks approval for and payment of fees and costs incurred from March 31, 2009 through May 31, 2011 in the amount of $150,664.96, which includes the prior approval of S&L's interim fees and costs.

**II.    BACKGROUND**

CMR II first employed S&L as its corporate counsel in October 2003 for a variety of purposes including its formation, capitalization, legal compliance, lending operations, loan enforcements and workouts, and other related matters. Since that time S&L has continuously represented the CMR II and has accumulated considerable information regarding CMR II's business and transactional dealings. CMR II filed for bankruptcy on March 31, 2009. As noted above, due to the sophistication of CMR II's mortgage loans, workouts, forbearance agreements and state and federal regulatory matters, it was most efficient for CMR II to seek and obtain the employment of S&L as a special counsel in CMR II's Chapter 11 bankruptcy case.

CMR II employed S&L to provide legal services in connection with each of the following matters, each of which is hereafter referred to as a "Project." Included in the following descriptions is an explanation of the importance of the Project and, where applicable, the

14730063/500952v1                                        2

SECOND AND FINAL APPLICATION OF SPECIAL COUNSEL STEIN & LUBIN LLP
Case: 08-32220    Doc# 1310    Filed: 09/09/13    Entered: 09/09/13 14:37:39    Page 3 of 12

complexities involved:

**III.   SERVICES RENDERED**

    1.   **DIP Financing**.

As noted in the First Applications, S&L assisted CMR II to design and document a debtor-in-possession financing program (the "DIP Financing") to be funded by CMR II's issuance of notes primarily to its own members. Raising this DIP Financing was critical to CMR II's ability to carry out a feasible plan of reorganization because CMR II required a method to protect and preserve its properties and loan collateral until they could be sold for reasonable prices. In order to accomplish this, CMR II needed to be able to fund ongoing payments for (i) adequate protection payments to senior lienholders, (ii) negotiated forbearance payments to other senior lienholders with whom such forbearances were negotiated (such as the Standstill Agreement described below), (iii) entitlement costs for land that CMR II owns (or will own) in order to realize its full value, and (iv) administrative costs of this bankruptcy proceeding. In addition, CMR II was compelled to utilize an unconventional method for raising the DIP Financing, because there was no single bank or other institutional investor willing to provide the necessary funds. Therefore, CMR II sought to raise the funds from its own members, in relatively small increments from each member, which constituted a securities offering that is regulated by both state and federal securities laws. S&L prepared a very detailed private placement memorandum ("PPM"), as well as the loan documentation itself, and CMR II was advised how to conduct the offering in compliance with the private placement exemptions from registration under federal and state securities laws. The Court granted CMR II's motion to conduct a private placement offering in order to raise the DIP Financing, utilizing the offering documents prepared by S&L. See docket entry number 192, dated November 23, 2009.

For the time period subject to this Final Application, S&L continued to provide legal services to CMR II up to November 2009 for approval of the DIP program and then afterward for continued compliance issues and putting the PPM into operation. These legal services also included preparing and incorporating a supplement to the PPM and finalizing the offering documents.

14730063/500952v1                                                3

SECOND AND FINAL APPLICATION OF SPECIAL COUNSEL STEIN & LUBIN LLP
Case: 08-32220   Doc# 1310   Filed: 09/09/13   Entered: 09/09/13 14:37:39   Page 4 of 12

2. **Standstill Agreement**.

As noted in the First Applications, S&L negotiated and documented a very complex standstill agreement with a group of mortgage lenders (referred to as the "Oxford investors"), holders of senior liens on various real properties that was collateral for CMR II's own junior mortgage loans. These senior liens were in default entitling the Oxford investors to foreclose on their liens, which would extinguish CMR II's junior liens and cause a complete loss of the Debtor's investments. The Standstill Agreement, if approved by all parties and this Court, would provide the Debtor with a reasonable opportunity to preserve most of its largest investments. The Standstill Agreement addressed the CMR II and CMR III's aggregate investments of approximately $45 million and seven (7) different loans, plus several additional foreclosure properties on which the Oxford investors held liens. The Standstill Agreement is very complex and was subject to review and re-negotiation by several different Oxford investors and their advisors.

The motion for approval of the Standstill Agreement was filed in November 2009 and was renoticed and continued on several occasions. For the period of time covered by this Final Agreement, S&L provided legal services to assist in the eventual approval of the Amended Standstill Agreement, including attending one key hearing. Ultimately, the Court approved the Amended Standstill Agreement on May 11, 2010, docket entry no.387.

3. **Governmental Inquiries/Examinations**.

S&L advised and assisted CMR II in connection with regulatory matters and various governmental inquiries and examinations, including compliance with state and federal securities laws, the California Finance Lenders (CFL) law, and other matters.

For the time period in the Final Application, S&L continued to provide such services including responding to inquiries and allegations by the Department of Corporations and conferring with the client for the responses.

4. **Advice and Consultation**.

S&L has been providing ongoing advice and consultation, only as and when specifically requested by the Debtors, in connection with the Projects described herein.

As noted in the First Applications, S&L initially opened two separate billing matters for post-petition work on the Projects. File No. 1473-0063, which is entitled DIP Financing (Funds II and III), essentially includes only the legal work related to the DIP Financing. S&L File No. 1473-0062, which is entitled "CMR Funds II and III (Chapter 11)", includes all other legal work relating to the other Projects listed herein. All of the itemized post-petition statements for both billing matters are attached to the Declaration of Mark D. Lubin. For the reasons described below, each of these billing matters was opened as a joint billing matter for both the Debtor and a related mortgage fund, and the charges were previously agreed to be borne equally by the Debtor and that other fund.

As noted, S&L was retained as special counsel for both CMR III and an affiliated mortgage investment fund, CMR II. CMR II and CMR III are co-lenders in many of the same mortgage loans, and the legal services rendered by S&L in connection with the Projects described herein and in the First Applications, which are itemized in the statements attached to the Declaration of Mark D. Lubin, were rendered for the benefit of *both* CMR II and CMR III. Both entities had substantially the same needs for the same legal services: (1) both required DIP Financing in order to protect and preserve their respective assets, for which purpose both intended to utilize virtually identical offering documents prepared by S&L; (2) both are parties to the same proposed Standstill Agreement, and were being treated equally under it; (3) both entities are subject to regulation and examination by reason of their activities that are governed by the securities laws and by the California CFL law; and (4) both entities are engaged in the same business with substantially the same borrowers, and (thus far, at least) all consultation and advice rendered by S&L was applicable and beneficial to both CMR II and CMR III. However, since the entry of the Order of Consolidation, the original creation of separate billing files that were opened at the Debtors' request has been mooted as all assets and all claims are now to be processed and paid from the consolidated cases. Nevertheless, since S&L concluded its legal services for the most part prior to the entry of the Order of Consolidation, separate invoices for both the 1473.0062 and 1473.00063 matters were prepared and are submitted in the Declaration of Mark Lubin, filed concurrently herewith.

For the time period for this Final Application, S&L was requested by the Debtors to provide assistance opposing the motion to appoint a Chapter 11 Trustee. CMR II and CMR III had invested significant time and actions to generate the DIP Financing, which was approved by the court, to seek to protect assets of the estates and to fund a chapter 11 plan. Since CMR II and CMR III were regulated by the Department of Corporations on issues involving the PPM and DIP Funding, the potential appointment of a Chapter 11 trustee had to be examined for the possible effect on all the prior work and a potential plan. The Debtors consulted with S&L on these issues and assisted to address legal issues in the opposition to the motion to appoint a Chapter 11 trustee. Mark Lubin attended, at the Debtors' request, several of the hearings involving the motion to appoint a Chapter 11 Trustee. S&L also provided legal advice on a possible liquidating trust and the resulting effect on the DIP Financing program and the PPM.

5. **First Interim Applications**. As noted above, S&L filed its First Applications in the CMR II and CMR III cases on December 8, 2009 and the hearing on these two applications were held on December 28, 2009. S&L was awarded interim fees of $114,430.00 and costs of $360.48. S&L incurred fees of $7,043.00 for the preparation of its two First Applications filed in the two Chapter 11 cases, the hearings and to prepare the orders thereafter. These fees and costs were not included in the First Applications and thus S&L requests the payment of these fees and costs in its Final Application.

6. **Final Fee Application**.

S&L requests payment of total fees of $35,178.00 in this Final Application. Included in that request is the four hours spent preparing the Final Application at the hourly rate of $470.00 for a total of $1,880.00. S&L also requests the allowance of one hour at $470 for attending the hearing and thus requests allowance and payment of fees for this category of $2,350.00.

III. **BILLING SUMMARY BY PROJECT**

Attached as Exhibit A to the Declaration of Mark D. Lubin are the statements for legal services provided by S&L from November 1, 2009 through present. Counsel has reviewed in detail each fee entry and description contained on the statements, and here provides a

14730063/500952v1

6

SECOND AND FINAL APPLICATION OF SPECIAL COUNSEL STEIN & LUBIN LLP

summary, for each Project, of the total billable hours and amounts charged for work on that Project. Each fee entry and description in the itemized statements attached to the Declaration of Mark D. Lubin is included in one of the Projects below.

| Project | Total Hours | Fees |
|---|---|---|
| 1. DIP Financing | 14.3 | $ 6,016.50 |
| 2. Standstill Agreement | 4.2 | $ 5,520.00 |
| 3. Government Inquiries/Examination | 3.2 | $ 1,935.00 |
| 4. Client Requested Advice and Consultation | 25.6 | $ 15,313.50 |
| 5. First Interim Fee Application | 17.5 | $ 7,043.00 |
| 6. Final Fee Application | 5.0 | $ 2,350.00 |

## IV. BILLING SUMMARY PER ATTORNEY

Between November 1, 2009 and present S&L devoted a total of 69.8 hours of professional time in the performance of the services described above. S&L's billing statements/invoices, attached as Exhibit A to the Declaration of Mark D. Lubin, identify the individuals who performed specific services by initial, and can be summarized as follows:

| Name | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|
| MDL: Mark D. Lubin | $600 | 40.6 | $ 24,360.00 |
| DDM: Dennis D. Miller | $425 | 5.1 | $ 2,087.50 |
| AIB: Audrey Baker | $375 | 2.5 | $ 937.50 |
| EKC: Eugene K. Chang | $310 | 9.3 | $ 2,883.00 |
| EYC: Eugene Chung | $310 | 6.9 | $ 2,139.00 |

In addition to the foregoing fees, S&L has expended the sum of $696.48 for costs and expenses ($300 paid to the Department of Corporations and $396.48 in postage) from November 1, 2009 through present that it seeks reimbursement. While S&L has additional costs as shown in the invoices, it seeks only payment of the corporate filing fee and postage that S&L advanced during this time period.

S&L respectfully requests that the reasonable value of its services from November 1, 2009 through present is $35,178.00. Costs advanced by S&L through this period total $696.48. All services for which compensation is requested were rendered pursuant to the performance of S&L of the duties authorized in the Order of the Court for its Appointment as Special Counsel for CMR II and CMR III. None of the services were rendered with respect to any other matter. This

Application and the Exhibits attached to the Declaration of Mark D. Lubin represent the total amount of compensation sought by S&L. By this Application, S&L seeks both allowance and approval of payment of all attorneys' fees and costs incurred by S&L on behalf of CMR II and CMR III from March 31, 2009 through present.

## V. RULE 2016(B) STATEMENT

No compensation previously received by S&L has been shared with any other person and no agreement or understanding exists between S&L and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case, except with the regular members and associates of S&L, and attorneys of counsel to S&L. S&L neither represents nor holds any interest adverse to Debtors, their estate, or to creditors herein with regard to any of the matters referred to herein, with the exception of an outstanding balance for fees and costs owed by the Debtors to S&L which was disclosed in the Application for Appointment of Stein & Lubin LLP as Special Counsel for Debtor.

## VI. CONFERENCES, HEARINGS, AND JOINT REPRESENTATION OF DEBTOR

Drafting the standstill agreement and DIP Financing agreement at that time were critical to CMR II and CMR III's ability to effectively reorganize and pay its creditors. To insure that Debtors received the best advice and representation from its lawyers required attorneys from S&L to meet with the Debtors' representatives and the Debtors' counsel to discuss and agree on strategy, and consider issues that arise in the course of this bankruptcy, and such conferences, as are shown on all of the S&L billing statements, consisted of: discussions of analysis/strategy of the case; discussion of action items in connection with the Projects, including the DIP Financing and standstill agreements; general corporate advice concerning audit matters; discussion of and action items regarding compliance requirements with state agencies; general corporate advice related to the Debtors' business operations, and other related action items.

Mark D. Lubin is a corporate lawyer primarily responsible for providing legal advice with respect to the Projects, including the drafting and preparing the of the Standstill and DIP Financing agreements. Audrey Baker and Eugene Chung are transactional lawyers who assisted in the transactional work in the Final Application time period regarding the Projects, and

performed certain limited services when it was determined that they could do so competently and at a lower billing rate than Mr. Lubin.

Where billing statements include intra-firm conferences between attorneys, the conferences consisted of one of the following: instruction from one professional to another professional; analysis and strategy for the Project; and discussion of action items regarding the DIP Financing and the Standstill Agreement.

## VII. COMPLIANCE WITH GUIDELINE NUMBER SEVEN

Attached as <u>Exhibit B</u> to the Declaration of Mark D. Lubin is a copy of a letter to the Debtors and the Chapter 11 Trustee Richard Kipperman in compliance with Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, Guideline Number Seven.

WHEREFORE, S&L prays that this Court enter its Order as follows:

1. Approving and finally allowing reasonable attorneys' fees incurred by S&L in its representation of Debtor from March 31, 2009 through present in the sum of $149,608.00;

2. Approving and allowing reasonable costs incurred by S&L in its representation of Debtor from March 31, 2009 through present in the sum of $1,056.96;

3. Authorizing and directing Debtors and the Chapter 11 Trustee to pay $150,664.96 to S&L; and

For such other and further relief as the Court deems just and proper.

Dated: September 9, 2013         STEIN & LUBIN LLP


By:  /s/ Dennis D. Miller
Dennis D. Miller
Attorneys for Special Counsel
Stein & Lubin LLP

# **PROOF OF SERVICE**

I, Mey Saephan, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Transamerica Pyramid, 600 Montgomery Street, 14th Floor, San Francisco, California 94111. On September 9, 2013, I served a copy of the within document(s):

**SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY STEIN & LUBIN LLP AS SPECIAL COUNSEL TO DEBTORS CMR MORTGAGE FUND II, LLC AND CMR MORTGAGE FUND III, LLC**

☒ **(BY NEF)** To be served by the Court Via Notice of Electronic Filing ("NEF"): Pursuant to controlling General Orders(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF to all those person(s) listed on the Electronic Mail Notice List.

| | |
|---|---|
| Robert G. Harris<br>Binder & Malter, LLP<br>2775 Park Avenue<br>Santa Clara, CA 95050<br><br>*Attorneys for Debtor-in-Possession,*<br>*CMR Mortgage Fund II, LLC* | Reno F.R. Fernandez, III<br>MacDonald & Associates<br>221 Sansome Street, Third Fl.<br>San Francisco, CA 94104<br><br>*Attorneys for Debtor-in-Possession,*<br>*CMR Mortgage Fund III, LLC* |
| Scott McNutt<br>McNutt Law Group LLP<br>188 The Embarcadero, Suite 800<br>San Francisco, CA 94105<br><br>*Attorneys for Official Committee of*<br>*Equity Security Holders* | Julie Glosson<br>Office of the United States Trustee<br>235 Pine Street, Suite 800<br>San Francisco, CA 94105<br><br>*Attorneys for U.S. Trustee* |
| Elizabeth Berke-Dreyfuss<br>Wendel, Rosen, Black and Dean<br>1111 Broadway, 24th Floor<br>Oakland, CA 94604-2047<br><br>*Attorneys for Debtor*<br>*CMR Mortgage Fund, LLC* | Maxim B. Litvak<br>Pachulski, Stang, Ziehl and Jones<br>150 California St. 15th Fl.<br>San Francisco, CA 94111-4500<br><br>*Attorneys for Chapter 11 Trustee*<br>*Richard M. Kipperman* |

14730063/500952v1

| ☒ | (BY MAIL) by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below. |

Graham Seel
California Mortgage Realty Inc.
62 First Street, Fourth Floor
San Francisco, CA 94105

*Responsible Individual*

Richard M. Kipperman
P.O. Box 3010
La Mesa, CA 91944

*Chapter 11 Trustee*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on Sepember 9, 2013, at San Francisco, California.

/s/ Mey Saephan
Mey Saephan

14730063/500952v1

2

PROOF OF SERVICE