1  David M. Bertenthal (CA Bar No. 167624)
2  Maxim B. Litvak (CA Bar No. 215852)
   Miriam Manning (CA Bar No. 178584)
3  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
4  San Francisco, California 94111-4500
   Telephone: 415/263-7000
5  Facsimile: 415/263-7010
   E-mail: dbertenthal@pszjlaw.com
6          mlitvak@pszjlaw.com
           mmanning@pszjlaw.com
7
8  Counsel for Richard M Kipperman,
       Chapter 11 Trustee
9

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  In re:                          Case No.: 08-32220-TEC
                                              09-30788-TEC
14  CMR MORTGAGE FUND, LLC,                   09-30802-TEC
15  CMR MORTGAGE FUND II, LLC,
    CMR MORTGAGE FUND III, LLC,      Substantively Consolidated
16
                      Debtors.       Chapter 11
17
18                                   **TRUSTEE'S FIRST AMENDED
                                     CHAPTER 11 PLAN OF
19                                   LIQUIDATION DATED MAY 12, 2014**

20                                   <u>Plan Confirmation Hearing</u>:

21                                   Date:  July 11, 2014
22                                   Time:  9:30 a.m.
                                     Place: 235 Pine Street, 23rd Floor
23                                          San Francisco, California
24                                   Judge: Honorable Thomas Carlson

25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# TABLE OF CONTENTS

**ARTICLE 1 DEFINITIONS AND RULES OF INTERPRETATION**.................................................. 2

**ARTICLE 2 TREATMENT OF UNCLASSIFIED CLAIMS** ................................................ 11

    **2.1**    **Unclassified Claims.** .............................................................................. 11

    **2.2**    **Administrative Claims.** ......................................................................... 11

    **2.3**    **Priority Tax Claims.** ............................................................................. 12

    **2.4**    **Claims for Professional Fees.** ............................................................... 12

**ARTICLE 3 CLASSIFICATION OF CLAIMS AND INTERESTS** ................................... 13

    **3.1**    **Summary of Classification.** .................................................................. 13

    **3.2**    **Classes Under the Plan** ........................................................................ 13

**ARTICLE 4 TREATMENT OF CLAIMS AND INTERESTS** .......................................... 13

    **4.1**    **Class 1 – Priority Non-Tax Claims.** .................................................... 13

          **4.1.1**    **Impairment and Voting.** .......................................................... 13

          **4.1.2**    **Treatment** ............................................................................... 13

    **4.2**    **Class 2 – Miscellaneous Secured Claims.** ........................................... 14

          **4.2.1**    **Impairment and Voting.** .......................................................... 14

          **4.2.2**    **Alternative Treatment.** ............................................................ 14

                 **(a)**    **Abandonment or Surrender.** ..................................... 14

                 **(b)**    **Cash Payment.** ......................................................... 14

                 **(c)**    **Unimpairment.** ......................................................... 14

          **4.2.3**    **Unsecured Deficiency Claim** ................................................... 14

    **4.3**    **Class 3 – General Unsecured Claims.** .................................................. 15

          **4.3.1**    **Impairment and Voting.** .......................................................... 15

          **4.3.2**    **Treatment** ............................................................................... 15

    **4.4**    **Class 4 – Convenience Claims.** ............................................................ 15

          **4.4.1**    **Impairment and Voting.** .......................................................... 15

          **4.4.2**    **Treatment** ............................................................................... 15

    **4.5**    **Class 5 – Interests in the Debtors.** ....................................................... 15

          **4.5.1**    **Impairment and Voting.** .......................................................... 15

          **4.5.2**    **Treatment** ............................................................................... 16

    **4.6**    **Nonconsensual Confirmation.** ............................................................. 16

**ARTICLE 5 IMPLEMENTATION OF THE PLAN** ......................................................... 16

    **5.1**    **Establishment and Funding of Liquidating Trust**................................ 16

    **5.2**    **Purpose of Liquidating Trust.** ............................................................. 17

    **5.3**    **Liquidating Trustee.** ............................................................................. 18

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

| | | | |
|---|---|---|---|
| | 5.3.1 | Generally. | 18 |
| | 5.3.2 | Responsibilities and Authority of Liquidating Trustee. | 19 |
| | 5.3.3 | Powers of the Liquidating Trustee. | 19 |
| | 5.3.4 | Compensation of Liquidating Trustee and Professionals. | 20 |
| | 5.3.5 | Limitations on Liquidating Trustee. | 20 |
| 5.4 | | Vesting of Estate Assets. | 21 |
| 5.5 | | Liquidating Trust Retained Claims and/or Defenses. | 21 |
| 5.6 | | Dissolution of Debtors. | 22 |
| 5.7 | | Dissolution of Equity Committee. | 22 |
| 5.8 | | Discharge of Trustee. | 22 |
| 5.9 | | Final Decree. | 23 |

**ARTICLE 6 PROVISIONS GOVERNING DISTRIBUTIONS** ..... 23

| 6.1 | Distributions Under the Plan | 23 |
|---|---|---|
| 6.2 | Estimation. | 23 |
| 6.3 | Distributions on Account of Disputed Claims (Interests) and Estimated Claims. | 23 |
| 6.4 | No Distributions Pending Allowance. | 23 |
| 6.5 | Objection Deadline. | 23 |
| 6.6 | Disputed and Estimated Claims Reserve. | 24 |
| 6.7 | Settling Disputed Claims (or Interests). | 24 |
| 6.8 | Distributions in Cash. | 24 |
| 6.9 | Unclaimed Distributions. | 24 |
| 6.10 | Setoff. | 25 |
| 6.11 | Taxes. | 25 |
| 6.12 | De Minimis Distributions. | 25 |

**ARTICLE 7 EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ..... 26

| 7.1 | Rejection of Executory Contracts and Unexpired Leases. | 26 |
|---|---|---|
| 7.2 | Bar Date for Rejection Damages. | 26 |

**ARTICLE 8 CONDITIONS PRECEDENT** ..... 26

| 8.1 | Conditions to Confirmation. | 26 |
|---|---|---|
| 8.2 | Conditions to Effectiveness. | 27 |
| 8.3 | Waiver of Conditions. | 27 |

**ARTICLE 9 EFFECTS OF CONFIRMATION** ..... 27

| 9.1 | Binding Effect. | 27 |
|---|---|---|
| 9.2 | Property Revests Free and Clear. | 27 |
| 9.3 | Permanent Injunction. | 28 |
| 9.4 | Exoneration and Reliance. | 28 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARTICLE 10 RETENTION OF JURISDICTION** ................................................................. **29**

**ARTICLE 11 AMENDMENT AND WITHDRAWAL OF PLAN** ................................... **31**

    **11.1**    **Amendment of the Plan.** .......................................................................... **31**

    **11.2**    **Revocation or Withdrawal of the Plan.** ................................................. **31**

**ARTICLE 12 MISCELLANEOUS** .................................................................................. **32**

    **12.1**    **Effectuating Documents; Further Transactions; Timing.** ..................... **32**

    **12.2**    **Exemption From Transfer Taxes.** ........................................................... **32**

    **12.3**    **Governing Law.** ...................................................................................... **32**

    **12.4**    **Quarterly Fees to the United States Trustee.** ....................................... **32**

    **12.5**    **Timing of Payment.** ................................................................................ **33**

    **12.6**    **Notice of Confirmation.** .......................................................................... **33**

    **12.7**    **Successors and Assigns.** .......................................................................... **33**

    **12.8**    **Notices.** ..................................................................................................... **33**

        **12.8.1**    **Notice to Claim and Interest Holders.** ................................... **33**

        **12.8.2**    **Post-Effective Date Notices.** .................................................. **33**

    **12.9**    **Incorporation by Reference.** .................................................................. **34**

    **12.10**    **Computation of Time.** ............................................................................ **34**

    **12.11**    **Conflict of Terms.** .................................................................................. **34**

    **12.12**    **Severability of Plan Provisions.** ............................................................ **34**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1     Richard M Kipperman, the duly-appointed chapter 11 trustee in each of the substantively-

2  consolidated chapter 11 estates of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and

3  CMR Mortgage Fund III, LLC, hereby proposes the following first amended joint plan of liquidation

4  under Section 1121(a) of the Bankruptcy Code for the resolution of the estates' outstanding claims

5  and interests.  All creditors and other parties-in-interest should refer to the Disclosure Statement for

6  a discussion of the Debtors' history, business, properties, and events leading up to the contemplated

7  restructuring and for a summary and analysis of the Plan and certain related matters.  ***All holders of***

8  ***Claims and Interests are encouraged to read the Plan, the Disclosure Statement, and the related***

9  ***solicitation materials in their entirety before voting to accept or reject the Plan.***

10     Pursuant to the Plan, the assets of the Debtors' consolidated estates will be transferred to a

11  newly-created liquidating trust to be administered by Mr. Kipperman, as liquidating trustee, for the

12  purpose of maximizing the value of such assets, reconciling claims against the estates, and making

13  distributions to creditors and possibly interest holders in accordance with the priorities set forth

14  herein.  As part of the Plan, most holders of professional fee claims have agreed to defer payment of

15  55% of their unpaid fees so that general unsecured creditors can realize an immediate recovery.

16  Under the Plan, general unsecured creditors will share in recoveries from a pool of $300,000 in cash,

17  net of amounts paid to convenience claimants.  Additional recoveries are possible by general

18  unsecured creditors depending on the value realized from the estates' assets.  Convenience claimants

19  (*i.e.*, holders of claims equal to $7,500 or less) will receive a recovery of 25% on account of their

20  claims.  All intercompany Claims amongst the Debtors have been extinguished by virtue of the

21  substantive consolidation of the Estates.  <u>Interest holders in the Debtors (*i.e.*, the investors) are not</u>

22  <u>expected to receive any recovery under the Plan</u>.  However, interest holders are entitled to the

23  benefits available to the class under a class action settlement against the Debtors' former principals.

24     The Plan will minimize the expense and delay that would be associated with a conversion of

25  these bankruptcy cases to Chapter 7 and allow Mr. Kipperman to continue to maximize the value of

26  the estates' assets in an efficient manner.  Although the Debtors' interest holders are not expected to

27  receive any distributions under the Plan, they may be provided with an opportunity to take a tax loss

28  on their investment in the Debtors by virtue of the transfer of assets to the trust.

Subject only to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Trustee reserves the right to alter, amend, or modify the Plan.

## ARTICLE 1

## DEFINITIONS AND RULES OF INTERPRETATION

For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined herein have the meanings ascribed to them in this Article 1 of the Plan. Any term used in the Plan that is not defined herein but is defined in the Bankruptcy Code or the Bankruptcy Rules retains the meaning specified for such term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. Whenever the context requires, each of the terms defined herein includes the plural as well as the singular, the masculine gender includes the feminine gender, and the feminine gender includes the masculine gender.

As used in this Plan, the following terms have the meanings specified below:

**1.1 Administrative Claim.** A Claim for any expense of administration of any of the Chapter 11 Cases under Section 503(b) of the Bankruptcy Code and entitled to priority under Section 507(a)(2) of the Bankruptcy Code, including, without limitation: (a) actual and necessary costs and expenses of preserving any of the Estates or administering any of the Chapter 11 Cases; (b) all Professional Fees; and (c) all fees payable under 28 U.S.C. § 1930.

**1.2 Administrative Claim Bar Date.** The date established under the Confirmation Order, which is expected to be approximately thirty (30) days following the Effective Date, by which parties asserting an Administrative Claim (excluding Professional Fee Claims) against any of the Estates must have filed a request for payment with the Bankruptcy Court under Section 503(a) of the Bankruptcy Code, or be forever barred from asserting an Administrative Claim against the Estates, the Liquidating Trust and/or sharing in any distribution under the Plan.

**1.3 Agent.** Any shareholder, director, officer, employee, partner, member, agent, attorney, accountant, advisor or other representative of any person or entity (solely in their respective capacities as such, and not in any other capacity).

**1.4 Allowed.** With respect to Claims: (a) any Claim, proof of which, request for payment of which, or application for allowance of which, was filed on or before the Bar Date, Administrative

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Claim Bar Date, or Professional Fees Bar Date, as applicable, for Claims of such type against any of the Estates; (b) any Claim, if no proof of Claim is filed, which has been or is listed by any of the Debtors in the Schedules as liquidated in amount and not disputed or contingent; or (c) any Claim that is expressly allowed by the Plan or under any agreement entered into in connection with the Plan; *provided, however*, that with respect to any Claim described in clauses *(a)* or *(b)* above, such Claim shall be considered Allowed only if either (i) no objection to the allowance thereof has been interposed by the Claims Objection Deadline, or (ii) an objection to the Claim has been interposed and a Final Order has been entered allowing the Claim for distribution purposes, or (iii) the Liquidating Trust has agreed to settle and allow the Claim, without the need for Bankruptcy Court approval, in accordance with the Plan. The term "Allowed," when used to modify a reference in the Plan to any Claim or Class of Claims means a Claim (or any Claim in any such Class) that is so allowed. The term "Allowed Claim," will not, for purposes of computing distributions under the Plan, include interest on such claim from and after the Petition Date, other than as permitted under the Bankruptcy Code.

With respect to Interests, each Interest that is listed in Exhibit G to the Disclosure Statement for Equity Committee and Debtors' Joint Plan of Reorganization Dated June 24, 2010 [Doc. #589] filed in the Chapter 11 Cases, as updated by any notices of transfer or abandonment received by, or provided to, the Trustee or the Liquidating Trustee.

**1.5 Avoidance Actions.** All causes of action of each Estate under Sections 506(c), 506(d), 510, 542, 543, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, and any state law fraudulent transfer claims, whether or not such actions seek an affirmative recovery or are raised as a defense to, or offset against, the allowance of a Claim.

**1.6 Bankruptcy Code.** Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time and as applicable to the Chapter 11 Cases.

**1.7 Bankruptcy Court.** The United States Bankruptcy Court for the Northern District of California having jurisdiction over the Chapter 11 Cases.

**1.8 Bankruptcy Rules.** Collectively, the Federal Rules of Bankruptcy Procedure as promulgated under 28 U.S.C. § 2075 and any Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Cases.

**1.9 Bar Date.** The date or dates fixed by the Bankruptcy Court by which all Persons (except holders of Claims that appear in the Schedules and are **not** scheduled as disputed, contingent or unliquidated) asserting a Claim against any of the Estates (except Administrative Claims) must file a proof of claim or be forever barred from asserting a Claim against the Estates, the Liquidating Trust, and/or the Estate Assets, voting on the Plan, and/or sharing in distributions under the Plan.

**1.10 Business Day.** Any day other than a Saturday, Sunday, or legal holiday, as defined in Bankruptcy Rule 9006(a).

**1.11 Cash.** Currency, checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately available funds.

**1.12 Causes of Action and Defenses.** Any and all claims, causes of action, cross-claims, counterclaims, third-party claims, indemnity claims, contribution claims, defenses, demands, rights, actions, debts, damages, judgments, remedies, Liens, indemnities, guarantees, suits, obligations, liabilities, accounts, offsets, recoupments, rights of subordination or subrogation, powers, privileges, licenses, and franchises of any kind or character whatsoever, known or unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, disputed or undisputed, foreseen or unforeseen, direct or indirect, choate or inchoate, held by a Debtor or its Estate, whether arising before, on or after the Petition Date, including through the Effective Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law, excluding Avoidance Actions. For the avoidance of doubt, the term "Causes of Action and Defenses" shall include, but not be limited to: (a) all rights of setoff, counterclaim, or recoupment and claims on contracts or for breaches of duties imposed by law or in equity; (b) the right to object to Claims; (c) all claims pursuant to Section 362 of the Bankruptcy Code, and (d) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in Section 558 of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**1.13  Chapter 11 Case(s).**  Each of the Debtors' cases under Chapter 11 of the Bankruptcy Code pending before the Bankruptcy Court.

**1.14  Claim.**  A claim as defined in Section 101(5) of the Bankruptcy Code, including, without limitation: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, arising at any time before the Effective Date; or (b) any right to an equitable remedy arising at any time before the Effective Date for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. For the avoidance of doubt, all intercompany Claims amongst the Debtors have been extinguished by virtue of the substantive consolidation of the Estates.

**1.15  Claim Objection Deadline.**  The last day by which objections to Claims may be filed, which day shall be the later of (a) 180 days after the Effective Date, (b) 60 days after the filing of a proof of claim for, or request for payment of, such Claim, or (c) such other date as the Bankruptcy Court may order.  The filing of a motion to extend the Claims Objection Deadline by any party shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion. In the event that such motion to extend the Claims Objection Deadline is denied by the Bankruptcy Court, or approved by the Bankruptcy Court and reversed on appeal, the Claims Objection Deadline shall be the later of the then current Claims Objection Deadline (as previously extended, if applicable) or 30 days after entry of a Final Order denying the motion to extend the Claims Objection Deadline.

**1.16  Class.**  A category of holders of Claims or Interests which are substantially similar in nature to the Claims or Interests of other holders placed in such category, as designated in Article 3 of this Plan.

**1.17  Confirmation.**  Entry of the Confirmation Order by the Bankruptcy Court.

**1.18  Confirmation Date.**  The date on which the Bankruptcy Court enters the Confirmation Order.

**1.19 Confirmation Hearing.** The hearing or hearings to consider confirmation of the Plan under Section 1129 of the Bankruptcy Code, as such hearing(s) may be adjourned from time to time.

**1.20 Confirmation Order.** The order of the Bankruptcy Court confirming the Plan.

**1.21 Convenience Claim.** Any Claim that otherwise satisfies the definition of a General Unsecured Claim, except that the Allowed amount of such Claim does not exceed $7,500.

**1.22 Creditor.** Has the meaning set forth in Section 101(10) of the Bankruptcy Code.

**1.23 Debtor(s).** Each of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC.

**1.24 Disclosure Statement.** The disclosure statement relating to the Plan including, without limitation, all exhibits and schedules to such disclosure statement, in the form approved by the Bankruptcy Court under Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

**1.25 Disputed.** With respect to Claims, means any Claim that is not an Allowed Claim or Estimated Claim. With respect to Interests, means any Interest that is not an Allowed Interest. The term "Disputed," when used to modify a reference in the Plan to any Claim or Interest, means a Claim or Interest that is so disputed.

**1.26 Effective Date.** The first Business Day after the Confirmation Date immediately following the first day upon which all of the conditions to the occurrence of the Effective Date have been satisfied or waived in accordance with the Plan.

**1.27 Equity Committee.** The Official Committee of Equity Holders, appointed by the United States Trustee in the Chapter 11 Cases in accordance with Section 1102(a)(1) of the Bankruptcy Code, as it may be reconstituted from time to time.

**1.28 Estate(s).** Each of the estates of the Debtors created in the Chapter 11 Cases in accordance with Section 541 of the Bankruptcy Code or otherwise. The Estates have been substantively-consolidated by order of the Bankruptcy Court.

**1.29 Estate Assets.** All property of the substantively-consolidated Estates under Section 541 of the Bankruptcy Code.

**1.30 Estimated.** With respect to Claims, means any Claim that has been estimated by the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code or by agreement with the holder of such Claim.

**1.31 Final Order.** An order or judgment of the Bankruptcy Court that has been entered upon the docket in the Chapter 11 Cases and: (a) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending; or (b) in the event that an appeal, writ of certiorari, reargument or rehearing has been sought, such order or judgment shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari, or move for reargument or rehearing shall have expired; *provided that*, the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or any analogous rule under the Bankruptcy Rules may be filed with respect to such order or judgment shall not cause such order or judgment not to be a "Final Order."

**1.32 General Unsecured Claim.** Any Claim against any of the Estates that is *not* (a) an Administrative Claim, (b) a Priority Tax Claim, (c) a Priority Non-Tax Claim, (d) a Miscellaneous Secured Claim, or (e) a Convenience Claim. For the avoidance of doubt, the term "General Unsecured Claim" shall include any Claim against any Estate arising under Section 502(h) of the Bankruptcy Code.

**1.33 Insider.** Has the meaning set forth in Section 101(31) of the Bankruptcy Code.

**1.34 Interests.** An equity security in any of the Debtors within the meaning of Section 101(16) of the Bankruptcy Code.

**1.35 Lien.** A lien as defined in Section 101(37) of the Bankruptcy Code, but not including a lien to the extent that it has been avoided in accordance with Sections 506(d), 510, 544, 545, 546, 547, 548, 553, or 549 of the Bankruptcy Code.

**1.36 Liquidating Trust.** The "CMR Liquidating Trust" created under this Plan and governed by the Liquidating Trust Agreement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**1.37  Liquidating Trust Agreement.**  The liquidating trust agreement substantially in the form attached to this Plan as **Exhibit A**.

**1.38  Liquidating Trust Assets.**  The assets held by the Liquidating Trust, which as of the Effective Date, shall constitute the Estate Assets, specifically including without limitation, the Liquidating Trust Cash and the Liquidating Trust Retained Claims and/or Defenses.

**1.39  Liquidating Trust Cash.**  The Cash in the Estate as of the Effective Date and any Cash realized by the Liquidating Trust from and after the Effective Date.

**1.40  Liquidating Trustee.**  Richard M Kipperman, or any successor thereto appointed in accordance with the Liquidating Trust Agreement and this Plan.

**1.41  Liquidating Trust Interests.**  The beneficial interests in the Liquidating Trust and the net recoveries of the Liquidating Trust after disposition or liquidation of the Liquidating Trust Assets, subject to the terms of the Liquidating Trust Agreement.  The Liquidating Trust Interests shall be uncertificated and non-transferable, except by will, intestate succession, or operation of law.

**1.42  Liquidating Trust Retained Claims and/or Defenses.**  Except as otherwise set forth in the Plan, all Causes of Action and Defenses held by the Estates against any Person.

**1.43  Miscellaneous Secured Claim.**  A Secured Claim that has not been released or satisfied prior to the Effective Date.

**1.44  Permitted Payment.**  A payment on account of an obligation arising prior to the Petition Date made by the Trustee during the Chapter 11 Cases with the permission of the Bankruptcy Court.

**1.45  Person.**  Any individual, corporation, partnership, joint venture, association, joint-stock company, trust, unincorporated association or organization, or other "person" as defined in Bankruptcy Code § 101, as well as any governmental agency, governmental unit or associated political subdivision.

**1.46  Petition Date.**  The dates when each of the Debtors commenced their respective Chapter 11 Cases.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**1.47 Plan.** This first amended Chapter 11 plan of liquidation, either in its present form or as it may be amended, supplemented or modified from time to time, including all of its annexed exhibits and schedules.

**1.48 Priority Non-Tax Claim.** A Claim (or portion of such Claim) against any of the Estates entitled to priority under Sections 507(a)(3), (a)(4), (a)(5) or (a)(7) of the Bankruptcy Code.

**1.49 Priority Tax Claim.** A Claim (or portion of such Claim) of a governmental unit against any of the Estates entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

**1.50 Pro Rata.** With respect to Claims within the same Class, the proportion that the Claim bears to the sum of all Claims within such Class.

**1.51 Professional.** Each Person in relation to any of the Chapter 11 Cases: (a) employed in accordance with an order of the Bankruptcy Court under Sections 327 or 1103 of the Bankruptcy Code and to be compensated for services under Sections 327, 328, 329, 330, 331 and 504 of the Bankruptcy Code, or (b) for which compensation or reimbursement is requested under Section 503(b)(2)-(b)(6) of the Bankruptcy Code.

**1.52 Professional Fees.** A Claim by a Professional in connection with any of the Chapter 11 Cases for compensation for services rendered and reimbursement for expenses submitted in accordance with Sections 330, 331, or 503(b) of the Bankruptcy Code for fees and expenses incurred after the Petition Date and prior to and including the Effective Date.

**1.53 Professional Fees Bar Date.** The date fixed under the Confirmation Order, which is expected to be approximately sixty (60) days following the Effective Date, by which any Professional seeking an award of Professional Fees in any of the Chapter 11 Cases must have filed an application with the Bankruptcy Court under Section 330(a) of the Bankruptcy Code, or be forever barred from an award of Professional Fees against the Estates, the Liquidating Trust, and/or the Estate Assets, and/or sharing in any distribution under the Plan.

**1.54 Professional Fee Subordinations.** Those certain stipulations listed below executed by the Trustee and the following Professionals: Wendel, Rosen, Black & Dean, LLP (counsel to CMR Mortgage Fund, LLC); Binder & Malter, LLP (counsel to CMR Mortgage Fund II, LLC); Macdonald Fernandez (formerly Macdonald & Associates, counsel to CMR Mortgage Fund III,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

LLC); McNutt Law Group, LLP (counsel to the Equity Committee); LECG, LLC and its successor Navigant Consulting, Inc. (financial advisors to the Equity Committee), and Lee Law Offices (special insurance counsel to the Equity Committee).  The stipulations consist of the following filings:  *Stipulation Regarding Consensual Subordination of Certain Professional Fees and Expenses in Favor of Chapter 11 Trustee* filed June 10, 2011 [Docket No. 816]; *Stipulation with Lee Law Offices Regarding Consensual Subordination of Certain Professional Fees and Expenses in Favor of Chapter 11 Trustee* filed June 15, 2011 [Docket No. 820]; *Supplemental Stipulation Regarding Consensual Subordination of Certain Professional Fees and Expenses in Favor of Chapter 11 Trustee* filed May 4, 2012 [Docket No. 1005]; and *Second Supplemental Stipulation Regarding Consensual Subordination of Certain Professional Fees and Expenses in Favor of Chapter 11 Trustee* filed January 17, 2013 [Docket No. 1136].  Pursuant to the Professional Fee Subordinations, the foregoing Professionals of the Debtors agreed to subordinate their unpaid fees and expenses to the fees and expenses of the Trustee and his Professionals, ultimately up to the aggregate amount of $1,150,000.

**1.55  Rejection Claim Bar Date.**  The date fixed under the Confirmation Order, which is expected to be approximately thirty (30) days following the Effective Date, by which any Person asserting a Claim for damages arising from the rejection of an executory contract or unexpired lease under this Plan must have filed a proof of Claim with the Bankruptcy Court under Section 502(g) of the Bankruptcy Code, or be forever barred from asserting such Claim against the Estates, the Liquidating Trust, and/or the Estate Assets, and/or sharing in any distribution under the Plan.

**1.56  Schedules.**  The schedules of assets and liabilities, the lists of holders of Interests, and the statements of financial affairs filed by the Debtors in the Chapter 11 Cases, under Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules, lists, and statements may have been or may be supplemented or amended from time to time.

**1.57  Secured Claim.**  A Claim against any of the Estates secured by a valid, perfected and enforceable Lien that is not subject to avoidance under bankruptcy or non-bankruptcy law, equal to the lesser of: (a) the Allowed amount of such Claim; or (b) the value, as determined by the Bankruptcy Court pursuant to Sections 506(a) and 1129(b) of the Bankruptcy Code and Bankruptcy

Rule 3012, of: (i) the interest of the holder of such Claim in the property of the Estate securing such Claim, or (ii) the amount subject to setoff under Section 553 of the Bankruptcy Code.

**1.58  Trustee.**  Richard M Kipperman, the duly-appointed trustee under Chapter 11 of the Bankruptcy Code in each of the Chapter 11 Cases.

**1.59  Unsecured Deficiency Claim.**  A Claim by a Person holding a Secured Claim to the extent the value of such Creditor's collateral, as determined in accordance with Section 506(a) of the Bankruptcy Code, is less than the Allowed amount of such Creditor's Claim as of the Petition Date, after taking into account any election made pursuant to Section 1111(b) of the Bankruptcy Code.

## ARTICLE 2

## TREATMENT OF UNCLASSIFIED CLAIMS

**2.1  Unclassified Claims.**  As provided in Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims against any of the Estates are not classified for purposes of voting on, or receiving distributions under, the Plan.  Holders of such Claims are not entitled to vote on the Plan.  All such Claims are instead treated separately in accordance with this Article 2 and in accordance with the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code.

**2.2  Administrative Claims.**  Each Allowed Administrative Claim (except for Professional Fees, which shall be treated as set forth in Section 2.4 of the Plan) shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, be paid in full in Cash by the Liquidating Trust on the latest of: (a) the Effective Date, or as soon thereafter as practicable; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) the tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; (d) such date as the holder of such Claim may agree; and (e) the date such Claim is otherwise due according to its terms. All requests for payment of Administrative Claims (except with respect to Professional Fees, which instead shall be subject to the Professional Fees Bar Date) must be filed by the Administrative Claim Bar Date or the holders thereof shall be forever barred from asserting such Administrative Claims against the Estates, the Liquidating Trust, and/or the Estate Assets, and/or from sharing in any distribution under the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**2.3   Priority Tax Claims.**  Each Allowed Priority Tax Claim shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, be paid in full in Cash by the Liquidating Trust on the latest of: (a) the Effective Date, or as soon thereafter as practicable; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) the tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; (d) such date as the holder of such Claim may agree; and (e) the date such Claim is otherwise due according to its terms.

**2.4   Claims for Professional Fees.**  Each Professional seeking an award by the Bankruptcy Court of Professional Fees must file its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date on or before the Professional Fees Bar Date.  All final applications for allowance and disbursement of Professional Fees must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order.  If the Bankruptcy Court grants such an award, each such Person will be paid by the Liquidating Trust as follows:  (a) to the extent not already paid, full payment of any Allowed Professional Fees of the Trustee and his Professionals that are covered by the Professional Fee Subordinations; (b) as to any other Allowed Professional Fees, as an interim distribution as soon as practicable following the first day after such order has been entered by the Bankruptcy Court and is not stayed, to the extent not previously paid by the Trustee or the Debtors (inclusive of any retainers), forty-five percent (45%) of such Allowed Professional Fees; and (c) thereafter, if and when additional funds are available after no more than $800,000 in the aggregate is reserved or utilized for the expenses of the Liquidating Trust and no more than $300,000 in the aggregate is reserved for the benefit of, or distributed to, holders of General Unsecured Claims and Convenience Claims, a Pro Rata Share of such additional funds calculated by dividing each Professional's remaining unpaid Allowed Professional Fees by the aggregate remaining unpaid Allowed Professional Fees of all Professionals.  Most of the Professionals have agreed to the foregoing treatment and shall be bound by such agreement under the Plan.  As to those Professionals who have not yet agreed to the treatment of Claims for Professional Fees set forth herein, each such Professional shall be deemed to have consented to such treatment absent the filing of an objection to

Case: 08-32220   Doc# 1432   Filed: 05/12/14   Entered: 05/12/14 14:44:12   Page 16 of 40

Confirmation of the Plan.  In the event that any objection is filed, the Trustee reserves the right to either withdraw the Plan, or to otherwise alter the treatment set forth herein.

**ARTICLE 3**

**CLASSIFICATION OF CLAIMS AND INTERESTS**

**3.1     Summary of Classification.**  In accordance with Section 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors (except those Claims receiving treatment as set forth in Article 2) and holders of Interests are placed in the Classes described in Section 3.2 below for all purposes, including voting on, confirmation of, and distribution under, the Plan.

**3.2     Classes Under the Plan.**

| Class 1 | Priority Non-Tax Claims | Unimpaired, deemed to accept |
|---|---|---|
| Class 2 | Miscellaneous Secured Claims (each secured creditor in a separate class identified as Class 2A, Class 2B, etc.) | Unimpaired, deemed to accept |
| Class 3 | General Unsecured Claims | Impaired, entitled to vote |
| Class 4 | Convenience Claims | Impaired, entitled to vote |
| Class 5 | Interests in the Debtors | Impaired, deemed to reject |

**ARTICLE 4**

**TREATMENT OF CLAIMS AND INTERESTS**

**4.1     Class 1 – Priority Non-Tax Claims.**

**4.1.1     Impairment and Voting.**  Class 1 is unimpaired under the Plan.  Holders of Priority Non-Tax Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

**4.1.2     Treatment.**  Each holder of an Allowed Priority Non-Tax Claim shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, receive from the Liquidating Trust, in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Priority Non-Tax Claim, a Cash payment in an amount equal to the difference between: (a) such Allowed Non-Tax Claim, and (b) the amount of any Permitted Payments made to the holder of such Claim, on the latest of: (i) the Effective Date, or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (iii) the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOC2_SF:94580v74966b001

Case: 08-32220    Doc# 1432    Filed: 05/12/14    Entered: 05/12/14 14:44:12    Page 17
of 40

13

TRUSTEE'S FIRST AMENDED
CHAPTER 11 PLAN OF LIQUIDATION

tenth Business Day after such Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the holder of such Claim may agree.

**4.2    Class 2 – Miscellaneous Secured Claims.**

      **4.2.1    Impairment and Voting.**  Class 2 is unimpaired under the Plan.  Holders of Miscellaneous Secured Claims are deemed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.  For purposes of distributions under the Plan, each holder of a Miscellaneous Secured Claim in Class 2 is considered to be in its own separate subclass within Class 2, and each such subclass is deemed to be a separate Class for purposes of the Plan.

      **4.2.2    Alternative Treatment.**  On or as soon as practicable following the Effective Date, the Liquidating Trust shall select one of the following alternative treatments for each Allowed Miscellaneous Secured Claim in Class 2, which treatment shall be in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Miscellaneous Secured Claim:

      (a)    <u>Abandonment or Surrender.</u>  The Liquidating Trust will abandon or surrender to the holder of such Claim the property securing such Claim, in full satisfaction and release of such Claim.

      (b)    <u>Cash Payment.</u>  The Liquidating Trust will pay to the holder of such Claim Cash equal to the amount of such Claim, or such lesser amount to which the holder of such Claim shall agree, in full satisfaction and release of such Claim.

      (c)    <u>Unimpairment.</u>  The Liquidating Trust will leave the rights of the holder of such Claim unimpaired or provide for such other treatment as necessary to otherwise satisfy the requirements of the Bankruptcy Code.

      **4.2.3    Unsecured Deficiency Claim.**  Any Unsecured Deficiency Claim asserted by a holder of an Allowed Miscellaneous Secured Claim in Class 2 shall be filed with the Bankruptcy Court within thirty (30) days following the date of the abandonment or surrender of such Creditor's collateral or such Creditor's receipt of its distribution under the Plan.  Any such Allowed Unsecured Deficiency Claim shall be treated in accordance with Section 4.3 of the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**4.3    Class 3 – General Unsecured Claims.**

      **4.3.1    Impairment and Voting.**  Class 3 is impaired under the Plan.  Holders of General Unsecured Claims are entitled to vote on the Plan.

      **4.3.2    Treatment.**  On or as soon as practicable following the Effective Date, each holder of an Allowed General Unsecured Claim in Class 3 shall receive a Pro Rata share of the Liquidating Trust Interests to be distributed to all holders of Allowed Claims in Class 3.  Such distribution shall be the sole and exclusive dividend to holders of Allowed General Unsecured Claims.  Under the Plan, holders of Allowed General Unsecured Claims shall receive certain distributions before Professional Fees are paid in full.  The Liquidating Trust shall distribute $300,000 in the aggregate, net of amounts paid on account of Allowed Convenience Claims, to holders of Allowed General Unsecured Claims on account of their Liquidating Trust Interests before Professional Fees are paid in full, consistent with Section 2.4 of this Plan.  Additional funds may become available for the benefit of holders of General Unsecured Claims after Professional Fees are paid in full.

**4.4    Class 4 – Convenience Claims.**

      **4.4.1    Impairment and Voting.**  Class 4 is impaired under the Plan.  Holders of Convenience Claims are entitled to vote on the Plan.

      **4.4.2    Treatment.**  On or as soon as practicable following the Effective Date, each holder of an Allowed Convenience Claim in Class 4 shall, unless the holder of such Claim shall have agreed to different treatment of such Claim, receive from the Liquidating Trust, in full and final satisfaction, settlement, release, and discharge of, and exchange for, such Allowed Convenience Claim, a Cash payment in an amount equal to 25% of the Allowed amount of such Claim, *plus* to the extent any funds remain after payment of Allowed General Unsecured Claims in full, a Pro Rata Share of such excess funds to be distributed to all holders of Allowed Class 4 Claims.

**4.5    Class 5 – Interests in the Debtors.**

      **4.5.1    Impairment and Voting.**  Class 5 is impaired under the Plan.  Holders of Interests in the Debtors are deemed to reject the Plan under Section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**4.5.2    Treatment.**  Upon the Effective Date, holders of Interests in the Debtors shall not receive or retain any property on account of such Interests and such Interests shall be extinguished as of the Effective Date, *provided, however*, that in the event Allowed General Unsecured Claims and Allowed Convenience Claims are paid in full, each holder of an Interest shall thereafter receive a Pro Rata Share of the Liquidating Trust Interests to be distributed to all holders of Interests.

**4.6    Nonconsensual Confirmation.**

The Trustee hereby requests confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code assuming that not all impaired classes of Claims and Interests vote to accept the Plan in accordance with Section 1126 of the Bankruptcy Code.

# ARTICLE 5

# IMPLEMENTATION OF THE PLAN

The Plan shall be implemented on the Effective Date.  In addition to the provisions set forth elsewhere in the Plan regarding means of execution, the following shall constitute the principal means for the implementation of the Plan.

**5.1    Establishment and Funding of Liquidating Trust.**  On the Effective Date, the Trustee, on behalf of the Estates, shall take any and all actions as may be necessary or appropriate to establish the Liquidating Trust and to transfer the Estate Assets to the Liquidating Trust, which shall thereupon constitute the Liquidating Trust Assets.  The Liquidating Trust is organized and established as a trust for the benefit of the beneficiaries and is intended to qualify as a liquidating trust within the meaning of Treasury Regulation 301.7701-4(d).  In accordance with Treasury Regulation 301.7701-4(d), the sole beneficiaries of the Liquidating Trust shall be the holders of Allowed General Unsecured Claims in Class 3 under the Plan, until such Claims are paid in full.  In the event Allowed General Unsecured Claims (and Allowed Convenience Claims in Class 4) are paid in full, holders of Interests in Class 5 under the Plan shall become the beneficiaries of the Liquidating Trust.  For federal income tax purposes, the transfer of the assets to the Liquidating Trust will be treated by the Estates as a sale or other disposition of assets.  The Debtors are treated as partnerships for federal income tax reporting purposes.  Therefore, the transfer of assets to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Liquidating Trust will not result in a direct income tax liability to the Debtors. Alternatively, each interest holder's distributive share of taxable gain or loss resulting from the transfer of assets to the Liquidating Trust will be reported to him/her through the final income tax returns of the Debtors. Each interest holder may utilize existing net operating losses and other available tax attributes to offset as much income or gain as possible and will pay any remaining tax liability, after considering any other tax consequences associated with termination of his/her interest in the Debtors. For federal income tax purposes, the beneficiaries of the Liquidating Trust shall be treated as the grantors of the Liquidating Trust and deemed to be the owners of the assets of the Liquidating Trust, and the transfer of the Estate Assets to the Liquidating Trust shall be deemed a transfer to such beneficiaries by the Trustee, on behalf of the Estates, followed by a deemed transfer by such beneficiaries to the Liquidating Trust. The Trustee, on behalf of the Estates, the beneficiaries of the Liquidating Trust, and the Liquidating Trust will consistently report the valuation of the assets transferred to the Liquidating Trust. Such consistent valuations will be used for all federal income tax purposes. Income, deductions, gain or loss from the Liquidating Trust shall be reported to the beneficiaries of the Liquidating Trust in conjunction with the filing of the Liquidating Trust's income tax returns. Each beneficiary shall report income, deductions, gain or loss on his/her respective income tax returns.

**5.2 Purpose of Liquidating Trust.** The Liquidating Trust shall be established for the purpose of: (a) addressing the Claims of holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Miscellaneous Secured Claims, and Allowed Convenience Claims to the extent contemplated by the Plan; and (b) liquidating and distributing the Liquidating Trust Assets for the benefit of holders of Allowed General Unsecured Claims in Class 3 under the Plan, subject to the terms of the Liquidating Trust Agreement and this Plan. The Liquidating Trust shall have no objective to continue or engage in the conduct of a trade or business and shall not be deemed a successor-in-interest of the Estates for any purpose other than as specifically set forth herein. For the avoidance of doubt, the Liquidating Trust's obligations to holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Miscellaneous Secured Claims, and Allowed Convenience Claims under the Plan

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

shall be contractual in nature and limited to the express requirements set forth in the Plan. The Liquidating Trust shall owe no fiduciary duty to the holders of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Miscellaneous Secured Claims, and Allowed Convenience Claims against the Estates.

**5.3    Liquidating Trustee.**

**5.3.1    Generally.**  The initial Liquidating Trustee shall be Richard M Kipperman. Any successor Liquidating Trustee shall be appointed pursuant to the Liquidating Trust Agreement and subject to the approval of the Bankruptcy Court.  The Liquidating Trustee shall be deemed to have been appointed as the representative of the Estates by the Bankruptcy Court pursuant to section 1123(b)(3)(B) of the Bankruptcy Code for purposes of the Estate Assets, specifically including the Liquidating Trust Cash and the Liquidating Trust Retained Claims and/or Defenses.  On the Effective Date, the Liquidating Trustee shall be the sole authorized representative and signatory of the Liquidating Trust, with authority to render any and all services necessary to effectuate the terms of the Plan.  The powers, authority, responsibilities and duties of the Liquidating Trustee shall be governed by the Plan, the Confirmation Order and the Liquidating Trust Agreement.  The Liquidating Trustee may execute, deliver, file or record such documents, instruments, releases and other agreements, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.  Under the Plan, the Liquidating Trustee will continue to monitor, collect, and distribute any Future Net Realized and Unrealized Gains (as defined in the Class Settlement (as defined in the Disclosure Statement)) or other recoveries under the Class Settlement, to which the Debtors' Estates and the members of the class of equity holders are entitled.  Distribution of any such recoveries will be governed by the terms of the Plan of Allocation that was approved by the Bankruptcy Court in connection with the Class Settlement.  The Liquidating Trustee will have all of the rights and duties assigned to the Chapter 11 Trustee under the Class Settlement and under the Plan of Allocation.  Nothing in the Plan shall impose any additional duties or obligations on the Liquidating Trustee with respect to the Class Settlement beyond those assigned to the Chapter 11 Trustee under the Class Settlement  and the Plan of Allocation.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**5.3.2   Responsibilities and Authority of Liquidating Trustee.**  The responsibilities and authority of the Liquidating Trustee shall include (a) calculating and implementing all distributions from the Liquidating Trust in accordance with the Plan; (b) investigating or pursuing any lawsuit or other legal or equitable action that constitutes a Liquidating Trust Retained Claim and/or Defense, in any court of competent jurisdiction; (c) filing all required tax returns and paying taxes and all other obligations on behalf of the Liquidating Trust from funds held by the Liquidating Trust; (d) periodic reporting to the beneficiaries of the Liquidating Trust; (e) liquidating the assets of the Liquidating Trust and providing for the distribution of the net proceeds thereof in accordance with the provisions of the Plan; (f) retaining and paying at normal and customary rates, or on a contingency fee basis, professionals in connection with the Liquidating Trustee's duties; (g) reconciling and, if appropriate, objecting to Claims that may be asserted against the Estates; and (h) such other responsibilities as may be vested in the Liquidating Trustee pursuant to the Plan, the Liquidating Trust Agreement or the Confirmation Order or as may be necessary and proper to carry out the provisions of the Plan.

**5.3.3   Powers of the Liquidating Trustee.**  The powers of the Liquidating Trustee to administer the Liquidating Trust shall, without any need for approval of the Bankruptcy Court in each of the following instances, include *inter alia*, (a) the power to invest funds in, and withdraw, make distributions and pay taxes and other obligations owed by the Liquidating Trust from funds held by the Liquidating Trustee in accordance with the Plan and the Liquidating Trust Agreement, (b) the power to engage and compensate without prior Bankruptcy Court order or approval employees and professionals to assist the Liquidating Trustee with respect to his or her responsibilities, (c) the power to prosecute, compromise and settle the Liquidating Trust Retained Claims and/or Defenses on behalf of or against the Liquidating Trust, and (d) such other powers as may be vested in or assumed by the Liquidating Trustee pursuant to the Plan, the Liquidating Trust Agreement, order of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan.  The Liquidating Trustee, on behalf of the Liquidating Trust, shall have absolute discretion to pursue or not to pursue any and all Liquidating Trust Retained Claims and/or Defenses, as he or she determines is in the best interests of the beneficiaries and consistent with the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

purposes of the Liquidating Trust, and shall have no liability for the outcome of his/her decision, other than those decisions constituting gross negligence or willful misconduct. The Liquidating Trustee may incur any reasonable and necessary expenses in liquidating and converting the assets in the Liquidating Trust to Cash.

**5.3.4 Compensation of Liquidating Trustee and Professionals.** The Liquidating Trustee shall serve on (i) the terms, conditions and rights set forth in the Plan, the Confirmation Order and the Liquidating Trust Agreement, or (ii) such terms, conditions and rights as otherwise approved by the Bankruptcy Court. The compensation for the Liquidating Trustee shall be set forth in the Liquidating Trust Agreement or otherwise disclosed in a filing with the Bankruptcy Court. The Liquidating Trustee shall not be required to file a fee application to receive compensation. The Liquidating Trustee shall have the right to retain the services of attorneys, accountants, and other professionals and agents in the discretion of the Liquidating Trustee, including professionals previously employed by the Trustee, to assist and advise the Liquidating Trustee in the performance of his/her duties and compensate such professionals from the assets of the Liquidating Trust. Any professionals retained by the Liquidating Trustee shall not be required to file a fee application to receive compensation.

**5.3.5 Limitations on Liquidating Trustee.**

The Liquidating Trustee shall not at any time: (a) enter into or engage in any trade or business (other than the management and disposition of the Liquidating Trust Assets), and no part of the Liquidating Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Liquidating Trust in furtherance of any trade or business, or (b) except as provided below, reinvest any Liquidating Trust Assets.

The Liquidating Trustee may (but shall not be required to) obtain an order of the Bankruptcy Court concerning any matter involving any sale, settlement, or other disposition of an asset or litigation of the Liquidating Trust, or any release, modification or waiver of existing rights as to an asset or litigation of the Liquidating Trust.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

The Liquidating Trustee shall not reserve or utilize more than $800,000 in the aggregate for the expenses of the Liquidating Trust until all Professional Fee Claims allowed by the Bankruptcy Court have been paid in full.

Other than as provided in the Plan, the Liquidating Trustee is not empowered to incur indebtedness.

The Liquidating Trustee may only invest funds held in the Liquidating Trust consistent with the requirements of the Liquidating Trust Agreement, the Bankruptcy Code or any order of the Bankruptcy Court modifying such requirements and, provided that the Liquidating Trustee does so, he or she shall have no liability in the event of insolvency of any institution in which he or she has invested any funds of the Liquidating Trust.

The Liquidating Trustee shall hold, collect, conserve, protect and administer the Liquidating Trust in accordance with the provisions of the Plan and the Liquidating Trust Agreement, and pay and distribute amounts as set forth herein for the purposes set forth in the Plan and the Liquidating Trust Agreement. Any determination by the Liquidating Trustee as to what actions are in the best interests of the Liquidating Trust shall be determinative.

**5.4     Vesting of Estate Assets.** Upon the Effective Date, the Liquidating Trust shall be vested with all right, title and interest in the Estate Assets, including the Liquidating Trust Cash and the Liquidating Trust Retained Claims and/or Defenses, and such property shall become the property of the Liquidating Trust free and clear of all Claims, Liens, charges, other encumbrances and Interests, except as set forth in the Plan. Further, as of the Effective Date, the Liquidating Trust shall retain any stock or interests that the Debtors may hold in their affiliates or subsidiaries and retain any rights to which such stock or interests may be entitled under applicable law with respect to such shares or other interests. After the Effective Date, the Liquidating Trust may sell, transfer, assign or otherwise dispose of such shares or interests as permitted by applicable law.

**5.5     Liquidating Trust Retained Claims and/or Defenses.** Unless any Liquidating Trust Retained Claim and/or Defense is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including, without limitation, the Confirmation Order), the Trustee and the Liquidating Trust expressly reserve such Liquidating Trust Retained Claim and/or Defense

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

for later adjudication by the Liquidating Trust. The reservation set forth in this Section 5.5 shall include, without limitation, a reservation by the Trustee and the Liquidating Trust of any Liquidating Trust Retained Claims and/or Defenses not specifically identified in the Plan or Disclosure Statement, or of which the Trustee or the Liquidating Trust may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Trustee and/or the Liquidating Trust at this time or facts or circumstances that may change or be different from those the Trustee and/or the Liquidating Trust now believe to exist and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise), or laches will apply to such Liquidating Trust Retained Claims and/or Defenses upon or after the Confirmation of the Plan based on the Disclosure Statement, the Plan or the Confirmation Order, except where such claims and/or defenses have been expressly waived, relinquished, released, compromised, or settled in the Plan or by Final Order. Following the Effective Date, the Liquidating Trust may assert, compromise or dispose of the Liquidating Trust Retained Claims and/or Defenses without further notice to Creditors or authorization of the Bankruptcy Court.

**5.6    Dissolution of Debtors.**  On the Effective Date, the Debtors shall be dissolved without need for further action by the Trustee, the Liquidating Trust, or any other Person.

**5.7    Dissolution of Equity Committee.**  On the Effective Date, the Equity Committee shall be dissolved and the members of the Equity Committee shall be released and discharged from any further authority, duties, responsibilities, liabilities and obligations related to, or arising from, the Chapter 11 Cases, except that the Equity Committee shall continue in existence and have standing and capacity to prepare and prosecute applications for the payment of fees and reimbursement of expenses incurred by the Equity Committee or its Professionals.

**5.8    Discharge of Trustee.**  On the Effective Date, the Trustee shall be released and discharged from any further authority, duties, responsibilities, liabilities and obligations related to, or arising from, the Debtors or the Chapter 11 Cases, except that the Trustee shall continue to have standing and capacity to prepare and prosecute applications for the payment of fees and reimbursement of expenses incurred by the Trustee or his Professionals.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**5.9 Final Decree.** At any time following the Effective Date, the Liquidating Trust shall be authorized to file a motion for the entry of a final decree closing the Chapter 11 Cases pursuant to Section 350 of the Bankruptcy Code.

**ARTICLE 6**

**PROVISIONS GOVERNING DISTRIBUTIONS**

**6.1 Distributions Under the Plan.** The Liquidating Trust shall administer Claims and make distributions in respect of Allowed Claims (and Allowed Interests) against the Estates. Distributions to be made by the Liquidating Trust may be made by any Person designated or retained to serve as disbursing agent by the Liquidating Trustee without the need for any further order of the Bankruptcy Court.

**6.2 Estimation.** In order to establish appropriate reserves under the Plan and avoid undue delay in the administration of the Chapter 11 Cases, the Liquidating Trust shall have the right to seek an order of the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code, estimating the amount of any Claim.

**6.3 Distributions on Account of Disputed Claims (Interests) and Estimated Claims.** Except as otherwise provided in a Final Order or as agreed by the relevant parties, distributions on account of Disputed Claims (and Interests) and Estimated Claims that become Allowed after the Effective Date shall be made by the Liquidating Trust at such periodic intervals as the Liquidating Trust determines to be reasonably prudent.

**6.4 No Distributions Pending Allowance.** Notwithstanding anything herein to the contrary: (a) no distribution shall be made with respect to any Disputed Claim (or Interest) or Estimated Claim until such Claim (or Interest) becomes an Allowed Claim (or Interest), and (b) unless determined otherwise by the Liquidating Trust, no distribution shall be made to any Person that holds both an Allowed Claim (or Interest) and either a Disputed Claim (or Interest) or an Estimated Claim until such Person's Disputed Claims (or Interests) and Estimated Claims have been resolved by settlement or Final Order.

**6.5 Objection Deadline.** Subject to the following sentence, the Liquidating Trustee shall file all objections to Disputed Claims (or Interests), and shall file all motions to estimate Claims

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

under Section 502(c) of the Bankruptcy Code, on or before the Claims Objection Deadline.  There shall be no deadline for the Liquidating Trust to file objections to Disputed Interests.

**6.6    Disputed and Estimated Claims Reserve.**  On and after the Effective Date, the Liquidating Trust shall maintain in reserve such Cash as the Liquidating Trust estimates to be reasonably necessary to satisfy the distributions that could be required to be made under the Plan.  For the avoidance of doubt, distributions to any Person holding a Disputed Claim (or Interest) or Estimated Claim that becomes an Allowed Claim after the Effective Date shall be made together with any payments or other distributions that would have been made to such Person had its Disputed Claim (or Interest) or Estimated Claim become an Allowed Claim (or Interest) on or prior to the Effective Date.

**6.7    Settling Disputed Claims (or Interests).**  The Liquidating Trustee shall be authorized to settle, or withdraw any objections to, any Disputed Claims (or Interests) following the Effective Date without need for approval of the Bankruptcy Court.

**6.8    Distributions in Cash.**  The Liquidating Trust shall make any required Cash payments to the holders of Allowed Claims (or Interests): (X) in U.S. dollars by check, draft or warrant, drawn on a domestic bank, or by wire transfer from a domestic bank, and (Y) by first-class mail (or by other equivalent or superior means as determined by the Liquidating Trust).

**6.9    Unclaimed Distributions.**  Any entity which fails to claim any Cash within one hundred twenty (120) days from the date upon which a distribution is first made to such entity shall forfeit all rights to any distribution under the Plan, and the Liquidating Trust shall be authorized to cancel any distribution that is not timely claimed.  Pursuant to Section 347(b) of the Bankruptcy Code, upon forfeiture, such Cash (including interest thereon, if any) shall revert to the Liquidating Trust free of any restrictions under the Plan, the Bankruptcy Code or the Bankruptcy Rules.  Upon forfeiture, the claim of any Creditor (or Interest holder) with respect to such funds shall be discharged and forever barred against the Liquidating Trust, notwithstanding any federal or state escheat laws to the contrary, and such Creditor (or Interest Holder) shall have no claim whatsoever against the Liquidating Trust or any holder of an Allowed Claim (or Interest) to whom distributions are made by the Liquidating Trust.

**6.10 Setoff.** Nothing contained in this Plan shall constitute a waiver or release by the Liquidating Trust of any right of setoff or recoupment the Estates or the Liquidating Trust may have against any Creditor (or Interest holder). To the extent permitted by applicable law, the Liquidating Trust may, but is not required to, set off or recoup against any Claim (or Interest) and the payments or other distributions to be made under the Plan in respect of such Claim (or Interest), claims of any nature whatsoever that arose before the Petition Date that the Estates or the Liquidating Trust may have against the holder of such Claim (or Interest).

**6.11 Taxes.** Pursuant to Section 346(f) of the Bankruptcy Code, the Liquidating Trust shall be entitled to deduct any federal, state or local withholding taxes from any Cash payments made with respect to Allowed Claims (or Interests), as appropriate. The Liquidating Trust shall be authorized to take all actions necessary to comply with applicable withholding and recording requirements. Notwithstanding any other provision of the Plan, each holder of an Allowed Claim (or Interest) that has received a distribution of Cash under the Plan shall have sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any governmental unit, including income, withholding and other tax obligation, on account of such distribution. For tax purposes, distributions received in respect of Allowed Claims will be allocated first to the principal amount of such Claims, with any excess allocated to unpaid accrued interest.

**6.12 De Minimis Distributions.** If any interim distribution under the Plan to the holder of an Allowed Claim (or Interest) would be less than $100.00, the Liquidating Trust may withhold such distribution until a final distribution is made to such holder. If any final distribution under the Plan to the holder of an Allowed Claim (or Interest) would be less than $25.00, the Liquidating Trust may cancel such distribution. Any unclaimed distributions pursuant to this Section 6.12 shall be treated as unclaimed property under Section 6.9 of the Plan. To the extent that the Liquidating Trust has assets remaining that do not exceed $25,000 in value, the Liquidating Trustee, in his discretion, can donate such assets to a charitable organization of his choice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  | **ARTICLE 7**

2  | **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

3  | **7.1   Rejection of Executory Contracts and Unexpired Leases.**  Except for any executory

4  | contracts or unexpired leases of the Debtors:  (i) that previously were assumed or rejected by an

5  | order of the Bankruptcy Court, pursuant to Section 365 of the Bankruptcy Code; (ii) as to which a

6  | motion for approval of the assumption or rejection of such contract or lease has been filed and

7  | served prior to Confirmation; or (iii) that constitute contracts of insurance in favor of, or that benefit,

8  | the Debtors or the Estates, each executory contract and unexpired lease entered into by the Debtors

9  | prior to the Petition Date that has not previously expired or terminated pursuant to its own terms

10 | shall be deemed rejected pursuant to Section 365 of the Bankruptcy Code as of the Effective Date.

11 | The Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejection,

12 | pursuant to Section 365 of the Bankruptcy Code, as of the Effective Date.  For the avoidance of

13 | doubt, any insurance policy acquired for the benefit of the Trustee or the Debtors (or any

14 | representatives thereof or successors thereto) before or after the Petition Date shall remain in full

15 | force and effect after the Effective Date according to its terms.

16 | **7.2   Bar Date for Rejection Damages.**  If the rejection of an executory contract or

17 | unexpired lease pursuant to the Plan or otherwise gives rise to a Claim by the other party or parties

18 | to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the

19 | Estates or the Liquidating Trust unless a proof of Claim is filed with the Bankruptcy Court by the

20 | Rejection Claim Bar Date.

21 | **ARTICLE 8**

22 | **CONDITIONS PRECEDENT**

23 | **8.1   Conditions to Confirmation.**  The following are conditions precedent to confirmation

24 | of this Plan:

25 | (a)      The Bankruptcy Court shall have entered an order approving a

26 | Disclosure Statement with respect to this Plan in form and substance satisfactory to

27 | the Trustee; and

28 |

DOCS_SF:84380v7 49666-001                                                26                                    TRUSTEE'S SECOND AMENDED
CHAPTER 11 PLAN OF LIQUIDATION

(b)     The Confirmation Order shall be in a form and substance reasonably

acceptable to the Trustee.

**8.2    Conditions to Effectiveness.**  The following are conditions precedent to the occurrence

of the Effective Date:

(a)     The Confirmation Date shall have occurred;

(b)     The Confirmation Order shall have been entered and no stay of the

Confirmation Order shall have been entered by a court of competent jurisdiction as of

a date that is within the fifteenth day after the entry of such Confirmation Order, or if

stayed, the date on which such stay has been removed as of a date that is at least

fifteen days after the date of entry of the Confirmation Order.

**8.3    Waiver of Conditions.**  Conditions to Confirmation and the Effective Date may be

waived, in whole or in part, by the Trustee at any time without notice.

# ARTICLE 9

# EFFECTS OF CONFIRMATION

**9.1    Binding Effect.**  The rights afforded under the Plan and the treatment of all Claims and

Interests under the Plan shall be the sole and exclusive remedy on account of such Claims against,

and Interests in, the Debtors, including any interest accrued on such Claims from and after the

Petition Date or interest which would have accrued but for the commencement of the Chapter 11

Cases.  Confirmation of the Plan shall bind and govern the acts of the Estates, the Liquidating Trust,

and all holders of all Claims against, and Interests in the Debtors, whether or not: (i) a proof of

Claim or proof of Interest is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code;

(ii) a Claim or Interest is allowed pursuant to Section 502 of the Bankruptcy Code, or (iii) the holder

of a Claim or Interest has accepted the Plan.

**9.2    Property Revests Free and Clear.**  As also set forth in Section 5.4 of the Plan, upon

the Effective Date, title to all remaining Estate Assets shall vest in the Liquidating Trust for the

purposes contemplated under the Plan and shall no longer constitute property of the respective

Estates.  Except as otherwise provided in the Plan, upon the Effective Date, all Estate Assets shall be

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

free and clear of all Claims and Interests, including Liens, charges or other encumbrances of Creditors of the Debtors.

**9.3   Permanent Injunction.** *Except as provided in the Plan or in the Confirmation Order, as of the Confirmation Date, all Persons that have held, currently hold or may hold a Claim, Interest or other debt or liability that is stayed, impaired or terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Trustee, the Liquidating Trust, the Liquidating Trustee, or their property on account of all or such portion of any such Claims, Interests, debts or liabilities that are stayed, impaired or terminated:  (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan.  To avoid any doubt, nothing in the Plan shall be construed or is intended to affect, enjoin, modify, release or waive any claims, rights, and actions that a third party or creditor may have against anyone other than the Debtors, the Trustee, the Liquidating Trust, the Liquidating Trustee, or their property.  Unless otherwise provided in the Plan or the Confirmation Order, all injunctions and stays provided for in the Chapter 11 Cases pursuant to Sections 105 and 362 of the Bankruptcy Code or otherwise in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date.  From and after the Effective Date, except as provided in the Plan or in the Confirmation Order, all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting any claim or interest, (a) seeking to hold (i) the Debtors, the Trustee, the Liquidating Trust, or the Liquidating Trustee, or (ii) the property of the Debtors, the Trustee, the Liquidating Trust, or the Liquidating Trustee liable for any Claim, obligation, right, interest, debt or liability that has been addressed or released pursuant the Plan.*

**9.4   Exoneration and Reliance.**  The Trustee, the Liquidating Trust, the Liquidating Trustee, the Equity Committee, and each of their respective Agents, shall not be liable, other than for

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

gross negligence or willful misconduct, to any holder of a Claim or Interest or any other entity with respect to any action, omission, forbearance from action, decision, or exercise of discretion taken at any time after the Petition Date in connection with the Chapter 11 Cases or the negotiation, formulation, development, proposal, disclosure, Confirmation or implementation of the Plan. The Trustee, the Liquidating Trust, the Liquidating Trustee, the Equity Committee, and each of their respective Agents may reasonably rely upon the opinions of their respective counsel, accountants, and other experts and professionals and such reliance, if reasonable, shall conclusively establish good faith and the absence of gross negligence or willful misconduct; *provided, however*, that a determination that such reliance is unreasonable shall not, by itself, constitute a determination or finding of bad faith, gross negligence or willful misconduct. For the avoidance of doubt, nothing in this Section 9.4 shall be construed as an exoneration or release of any claims that relate to conduct or actions taken prior to the Petition Date.

## ARTICLE 10

## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases after the Effective Date to the extent legally permissible, including, without limitation, jurisdiction to:

(a) Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the allowance or priority of Claims or Interests;

(b) Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized under the Bankruptcy Code or the Plan;

(c) Resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which any Debtor is a party and to hear, determine and, if necessary, liquidate, any Claims arising from, or cure amounts related to, such assumption or rejection;

Case: 08-32220    Doc# 1432    Filed: 05/12/14    Entered: 05/12/14 14:44:12    Page 33 of 40
TRUSTEE'S THIRD AMENDED
CHAPTER 11 PLAN OF LIQUIDATION

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

(d)     Ensure that distributions to holders of Allowed Claims (or Interests) are accomplished in accordance with the Plan;

(e)     Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications or motions involving the Chapter 11 Cases that may be pending on the Effective Date;

(f)     Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

(g)     Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or any Person's obligations incurred in connection with the Plan;

(h)     Modify the Plan before or after the Effective Date under Section 1127 of the Bankruptcy Code or modify the Disclosure Statement or any contract, instrument, release, or other agreement or document created in connection with the Plan or the Disclosure Statement; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with the Plan and the Disclosure Statement, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

(i)     Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

(j)     Determine any other matters that may arise in connection with or related to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order, except as otherwise provided in the Plan;

(k) Hear and determine Liquidating Trust Retained Claims and/or Defenses commenced by the Liquidating Trust, to the extent the Bankruptcy Court otherwise has jurisdiction over such claims;

(l) Enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan, except as otherwise provided in the Plan; and

(m) Enter an order closing the Chapter 11 Cases at the appropriate time.

## ARTICLE 11

## AMENDMENT AND WITHDRAWAL OF PLAN

**11.1 Amendment of the Plan.** At any time before the Confirmation Date, the Trustee may alter, amend, or modify the Plan, subject only to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. After the Confirmation Date, the Trustee may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, or as otherwise may be necessary to carry out the purposes and effects of the Plan so long as such proceedings do not materially and adversely affect the treatment of holders of Claims under the Plan; *provided, however*, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or applicable order of the Bankruptcy Court.

**11.2 Revocation or Withdrawal of the Plan.** The Trustee reserves the right to revoke or withdraw this Plan. If the Plan is withdrawn or revoked, then the Plan shall be deemed null and void, and nothing contained in the Plan shall be deemed a waiver of any Claims by or against the Debtors or any other Person in any further proceedings involving the Debtors or an admission of any sort, and this Plan and any transaction contemplated by this Plan shall not be admitted into evidence in any proceeding.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**ARTICLE 12**

**MISCELLANEOUS**

    **12.1  Effectuating Documents; Further Transactions; Timing.**  The Trustee, the Debtors, and the Liquidating Trust shall be authorized and directed to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents, and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. All transactions required to occur on the Effective Date under the terms of the Plan shall be deemed to have occurred simultaneously.

    **12.2  Exemption From Transfer Taxes.**  In accordance with Section 1146(c) of the Bankruptcy Code, the making, delivery, or recording of a deed or other instrument of transfer under this Plan shall not be subject to any stamp tax or similar tax and the appropriate state or local government officials or agents shall be directed to forego the collection of any such tax and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax.

    **12.3  Governing Law.**  Except to the extent that the Bankruptcy Code or other federal law is controlling, the rights, duties and obligations of the Trustee, the Debtors, the Liquidating Trust and any other Person arising only under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of California, without giving effect to California's choice of law provisions.

    **12.4  Quarterly Fees to the United States Trustee.**  All fees payable under 28 U.S.C. § 1930(a)(6) shall be paid by the Trustee or the Liquidating Trust in the amounts and at the times such fees may become due up to and including the Effective Date.  Thereafter, the Liquidating Trust shall pay all fees payable on behalf of each Debtor under 28 U.S.C. § 1930(a)(6) until the Chapter 11 Cases are closed, dismissed or converted.  Upon the Effective Date, the Trustee and the Liquidating Trust shall be relieved from the duty to make the reports and summaries required under Bankruptcy Rule 2015(a), but shall continue to file post-Effective Date quarterly reports in a form prescribed by the Office of the United States Trustee.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**12.5  Timing of Payment.**  Whenever any payment or distribution to be made under the Plan is due on a day other than a Business Day, such payment or distribution may instead be made, without interest, on the immediately following Business Day.

**12.6  Notice of Confirmation.**  As soon as practicable following the Effective Date, counsel to the Trustee shall file and serve a joint notice of the entry of the Confirmation Order in the manner required under Bankruptcy Rule 2002(f).  The notice shall further identify the Effective Date and shall set forth the Administrative Claim Bar Date, the Professional Fees Bar Date, the Rejection Claim Bar Date and any other deadlines that may be established under the Plan or the Confirmation Order.

**12.7  Successors and Assigns.**  The Plan is binding upon and will inure to the benefit of the Trustee and the Liquidating Trust and each of their respective Agents, successors, and assigns, including, without limitation, any bankruptcy trustees or estate representatives.

**12.8  Notices.**  Except as otherwise provided in the Plan, any notice or other communication required or permitted under the Plan will be in writing and deemed to have been validly served, given, delivered, and received upon the earlier of: (a) the first business day after transmission by facsimile or hand delivery or deposit with an overnight express service or overnight mail delivery service; or (b) the third calendar day after deposit in the United States mail, with proper first class postage prepaid.

**12.8.1  Notice to Claim and Interest Holders.**  Notices to Persons holding a Claim or Interest will be sent to the addresses set forth in such Person's proof of Claim or Interest or, if none was filed, at the address set forth in the Schedules or in the Trustee's records.

**12.8.2  Post-Effective Date Notices.**  Except as expressly set forth herein, following the Effective Date, notices will be served only on the Office of the United States Trustee and those Persons who file with the Court and serve upon the Liquidating Trust a request, which includes such Person's name, contact person, address, telephone number and facsimile number, that such Person receive notice of post-Effective Date matters.  Persons who had previously filed with the Court requests for special notice of the proceedings and other filings in the Chapter 11 Cases will not

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

receive notice of post-Effective Date matters unless such Persons file a new request in accordance with this Section 12.8.2.

**12.9    Incorporation by Reference.**  All exhibits, schedules and supplements to the Plan are incorporated and are made a part of the Plan as if set forth in full in the Plan.

**12.10   Computation of Time.**  In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.  Any reference to "day" or "days" shall mean calendar days, unless otherwise specified herein.

**12.11   Conflict of Terms.**  In the event of a conflict between the terms of the Plan and the Disclosure Statement, the terms of the Plan will control.

**12.12   Severability of Plan Provisions.**  If, prior to Confirmation, any non-material term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision will then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation.

Dated:    May 12, 2014

By:    */s/ Richard M Kipperman*
       Richard M Kipperman,
       Chapter 11 Trustee

Respectfully submitted by,

PACHULSKI STANG ZIEHL & JONES LLP

By:    */s/ Maxim B. Litvak*
       David M. Bertenthal
       Maxim B. Litvak
       Miriam Manning
       Counsel for Richard M Kipperman,
       Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# *LIST OF EXHIBITS TO PLAN*

**Exhibit A:**    Liquidating Trust Agreement

**Exhibit B:**    Non-Exclusive List of Liquidating Trust Retained Claims and/or Defenses

DOCS_SF:84580.7 49660-001