

David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: dbertenthal@pszjlaw.com
mlitvak@pszjlaw.com
mmanning@pszjlaw.com

Counsel for Richard M Kipperman,
Chapter 11 Trustee

Signed and Filed: May 13, 2014



**THOMAS E. CARLSON U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No.: 08-32220-TEC<br>09-30788-TEC<br>09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**ORDER (1) APPROVING DISCLOSURE STATEMENT IN SUPPORT OF TRUSTEE'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION AND (2) ESTABLISHING TRANSMITTAL AND VOTING PROCEDURES FOR CONFIRMATION OF THE PLAN**<br><br>Disclosure Statement Hearing:<br><br>Date: May 9, 2014<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 23rd Floor<br>San Francisco, California<br>Judge: Honorable Thomas Carlson |

A hearing (the "Hearing") was held before this Court on May 9, 2014, at 9:30 a.m., pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3017 of the Federal Rules of Bankruptcy Procedure. Richard M Kipperman (the "Trustee"), the duly-appointed chapter 11 trustee in each of the substantively-consolidated chapter 11 estates of CMR Mortgage

Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC, and his counsel appeared at the Hearing. The purpose of the Hearing was to:

(1) consider approval of the *Disclosure Statement in Support of Trustee's First Amended Chapter 11 Plan of Liquidation*, as presented to the Court (the "Disclosure Statement"); and

(2) establish transmittal, voting and confirmation procedures for the *Trustee's First Amended Chapter 11 Plan of Liquidation*, as presented to the Court (the "Plan").

At the Hearing, the Trustee, by and through counsel, requested that the Court, among other matters: (i) approve the Disclosure Statement as containing adequate information for purposes of section 1125 of the Bankruptcy Code; (ii) authorize the solicitation of votes to accept or reject the Plan and fix a date by which such solicitation shall take place (including a deadline for ballots to be submitted), (iii) fix a date for the hearing to consider confirmation of the Plan and approve the scope and format of the notice to be provided regarding such hearing, and (iv) address any other procedural or administrative matters relating to approval of the Disclosure Statement or solicitation of the Plan. The Trustee also requested at the Hearing, pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure, that the Court exempt the Trustee from transmitting the Plan and Disclosure Statement to holders of equity interests and unimpaired classes of creditors.

Any opposition to the Trustee's requests was addressed or overruled at the Hearing.

It appears that due and sufficient notice of the Hearing has been provided under the circumstances. It further appears that the relief requested at the Hearing is reasonable and will further the expeditious and economical resolution of these cases. After due deliberation and sufficient cause shown,

**IT IS HEREBY ORDERED THAT:**

1. The Disclosure Statement is approved as containing adequate information for purposes of section 1125 of the Bankruptcy Code and the Trustee is authorized to distribute the Disclosure Statement to creditors in conjunction with confirmation of the Plan.

2. By no later than May 30, 2014, copies of the Disclosure Statement, the Plan, this Order, notice of the hearing to consider confirmation of the Plan (the "Confirmation Notice"), and ballots generally conforming to Official Form No. 14 shall be mailed to all creditors, the United

States Trustee, and other parties in interest as provided in Fed. R. Bankr. Proc. 3017(d), except that holders of equity interests and unimpaired classes of creditors under the Plan shall only be mailed the Confirmation Notice as provided in Fed. R. Bankr. Proc. 2002(d). The Trustee may include a cover letter in the mailing to creditors.

3. <u>June 27, 2014</u>, is fixed as the last day for submitting written acceptances or rejections of the Plan. All ballots shall be mailed or delivered to the balloting agent designated on the ballots so that they are actually received on or before the voting deadline. The Trustee shall tabulate all acceptances and rejections of the Plan and shall report the results of such tabulation to the Court at least three (3) business days prior to the confirmation hearing.

4. <u>June 27, 2014</u>, is fixed as the last day for filing and serving, pursuant to Fed. R. Bankr. Proc. 3020(b)(1), written objections to confirmation of the Plan. Objections that are not timely filed and served in the manner set forth herein will not be considered and will be overruled. The Trustee may file and serve a reply brief to any objection at least two (2) business days prior to the confirmation hearing.

5. <u>July 11, 2014, at 9:30 a.m.</u>, is fixed as the date and time of the hearing to consider confirmation of the Plan. The Court may continue the hearing from time to time without further notice other than an announcement of the adjourned date or dates at the hearing.

6. The Trustee is authorized to reproduce the Disclosure Statement and the Plan in a legible manner and to print the Disclosure Statement and the Plan single-spaced on both sides of the pages. The Trustee is also authorized to make any necessary typographic or technical modifications to the document prior to dissemination.

\* \* \*