**Entered on Docket**
**July 14, 2014**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: July 11, 2014

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

1  David M. Bertenthal (CA Bar No. 167624)
   Maxim B. Litvak (CA Bar No. 215852)
2  Miriam Manning (CA Bar No. 178584)
   PACHULSKI STANG ZIEHL & JONES LLP
3  150 California Street, 15th Floor
   San Francisco, California 94111-4500
4  Telephone: 415/263-7000
   Facsimile: 415/263-7010
5  E-mail: dbertenthal@pszjlaw.com
           mlitvak@pszjlaw.com
6          mmanning@pszjlaw.com

7  Counsel for Richard M Kipperman,
   Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 08-32220-TEC |
| | 09-30788-TEC |
| CMR MORTGAGE FUND, LLC, | 09-30802-TEC |
| CMR MORTGAGE FUND II, LLC, | |
| CMR MORTGAGE FUND III, LLC, | Substantively Consolidated |
| Debtors. | Chapter 11 |
| | **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF CONFIRMATION OF TRUSTEE'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION** |
| | <u>Plan Confirmation Hearing</u>: |
| | Date: July 11, 2014
Time: 9:30 a.m.
Place: 235 Pine Street, 23rd Floor
  San Francisco, California
Judge: Honorable Thomas Carlson |

1  A hearing was held before this Court on July 11, 2014 (the "Confirmation Hearing") to consider confirmation of the *Trustee's First Amended Chapter 11 Plan of Liquidation Dated May 12, 2014* [Docket No. 1432] (the "Plan"). The Plan was filed by Richard M Kipperman, the duly appointed chapter 11 Trustee (the "Trustee"). Unless otherwise defined, a capitalized term used in these findings and conclusions shall have the meaning set forth in the Plan.

Appearances are noted on the record of the proceedings of the Confirmation Hearing.

The Court has reviewed the Plan, the *Disclosure Statement in Support of Trustee's First Amended Chapter 11 Plan of Liquidation Dated May 12, 2014* [Docket No. 1433] (the "Disclosure Statement"), and the various pleadings, declarations and filings submitted in support of confirmation of the Plan.

The Court has also considered the timely filed objections of the United States Trustee and Stein & Lubin, LLP. The Court has received an informal objection to the Plan from one investor, Elizabeth K. Austin. The United States Trustee's objection is overruled for the reasons set forth below. Stein & Lubin, LLP's objection has been addressed by the Trustee's agreement to satisfy that firm's outstanding allowed fees on or as soon as practicable after the Effective Date of the Plan. The lone investor objection is overruled because it does not address any issues relevant to confirmation of the Plan.

The Court has considered the entire record compiled in these cases and the totality of the circumstances relevant to the formulation of the Plan. The Court has further considered the offers of proof and the arguments and representations of counsel at the Confirmation Hearing. Based upon the foregoing matters, due deliberation having been given to the transactions set forth in the Plan and good cause appearing, the Court makes the following determinations, findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a), made applicable to this matter pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014, which findings are in addition to those made on the record at the Confirmation Hearing on July 11, 2014.

# I.

# FINDINGS OF FACT

**A.  Jurisdiction and Venue.**

CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court on November 19, 2008 as Case No. 08-32220.  On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") filed a voluntary chapter 11 petition in this Court as Case No. 09-30788, and CMR Mortgage Fund III, LLC ("Fund III") filed a voluntary chapter 11 petition in this Court as Case No. 09-30802.  This Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157.  The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and venue of this case in the Northern District of California is proper under 28 U.S.C. § 1408.

**B.  Approval of Disclosure Statement.**

On February 26, 2013, the Trustee filed the initial *Trustee's Chapter 11 Plan of Liquidation Dated February 26, 2014* [Docket No. 1374] and corresponding *Disclosure Statement* [Docket No. 1375].  On May 12, 2014, the Trustee filed an amended plan, the *Trustee's First Amended Chapter 11 Plan of Liquidation Dated May 12, 2014* [Docket No. 1432] and corresponding *Disclosure Statement* [Docket No. 1433].  The Court approved the Disclosure Statement at the May 9, 2014 hearing, and on May 14, 2014, the Court entered its *Order: (1) Approving Disclosure Statement in Support of Trustee's First Amended Chapter 11 Plan of Liquidation and (2) Establishing Transmittal and Voting Procedures for Confirmation of the Plan* [Docket No. 1439) (the "Disclosure Statement Order").

**C.  Notice of Plan Proceedings.**

In compliance with the Disclosure Statement Order, on May 16, 2014, the Trustee caused the following documents to be served:  (i) Letter to Creditors Dated May 16, 2014 From the Chapter 11 Trustee; (ii) Disclosure Statement in Support of Trustee's First Amended Chapter 11 Plan of Liquidation Dated May 12, 2014; (iii) Trustee's First Amended Chapter 11 Plan of Liquidation Dated May 12, 2014; (iv) Order (1) Approving Disclosure Statement in Support of Trustee's First Amended Chapter 11 Plan of Liquidation and (2) Establishing Transmittal and Voting Procedures for Confirmation of the Plan; (v) Notice of Hearing to Consider Confirmation of Trustee's First

Amended Chapter 11 Plan of Liquidation; (vi) Ballot for Accepting or Rejecting Trustee's First Amended Chapter 11 Plan of Liquidation (Convenience Claims); and (vii) Ballot for Accepting or Rejecting Trustee's First Amended Chapter 11 Plan of Liquidation (General Unsecured Claims) (the "Solicitation Package").[1] The Trustee served the Solicitation Package by mail on all creditors and other parties in interest as provided by Bankruptcy Rules 2002, 3017, 3018 and 3019. The proper and timely service of the Solicitation Package is evidenced by the Certificates of Service filed of record and the Court finds such notice sufficient.

**D.  Voting on Plan.**

The Disclosure Statement Order fixed June 27, 2014 as the deadline for ballots to be returned to the Trustee to vote to accept or reject the Plan. The Trustee tabulated the ballots accepting and rejecting the Plan in the *Declaration of Patricia J. Jeffries Certifying Voting on Trustee's First Amended Chapter 11 Plan of Liquidation*. Pursuant to Section 1129(b) of the Bankruptcy Code, the Plan may be confirmed because there is a consenting impaired class and the Plan otherwise meets the "cram down" requirements of Section 1129(b).

**E.  Evidentiary Rulings**

No evidentiary objections were raised at the Confirmation Hearing requiring a ruling by the Court.

**F.  Compliance with Section 1129.**

The Plan complies with all of the requirements set forth in Section 1129 of the Bankruptcy Code, including the following:

**1.  Plan Compliance – Section 1129(a)(1).**

The Plan complies with the applicable provisions of Sections 1122 and 1123 of the Bankruptcy Code.

---

[1] The Plan [Docket No. 1432], Disclosure Statement [Docket No. 1433], Disclosure Statement Order [Docket No. 1439] and Confirmation Notice [Docket No. 1440] are collectively, the "Solicitation Package." The Certificates of Service for the Solicitation Package were filed on May 19, 2014 [Docket Nos. 1441, 142 and 1443].

### a. Classification and Treatment

The Plan designates five separate classes of claims and interests. The Plan adequately and properly classifies all claims and interests required to be classified and thus satisfies the requirements of Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

Article 4 of the Plan designates Class 1 (Priority Non-Tax Claims), Class 2 (Miscellaneous Secured Claims (each secured creditor in a separate class identified as Class 2A, Class 2B, etc.)), as unimpaired. Article 4 of the Plan sets forth the treatment of Claims in Class 3 (General Unsecured Claims), Class 4 (Convenience Claims), and Class 5 (Interests in the Debtors), which are all impaired. Further, the Plan adequately specifies the treatment of each impaired Class of Claims and thus satisfies the requirements of Sections 1123(a)(2) and (3) of the Bankruptcy Code. The Plan provides the same treatment for each Claim in a particular Class, unless the holder of a particular Claim agrees to less favorable treatment of such Claim. The Plan thus satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code. No election for application of Section 1111(b)(2) of the Bankruptcy Code by any Class of secured creditors was made under Bankruptcy Rule 3014.

### b. Means for Implementation

Article 5 of the Plan provides adequate means for implementation of the Plan by providing for, among other things, the establishment and funding of a Liquidating Trust (Plan at Article 5.1), the responsibilities and authority of the Liquidating Trustee (Plan at Articles 5.3.2, 5.3.3, 5.3.5), the rights of the Liquidating Trust to prosecute, investigate, liquidate and/or settle Retained Claims and Defenses for the benefit of the Estate (Plan at Article 5.5). Article 5 of the Plan also provides for the dissolution of the Equity Committee as of the Effective Date (Plan at Article 5.7) and the entry of a final decree closing the Debtors' chapter 11 cases (Plan at Article 5.9). Article 6 of the Plan also contains provisions governing the allowance, distribution and payment of Claims (Plan at Articles 6.1, 6.3, 6.7-6.12), the establishment of reserves for Disputed and Estimated Claims (Plan at Article 6.6). The Court finds that the Plan contains adequate means for its implementation and satisfies the requirements of Section 1123(a)(5) of the Bankruptcy Code.

### c. Officers, Directors and Trustees

Section 1123(a)(7) of the Bankruptcy Code requires that a plan contain only provisions that are consistent with the interests of creditors, equity security holders, and public policy with respect to the manner of selection of any officer, director or trustee under the plan and any successor thereto. Pursuant to Article 5 of the Plan, the Trustee has disclosed the identity of and the terms of engagement for, the Liquidating Trustee and the manner in which a successor Liquidating Trustee will be selected. (Plan at Articles 5.3.1-5.3.5). The powers of the Liquidating Trustee to administer the Liquidating Trust shall, without any need for approval of the Bankruptcy Court in each of the following instances, include *inter alia*, (a) the power to invest funds in, and withdraw, make distributions and pay taxes and other obligations owed by the Liquidating Trust from funds held by the Liquidating Trustee in accordance with the Plan and the Liquidating Trust Agreement, (b) the power to engage and compensate without prior Bankruptcy Court order or approval employees and professionals to assist the Liquidating Trustee with respect to his or her responsibilities, (c) the power to prosecute, compromise and settle the Liquidating Trust Retained Claims and/or Defenses on behalf of or against the Liquidating Trust, and (d) such other powers as may be vested in or assumed by the Liquidating Trustee pursuant to the Plan, the Liquidating Trust Agreement, order of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan. The Liquidating Trustee, on behalf of the Liquidating Trust, shall have absolute discretion to pursue or not to pursue any and all Liquidating Trust Retained Claims and/or Defenses, as he or she determines is in the best interests of the beneficiaries and consistent with the purposes of the Liquidating Trust, and shall have no liability for the outcome of his/her decision, other than those decisions constituting gross negligence or willful misconduct. The Liquidating Trustee may incur any reasonable and necessary expenses in liquidating and converting the assets in the Liquidating Trust to Cash (Plan at Article 5.3.3). The Liquidating Trustee shall not at any time: (a) enter into or engage in any trade or business (other than the management and disposition of the Liquidating Trust Assets), and no part of the Liquidating Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Liquidating Trust in furtherance of any trade or business, or (b) except as provided in Article 5.4, reinvest any Liquidating Trust Assets (Plan at Article 5.3.5). In

addition, the following limitations are imposed upon the Liquidating Trustee: (a) the Liquidating Trustee may (but shall not be required to) obtain an order of the Bankruptcy Court concerning any matter involving any sale, settlement, or other disposition of an asset or litigation of the Liquidating Trust, or any release, modification or waiver of existing rights as to an asset or litigation of the Liquidating Trust, and (b) the Liquidating Trustee shall not reserve or utilize more than $800,000 in the aggregate for the expenses of the Liquidating Trust until all Professional Fee Claims allowed by the Bankruptcy Court have been paid in full (Plan at Article 5.3.5). These provisions satisfy the requisites of section 1123(a)(7) of the Bankruptcy Code and are consistent with the interests of creditors, equity security holders, and public policy.

### d. Cures

Section 1123(d) of the Bankruptcy Code states that if a plan proposes to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law. Pursuant to the Plan, all proposed cures are made in accordance with this provision.

### e. Other Provisions

Section 1123(b) of the Bankruptcy Code contains several permissive provisions that may be contained, but are not required, within a plan.

Section 1123(b)(1) of the Bankruptcy Code states that a plan may impair or leave unimpaired any class of claims, secured or unsecured, or interests. As addressed above, the Plan impairs or leaves unimpaired various Classes of Claims and Interests.

Section 1123(b)(2) of the Bankruptcy Code states that, subject to section 365 of the Bankruptcy Code, a plan may provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected. Article 7 of the Plan contemplates that all pre-petition leases or executory contracts, not previously rejected by the Debtors or specifically assumed pursuant to orders of the Bankruptcy Court, shall be deemed rejected by the Debtors effective as of the Effective Date.

Section 1123(b)(3) of the Bankruptcy Code states that a plan may provide for the settlement or adjustment of any claim or interest belonging to the debtor or to the estate. Consistent with this

provision, the Liquidating Trustee shall be empowered to compromise or settle claims and prosecute avoidance actions (Plan at Articles 5.3.1, 5.3.2, 5.3.3).

The Court finds that the Plan contains additional provisions for implementation that are reasonable and otherwise consistent with Section 1123(b) of the Bankruptcy Code.

### f. Exoneration/Exculpation

The Court is satisfied that the exculpation provision of Article 9.4 is reasonable and appropriate. The Court finds that Article 9.4 is narrowly tailored to prevent the assertion of liability for actions taken in connection with the bankruptcy, and prior to the Plan's Effective Date. This provision contains customary and appropriate carveouts for gross negligence and willful misconduct. *See In re Friedman's, Inc.*, 356 B.R. 758, 763-64 (Bankr. S.D. Ga. 2005).

The Court has presided over these chapter 11 cases since their commencement, and most recently since the appointment of the Trustee. This has given the Court substantial opportunities to consider the conduct of all of the parties that would be exculpated under Article 9.4 of the Plan. The Court has had the opportunity at numerous hearings to observe the Trustee, the Equity Committee, and their respective counsel. This Court has found nothing that would indicate that their conduct has been inappropriate or wrongful such that they should not benefit from the exculpation clause of Article 9.4.

The United States Trustee has objected to the exculpation clause. Among other things, the United States Trustee contends that Article 9.4 cannot be approved because it contradicts section 524(e) of the Bankruptcy Code and is inconsistent with the Ninth Circuit law. The Court concludes that where an exculpation clause is limited to post-petition conduct relating to conduct occurring within a bankruptcy case, neither section 524(e) of the Bankruptcy Code nor the Ninth Circuit law cited by the United Sates Trustee is relevant because those limits apply to third-party releases of claims based on prepetition conduct. A post-petition exculpation clause may be approved where it is limited to the Trustee (and by extension the Liquidating Trustee and the Liquidating Trust), the Equity Committee, and their respective agents, as long as it contains an exception for bad faith, gross negligence, and willful misconduct. *See In re Western Asbestos Co.*, 313 B.R. 832, 846-47 (Bankr. N.D. Cal. 2003); *In re Lighthouse Lodge, LLC*, 2010 Bankr. LEXIS 3663, 2010 WL 4053984, at *6-

9 (Bankr. N.D. Cal. Oct. 14, 2010). Article 9.4 complies with this standard and is approved. *See In re Birting Fisheries, Inc.*, 300 B.R. 489, 504 (B.A.P. 9th Cir. 2003).

Further, the United States Trustee objects to the exculpation and indemnity provisions incorporated in the Liquidating Trust Agreement. The Liquidating Trust is a creature of California law that is governed by basic principles of trust law. "Under California law, a trust is created by a manifestation of intention of the settlor to create a trust, trust property, a lawful trust purpose, and an identifiable beneficiary." *Segovia v. Schoenmann (In re Segovia)*, 404 B.R. 896, 927 (N.D. Cal. 2009) (citing *California–Nevada Annual Conference of United Methodist Church v. St. Luke's United Methodist Church*, 121 Cal.App.4th 754, 764 (Cal. Ct. App.2004)). It is entirely appropriate and consistent with California law for the beneficiaries of a trust to indemnify their trustee, including an indemnity for negligence so long as the indemnity is clear and explicit. *See, e.g., Prince v. Pacific Gas & Elec. Co.*, 90 Cal.Rptr.3d 732, 737 (Cal. 2009). The Court concludes that the indemnity in the Liquidating Trust Agreement is entirely consistent with California law. Moreover, the indemnity is limited by clarifying language in the Liquidating Trust Agreement that such indemnity is to "the full extent permitted by applicable law."

### g. Injunction

The Court has jurisdiction to enter the injunction set forth in Article 9.3 of the Plan under section 1334 of title 28 of the United States Code. Bankruptcy Code section 105(a) permits approval and entry of the injunction, especially where, as here, such injunctions are essential to the formulation and implementation of the Plan as provided in section 1123(a)(5) of the Bankruptcy Code, confer material benefits on the Debtors' estates, and are in the best interests of holders of Claims against the Debtors. The United States Trustee has objected to the injunction provision on substantially the same basis as the objection to the exoneration provision addressed above. The Court concludes that the injunction provision as modified in the order confirming the Plan is entirely proper to enforce and effectuate the provisions of the Plan, including the exculpation provision in Article 9.4 of the Plan.

**2.     Trustee's Compliance – Section 1129(a)(2).**

The Trustee has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The Trustee solicited acceptances of the Plan in accordance with the requirements of the Disclosure Statement Order and in good faith, as that term is used in Section 1125(e) of the Bankruptcy Code. The Disclosure Statement contains adequate information, as that term is defined in Section 1125(a) of the Bankruptcy Code. The ballots of holders of Claims entitled to vote on the Plan were properly solicited and tabulated. The Trustee has further complied with all of the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other matters considered by the Court in these cases. The record in these Chapter 11 Cases further discloses that the Trustee has attempted in good faith to comply with the orders of the Court entered during the pendency of these cases and that the Trustee has not violated any such orders.

**3.     Good Faith – Section 1129(a)(3).**

The Plan has been proposed in good faith and not by any means forbidden by law. The Court is satisfied that the Trustee has adduced adequate and sufficient evidence of good faith. Under applicable Ninth Circuit authority, "a plan is proposed in good faith where it achieves a result consistent with the objectives and purposes of the Code." *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002). The Court has reviewed the *Declaration of Richard M Kipperman* in support of the Plan and finds that there is adequate evidence in the record to make a finding of good faith. The Trustee has proposed a plan that is expected to pay all of the Allowed Administrative Claims, Professional Fee Claims, Priority Tax Claims, and Other Priority Claims, unless otherwise agreed by the holders of such Claims, and that will result in a greater distributions to General Unsecured Claims than would otherwise be available under a Chapter 7 liquidation.

In sum, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. During the term of the Trustee's appointment, these cases have been prosecuted in good faith and consistent with the orders of this Court. The Plan is proposed by the Trustee for the benefit of creditors, as intended by the statutory scheme enacted by Congress. The Court finds that the Plan

has been proposed in good faith with the legitimate and honest purpose of reorganizing the debts of the Debtors, and there has been no challenge asserted to the Trustee's good faith.

### 4. Plan Payments – Section 1129(a)(4).

Section 1129(a)(4) of the Bankruptcy Code provides that the Court shall confirm a plan only if "[a]ny payment made or to be made by the proponent, by the debtor, . . . for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable."

Any payments made or to be made by the Trustee to professional persons or for a substantial contribution claim for services rendered or for costs and expenses incurred in, or in connection with, these cases through the Effective Date of the Plan have been, or will be, disclosed to the Court in applications to employ or compensate such professionals, subject to approval by the Court as reasonable. After the Effective Date, the Liquidating Trustee and his professionals may be paid fees and expenses without court approval or notice. Accordingly, the Plan complies with the requirements of Bankruptcy Code section 1129(a)(4).

### 5. Officer Affiliations – Section 1129(a)(5).

Section 1129(a)(5) of the Bankruptcy Code requires that a plan proponent disclose the identity and affiliations of "any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan." As set forth in the Disclosure Statement and prior filings in these cases, the Trustee has disclosed the identity and affiliations of the Liquidating Trustee, Richard M Kipperman. Therefore, the Plan complies with the statutory requirements.

### 6. Rates – Section 1129(a)(6).

Section 1129(a)(6) is inapplicable to the Plan because no governmental or regulatory commission will have jurisdiction over rate changes in the Plan.

### 7. Best Interests – Section 1129(a)(7).

Section 1129(a)(7) of the Bankruptcy Code sets forth the "best interests test." Under the "best interests test," each holder of a claim or interest in an impaired class must either accept the

plan or receive or retain property of a value, as of the effective date of the plan, that is not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The Court finds that the Trustee has submitted *prima facie* evidence in satisfaction of the best interests test. *See In re Affiliated Foods, Inc.,* 249 B.R. 770, 787 (Bankr. W.D. Mo. 2000); *In re Sierra-Cal,* 210 B.R. 168, 172 (Bankr. E.D. Cal. 1997) (satisfaction of best interests test under section 1129(a)(7)).

As described in the Trustee's Declaration, the Plan is in the best interests of creditors and will result in a return that is at least as much as creditors would receive if the assets were liquidated in a Chapter 7 case. Mr. Kipperman was the duly appointed Trustee of the Debtors' estates, and has extensive knowledge of the Debtors' assets and liabilities, and the claims of creditors.

Confirmation of the Plan appears preferable to the liquidation of the Debtors under Chapter 7 of the Bankruptcy Code. A conversion of the case to Chapter 7 would likely be accompanied by additional costs and further delay in the distribution of property of the estates, thereby diluting the amounts presently available for distribution to creditors holding General Unsecured Claims under the Plan. The Plan thus represents a reasonable effort by the Trustee that will likely provide a superior recovery to creditors than conversion. Accordingly, the Plan is in the best interests of creditors under Section 1129(a)(7) of the Bankruptcy Code.

**8.     Acceptance – Section 1129(a)(8) and 1129(b).**

Subject to the exceptions contained in section 1129(b) of the Bankruptcy Code, section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either have accepted the plan or not be impaired under the plan. A class of claims accepts a plan if the holders of at least two-thirds in dollar amount and more than one-half in the number of claims vote to accept the plan – counting only those claims whose holders actually vote.

Here, as set forth in the Declaration of Patricia Jeffries, the Plan was accepted by a majority in number, and by more than two-thirds in amount, of Class 3 (General Unsecured Claims) and Class 4 (Convenience Claims), pursuant to section 1126(c) of the Bankruptcy Code. Technically speaking, however, the requisites of section 1129(a)(8) have not been met because one impaired Class -- Class

5 (Interests of the Debtors) -- was deemed to reject the Plan. Nonetheless, the Plan should be confirmed pursuant to section 1129(b) of the Bankruptcy Code.

Section 1129(b)(1) of the Bankruptcy Code provides that a plan may be confirmed even if the requirements of section 1129(a)(8) are not met if the plan does not discriminate unfairly and is fair and equitable with respect to each class that is impaired under the plan and that has not accepted the plan.

The treatment of Class 5 (Interests of the Debtors) under the Plan satisfies section 1129(b)(1) of the Bankruptcy Code because the holder of any interest that is junior to the Interests in Class 5 will not receive or retain any property under the Plan on account of such junior interest. Accordingly, the Plan satisfies the test set forth in section 1129(b)(2)(C) of the Bankruptcy Code, and the Plan may be confirmed over the deemed rejection of Class 5.

**9.     Administrative Expenses and Priority Claims – Section 1129(a)(9).**

Section 1129(a)(9) of the Bankruptcy Code specifies the treatment of certain administrative and priority claims. Article 2 addresses, Administrative Claims, Priority Tax Claims, and Professional Fee Claims. Pursuant to Article 2.2 of the Plan, each Allowed Administrative Claim, unless the holder of such Claim has agreed to a different treatment, shall be paid in full in Cash by the Liquidating Trust.

Pursuant to Article 2.3 of the Plan, each Allowed Priority Tax Claim, unless the holder of such Claim has agreed to a different treatment, shall be paid in full in Cash by the Liquidating Trust.

Pursuant to Article 2.4, each party seeking an award by the Bankruptcy Court of Professional Fees: (a) must file its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date on or before the Professional Fees Bar Date.; and (b) if the Bankruptcy Court grants such an award, each such party will be paid in full as follows: (a) to the extent not already paid, full payment of any Allowed Professional Fees of the Trustee and his Professionals that are covered by the Professional Fee Subordinations; (b) as to any other Allowed Professional Fees, as an interim distribution as soon as practicable following the first day after such order has been entered by the Bankruptcy Court and is not stayed, to the extent not previously paid by the Trustee or the Debtors (inclusive of any retainers), forty-five percent (45%) of

such Allowed Professional Fees; and (c) thereafter, if and when additional funds are available after no more than $800,000 in the aggregate is reserved or utilized for the expenses of the Liquidating Trust and no more than $300,000 in the aggregate is reserved for the benefit of, or distributed to, holders of General Unsecured Claims and Convenience Claims, a Pro Rata Share of such additional funds calculated by dividing each Professional's remaining unpaid Allowed Professional Fees by the aggregate remaining unpaid Allowed Professional Fees of all Professionals. Accordingly, the Plan complies with the requirements of Section 1129(a)(9) of the Bankruptcy Code.

**10. Impaired Class Acceptance – Section 1129(a)(10).**

Section 1129(a)(10) of the Bankruptcy Code requires that "at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." As set forth above, Classes 3 and 4 are impaired under the Plan and entitled to vote. Both such Classes voted to accept the Plan. Consequently, the Plan complies with section 1129(a)(10) of the Bankruptcy Code.

**11. Feasibility – Section 1129(a)(11).**

The Court is satisfied that the Plan is feasible. Feasibility under Section 1129(a)(11) of the Bankruptcy Code requires the Court to determine whether a plan is workable and has a reasonable likelihood of success. *See, e.g., The Mutual Life Ins. Co. of New York v. Patrician St. Joseph Partners (In re Patrician St. Joseph Partners),* 169 B.R. 669, 674 (Bankr. D. Ariz. 1994) (finding that a plan meets the feasibility standard if it offers a reasonable prospect of success and is workable).

Here, the Trustee has demonstrated that the Debtors' estates will have sufficient assets following the Effective Date to satisfy the obligations under the Plan. Confirmation of the Plan is not likely to be followed by a subsequent need for further reorganization. Accordingly, the Plan is feasible as required under section 1129(a)(11) of the Bankruptcy Code.

**12. Fees Payable Under 28 U.S.C. § 1930 – Section 1129(a)(12).**

As required by Section 1129(a)(12) of the Bankruptcy Code, all fees payable under 28 U.S.C. § 1930 will be paid by the Liquidating Trustee when due pursuant to the Plan.

**13. Retiree Benefits -- Section 1129(a)(13).**

The Debtors are not obligated to provide "retiree benefits" within the meaning of Section 1114(a) of the Bankruptcy Code.

**G. Other.**

To the extent that any portion of a Finding of Fact contains or constitutes a Conclusion of Law, such portion shall be deemed a Conclusion of Law and is hereby adopted as such.

## II.

## CONCLUSIONS OF LAW

**A. Jurisdiction.**

This Court has jurisdiction over the bankruptcy cases to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The venue of these cases in the Northern District of California is proper under 28 U.S.C. § 1408.

**B. Notice and Opportunity for Hearing.**

Notice of the Confirmation Hearing was due, proper, timely and adequate. The Trustee has complied in all material respects with Bankruptcy Rules 2002 and 3017 and the Disclosure Statement Order. All parties in interest have had an opportunity to appear and be heard at the Confirmation Hearing.

**C. Compliance with Bankruptcy Code.**

The Trustee has adduced adequate and sufficient evidence that the Plan complies with the applicable provisions of the Bankruptcy Code. The Plan satisfies all the requirements for confirmation established under Section 1129 of the Bankruptcy Code.

**D. Injunctions.**

The injunction set forth in Article 9.3 of the Plan is approved. On the Effective Date, the injunction shall be deemed issued, entered, valid and enforceable according to its terms.

**E. Safe Harbor.**

The Trustee (and his attorneys, agents, representatives and advisors) has solicited acceptances or rejections of the Plan in good faith and in compliance with the applicable provisions

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

of the Bankruptcy Code and, accordingly, is not liable on account of such solicitation for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

F. **Retention of Jurisdiction.**

The Bankruptcy Court, as provided in Article 10 of the Plan, may retain jurisdiction over the matters set forth therein and in the Confirmation Order.

G. **Other**

To the extent that any portion of a Conclusion of Law contains or constitutes a Finding of Fact, such portion shall be deemed a Finding of Fact and is hereby adopted as such.

* * * END OF ORDER * *

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA