**Entered on Docket
July 14, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: dbertenthal@pszjlaw.com
       mlitvak@pszjlaw.com
       mmanning@pszjlaw.com

Counsel for Richard M Kipperman,
Chapter 11 Trustee

**Signed and Filed: July 11, 2014**

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>            Debtors. | Case No.: 08-32220-TEC<br>           09-30788-TEC<br>           09-30802-TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**ORDER CONFIRMING TRUSTEE'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION**<br><br>Plan Confirmation Hearing:<br><br>Date:   July 11, 2014<br>Time:  9:30 a.m.<br>Place:  235 Pine Street, 23rd Floor<br>           San Francisco, California<br>Judge:  Honorable Thomas Carlson |

     A hearing (the "Hearing") was held before this Court on July 11, 2014, at 9:30 a.m., to consider confirmation of the *Trustee's First Amended Chapter 11 Plan of Liquidation*, filed on May 12, 2014 (the "Plan").[1] Appearances at the Hearing on behalf of Richard M. Kipperman (the "Trustee"), the duly-appointed chapter 11 trustee of the substantively consolidated estates of CMR Mortgage Fund, LLC, CMR Mortgage Fund II, LLC, and CMR Mortgage Fund III, LLC, are noted on the record.

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Plan.

1

As set forth on the record at the hearing, the Court has reviewed the Plan and the ballot tabulation, memorandum of points and authorities, declarations and certificates of service submitted in support of confirmation of the Plan. The Court has also considered the statements of counsel at the Hearing. Certain objections have been filed opposing confirmation of the Plan.

Based upon the record of the Hearing, all the proceedings held before this Court in these cases, and the separately-entered findings of fact and conclusions of law,

**IT IS HEREBY ORDERED THAT:**

**A.     Plan Confirmed.**

The Plan, except as expressly modified hereby, is confirmed and all objections thereto are overruled, provided that the Liquidating Trust shall pay the outstanding allowed fees and expenses of Stein & Lubin, LLP on or as soon as practicable after the Effective Date of the Plan. The Trustee is authorized to: (a) take such actions as may be necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, and (b) execute such documents and instruments as may be required to carry out the Plan, including without limitation, the creation and funding of the Liquidating Trust.

**B.     Rejection of Certain Contracts and Leases.**

The Debtors' estates are authorized to reject the executory contracts and unexpired leases as set forth in the Plan.

**C.     Vesting of Estate Assets in Liquidating Trust.**

Upon the Effective Date, the Liquidating Trust shall be vested with all right, title and interest in the Estate Assets, including the Liquidating Trust Cash and the Liquidating Trust Retained Claims and/or Defenses, and such property shall become the property of the Liquidating Trust free and clear of all Claims, Liens, charges, other encumbrances and Interests, except as set forth in the Plan. Further, as of the Effective Date, the Liquidating Trust shall retain any stock or interests that the Debtors may hold in their affiliates or subsidiaries and retain any rights to which such stock or interests may be entitled under applicable law with respect to such shares or other interests. After the Effective Date, the Liquidating Trust may sell, transfer, assign or otherwise dispose of such shares or interests as permitted by applicable law.

2

### D. Appointment of Liquidating Trustee as Estate Representative.

The initial Liquidating Trustee shall be Richard M Kipperman. Any successor Liquidating Trustee shall be appointed pursuant to the Liquidating Trust Agreement and subject to the approval of the Bankruptcy Court. The Liquidating Trustee shall be deemed to have been appointed as the representative of the Estates by the Bankruptcy Court pursuant to section 1123(b)(3)(B) of the Bankruptcy Code for purposes of the Estate Assets, specifically including the Liquidating Trust Cash and the Liquidating Trust Retained Claims and/or Defenses. On the Effective Date, the Liquidating Trustee shall be the sole authorized representative and signatory of the Liquidating Trust, with authority to render any and all services necessary to effectuate the terms of the Plan. The powers, authority, responsibilities and duties of the Liquidating Trustee shall be governed by the Plan, the Confirmation Order and the Liquidating Trust Agreement. The Liquidating Trustee may execute, deliver, file or record such documents, instruments, releases and other agreements, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

### E. Binding Effect of the Plan.

The rights afforded under the Plan and the treatment of all Claims and Interests under the Plan shall be the sole and exclusive remedy on account of such Claims against, and Interests in the Estates and the Liquidating Trust, including any interest accrued on such Claims from and after the Petition Date or interest which would have accrued but for the commencement of the Chapter 11 Cases. Confirmation of the Plan shall bind and govern the acts of the Estates and the Liquidating Trust, and all holders of all Claims against, and Interests in the Debtors, whether or not: (i) a proof of Claim or proof of Interest is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code; (ii) a Claim or Interest is allowed pursuant to Section 502 of the Bankruptcy Code, or (iii) the holder of a Claim or Interest has accepted the Plan.

### F. Permanent Injunction.

Section 9.3 of the Plan is hereby modified and restated in its entirety to read as follows:

*Except as provided in the Plan or in the Confirmation Order, as of the Confirmation Date, all Persons that have held, currently hold or may hold a Claim, Interest or other debt or liability that*

3

*is stayed, impaired or terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Estates, the Trustee, the Liquidating Trust, the Liquidating Trustee, or their property on account of all or such portion of any such Claims, Interests, debts or liabilities that are stayed, impaired or terminated: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan. To avoid any doubt, nothing in the Plan shall be construed or is intended to affect, enjoin, modify, release or waive any claims, rights, and actions that a third party or creditor may have against anyone other than the Estates, the Trustee, the Liquidating Trust, the Liquidating Trustee, or their property. Unless otherwise provided in the Plan or the Confirmation Order, all injunctions and stays provided for in the Chapter 11 Cases pursuant to Sections 105 and 362 of the Bankruptcy Code or otherwise in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date. From and after the Effective Date, except as provided in the Plan or in the Confirmation Order, all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting any claim or interest, (a) seeking to hold (i) the Estates, the Trustee, the Liquidating Trust, or the Liquidating Trustee, or (ii) the property of the Estates, the Trustee, the Liquidating Trust, or the Liquidating Trustee liable for any Claim, obligation, right, interest, debt or liability that has been addressed or released pursuant the Plan.*

**G. Dissolution of Committee.**

On the Effective Date, the Equity Committee shall be dissolved and the members of the Equity Committee shall be released and discharged from any further authority, duties, responsibilities, liabilities and obligations related to, or arising from, the Chapter 11 Cases, except that the Equity Committee shall continue in existence and have standing and capacity to prepare and

4

prosecute applications for the payment of fees and reimbursement of expenses incurred by the Equity Committee or its Professionals.

### H. Administrative Claims Bar Date.

Pursuant to section 2.2 of the Plan, any Person asserting any Administrative Claims incurred from and after the Petition Date through the Effective Date (except with respect to Professional Fees, which instead shall be subject to the Professional Fees Bar Date addressed below) must file such Claims with the Court on or before **thirty (30) days after the Effective Date**, or be forever barred from asserting such Claims against the Debtors' Estates and/or from sharing in any distribution under the Plan.

### I. Rejection Claims Bar Date.

Pursuant to sections 7.1 and 7.2 of the Plan, any Person asserting any Claim for damages arising from the rejection of an executory contract or unexpired lease of the Debtors under the Plan shall file such Claim with the Court on or before **thirty (30) days after Effective Date**, or be forever barred from asserting such Claim against the Debtors' Estates and/or from sharing in any distribution under the Plan.

### J. Professional Fees Bar Date.

Pursuant to section 2.4 of the Plan, any Professional asserting a claim for compensation for services rendered and reimbursement for expenses incurred in accordance with sections 330, 331 or 503(b) of the Bankruptcy Code must file its application with the Court for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date of the Plan on or before **sixty (60) days after Effective Date**, or be forever barred from asserting such Claim against the Debtors' Estates and/or from sharing in any distribution under the Plan.

### K. Notice of Confirmation Order and Effective Date.

As soon as practicable following the Effective Date, counsel to the Trustee shall file and serve a notice of the entry of the Confirmation Order in the manner required under Bankruptcy Rule 2002(f). The notice shall further identify the Effective Date and shall set forth the Administrative

Claims Bar Date, the Professional Fees Bar Date, the Rejection Claims Bar Date and any other deadlines that may be established under the Plan or the Confirmation Order.

### L. Construction of Order.

The failure to reference a particular provision of the Plan in this Order shall not affect the validity or enforceability of such provision. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect as every other provision of the Plan, whether or not mentioned in this Order.

### M. Reservation of Rights.

Notwithstanding anything to the contrary herein or in the Plan, nothing in this Order or in the Plan shall limit, restrict, or otherwise impair in any way any defensive rights that an individual creditor or investor may have to assert counterclaims, setoff or recoupment rights, or any other defenses that such creditor or investor may have solely in response to affirmative actions that may be commenced against them by any party to recover money or damages.

### # # #