TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:     JULIE M. GLOSSON,
        Trial Attorney (#230709)
        Email: julie.m.glosson@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>         Debtors. | Case No. 08-32220 TEC<br>         09-30788 TEC<br>         09-30802 TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>Date: November 21, 2014<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>     235 Pine Street, 24th Floor<br>     San Francisco, CA |

**UNITED STATES TRUSTEE'S OBJECTION TO
FINAL FEE APPLICATION OF BERKELEY RESEARCH GROUP**

Tracy Hope Davis, United States Trustee for Region 17, by and through her undersigned counsel, hereby objects to the *Fifth and Final Application for Berkeley Research Group, LLC, As Accountants and Financial Advisors to Richard M. Kipperman, Chapter 11 Trustee* ("Application") [dkt. #1585]. Application requests approval of $99,862.50 in fees and $261.53 in expenses for the period March 1, 2014 to July 21, 2014, and for final approval of four prior

interim awards for a combined total of $470,430 in fees and $15,390 in expenses. For the reasons set forth below, the United States Trustee objects to the fees requested ("Objection").

The United States Trustee requests the Court consider in support of this Objection the Declaration of Patricia Martin In Support of the United States Trustee's Objection to Final Fee Application of Berkeley Research Group ("Martin Decl.").

## I. Introduction

Applicant requests compensation of $38,303 to prepare the interim and final fee applications. See Martin Decl. The United States Trustee objects under 11 U.S.C. § 330 to these fees because Applicant has not sustained its burden that the fees are reasonable under 11 U.S.C. § 330(a)(6). Because this amount exceeds the five percent (5%) maximum allowed under the Court's Guidelines for Compensation and Expense Reimbursement for Professionals and Trustees, the fees are presumptively not reasonable.

## II. Jurisdiction, Venue, and Statutory Predicate

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408. The United States Trustee has standing to file this Objection under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3)(A).

The statutory predicates are Sections 330 and 331 of title 11, United States Code (the "Bankruptcy Code"). These matters were initiated pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "UST Guidelines"), together with the Court's *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* ("Guidelines").

## III. Factual Summary

The above-captioned chapter 11 cases were real estate investment funds that made high-interest, short term loans to commercial borrowers secured by real property. See Disclosure Statement § II [dkt. #1433]. The Debtors were managed by a non-member manager, California

Mortgage & Realty Inc. ("CMRI"). Id. Although the debtors were formed as separate entities, the entities were managed as a single economic enterprise by CMRI with shared interests and loans between the Debtors. Id. At the time of filing, there were more than 1,900 member accounts with substantial overlap of investors among the funds. Id.

CMRI caused each of the Debtors to file separate bankruptcy cases in 2008 and 2009.[1] Those cases were substantively consolidated April, 2011. See Orders [dkt. #513, 795]. To represent the investors, the United States Trustee appointed an Official Committee of Equity Security Holders ("Equity Committee") in October, 2009. See Appointment [dkt. #263]. In December, 2009, the United States Trustee moved to appoint a chapter 11 trustee, which the Court conditionally denied, subject to confirmation of a plan. Although Debtors and the Equity Committee thereafter proposed a joint plan, confirmation was conditioned upon exit financing, which the proponents were unable to secure. Thereafter, the Court vacated confirmation of the joint plan and appointed a chapter 11 trustee by orders entered April 7, 2011. See Order Directing Appointment of Chapter 11 Trustee [dkt. #792]; Order Vacating Confirmation of Plan Dated June 24, 2010 [dkt. #791].

On April 15, 2011, the United States Trustee appointed Richard M. Kipperman as the Chapter 11 Trustee. Mr. Kipperman's chapter 11 plan of liquidation was confirmed by the Court on July 11, 2014. See Order Confirming Trustee's First Amended Chapter 11 Plan of Liquidation [dkt. #1507]. As Trustee, Mr. Kipperman employed a number of professionals under 11 U.S.C. § 327, including Berkeley Research Group ("BRG"), which were employed as the Trustee's accountants and financial advisors. See Order [dkt. #938].

IV. **Legal Argument**

A. **Applicant Has Burden of Proof that Fees Requested are Reasonable.**

The bankruptcy court may award to a professional person employed under section 327 or 1103 "reasonable compensation for actual, necessary services" rendered by the professional

---

[1] CMR Mortgage Fund LLC, 08-32220 filed November 18, 2008; CMR Mortgage Fund II LLC, 09-30788, and CMR Mortgage Fund III LLC, 09-30802 filed March 31, 2009.

person and "by any paraprofessional employed by any such person," and reimbursement "for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). The court may "award compensation that is less than the amount of compensation" requested, 11 U.S.C. § 330(a)(2), and "shall not allow compensation for" services that were duplicative, or services that were not reasonably likely to benefit the estate or necessary to the administration of the case, 11 U.S.C. § 330(a)(4)(A). <u>Roberts, Sheridan & Kotel P.C. v. Bergen Brunswig Drug Co. (In re Mednet)</u>, 251 B.R. 103 (B.A.P. 9th Cir. 2000); <u>Mohsen v. Wu (In re Moshen)</u>, 506 B.R. 96, 106 (N.D. Cal. 2013).

To determine "reasonableness," a court shall consider "all relevant factors" including, but not limited to, "the time spent on such services," the "rates charged" and "whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward completion of, a case under" title 11. 11 U.S.C. § 330(A)-(F). <u>See</u> <u>Leichty v. Neary (In re Strand)</u>, 375 F.3d 854, 858 (9th Cir. 2004) (interim awards are subject to final approval and may be modified).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983); <u>Law Offices of David A. Boone v. Derham-Burke (In re Eliapo)</u>, 298 B.R. 392, 402 (9th Cir. BAP 2003) *aff'd in part, rev'd other grounds*, 486 F.3d 592 (9th Cir. 2006). Under Bankruptcy Rule 2016 any entity seeking compensation from the bankruptcy estate "shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). To satisfy its burden, the applicant must file detailed fee statements to "enable the bankruptcy court to fulfill its obligation to examine carefully the requested compensation in order to ensure that the claimed expenses are justified." <u>In re Nucorp Energy, Inc.</u>, 764 F.2d 655, 658 (9th Cir. 1985); Fed. R. Bankr. P. 2016(a).

### B. Court Should Reduce Fees By $14,012 Because Application Seeks Fees In Excess of the 5% Maximum Allowed by the Guidelines.

Section 330(a)(6) allows compensation to be awarded for preparation of a fee application "based on the level and skill reasonably required to prepare the application." Such fees "*may not exceed five percent*" based upon the Court's Guidelines. See Guidelines ¶ 6 (emphasis in original). This section of the Guidelines has been interpreted by the Bankruptcy Appellate Panel of the Ninth Circuit in a 2009 unpublished decision as a mandatory cap on compensation for preparation of the fee application; however, the appellate court indicated that fees in excess of the cap may be awarded so long as there is sufficient justification. See Rakitin v. Berliner Cohen (In re Dimas LLC), 2009 WL 7809032 * 7 (B.A.P. 9th Cir. 2009).

BRG requests fees totaling $38,303 to prepare each of the five fee applications. See Martin Decl. This amount, however, is 7.88% of the total amount of fees and costs requested of $517,180. Id. To reduce this amount to the five percent (5%) limit would result in a reduction of $14,012. Id. The Application does not contain sufficient justification to warrant fees to prepare the Application in excess of five percent; and therefore, the amount requested is not reasonable and should be reduced to come within the five percent (5%) maximum. Absent supplemental information to support the fee requested the United States Trustee requests that the Court reduce the compensation requested by $14,012.

### V. Conclusion

WHEREFORE, the United States Trustee respectfully requests the Court (1) reduce the compensation requested by $14,012; and (2) for any other relief as is appropriate.

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

Dated: November 14, 2014

/s/ Julie M. Glosson
Trial Attorney
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379