Signed and Filed: December 5, 2014

THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                              )  Case Nos: 08-32220 TEC
                                   )            09-30788 TEC
CMR MORTGAGE FUND, LLC,            )            09-30802 TEC
CMR MORTGAGE FUND II, LLC,         )
CMR MORTGAGE FUND III, LLC,        )  Substantively Consolidated
                                   )
                                   )  Chapter 11
                                   )
                                   )
                  Debtors.         )
_____)
```

**MEMORANDUM DECISION RE OBJECTION TO FEE APPLICATION
OF MCNUTT LAW GROUP**

On November 21, 2014, the court held a hearing regarding the fourth interim and final fee application of the McNutt Law Group ("MLG"), counsel for the Official Committee of Equity Security Holders ("the Committee"). Scott H. McNutt appeared for MLG. Julie M. Glosson appeared for the Office of the United States Trustee ("UST").

UST objects to a portion of the fees sought by MLG on the basis that the firm failed to explain the necessity for the participation of multiple attorneys at hearings and intra-office conferences.

MEMORANDUM DECISION RE OBJECTION TO
FEE APPLICATION OF MCNUTT LAW GROUP

-1-

MLG has represented the Committee since October 2009. The court has approved three prior fee applications, allowing fees on an interim basis in the amount of $1,383,105. MLG now seeks final approval of those three interim allowances. UST has identified in those three applications time entries in the amount of $231,940 representing the participation of multiple attorneys at hearings and intra-office conferences. Neither UST nor any other party raised this issue when those interim fee applications first came before the court. I also note that MLG voluntarily reduced its fees by $39,717 in its third interim application.

Currently before the court for the first time is MLG's fourth fee application, which seeks fees of $194,805 for services performed from March 2013 to September 2014. In that fourth application, UST has identified time entries representing participation of multiple attorneys at hearings and intra-office conferences in the amount of $23,423. MLG voluntarily reduced its fees by $15,000 in this fourth interim application.

The fourth interim application should be allowed in full, because the voluntary reduction in fees more than offsets any unnecessary use of multiple attorneys. The voluntary reduction of $15,000 is equal to 64 percent of the *combined* services performed where multiple attorneys participated. I have reviewed in detail the time records in the fourth application and I am familiar with the issues presented in this complex case. My review indicates that a minimum of $7,580 of the attorney time in question was spent at hearings and meetings *at which at least one attorney had to participate*. That essential participation by at least one attorney and the voluntary reduction of fees account for more than 96

percent of the fees challenged by the UST. The difficulty of the issues in the case (especially the negotiations involving the insurance carriers and the district attorney) reasonably required participation by multiple attorneys in a sufficient number of discussions and hearings to justify the remainder of the fees in question.

I determine that the three prior interim awards should not be modified, because no one objected to MLG's use of multiple professionals when those prior applications came before the court, and because there have been no other developments in the case that justify modification of prior fee awards. The absence of a prior objection is relevant in two respects: it denied MLG the opportunity to adjust its staffing behavior in response to such an objection; and the passage of time makes it more difficult for MLG to explain why multiple attorneys were needed in a particular instance. Although the UST did not raise this issue, I also note that the case has not taken a turn for the worse that might justify modification of prior fee awards.

The court very much appreciates the diligence of the UST, and has attempted to take very seriously the UST's objection to the fourth interim application. That objection may have been sustained in substantial measure had MLG not voluntarily reduced its fees by a significant amount. As noted orally at the hearing, the court was also impressed and helped by the clarity of Ms. Martin's declaration.

**\*\*END OF MEMORANDUM DECISION\*\***