TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

By:     JULIE M. GLOSSON,
        Trial Attorney (#230709)
        Email: julie.m.glosson@usdoj.gov

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>                Debtors. | Case No. 08-32220 TEC<br>            09-30788 TEC<br>            09-30802 TEC<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>Date:  January 30, 2015<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>        235 Pine Street, 24th Floor<br>        San Francisco, CA |

**SUPPLEMENT TO UNITED STATES TRUSTEE'S OBJECTION TO
FINAL FEE APPLICATION OF CORPORATE MANAGEMENT, INC.**

Tracy Hope Davis, United States Trustee for Region 17, by and through her undersigned counsel, supplements her *Objection to Final Fee Applications of Chapter 11 Trustee Richard Kipperman and Corporate Management, Inc.* ("Objection") [dkt. #1628] to the *Fifth Interim and Final Application of Corporate Management, Inc. As Accountants and Financial Advisor to Chapter 11 Trustee for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period April 15, 2011 Through July 21, 2014* ("Corporate Management

Application") [dkt. #1584]. The *Chapter 11 Trustee's Fifth Interim and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period April 13, 2011 Through February 28, 2014* ("Trustee's Application" and collectively "Applications") [dkt. #1583] was previously approved by order entered December 23, 2014 [dkt. #1643].

I. **Introduction**

This Supplemental Objection filed by the United States Trustee is made in response to the supplemental declaration filed by Mr. Kipperman on behalf of Corporate Management Inc., ("Corporate Management") ("Kipperman Supplemental Declaration") [dkt. #1640]. Therein, Corporate Management supplemented its prior time records and agreed to reduce the total request for fees and costs of $706,524.94 by $15,266.92 resulting in a revised total request of **$691,258.02**. See Kipperman Supplemental Declaration [dkt. #1640].

For the reasons set forth below and in the United States Trustee's Objection [dkt. #1628], the United States Trustee objects to the fees requested by Corporate Management, including as supplemented, because the majority of the fees incurred by Corporate Management were for services that constitute trustee duties and therefore not compensable. In addition, Corporate Management requests $29,062.50 in fees for travel time when there is no evidence that work was performed during travel. Accordingly, the United States Trustee requests the Court reduce Corporate Management's request for fees by **$448,662.90**, which constitutes the amount of fees for services identified by the United States Trustee as falling into the category of trustee duties and non-compensable travel.

In support of this Supplemental Objection, the United States Trustee incorporates by reference the facts and legal argument set forth in the:

- United States Trustee's Objection to Final Fee Applications of Chapter 11 Trustee Richard Kipperman and Corporate Management, Inc. ("Objection") [dkt. #1628]; and

UST OBJECTION – COMPENSATION – TRUSTEE & CORPORATE MANAGEMENT: CMR 08-32220

2

- Declaration of Patricia Martin In Support of the United States Trustee's Objection to Final Fee Application of Chapter 11 Trustee Richard Kipperman and Corporate Management, Inc. ("Martin Decl.") [dkt. #1628].

## II. Corporate Management Performed Trustee Duties

The Bankruptcy Code sets forth the powers and duties of chapter 11 trustees at section 1106. By incorporating certain portions of section 704, a chapter 11 trustee's duties include but are not limited to, being accountable for property of the estate, examining proofs of claims, filing reports, investigating the debtor's assets, filing a plan, if appropriate, and other required financial reporting. 11 U.S.C. § 1106. In exchange for performing trustee duties, a trustee is entitled to reasonable compensation set by the calculation in section 326(a), absent extraordinary circumstances. 11 U.S.C. §§ 326, 330; see In re Rowe 750 F.3d 392 (4th Cir. 2014); In re Salgado-Nava 473 B.R. 911 (B.A.P. 9th Cir. 2012). To represent the trustee or "assist the trustee in carrying out the trustee's duties," section 327 authorizes the trustee to retain professional persons, subject to court approval. 11 U.S.C. § 327(a).

Because the Trustee received the maximum compensation under section 326(a), the issue is whether Corporate Management performed trustee duties, which fees would be subject to the section 326(a) cap, or whether it performed duties of a discrete nature requiring expertise or specialization, and thus would be separately compensable. The time records do not support Corporate Management's position that one-hundred percent (100%) of the time billed was in the performance of expert or discrete services as articulated in the application to employ[1].

Rather, the supplemented time records show that Corporate Management performed primarily clerical or administrative tasks. These include preparing trustee reports, fielding phone calls from investors, updating spreadsheets, and inter-office conferencing with the Trustee.

---

[1] As the sole owner of Corporate Management, the Trustee represented in his application to employ Corporate Management, that it "has expertise in real estate management, development, construction, finance, banking, leasing, sales, accounting, and consulting." See Application to Employ, p.1 ¶ 11 [dkt. #811]. The Trustee further stated that "Corporate Management can provide accounting and financial advisory services to the estate that go beyond the normal and customary duties of the trustee concerning administration." Id.

UST OBJECTION – COMPENSATION – TRUSTEE & CORPORATE MANAGEMENT: CMR 08-32220

3

These are not the type of services expected of a professional experienced in "real estate management, development, construction, [and] finance", and well within the "normal and customary" duties of a trustee.  In addition, the description of activities categorized as "claims administration" and "financial filings" do not justify compensation as one requiring special expertise.  By way of example, Ms. Teri Ferguson in the Fourth Interim Fee Period billed more than 154 hours for more than $30,000 in fees under the category "financial filings" primarily to respond to calls and emails from investors regarding the status of K-1s.  See Kipperman Supplemental Declaration, Exhibit A-4, p. 61-66 [dkt. #1640-1].

For this work, Corporate Management seeks compensation of $419,600.40 based upon the time entries in the following categories taken from the summary at Exhibit A to the Kipperman Supplemental Declaration:

| | TOTAL | Category Total |
|---|---:|---:|
| Case Admin | $ 15,785.00 | |
| | $ 110,120.00 | |
| | $ 5,792.50 | |
| | $ 4.40 | $ 131,701.90 |
| Claims Obj/Admin | $ 97,790.00 | |
| | $ 8,907.50 | $ 106,697.50 |
| Financial Filings | $ 168,670.00 | |
| | $ 9,222.50 | |
| | $ 1.00 | $ 177,893.50 |
| Plan & DST | $ 2,440.00 | |
| | $ 455.00 | $ 2,895.00 |
| Plan Implementation | $ 412.50 | |
| | **$ 419,600.40** | |

### III. The Compensation Paid to Corporate Management Should Be Limited Only to Those Services Which Required Expertise.

Under section 330(a), professionals separately employed by a trustee, as Corporate Management is here, are allowed compensation for reasonable, actual and necessary services.  11 U.S.C. §§ 327 and 330. Boldt v. U.S. Trustee (In re Jenkins), 130 F.3d 1335, 1341 (9th Cir. 1997).  There are, however, limits.  "[A]n attorney or accountant may not receive compensation

UST OBJECTION – COMPENSATION – TRUSTEE & CORPORATE MANAGEMENT: CMR 08-32220

4

for the performance of any trustee duties that are generally performed by a trustee without the assistance of an attorney or accountant." Ferrette & Slater v. U.S. Trustee (In re Garcia), 335 B.R. 717, 725 (B.A.P. 9th Cir. 2005) citing U.S. Trustee v. Boldt (In re Jenkins), 188 B.R. 416, 420 (B.A.P. 9th Cir. 1995) aff'd 130 F.3d 1335, 1341 (9th Cir. 1997). Under section 328(b), "compensation for the trustee's services as such attorney or accountant" are allowed "only to the extent that the trustee performed services as . . . accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an . . . accountant for the estate." 11 U.S.C. § 328(b).

Here, the compensation paid to Corporate Management should be limited to the performance of services that required specialization as was articulated in the employment application. See In re Jenkins, 130 F.3d at 1341.

To allow compensation to be paid to Corporate Management for performance of the trustee's duties would result in compensation to the Trustee far beyond the statutory maximum of section 326(a). Id. 130 F.3d at 1341 ("Congress apparently did not intend to encourage a trustee to collect more than the § 326(a) limit by shifting trustee duties to paraprofessionals, where the paraprofessional is an employee or independent contractor.").

Further, awarding compensation to Corporate Management, which effectively served as the Trustee's support staff, would be inconsistent with the Ninth Circuit's decision in U.S. Trustee v. Miguel, which held that section 330 does not allow for reimbursement of overhead expenses. U.S. Trustee v. Miguel (In re U.S. Trustee), 32 F.3d 1370 (9th Cir. 1994). Mr. Kipperman appears to be recouping a significant amount of his trustee overhead expenses through his wholly owned corporation's billing for paraprofessional rather than expert services. This is supported by reviewing the case in the totality. Corporate Management billed 3,273 hours or $649,070 for Ms. Ferguson's time alone at an administrative/paraprofessional – not expert – rate of $200/hour over a 40 month period.[2] See Martin Decl., Exhibit 1. The hours

---
[2] It is not known whether Ms. Ferguson's actual compensation (including benefits and associated employee costs) paid by Corporate Management approximated that amount. To the extent that

UST OBJECTION – COMPENSATION – TRUSTEE & CORPORATE MANAGEMENT: CMR 08-32220

5

billed by Ms. Ferguson for the same time period exceeded the aggregate time for expert legal and accounting advice provided by the Trustee's attorney (Pachulski) (1,854 hours for the entire firm) and Trustee's other accountant Berkeley Research Group (1,408.9 hours for the entire firm). These facts evidence the type of shifting of trustee duties to paraprofessionals which the Ninth Circuit rejected in <u>Jenkins</u>. <u>See</u> <u>In re Jenkins</u>, 130 F.3d at 1341.

Accordingly, the compensation paid to Corporate Management should be reduced based upon the above referenced categories.

### IV. Compensation for Travel Time Should be Denied.

According to Exhibit A to the Kipperman Supplemental Declaration, Corporate Management seeks compensation of $29,062.50 for travel time. A review of the time records shows that time was billed for actual travel time at the hourly rate of the biller. While the actual expense for travel is eligible for reimbursement under section 330(a), the time to travel is not compensable unless work was actually performed. <u>See</u> Guidelines ¶ 17. The time entries do not evidence that work was performed while travelling. <u>See</u> Kipperman Supplemental Declaration, Ex. A p. 32, 40, 67 [dkt. #1640]. Accordingly, $29,062 in fees incurred solely for travel should be denied. <u>See</u> Kipperman Supplemental Declaration, Ex. A, p. 11.

### V. Conclusion

WHEREFORE, the United States Trustee respectfully requests the Court (1) reduce the compensation requested by Corporate Management by **$448,662.90** consisting of $419,600.40 in non-compensable services and $29,062.50 in non-compensable travel time; and (2) for any other relief as is appropriate.

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE
Dated: January 16, 2015     /s/ Julie M. Glosson
Trial Attorney

---

the actual costs for Ms. Ferguson's services are less than those billed to the estate, Corporate Management's employment would be a profit center for the Trustee and further support for the notion that the Trustee is using Corporate Management to circumvent the cap under section 326(a).

UST OBJECTION – COMPENSATION – TRUSTEE & CORPORATE MANAGEMENT: CMR 08-32220

6

| | |
|---|---|
| 1 | Office of the United States Trustee |
| 2 | 235 Pine Street, Suite 700 |
| | San Francisco, CA 94104 |
| 3 | Telephone: (415) 705-3333 |
| | Facsimile: (415) 705-3379 |

UST OBJECTION – COMPENSATION – TRUSTEE & CORPORATE MANAGEMENT: CMR 08-32220

Case: 08-32220   Doc# 1648   Filed: 01/16/15   Entered: 01/16/15 14:49:23   Page 7 of 7