Signed and Filed: June 25, 2015

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>                Debtors. | Case Nos: 08-32220 TEC<br>           09-30788 TEC<br>           09-30802 TEC<br><br>Substantively Consolidated<br><br>Chapter 11 |

**TENTATIVE RULING RE MOTION TO ENFORCE SETTLEMENT AGREEMENT**

The court issues the following tentative ruling to help the parties prepare for oral argument, and to help the court avoid errors, especially potential errors in numerical calculations.

JURISDICTION

1. This court has subject-matter jurisdiction to enforce the Settlement Agreement via its retained jurisdiction over the adversary proceeding in which that settlement was approved. This court expressly reserved jurisdiction to enforce the settlement in the order approving the settlement and dismissing the action. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994).

TENTATIVE RULING RE MOTION TO
ENFORCE SETTLEMENT AGREEMENT

-1-

2. This matter need not be resolved by an Article III judge, because in section 14.2 of the Settlement Agreement all parties consented to this court resolving on a final basis all controversies regarding the enforcement of the Settlement Agreement. <u>Wellness Int'l Network, Ltd. v. Sharif</u>, 575 U.S. ___ (2015). Choo signed the written Settlement Agreement and does not contend that it is not a binding contract.

3. Trustee need not commence a separate adversary proceeding to seek enforcement of the signed, written Settlement Agreement. <u>City Equities Anaheim v. Lincoln Plaza Devel. Co.</u>, 22 F.3d 954, 958 (9th Cir. 1994). As required under that decision, this court will treat Trustee's motion as a motion for summary judgment, and will hold an evidentiary hearing to resolve any genuine issues of material fact.

4. Choo has no right to jury trial in this proceeding. Enforcement of a settlement agreement approved by a court and under which that court retains jurisdiction to enforce the settlement is considered a "summary" proceeding. A major purpose of permitting a matter to be resolved in a summary manner is to avoid the cost and delay involved in trial by jury. <u>Katchen v. Landy</u>, 382 U.S. 323 (1966).

FIRST STREET PROPERTY

1. <u>Entitlement to Share of Net Gain</u>. The $25 million received from TMG/Northwood constitute proceeds from the sale of the First Street Properties subject to section 5.1 of the Settlement Agreement. It does not matter that the property had been foreclosed upon and that the funds paid were in part

**TENTATIVE RULING RE MOTION TO
ENFORCE SETTLEMENT AGREEMENT**

-2-

settlement of wrongful foreclosure claims, because those claims were related to the First Street Properties, because those claims were held by Choo and parties listed in Exhibit D to the Settlement Agreement, because section 5.1.2 of the Settlement Agreement provides that the sharing provisions of section 5.1 apply to "all assets" of the entities listed in Exhibit D, and because the transaction was also a sale in that it confirmed the transfer of the property to a third party.

   2.   Determination of Trustee's Share of Net Gain.

   A.   The proceeds subject to section 5.1 include the full $25 million received from TMG/Northwood. The documents make clear that the $5 million "invested" by Choo was paid from funds provided by TMG/Northwood, not from Choo's own funds. The principal question regarding the carried interest is whether Choo should be treated as having received $5 million in proceeds, or whether he retains an interest in the property that has not yet been liquidated (I assume the former in the calculation in part 2.F(ii), below).

   B.   No deduction should be made for costs of sale or property taxes, because the evidence indicates that the $25 million paid to Choo and the LLCs was not reduced by any such expenses.

   C.   No deduction should be made for income taxes paid by Choo. The formula in section 5.1 of the Settlement Agreement for determining "net gain" does not permit any adjustment for *income* taxes. Further, the LLCs are "pass through" entities for income tax purposes. The money distributed to Choo from the First Street bankruptcy estate was clearly an advance distribution on equity interests in a solvent case, not the payment of a liability of the estate. By the same token, the distribution to Choo from the First

**TENTATIVE RULING RE MOTION TO**
**ENFORCE SETTLEMENT AGREEMENT**

-3-

Street estate does not represent proceeds from the sale of the property; such proceeds are limited to the $20 million distributed to the LLCs and the $5 million distributed to Choo in the form of the carried interest.

    D. The distributions made from the First Street estate to Trustee are credits against the share of "net gain" Trustee is entitled to receive under section 5.1.

    E. No deduction should be made for litigation expenses. (i) The formula in section 5.1 for determining "net gain" contains no reference to litigation expenses. (ii) The only language in the formula that is in any way amendable to including litigation expenses is the reference to "judgments." But the most natural reading of that term is that it refers to judgment liens held by third parties. (iii) Choo states in his declaration that he understood the formula to allow the deduction of litigation expenses, and that he would not have signed it had he known that it did not. But Choo has not identified any communications between the parties that indicate that "net gain" is to include litigation expenses. Choo's subjective belief as to the meaning of the contract is insufficient. (iv) Reading the "net gain" formula to exclude litigation expenses is not unreasonable for two reasons. First, Choo knew at the time he signed the Settlement Agreement that the property had been foreclosed upon and could only be recovered through litigation, but he did not insist on language that allowed litigation costs to be deducted in determining "net gain." Second, section 5.1 permits Trustee to recover only about 6 percent of the proceeds from the First Street Property and the claims related to that property. The parties forced to bear the

**TENTATIVE RULING RE MOTION TO**
**ENFORCE SETTLEMENT AGREEMENT**

-4-

litigation costs (which Choo states total $3 million) received
proceeds of more than $23 million from which to pay those
litigation costs.  (v) Choo states in his declaration that he does
not have access to all the documents leading up to the Settlement
Agreement.  The court will consider affording Choo limited
additional time under Rule 56(d)(2) to controvert what is in
substance a motion for summary judgment by Trustee.  Choo will have
to submit evidence that the parties *agreed* that the formula for
"net gain" was intended to include a deduction for the Seller's
litigation expenses.  *Such a showing must be based on
communications between Choo and the Class Action Plaintiffs, not on
the subjective understanding of Choo alone.*

  F.  In light of the above, it appears that the amount
currently due Trustee under section 5.1 of the Settlement Agreement
from the disposition of the First Street Property is $995,000,
calculated as follows:

  (i)  Net Gain attributable to proceeds received by LLCs

    $20 million (initial and deferred cash to LLCs)
   x .47 (share of value of property subject to Settlement
     Agreement)
   <u>x .10 (percentage of "net gain" due to Trustee)</u>
   = $940,000

  (ii) Net Gain attributable to funds paid on behalf of Choo for
    carried interest

    $5 million
   <u>x .10 (percentage of "net gain" to Trustee)</u>
   = $500,000

  (iii)Amount due Trustee

    $1,440,000
   <u>- $445,000(amounts paid Trustee from First Street estate)</u>
   = $995,000

**TENTATIVE RULING RE MOTION TO
ENFORCE SETTLEMENT AGREEMENT**

-5-

MARKET STREET PROPERTY

1. Any interest Choo held in the Market Street Property at the time of its sale is subject to section 5.1 of the Settlement Agreement.

2. Choo represented in February 2012 for the purpose of securing the benefits of the Settlement Agreement that he held a 9% interest in the Market Street Property.

3. Choo represented in May 2012 for the purpose of securing the benefits of the Settlement Agreement that neither he *nor an affiliate* had transferred any interest in the Market Street Property to an entity not subject to section 5.1.

4. To the extent CMR Capital transferred property to an entity not subject to section 5.1, Choo's May 2012 declaration was patently false. Furthermore, Choo is sufficiently sophisticated that he undoubtedly understood (i) that CMR Capital was his "affiliate," and (ii) that his declaration was false if CMR Capital transferred its interest in the Market Street Property to an entity not subject to section 5.1.

5. The Market Street Property was sold in 2014. The "net gain" under section 5.1 from that sale would be approximately $5.6 million. Trustee's 10% share of that net gain would be approximately $560,000.

6. Trustee is entitled to a judgment against Choo for approximately $560,000. For this purpose, the court need not determine whether the entity that received the sale proceeds is subject to section 5.1. If it is, Trustee is entitled to that sum under section 5.1 directly. If Choo transferred his interest to an entity not subject to section 5.1, he is liable to Trustee for

**TENTATIVE RULING RE MOTION TO
ENFORCE SETTLEMENT AGREEMENT**

-6-

damages in that amount, because of the misrepresentation he made to secure the benefits of the Settlement Agreement, and this court has authority to fashion an appropriate remedy for that misrepresentation under section 14.2 of the Settlement Agreement.

MATTERS TO BE ADDRESSED AT ORAL ARGUMENT

1. Does Choo's declaration create any genuine issue of material fact?

2. How to treat the $5 million that was used to buy the carried interest. Should the cash used to purchase that interest be treated as received by Choo at the time the omnibus transaction closed, or should the transaction be split in two with the LLCs receiving $20 million cash and Choo retaining an interest in the First Street Property that has not yet been liquidated?

3. The exact amount of the "net gain" from the sale of the Market Street Property (I have not found in the documents submitted an unredacted copy of the closing statement).

4. The appropriate form of remedy. The court is inclined to enter a money judgment in favor of Trustee that would enable Trustee to intercept any amount otherwise payable to Choo from the First Street bankruptcy estate.

5. The form of other relief to be granted: state-court lawsuit, disclosure.

**\*\*END OF TENTATIVE RULING\*\***

**TENTATIVE RULING RE MOTION TO ENFORCE SETTLEMENT AGREEMENT**

-7-