Entered on Docket
July 06, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: July 6, 2015

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>                Debtors. | Case Nos: 08-32220 TEC<br>           09-30788 TEC<br>           09-30802 TEC<br><br>Substantively Consolidated<br><br>Chapter 11 |

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT
### ON MOTION TO ENFORCE SETTLEMENT AGREEMENT

On June 26, 2015, the court held a hearing on the Chapter 11 Trustee's motion to enforce the terms of a settlement agreement approved by this court in a class action adversary proceeding brought in this court against David Choo. David M. Bertenthal appeared for the Chapter 11 Trustee. Dean T. Kirby, Jr. appeared for Respondent David Choo.

The court issued a Tentative Ruling before the June 26th hearing. The court now adopts that Tentative Ruling, with the exceptions and clarifications noted below. The paragraph numbers

ORDER GRANTING PARTIAL SUMMARY
JUDGMENT ON MOTION TO ENFORCE
SETTLEMENT AGREEMENT

-1-

used below correspond to the numbers in the Tentative Ruling that are adopted in full or modified in this order.

**JURISDICTION**

1. No changes from the Tentative Ruling.
2. No changes from the Tentative Ruling.
3. No changes from the Tentative Ruling.
4. No changes from the Tentative Ruling.

**FIRST STREET PROPERTY**

1. <u>Entitlement to Share of Net Gains</u>. The Tentative Ruling is modified as follows. In the first sentence, $25 million is changed to $20 million. The last sentence is deleted.

2. <u>Determination of Trustee's Share of Net Gain</u>.

A. Proceeds subject to paragraph 5.1 include 47% of the $20 million cash proceeds received from the TMG/Northwood transaction.

Proceeds subject to paragraph 5.1 also include the not-yet-liquidated value of the Carried Interest. This is so, because the Carried Interest derives from real property held on the Agreement Execution Date by Choo and the other entities listed in Exhibit D.

Trustee contends that he is entitled to a share of the sale proceeds from the ultimate disposition of the Carried Interest, as opposed to a share of the $5 million used to purchase the Carried Interest. That is a proper reading of the Settlement Agreement argument, because the proceeds from the disposition of the Carried Interest come from "development" of real property listed in Exhibit D. Trustee's claim to the proceeds of the ultimate disposition of the Carried Interest should be considered an election of remedies, however, and Trustee should not be permitted to claim the $5 million allocated to purchase the Carried Interest if the proceeds

**ORDER GRANTING PARTIAL SUMMARY**
**JUDGMENT ON MOTION TO ENFORCE**
**SETTLEMENT AGREEMENT**

-2-

of the Carried Interest turn out to be less than that amount.

Trustee also contends that his share of the proceeds of the Carried Interest should not be reduced to reflect Choo's partial ownership of the First Street LLCs. This is so, Trustee contends, because the Carried Interest is in the name of Choo alone, and is not held by the First Street LLCs. This argument is not persuasive, because the respective share of Choo's interest in the First Street Property was determined as of the Agreement Execution Date, which occurred before that property was transferred to TMG/Northwood, and thus before the proceeds of the property were divided into the cash proceeds held by the LLCs and the Carried Interest held by Choo directly.

Choo is estopped from contending that he does not hold at least 47% of the equity interest of the LLCs. Trustee is not barred from showing that Choo owns a larger proportion, but Trustee has not done so. The court does not determine at this time that Trustee is entitled to more than his 10% share of Choo's 47% interest in the cash and Carried Interest proceeds combined.

B. No changes from the Tentative Ruling.

C. The only change from the Tentative Ruling is that in the last sentence "$5 million distributed to Choo in the form of the carried interest" is changed to "the proceeds Choo ultimately receives from the Carried Interest."

D. No changes from the Tentative Ruling.

E. No determination is made at this time as to whether litigation expenses can be deducted in determining "net gain." Pursuant to F.R.Civ.P. 56(d), Choo has until **September 4, 2015** to file a declaration containing admissible evidence of communications

**ORDER GRANTING PARTIAL SUMMARY
JUDGMENT ON MOTION TO ENFORCE
SETTLEMENT AGREEMENT**

-3-

between the parties to the Settlement Agreement indicating that those parties agreed that expenses incurred in challenging the foreclosure sale were to be deductible as either "costs of sale" or "judgments" under the formula for determining "net gain" in paragraph 5.1. Absent such evidence, the court will adopt the most straightforward reading of those words, which does not permit deduction of litigation expenses.

  F. This part of the Tentative Ruling is withdrawn. It is not possible to determine at this time the amount due the Trustee.

**MARKET STREET PROPERTY**

  1. No changes from the Tentative Ruling.
  2. No changes from the Tentative Ruling.
  3. No changes from the Tentative Ruling.
  4. No changes from the Tentative Ruling.
  5. No changes from the Tentative Ruling.
  6. No changes from the Tentative Ruling.

  The court will determine the exact amount due when it receives copies of all the relevant closing documents from the sale of the Market Street Property.

**MATTERS TO BE ADDRESSED AT ORAL ARGUMENT**

  This section of the Tentative Ruling is withdrawn as moot.

**FURTHER PROCEEDINGS**

  1. Trustee shall arrange a telephone status conference regarding the proceeds of the Market Street Property promptly after Trustee obtains the closing documents from the sale of the Market Street Property.

  2. The court will hold a status conference regarding the proceeds of the First Street Property on September 11, 2015

**ORDER GRANTING PARTIAL SUMMARY JUDGMENT ON MOTION TO ENFORCE SETTLEMENT AGREEMENT**

-4-

1  at 9:30 a.m.
2      3.  The court will enter a more formal judgment when all
3  issues have been resolved.

                          **END OF ORDER**

**ORDER GRANTING PARTIAL SUMMARY**
**JUDGMENT ON MOTION TO ENFORCE**
**SETTLEMENT AGREEMENT**

-5-