

Signed and Filed: January 26, 2016

_____
THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                              ) Bankruptcy Case
                                   ) No. 08-32220TC
CMR MORTGAGE FUND, LLC,            )
                                   ) Chapter 11
                                   )
              Debtor.              )
_____)

MEMORANDUM DECISION RE OBJECTION TO CLAIM #72 (John Lee Tung)
AND TRUSTEE'S MOTION FOR SANCTIONS

On January 8, 2016, the court held a hearing regarding Trustee's objection to claim #72, and Trustee's motion for Rule 9011 sanctions against claimant John Lee Tung.  Miriam Manning appeared for Trustee.  Claimant John Lee Tung appeared in pro per. Upon due consideration, and for the reasons stated below, the court determines that the objection to claim should be sustained, and the motion for sanctions should be granted.

**BACKGROUND**

Mr. Tung ("Tung") was involved in the development of commercial property on 12th Street in Oakland, California (the "Commercial Property").  To facilitate that development, he transferred the Commercial Property to Saigon Plaza Association, LLC.  In 2005, Saigon Plaza borrowed $5.75 million from CMR Fund secured by the Commercial Property (hereinafter the Loan or the

-1-

Loan Agreement). CMR required Tung to guarantee the Loan and to execute a deed of trust against his personal residence to secure repayment of the Loan. The Loan Agreement, signed by Tung both on behalf of Saigon Plaza and in his individual capacity, contained a clause requiring arbitration of all disputes.

Saigon Plaza defaulted in repaying the Loan. In September 2006, CMR, Saigon Plaza, and Tung entered into a Forbearance Agreement under which Saigon Plaza and Tung both waived all claims against CMR related to the Loan. When Saigon Plaza failed to perform under the Forbearance Agreement, CMR foreclosed upon both the 12th Street commercial property and Tung's personal residence.

Tung filed an action in state court against CMRI (an entity related to CMR Fund). The complaint was referred to arbitration pursuant to the Loan Agreement. In his arbitration complaint, Tung refers to CMRI and CMR Fund interchangeably, and asserts that CMR Fund and CMRI "have a unity of interest such that they are not separate entities" (¶26). Tung's arbitration complaint alleges various breaches of the Loan Agreement that he contends render unenforceable both his personal guarantee and the deed of trust against his residence.

The arbitration resulted in a decision in favor of CMRI. The arbitrator found that to the extent that Tung had standing to assert claims against CMRI, he had waived those claims in the Forbearance Agreement. The arbitrator's decision was confirmed by the Superior Court, and the order of the Superior Court was affirmed by the California Court of Appeal on March 30, 2015.

On April 29, 2015, Tung filed a proof of claim in this court against Debtor CMR Fund. As the basis for his claim, Tung's proof

of claim states only "mortgage note." The amount of the claim is listed as $10,000,000. No documents were attached to the proof of claim.

On May 5, 2015, attorney Nicole Hodge Amey sent Trustee's counsel an email asserting that CMR had loaned Tung $10 million in 2012 and that CMR had wrongfully foreclosed on Tung's personal residence.

On May 13, 2015, counsel for Trustee sent Ms. Amey an email asserting that the arbitration decision barred Tung from asserting any claims against CMR, and demanding that Tung withdraw his proof of claim. On October 28, 2015, Trustee served, but did not file, a motion for sanctions under Rule 9011.

On December 11, 2015, Trustee filed and served: (1) a formal objection to Tung's claim; and (2) the motion for Rule 9011 sanctions. Trustee set both matters for hearing on January 8, 2016. The notice of hearing advised Tung that under the Court's local rules, he was required to file a written response to both the objection to claim and the motion for sanctions by December 28, 2015.

Tung failed to file any written response before the January 8, 2016 hearing, but he did appear at the hearing in pro per. At the hearing, Tung submitted a long written response. The court noted that the response was untimely, but directed that it be filed. The court then stated that it would read Tung's response and determine what action was appropriate.

**DISCUSSION**

**A. Objection to Claim**

Trustee's objection to claim should be sustained for two

separate reasons.

First, Tung's response to both the objection to claim and the motion for sanctions was untimely. The Trustee set both matters for hearing under BLR 9014-1(b)(2). Under BLR 9014-1(c)(1), written opposition was due on December 28, 2015. Tung did not file his opposition until January 8, 2016.

Second, Tung's late-filed opposition provides no basis to overrule Trustee's objection to claim. That objection to claim was supported by an arbitration award holding that any claim that Tung may have had arising from the Loan Agreement had been waived via the Forbearance Agreement. The court order confirming that arbitration decision is final. The issues raised in the arbitration and the proof of claim are identical: both assert various wrongs arising out of the Loan Agreement. The parties in the arbitration and the proof of claim are also the same: Tung himself asserts that CMR Fund and CMRI have a unity of interest. Tung's response to Trustee's objection to claim fails to offer any persuasive argument why his claim is not barred by the preclusive effect of the confirmed arbitration decision.

**B.  Motion for Sanctions**

Trustee's motion for Rule 9011 sanctions should also be granted. First, Trustee's motion complies with the safe-harbor requirements of Rule 9011, and Tung has not filed timely opposition Trustee's motion. Second, as noted above, the untimely response that Tung did file offers no colorable argument that the confirmed arbitration decision does not bar his proof of claim. Third, Tung's untimely response does not address the motion for sanctions at all.

-4-

Trustee seeks to have this court impose monetary sanctions upon Tung, but has not yet submitted evidence regarding the proper amount of any such award. The court notes that the appropriate standard for determining an appropriate monetary sanction is the amount necessary to deter Tung from future violations. Fed. R. Bankr. P. 9011(c)(2). Any evidence submitted by Trustee should address this standard. Pending any such submission, the court will take the following action to prevent Trustee from incurring any additional, unnecessary expense: should Tung file a motion for reconsideration of the accompanying order disallowing his claim, Trustee need not file any response to that motion until ordered to do so by this court.

**END OF MEMORANDUM DECISION**