David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail:dbertenthal@pszjlaw.com
       mlitvak@pszjlaw.com
       mmanning@pszjlaw.com

Counsel for Richard M Kipperman,
Liquidating Trustee of the CMR Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>Debtors. | Case No.: 08-32220-HLB<br>09-30788-HLB<br>09-30802-HLB<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**NOTICE OF LIQUIDATING TRUSTEE'S INTENT TO DESTROY OBSOLETE RECORDS** |

**TO THE HONORABLE HANNAH BLUMENSTIEL, THE UNITED STATES TRUSTEE, AND ALL PARTIES WHO HAVE REQUESTED POST-CONFIRMATION NOTICE:**

Richard M Kipperman, the Liquidating Trustee (the "Liquidating Trustee") of the CMR Liquidating Trust ("Trust"), by and through his undersigned counsel, hereby provides notice of his intent to destroy certain obsolete documents, books, and records that are no longer necessary for the administration of the Trust.

**BACKGROUND**

CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court on November 19, 2008. On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III") filed voluntary chapter 11 petitions in this Court. Fund I, Fund

II and Fund III are collectively referred to herein as the "Debtors." On April 7, 2011, the Court substantively consolidated the Debtors' cases, and ordered the appointment of a chapter 11 trustee. By order dated April 14, 2011, Richard M Kipperman was appointed as the chapter 11 trustee of the Debtors' substantively consolidated cases.

On July 14, 2014, the Bankruptcy Court entered an *Order Confirming Trustee's First Amended Chapter 11 Plan of Liquidation* dated May 12, 2014 (the "Plan"). Pursuant to the Plan, Mr. Kipperman was discharged as chapter 11 trustee of the Debtors' estates and was appointed as the Liquidating Trustee of the Trust to administer the Trust in accordance with the terms of the Plan and the Trust. Since the Liquidating Trustee's appointment as the chapter 11 trustee and Liquidating Trustee, the Debtors have produced approximately 100 boxes of documents relating to their business operations, including, bank statements, accounting records, loan files, and investor files (the "Documents"). The Liquidating Trustee has concluded all litigation, claims objections, and other matters that have required the retention the Documents, thereby making their continued retention unnecessary.[1] In addition, none of the Documents are necessary for the Trust's continuing activities, including preparation of the Trust's remaining tax returns or for any other accounting, reporting or distribution purpose.

Article VIII of the Trust provides the Liquidating Trustee with the authority to destroy records that are no longer necessary to the administration of the Trust. That section provides:

> The Liquidating Trustee shall maintain books and records containing a description of all property from time to time constituting the Liquidating Trust Assets and an accounting of all receipts and disbursements. Such books and records may be destroyed without further notice to parties or approval of the Bankruptcy Court three (3) years after the final report to the Bankruptcy Court has been rendered by the Liquidating Trustee (unless such records and documents are necessary to fulfill the Liquidating Trustee's obligations pursuant to this Agreement). **Notwithstanding the foregoing, during the term of the Liquidating Trust, the Liquidating Trustee may destroy business records transferred by Grantor[2] to the Liquidating Trust thirty (30) days after delivery of written notice to the Bankruptcy Court of the Liquidating Trustee's intent to destroy such records**. The Liquidating Trustee may estimate and include, as part of the Liquidating Trustee's compensation, a reasonable sum to be used for

---
[1] The Liquidating Trustee has retained electronic versions of any of the investor related records in the event they are needed going forward.
[2] The term "Grantor" is defined in the Trust as the Debtors herein.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

> the purposes of maintaining, accessing and destroying records during the term of the Liquidating Trust and for up to three (3) years thereafter.

Plan, Article VIII (emphasis added).

The Liquidating Trustee expects to prepare the Debtors' case for closure in the near term and desires to provide the requisite notice for the destruction of obsolete business records. Since none of the Documents are relevant or necessary for the Liquidating Trustee's fulfillment of his remaining duties under the terms of the Trust, the proposed destruction of the Documents is warranted.

## NOTICE RECIPIENTS

Section 12.8.2 of the Plan provides that following the Effective Date, notices "will be served only on the Office of the United States Trustee and those Persons who file with the Court and serve upon the Liquidating Trustee a request, . . . that such Person receive notice of post-Effective Date matters." This notice has been served on all parties who are required to receive notice as well as those who have registered for ECF service in this case and who will therefore automatically receive service of this notice.

Respectfully submitted,

Dated: July 13, 2021               PACHULSKI STANG ZIEHL & JONES LLP

                                   By: */s/ Miriam Manning*
                                        Miriam Manning

                                   Attorneys for Richard Kipperman,
                                   Liquidating Trustee of the CMR Liquidating Trust