1   David M. Bertenthal (CA Bar No. 167624)
    Maxim B. Litvak (CA Bar No. 215852)
2   Miriam Manning (CA Bar No. 178584)
    PACHULSKI STANG ZIEHL & JONES LLP
3   One Market Plaza, Spear Tower
    40th Floor, Suite 4000
4   San Francisco, California 94105-1020
    Telephone: 415/263-7000
5   Facsimile: 415/263-7010
    E-mail:dbertenthal@pszjlaw.com
6          mlitvak@pszjlaw.com
           mmanning@pszjlaw.com
7
    Counsel for Richard M Kipperman,
8   Liquidating Trustee of the CMR Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>CMR MORTGAGE FUND, LLC,<br>CMR MORTGAGE FUND II, LLC,<br>CMR MORTGAGE FUND III, LLC,<br><br>            Debtors. | Case No.: 08-32220-HLB<br>          09-30788-HLB<br>          09-30802-HLB<br><br>Substantively Consolidated<br><br>Chapter 11<br><br>**APPLICATION TO (I) REOPEN CHAPTER 11 CASES, (II) APPOINT SUCCESSOR TRUSTEE AND (III) IMMEDIATELY CLOSE CHAPTER 11 CASES** |

Pachulski Stang Ziehl & Jones ("PSZJ") counsel for Richard M Kipperman ("Liquidating Trustee" or "Mr. Kipperman"), the duly appointed trustee of the CMR Liquidating Trust ("Trust"), hereby submits an *Application to (I) Reopen Chapter 11 Cases, (II) Approve the Appointment of Successor Trustee, and (III) Immediately Close Chapter 11 Cases* (the "Application"), and in support thereof respectfully states as follows:

**I.**

**JURISDICTION AND VENUE**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (a) and (o). Venue of this Chapter 11 Case

and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 350 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## BACKGROUND

On November 18, 2008 CMR Mortgage Fund, LLC ("Fund I") filed a voluntary chapter 11 petition in this Court. On March 31, 2009, CMR Mortgage Fund II, LLC ("Fund II") and CMR Mortgage Fund III, LLC ("Fund III") filed voluntary chapter 11 petitions as Case Nos. 09-30788 and 09-30802, respectively. (Fund I, Fund II and Fund III, collectively the "Debtors.") On April 14, 2011, Richard M Kipperman was appointed as the chapter 11 trustee of the Debtors' substantively consolidated cases.

On July 14, 2014, the Court entered an *Order Confirming Trustee's First Amended Chapter 11 Plan of Liquidation* dated May 12, 2014 (the "Plan"). Pursuant to the Plan, Mr. Kipperman was discharged as chapter 11 trustee of the Debtors' estates and was appointed as the Liquidating Trustee of the Trust.

On November 23, 2021, the Liquidating Trustee caused to be filed an *Motion for Final Decree and Closing Cases* [Dkt 1880] ("Motion to Close") as the Trust's affairs had been substantially completed in accordance with the Trust, applicable law and Plan with only a few "wind down obligations" remaining. The remaining obligations consisted of paying outstanding ordinary course administrative fees and expenses and other distributions out of the remaining cash on hand, preparing any tax filings, and coordinating the storage and preservation of the Trust's remaining records. On December 8, 2021 the court granted the Motion to Close and entered an *Order Granting Final Decree and Closes Cases* [Dkt 1884] ("Final Decree").

However, the Liquidating Trustee unexpectedly passed away before the final tasks could be completed. Accordingly, it is submitted that the Court should reopen the Chapter 11 Cases for the limited purpose of appointing a Successor Trustee.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    Appointment of Successor Trustee.

2    Lisa Jones, a Senior Analyst at Corporate Management (the entity for which Mr. Kipperman

3    had served as president) has worked closely with the Liquidating Trustee since 2016 on the Debtors'

4    cases as has agreed to serve as the successor trustee under the terms of the Trust (the "Successor

5    Trustee").  *See*, Declaration of Ms. Jones filed in support of the Application.

6    Pursuant to paragraph 7.5 of the Liquidating Trust,

7
        Upon the resignation, death, incapacity, or removal of a Liquidating
8        Trustee, the Bankruptcy Court shall appoint a successor Liquidating
         Trustee to fill the vacancy so created.  Any successor Liquidating
9        Trustee so appointed shall consent to and accept in writing the terms of
         this Agreement and agrees that the provisions of this Agreement shall
10       be binding upon and inure to the benefit of the successor Liquidating
         Trustee.
11

12    PSZJ respectfully submits that Ms. Jones be named as the Successor Trustee.  Ms. Jones has

13    worked closely with Mr. Kipperman in a supporting role while he served as the Liquidating Trustee

14    in the Debtors' cases and she has become familiar with the cases.  Since 2016, she was responsible

15    for handling the day-to-day operations of the Trust, including maintaining the Trust's bank accounts

16    and other financial affairs, calculating and preparing distributions to the beneficiaries and

17    administrative claimants pursuant to the terms of the Trust, and preparing the quarterly operating

18    reports.   She therefore has first-hand day-to-day knowledge of the Trust, its remaining assets and

19    obligations. *See* Declaration of Ms. Jones.  In fact, Ms. Jones was in the process of calculating the

20    final payments and distributions from the Trust before Mr. Kipperman passed away.  In order to

21    complete these final payments and distributions and finalize the wind down of the Trust's affairs, a

22    court order authorizing Ms. Jones' appointment as the Successor Trustee is necessary.

23    The transition from Mr. Kipperman to Ms. Jones as Successor Trustee should be seamless, as

24    Ms. Jones has supported Mr. Kipperman with the administration of the Trust since 2016.  The

25    appointment of the Successor Trustee will also not have any impact on the performance of the

26    obligations under the Trust and the very few wind down tasks remain.

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    Should the Court grant this Application, the "successor Liquidating Trustee shall have all the

2    rights, privileges, powers, and duties of his or her predecessor under this Agreement and the Plan."

3    Trust, section 7.6.

4                                                    **III.**

5                                         **RELIEF REQUESTED**

6    By this Application, counsel for the Liquidating Trustee respectfully requests entry of an

7    order reopening the Chapter 11 Cases to approve the appointment of the Successor Trustee so that

8    the remaining wind down tasks may be completed.  To minimize potential Chapter 11 quarterly fees,

9    the Application also requests that the Court close the case immediately after the order approving the

10   appointment of the Successor Trustee.

11                                                   **IV.**

12                                           **ARGUMENT**

13   **A.      Cause Exists to Reopen the Chapter 11 Cases**

14   Section 350(b) of the Bankruptcy Code provides: "[a] case may be reopened in the court in

15   which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

16   11 U.S.C. § 350 (b).  Bankruptcy Rule 5010 governs the procedure for the reopening of cases under

17   Bankruptcy Code section 350(b).  It provides in relevant part that "[a] case may be reopened on the

18   Application of the debtor or other party in interest pursuant to § 350 of the Code."  Fed. R. Bankr.

19   Pr. 5010.

20   The reopening of a bankruptcy case is a ministerial act that "functions primarily to enable the

21   file to be managed by the clerk as an active matter and that, by itself, lacks independent legal

22   significance and determines nothing with respect to the merits of the case."  *Menk v. Lapaglia (In re*

23   *Menk), 241 B.R. 896, 913 (9th Cir. BAP 1999).*  Such Application "legitimately presents only a

24   narrow range of issues: whether further administration appears to be warranted; whether a trustee

25   should be appointed; and whether the circumstances of reopening necessitate payment of another

26   filing fee." *In re Menk,* 241 B.R. at 916.   The decision to reopen a bankruptcy case pursuant to

27   Bankruptcy Code 350 is within the discretion of the Bankruptcy Court.  See, *Id.* at 915; *In re*

28   *Shondel*, 950 F.2d 1301 (7th Cir. 1997); *In re Sheerin*, 21 B.R. 438 (1st Cir. BAP 1984).

1
2
3
4
5
6
7
8
9

The Court should exercise its discretion to reopen the Debtors' cases pursuant to section 350(b) of the Bankruptcy Code, consistent with the Final Decree and the terms of the Trust, in order to allow Ms. Jones to be appointed as the Successor Trustee. The Final Decree specifically contemplates that the Liquidating Trustee or a party in interest may seek to reopen this case good cause. (*See*, Final Decree para 2, "the entry of this final decree is without prejudice to the rights of the Liquidating Trustee or any party in interest to seek to reopen the case for good cause."). PSZJ, as counsel to the Liquidating Trustee, is a party in interest who may seek to reopen the cases for good cause as shown here. The Trust also requires the Bankruptcy Court to appoint a successor trustee and thus an order reopening the cases is necessary for that purpose.

10
11
12
13
14
15

Mr. Kipperman unexpectedly passed away before the final payments and distributions from the remaining, limited cash on hand could be made. In order to complete the payments and distributions and to contract with the storage providers for long term storage of the Trust's remaining records, a Successor Trustee will need to be appointed. In light of Ms. Jones' familiarity with the Trust's operations and the remaining wind down obligations, an order appointing her as Successor Trustee is appropriate.

16
17

Accordingly, the Court should exercise its discretion to reopen the Debtors' chapter 11 cases in order to allow the appointment of the Successor Trustee.

18

**B.      The Court Should Approve the Appointment of the Successor Trustee**

19
20
21
22
23
24
25
26
27
28

The appointment of Lisa Jones as Successor Trustee should be approved. Section 7.5 of the Trust requires the Bankruptcy Court to appoint a Successor Trustee in the event the serving liquidating trustee dies. Here, due to Mr. Kipperman's passing, a Successor Trustee is needed to complete the very few remaining obligations of the Trust, namely, to make final distributions of the limited cash on hand and to contract with the storage providers for long term storage of the Trust's remaining records. The appointment of Ms. Jones as Successor Trustee is appropriate as she is very familiar with the Trust and has worked closed with Mr. Kipperman in his capacity as Liquidating Trustee. For instance, Ms. Jones has maintained the Trust's bank accounts, prepared the distributions to the beneficiaries under the Trust, prepared the quarterly reports, and has a day-to-day knowledge of the Trust. As noted above, Ms. Jones was in the process of calculating the final

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    distributions from the Trust at the time of Mr. Kipperman's passing.  Given the circumstances of

2    these cases, PSZJ submits that the appointment of Ms. Jones as the Successor Trustee is appropriate

3    and necessary for the completion of the few remaining wind down obligations of the Trust.

4          **C.      The Court Should Immediately Close the Case after Approval of this Application**

5

6          In order to minimize the Chapter 11 quarterly fees due during the period of time this case is

7    reopened to hear this Application, the Court should immediately close the case after the entry of an

8    order on this Application.  Section 350(a) requires the Court to close a case when the case is fully

9    administered and the court has discharged the trustee.  The Debtors' cases were previously closed

10   and the Final Decree entered even though the few "wind down obligations" remained.  Here, once

11   the Court rules on this Application, the case should be re-closed immediately.

12                                          **V.**

13                                      **NOTICE**

14         Notice of this Application has been given to the United States Trustee and any other party

15   entitled to receive electronic notice of the Application or who filed a request for post-confirmation

16   notice.  No additional notice need be given on applications to reopen.  *See*, *In re Menk*, supra at 914

17   (the "motion can be considered ex parte and without a hearing.").  PSZJ therefore submits that, in

18   light of the nature of the relief requested, no other or further notice need be given.

19                                          **VI.**

20                                **NO PRIOR REQUEST**

21         No prior request for the relief sought in this Application has been made to this Court or any

22   other court.

23         **WHEREFORE**, PSZJ respectfully requests that this Court enter an order reopening the

24   Chapter 11 Cases, approve the appointment of Lisa Jones as the Successor Trustee, immediately

25   close the Chapter 11 cases, and granting such other and further relief as is just and proper.

26         / / /

27         / / /

28         / / /

1

2   Dated:    May 26, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

3

4                                      By:  _/s/ Miriam Manning_____

5                                          Miriam Manning
                                           *Attorneys for Richard Kipperman,*
6                                          *Liquidating Trustee of the CMR Liquidating Trust*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA