David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower
40th Floor, Suite 4000
San Francisco, California 94105-1020
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail:dbertenthal@pszjlaw.com
mlitvak@pszjlaw.com
mmanning@pszjlaw.com

Counsel for Richard M Kipperman,
Liquidating Trustee of the CMR Liquidating Trust

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

CMR MORTGAGE FUND, LLC,
CMR MORTGAGE FUND II, LLC,
CMR MORTGAGE FUND III, LLC,

          Debtors.

Case No.: 08-32220-HLB
09-30788-HLB
09-30802-HLB

Substantively Consolidated

Chapter 11

**DECLARATION OF LISA JONES IN SUPPORT OF APPLICATION TO (I) REOPEN CHAPTER 11 CASES, (II) APPOINT SUCCESSOR TRUSTEE AND (III) IMMEDIATELY CLOSE CHAPTER 11 CASES**

I, Lisa Jones, declare as follows:

1. I am a Senior Analyst at Corporate Management, Inc., the entity for which Mr. Kipperman was the principal. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge or my review of relevant documents. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge or review of documents.

2. I submit this declaration in connection with the *Application to Reopen Chapter 11 Cases, (II) Appoint Successor Trustee and (III) Immediately Close Chapter 11 Cases* (the "Application"). By the Motion, Pachulski Stang Ziehl & Jones, counsel to Richard M Kipperman in

his capacity as the Liquidating Trustee under the CMR Liquidating Trust ("Trust"), seeks Court approval to reopen the Debtor's chapter 11 cases to seek my appointment as successor trustee for the Trust.

3. A true and correct copy of the Trust is attached hereto as <u>Exhibit A</u>.

4. On November 23, 2021, a *Motion to Final Decree and Closing Cases* ("Motion to Close") was filed with the Bankruptcy Court as the Trust's affairs had been substantially completed with only a few "wind down obligations" remaining. The remaining obligations largely consisted of paying outstanding ordinary course administrative fees and expenses and other distributions out of the remaining cash on hand, preparing any tax filings, and coordinating the storage and preservation of the Trust's remaining records.

5. On December 8, 2021 the court granted the Motion to Close and entered an *Order Granting Final Decree and Closes Cases* (Dkt 1884), a true and copy of which is attached hereto as <u>Exhibit B</u>.

6. On or about March 30, 2022 Mr. Kipperman passed away.

7. I have agreed to serve as the successor trustee under the terms of the Trust to complete the few, remaining wind down obligations of the Trust.

8. In 2016, I began working closely with Mr. Kipperman in a supporting role while he served as the Liquidating Trustee in the Debtors' cases. Because I was responsible for handling the day-to-day operations of the Trust, I have become intimately familiar with the Debtors' cases and the Trustee's responsibilities under the Trust. Since 2016, I have maintained the Trust's bank accounts, prepared the Trust's quarterly operating reports, provided information to the accountants to assist them with the preparation of the Trust's tax returns, prepared the Trust's receipts and disbursements, and calculated and prepared distributions to the beneficiaries under the Trust. I was in the process of calculating the final payments and distributions to the professionals and other administrative claimants when Mr. Kipperman unexpectedly passed away. I do not have signing authority on the bank account from which the distributions are to be made, and thus a court order authorizing my appointment as the Successor Trustee is necessary to complete the final distributions and to contract with the storage facilities regarding the storage of the remaining Trust records.

Case: 08-32220　Doc# 1887-1　Filed: 05/26/22　Entered: 05/26/22 09:14:36　Page 2 of 3
DOCS_SF:107286.1 49666/002

9. No prior request for the relief sought in the Application has been made to this Court or any other court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 25, 2022.

*/s/ Lisa Jones*
Lisa Jones

DOCS_SF:107286.1 49666/002